IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**MARK BAIRD , ET AL. ,**

Plaintiff,

vs.

**XAVIER BECERRA ,**

Defendant(s).

_______________________________________/

NO. **2:19−CV−00617−KJM−AC**

ORDER

**READ THIS ORDER CAREFULLY. IT PROVIDES GENERAL PROCEDURES CONTROLLING THIS CASE AND MAY DIFFER IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to Judge Kimberly J. Mueller. Both the court and the attorneys bear responsibility for the progress of litigation in the federal courts. To secure the just, speedy, and inexpensive determination of every action, Fed. R. Civ. P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and Local Rules of the Eastern District of California.

IT IS HEREBY ORDERED:

1. DISCOVERY

(A) Discovery matters that do not implicate the schedule of the case or that do not relate to sealing or redaction of documents related to dispositive motions are referred to the assigned United States Magistrate Judge, who will hear all discovery disputes. (The Magistrate Judge's initials

follow the Judge's initials next to the case number.) All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please do not direct courtesy copies of these documents to this court.

The decision of the Magistrate Judge shall be final, subject to modification by the district court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. Any party may file and serve a motion for review and reconsideration before this court. *See* Local Rule 303(c). The moving party must file and serve the motion within fourteen (14) days of service of a written ruling or within fourteen (14) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities.

(B) Unless there is a likelihood that upon motion by a party the court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively before the Initial Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and obtain and produce most of what would be produced in the early stage of discovery. At the Scheduling Conference the court will impose tight deadlines for the completion of discovery.

2. <u>ELECTRONIC FILING</u>

The United States District Court for the Eastern District of California requires electronic filing of documents in all new and pending civil cases in which parties are represented by counsel. A party proceeding without counsel may request authorization to file electronically. Information about the court's Electronic Case Filing system ("ECF") is available on the court's website at <u>www.caed.uscourts.gov/caednew/index.cfm/cmecf−e−filing.</u> *See also* Local Rule 133.

All manually filed documents (those documents excused from the electronic filing requirements by the Local Rules) shall be served as otherwise required by the Federal Rules of Civil Procedure or Local Rule 133.

/////

/////

3. COURTESY COPIES

Counsel are ordered to deliver to the Clerk's Office clearly marked courtesy copies of all electronically filed documents that exceed twenty−five (25) pages, and conformed courtesy copies of all manually filed documents, by either personally delivering them or sending them by guaranteed overnight delivery. *See* Local Rule 133(f). If a courtesy copy is sent by guaranteed overnight delivery, the sender shall notify the delivery service that the signature of the recipient is not required.

4. MOTIONS

(A) Time For Filing And Hearing Motions; Meet and Confer Requirement: Motions shall be filed in accordance with Local Rule 230 and this order.

This court hears motions on Fridays, **commencing at 10:00 a.m.** Available dates are listed on Judge Mueller's homepage of the court's website. **No supplemental brief shall be filed without prior leave of court.**

Prior to filing a motion in a case which the parties are represented by counsel, counsel shall engage in a pre−filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution. Plaintiff's counsel should carefully evaluate the defendant's contentions as to deficiencies in the complaint and in many instances the party considering a motion should agree to any amendment that would cure a curable defect. Counsel should discuss the issues sufficiently so that if a motion of any kind is filed, including for summary judgment, the briefing is directed only to those substantive issues requiring resolution by the court. Counsel should resolve minor procedural or other non−substantive matters during the meet and confer. **A notice of motion shall contain a certification by counsel filing the motion that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts.**

(B) Length and Format of Motion Papers: Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed twenty (20) pages. Replies shall not exceed ten (10) pages. Only in rare instances and for good cause shown will the court grant an application to extend these page limitations.

/////

/////

If Times New Roman font is used, the size must be no less than 12; if Courier is used, the size must be no less than 10. Footnotes shall be in typeface no more than one size smaller than text size and shall be used sparingly.

Pagination of exhibits: Multi−page exhibits shall be internally paginated, with the pagination for each exhibit beginning with the number one; references to those exhibits shall refer to the exhibit designation and page number, i.e., Ex. A at 7; Ex. B at 1, etc.

Counsel are encouraged to submit motions and supporting documents in a format susceptible to electronic searches, for example by optical character recognition (OCR) or imbedded hyperlinks to commercial databases such as Westlaw or Lexis Nexis.

(C) Citations: Counsel are reminded that the basic purpose of legal citation is to allow the reader to locate a cited source accurately and efficiently. Citations to case law shall identify the case being cited, and the specific page being referenced. Certain kinds of authority are considered more useful, or authoritative, than others. If more than one authority is cited in support of proposition, these supporting authorities are to be listed such that the more authoritative appears first. Statutory references should identify, with specificity, which sections and subsections are being referenced (e.g., 42 U.S.C. § 1983). Statutory references that do not indicate specifically which section and subsection are being referenced (e.g., 18 U.S.C. § 2511, *et seq.*) are to be avoided. Citations to treatises, manuals, and other materials should similarly include the volume and the section being referenced.

(D) Young attorneys: The court values the importance of training young attorneys. The parties are encouraged to consider assigning oral argument to a young attorney. If a written request for oral argument is filed before a hearing, stating an attorney of four or fewer years out of law school will argue the oral argument, then the court will ordinarily hold the hearing, although the court's schedule and calendar may require the hearing to be reset. Otherwise, the court may find it appropriate in some actions to submit a motion without oral argument.

5. PROPOSED ORDERS: LIMITATIONS AND PROCEDURES

The court generally discourages parties from submitting proposed orders, except with respect to consent decrees and findings of fact. If the court directs the filing of a proposed order, the order should be submitted in word processable form via email to kjmorders@caed.uscourts.gov.

6. EX PARTE APPLICATIONS GENERALLY

Ex parte applications typically are not heard, but are submitted by the court unless otherwise notified. The filer is required to contact the courtroom deputy and the opposing party prior to the filing of the ex parte application in order to advise that such request is being made. In addition, the document(s) must indicate whether or not an opposition will be filed. The filer shall include an affidavit indicating a satisfactory explanation for the following: (1) the need for the issuance of such an order, (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, and (3) why such request cannot be noticed on the court's motion calendar as provided by Local Rule 230.

7. TROs AND INJUNCTIONS

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 230. The court typically will not rule on any application for such relief for at least twenty−four (24) hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim. The parties shall lodge a courtesy copy with chambers of all papers relating to proposed TROs and injunctions, conformed to reflect that they have been filed.

8. APPLICATIONS OR STIPULATIONS TO EXTEND THE TIME TO FILE ANY REQUIRED DOCUMENT OR TO CONTINUE ANY PRETRIAL OR TRIAL DATE

No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the court approves them. Both applications and stipulations must be filed well in advance of the date due and set forth:

(A) the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the pre−trial conference date and the trial date;

(B) specific, concrete reasons supporting good cause for granting the extension. In this regard, a statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing negotiations, i.e., have written proposals been exchanged? Is counsel in the process of reviewing a draft settlement agreement? Has a mediator been selected?; and

(C) whether there have been prior requests for extensions, and whether these were granted or denied by the court.

9. CASES REMOVED FROM STATE COURT

All documents filed in state court, including documents appended to the complaint, answers and motions, must be refiled in this court as a supplement to the Notice of Removal. *See* 28 U.S.C. § 1447(a), (b). If the defendant has not yet responded, the answer or responsive pleading filed in this court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District. If a motion was pending in state court before the case was removed, it must be re−noticed in accordance with Local Rule 230.

10. SEALING AND PROTECTIVE ORDERS

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court. If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Mueller, the request to seal or redact should be directed to her and not the assigned Magistrate Judge. All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

11. COMMUNICATIONS WITH CHAMBERS

Counsel shall not attempt to contact the court or its chambers staff by telephone or by any other ex parte means, although counsel may contact the Courtroom Deputy with appropriate inquiries. To facilitate communication with the Courtroom Deputy, counsel should list their facsimile transmission numbers along with their telephone numbers and e−mail addresses on the papers filed with the court.

/////

/////

12. NOTICE OF THIS ORDER

Counsel for plaintiff shall immediately serve this order on all parties, including any new parties added to the action in the future, unless this case came to the court by noticed removal, in which case defendant shall serve this order on all other parties.

IT IS SO ORDERED.

Dated: April 10, 2019

/s/ Kimberly J. Mueller
KIMBERLY J. MUELLER
United States District Judge