1   XAVIER BECERRA
    Attorney General of California
2   MARK R. BECKINGTON
    Supervising Deputy Attorney General
3   R. MATTHEW WISE, SBN 238485
    Deputy Attorney General
4     1300 I Street, Suite 125
      P.O. Box 944255
5     Sacramento, CA 94244-2550
      Telephone: (916) 210-6046
6     Fax: (916) 324-8835
      E-mail: Matthew.Wise@doj.ca.gov
7   *Attorneys for Defendant Attorney General Xavier
    Becerra*

8                   IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

13  **MARK BAIRD and RICHARD          Case No. 2:19-cv-00617-KJM-AC
    GALLARDO,**
14                                    **DEFENDANT'S MEMORANDUM OF
                          Plaintiffs, POINTS AND AUTHORITIES IN
15                                    SUPPORT OF MOTION TO DISMISS
                                      PLAINTIFFS' COMPLAINT**
16            v.
                                      **[Fed. R. Civ. P. 12(b)(6)]**
17  **XAVIER BECERRA, in his official capacity
    as Attorney General of the State of    Date:       July 26, 2019
18  California, and DOES 1-10,**            Time:       10:00 a.m.
                                            Courtroom:  3
19                        Defendant.       Judge:      Kimberly J. Mueller
                                           Trial Date: None set
20                                         Action Filed: April 9, 2019

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................. 1

Background .................................................................................................. 1

    I.     California's Public Carry Laws ............................................................. 1

    II.    The Present Lawsuit .......................................................................... 3

Legal Standard ............................................................................................ 6

Argument .................................................................................................... 7

    I.     Counts 5 and 6 Should Be Dismissed Because California Penal Code
         Sections 26150 and 26155 Do Not Burden the Flow of Interstate
         Commerce ........................................................................................ 7

    II.    Counts 7 and 8 Should Be Dismissed Because California Penal Code
         Sections 26150 and 26155 Do Not Penalize Plaintiffs' Intrastate Travel .............. 9

    III.   Count 12 Should Be Dismissed Because California Penal Code Sections
         26150, 26155, 26350, and 25850 Do Not Effect an Unreasonable Seizure .......... 11

    IV.   Counts 13 and 14 Should Be Dismissed Because California Penal Code
         Sections 26150, 26155, 26350, and 25850 Do Not Deny Plaintiffs Due
         Process .......................................................................................... 13

    V.    The Fourth and Fourteenth Amendment Allegations in Counts 9 and 10
         Should Be Dismissed ....................................................................... 15

Conclusion ................................................................................................ 16

**TABLE OF AUTHORITIES**

**CASES**

*Albright v. Oliver*
    510 U.S. 273 (1994) .................................................................................................. 15

*Am. Trucking Ass'ns, Inc. v. Michigan Pub. Serv. Comm'n*
    545 U.S. 429 (2005) .................................................................................................... 8

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ................................................................................... 1, 6, 8, 14

*Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*
    729 F.3d 937 (9th Cir. 2013) ................................................................................. 7, 8

*Associated Gen. Contractors of CA, Inc. v. CA State Council of Carpenters*
    459 U.S. 519 (1983) .................................................................................................... 6

*Att'y Gen. of N.Y. v. Soto-Lopez*
    476 U.S. 898 (1986) ............................................................................................. 10, 11

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) .................................................................................................... 6

*Bell v. Maryland*
    378 U.S. 226 (1964) .................................................................................................. 11

*Carver v. Lehman*
    558 F.3d 869 (9th Cir. 2009) ................................................................................... 14

*Cedar Point Nursery v. Shiroma*
    923 F.3d 524 (9th Cir. 2019) ................................................................................... 12

*Chavez v. Martinez*
    538 U.S. 760 (2003) .................................................................................................. 14

*Chinatown Neighborhood Ass'n v. Harris*
    794 F.3d 1136 (9th Cir. 2015) ................................................................................... 9

*Corrie v. Caterpillar*
    503 F.3d 974 (9th Cir. 2007) ..................................................................................... 6

*Cupp v. Harris*
    2:16-cv-00523-TLN-KJN, 2018 WL 4599590 (E.D. Cal. Sept. 21, 2018) ............ 14

*Dep't of Revenue of Ky. v. Davis*
  553 U.S. 328 (2008) ...........................................................................................7

*District of Columbia v. Heller*
  554 U.S. 570 (2008) ...................................................................................1, 2, 13

*Hammel v. Tri-County Metro. Transp. Dist. of Or.*
  955 F. Supp. 2d 1205 (D. Or. 2013) ...................................................................10

*Healy v. Beer Inst.*
  491 U.S. 324 (1989) ...........................................................................................7

*Hill v. Opus Corp.*
  841 F. Supp. 2d 1070 (C.D. Cal. 2011)...........................................................6, 15

*Johnson v. City of Cincinnati*
  310 F.3d 484 (6th Cir. 2002)..............................................................................10

*Ky. Dep't of Corr. v. Thompson*
  490 U.S. 454 (1989) ..........................................................................................14

*McDonald v. City of Chicago, Ill.*
  561 U.S. 742 (2010) ..........................................................................................10

*Mem'l Hosp. v. Maricopa Cnty.*
  415 U.S. 250 (1974) .....................................................................................10, 11

*Miller v. Reed*
  176 F.3d 1202 (9th Cir. 1999)............................................................................11

*Nationwide Biweekly Admin., Inc. v. Owen*
  873 F.3d 716 (9th Cir. 2017)................................................................................8

*Nunez v. City of San Diego*
  114 F.3d 935 (9th Cir. 1997)..............................................................................10

*Or. Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*
  511 U.S. 93 (1994) ..............................................................................................7

*Paulson v. CNF, Inc.*
  559 F.3d 1061 (9th Cir. 2009).............................................................................6

*People v. DeLong*
  11 Cal. App. 3d 786 (Cal. Ct. App. 1970) ..........................................................13

iii

*Pharm. Research & Mfrs. of Am. v. Cnty. of Alameda*
  768 F.3d 1037 (9th Cir. 2014)................................................................8, 9

*Pike v. Bruce Church, Inc.*
  397 U.S. 137 (1970)................................................................8, 9

*Sam Francis Found. v. Christies, Inc.*
  784 F.3d 1320 (9th Cir. 2015)................................................................7

*Shapiro v. Thompson*
  394 U.S. 618 (1969)................................................................11

*Soldal v. Cook County, Ill.*
  506 U.S. 56 (1992)................................................................12

*Teixeira v. Cnty. of Alameda*
  822 F.3d 1047 (9th Cir. 2016)................................................................15

*United States v. Brady*
  819 F.2d 884 (9th Cir. 1987)................................................................13

*United States v. Guest*
  383 U.S. 745 (1966)................................................................9

*United States v. Jacobsen*
  466 U.S. 109 (1984)................................................................12

*United States v. Jefferson*
  566 F.3d 928 (9th Cir. 2009)................................................................12

*W. Lynn Creamery Inc. v. Healy*
  512 U.S. 186 (1994)................................................................9

*Washington v. Glucksberg*
  521 U.S. 702 (1997)................................................................14

*Wright v. City of Jackson*
  506 F.2d 900 (5th Cir. 1975)................................................................10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STATUTES**

California Penal Code

§ 17030 ............................................................................................................. 2
§ 25400 ............................................................................................................. 2
§ 25450 ............................................................................................................. 2
§ 25605 ............................................................................................................. 2
§ 25620 ............................................................................................................. 2
§ 25630 ............................................................................................................. 2
§ 25640 ............................................................................................................. 2
§ 25650 ............................................................................................................. 2
§ 25850 ............................................................................................ 1, 4, 5, 15
§ 25850(a) ................................................................................................... 2, 4
§ 25850(b) .................................................................................................. 4, 13
§ 25900 ............................................................................................................. 2
§ 26030 ............................................................................................................. 2
§ 26035 ............................................................................................................. 2
§ 26045 ............................................................................................................. 2
§ 26050 ............................................................................................................. 2
§ 26055 ............................................................................................................. 2
§ 26150 ................................................................................................... *passim*
§ 26150(a) ..................................................................................................... 14
§ 26150(a)(2) ................................................................................................... 2
§ 26150(b) ....................................................................................................... 8
§ 26150(b)(2) ................................................................................. 3, 4, 12, 14
§ 26155 ................................................................................................... *passim*
§ 26155(a) ..................................................................................................... 14
§ 26155(a)(2) ................................................................................................... 2
§ 26155(b) ....................................................................................................... 8
§ 26155(b)(2) ............................................................................................ 3, 14
§ 26160 ............................................................................................................. 3
§ 26350 .............................................................................................. 1, 4, 5, 14
§ 26350(a) ....................................................................................................... 2
§ 26350(a)(1) ................................................................................................... 4
§ 26350(a)(2) ................................................................................................... 4
§ 26366 ............................................................................................................. 2
§ 26400 ............................................................................................................. 2

**CONSTITUTIONAL PROVISIONS**

United States Constitution
Amendment IV ............................................................................................. 11
Amendment XIV, § 1 ................................................................................... 13
Article I, § 8, cl. 3 ......................................................................................... 7

# TABLE OF AUTHORITIES
### (continued)

Page

**COURT RULES**

Federal Rules of Civil Procedure
Rule 12(b)(6).................................................................................................................6

Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss (2:19-cv-00617-KJM-AC)

**INTRODUCTION**

California has delegated to county sheriffs and city police chiefs the authority to decide who may carry firearms in the streets, parks, plazas, or shopping centers of its cities and towns. Under California Penal Code sections 26150 and 26155, local law enforcement officials in less populated counties may issue licenses to openly carry firearms. Other statutes, such as California Penal Code sections 26350 and 25850, protect the safety of the State's residents by prohibiting open carry in certain public places. Together, these statutes properly balance the rights of private individuals and the State's interest in maintaining order.

The relief that Plaintiffs seek in this lawsuit—to make the open carry of firearms in public available to all law-abiding individuals—would upset this careful balance. Although Plaintiffs suggest that *District of Columbia v. Heller*, 554 U.S. 570 (2008) compels such relief, the Supreme Court made clear that the Second Amendment right to bear arms is subject to reasonable public regulation. *Id.* at 626-27, 636.

This motion addresses the assortment of extraneous claims that Plaintiffs bring under the dormant Commerce Clause and Fourth and Fourteenth Amendments to the United States Constitution, which find no support in *Heller* or under any other authority.[1] As currently constituted, Plaintiffs' complaint is overbroad. To state a facially plausible claim, Plaintiffs must do more than present "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statutes that Plaintiffs challenge do not burden interstate commerce, or penalize the right to travel, or effect an unreasonable seizure, or violate due process; they simply regulate how open carry licenses are issued and where such licenses are operable. These deficient claims should be dismissed.

**BACKGROUND**

**I.    CALIFORNIA'S PUBLIC CARRY LAWS**

California law permits the carrying of firearms in public under certain circumstances, commonly where a self-defense need might arise. A California resident who is over eighteen

---

[1] Because the factual record is not yet sufficiently developed, this motion does not address Plaintiffs' Second Amendment claims.

years old and not otherwise prohibited from possessing firearms may generally keep or carry a loaded handgun not only in the person's home (as guaranteed by *Heller*) but also in the person's place of business. Cal. Penal Code §§ 25605, 26035. Carrying is also generally permitted at a temporary residence or campsite. *Id*. § 26055. A person generally may also carry a loaded handgun in public areas outside incorporated cities where it would be lawful to discharge the weapon. *See id.* §§ 25850(a), 17030. Licensed hunters and fishers may carry handguns while engaged in those activities. *Id.* §§ 25640, 26366. Certain types of individuals, such as peace officers, military personnel, and private security personnel, likewise may carry firearms in public under various circumstances. *See id.* §§ 25450, 25620, 25630, 25650, 25900, 26030.

State law generally prohibits the public carrying, whether open or concealed, of a loaded firearm (handgun or long gun) or unloaded handgun in "any public place or on any public street" in incorporated cities. Cal. Penal Code § 25850(a); *see id.* §§ 25400, 26350(a). A similar restriction applies in public places or on public streets in a "prohibited area" of unincorporated territory—that is, an area where it is unlawful to discharge a weapon. *Id.* §§ 25850(a), 26350(a); *see id.* § 17030. State law also generally precludes carrying an unloaded long gun in public places within the State's incorporated cities. *Id*. § 26400.

There is a focused self-defense exception to all of these restrictions, allowing the carrying of a loaded firearm by any individual who reasonably believes that doing so is necessary to preserve a person or property from an immediate, grave danger, while if possible notifying and awaiting the arrival of law enforcement. Cal. Penal Code § 26045. There is also an exception for a person making or attempting to make a lawful arrest. *Id.* § 26050. And invocations of these exceptions do not require a license or permit. *Id*. §§ 26045, 26050.

California law also recognizes and accommodates the need or desire of some individuals to carry a handgun in public in situations not otherwise provided for by law. State law allows any otherwise qualified resident to seek a permit to carry a handgun, even in an urban or residential area, for "[g]ood cause." Cal. Penal Code §§ 26150(a)(2), 26155(a)(2). Such a permit authorizes the carrying of a handgun in a concealed manner, although in counties with populations of less than 200,000 persons, the permit may alternatively allow the carrying of a handgun in an

2

"exposed" (i.e., open) manner. *Id.* §§ 26150(b)(2), 26155(b)(2). The California Legislature has delegated to local authorities (county sheriffs or city police chiefs) the authority to determine what constitutes "good cause" for the issuance of such a permit in local areas. *See id.* §§ 26150, 26155, 26160.

## II.  THE PRESENT LAWSUIT

On April 9, 2019, Plaintiffs Mark Baird and Richard Gallardo filed a complaint for declaratory and injunctive relief against Attorney General Xavier Becerra alleging that California's statutory firearms licensing scheme violates Plaintiffs' constitutional rights under the Second, Fourth, and Fourteenth Amendments to the Constitution. Compl. ¶ 1. Plaintiffs each contend that they have been unlawfully prohibited from obtaining a license to openly carry firearms. *Id.* ¶¶ 41, 72.

The complaint alleges the following facts about each plaintiff and their respective counties of residence:

- Plaintiff Mark Baird is a U.S. citizen and resident of Siskiyou County, California. Compl. ¶ 6. Plaintiff Baird is a law-abiding citizen and does not have a criminal record. *Id.* ¶ 20. He does not hold a state firearm license and is not eligible for any special exemptions from state firearms laws. *Id.* ¶ 21. He possesses firearms in his home for self-defense and seeks to carry a handgun loaded and exposed for self-defense outside of his home and in public, including outside of his county of residence. *Id.* ¶¶ 22, 23, 48. Because Plaintiff Baird's county of residence has a population of less than 200,000 people, he is eligible under state law to apply for an open carry firearm license, but Siskiyou County's written criteria for the issuance of a carry license does not provide an option for applying for an open carry license. *Id.* ¶¶ 25, 26. Each time that Plaintiff Baird has applied for an open carry license, Siskiyou County Sheriff Jon Lopey has denied the request. *Id.* ¶¶ 38, 39. There is no administrative appeal process available to challenge Sheriff Lopey's decision, and Sheriff Lopey has informed Plaintiff Baird that Siskiyou County does not issue open carry licenses. *Id.* ¶¶ 42, 43. With or without an

open carry license, Plaintiff Baird intends to open carry in Siskiyou County and throughout the state.  *Id.* ¶ 52.

- Plaintiff Richard Gallardo is a U.S. citizen and resident of Shasta County, California. Compl. ¶ 7.  Plaintiff Gallardo is a law-abiding citizen and does not have a criminal record.  *Id.* ¶ 53.  He possesses firearms in his home for self-defense and seeks to carry a handgun loaded and exposed for self-defense outside of his home and in public, including outside of his county of residence.  *Id.* ¶¶ 54, 55, 78.  Because Plaintiff Gallardo's county of residence has a population of less than 200,000 people, he is eligible under state law to apply for an open carry firearm license, but Siskiyou County's written criteria for the issuance of a carry license does not provide an option for applying for an open carry license.  *Id.* ¶¶ 57, 58.  Each time that Plaintiff Gallardo has applied for an open carry license, Shasta County Sheriff Tom Bosenko has denied the request.  *Id.* ¶¶ 70.  There is no administrative appeal process available to challenge Sheriff Bosenko's decision, and Sheriff Bosenko has stated that Shasta County does not issue open carry licenses.  *Id.* ¶¶ 76.  With or without an open carry license, Plaintiff Gallardo intends to open carry in Shasta County and throughout the state.  *Id.* ¶ 82.

Plaintiffs challenge four state laws:  California Penal Code sections 26150, 26155, 26350, and 25850.  Sections 26150 and 26155 state that, in a county of less than 200,000 persons, the county sheriff or city police chief within the county "may issue . . . a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person" if "good cause exists for issuance of the license."  Cal. Penal Code §§ 26150(b)(2) (county sheriff), 26155(b)(2) (city police chief).  Section 26350 prohibits a person from "openly carrying an unloaded handgun" outside or inside a vehicle in public places.  Cal. Penal Code § 26350(a)(1), (a)(2).  Section 25850 prohibits a person from "carrying a loaded firearm" outside or inside a vehicle in public places, and, "for the purpose of enforcing this section," allows peace officers to examine a firearm "to determine whether or not [the] firearm is loaded."  Cal. Penal Code § 25850(a), (b).

Plaintiffs bring five claims based solely on the Second Amendment, and two additional claims based in part on the Second Amendment. Plaintiffs challenge the following components of sections 26150 and 26155: the requirement that an applicant show "good cause" for an open carry license (Count 1), Compl. ¶¶ 254-256; the restriction of the validity and authority of an open carry license to the county of issuance (Count 2), Compl. ¶¶ 257-259; the restriction of the ability to open carry based on county population size (Count 3), Compl. ¶¶ 260-262; and the discretionary "may issue" language (as opposed to mandatory "shall issue" language) that guides the county sheriffs and police chiefs' licensing decisions (Count 4), Compl. ¶¶ 263-265. Plaintiffs also challenge sections 26150, 26155, 26350, and 25850's alleged interference with their "right to carry their firearms in public for self-protection in a manner of their choosing" (Count 11). Compl. ¶¶ 284-286. Finally, Plaintiffs allege that section 25850's prohibition against open carry of a loaded firearm by an open carry licensee in a county other than the county of issuance (Count 9) and section 26350's prohibition against open carry of an unloaded firearm by an open carry licensee in public places (Count 10) violate the Second Amendment (as well as the Fourth and Fourteenth Amendments). Compl. ¶¶ 278-283.

Here, the Attorney General moves to dismiss Plaintiffs' seven claims that are based solely on the dormant Commerce Clause, Fourth Amendment, or Fourteenth Amendment. These claims include:

- Plaintiffs' dormant Commerce Clause challenges to sections 26150 and 26155's restrictions on the open carry of a loaded firearm to the county that issued the open carry license (Count 5) and to counties with a population under 200,000 persons (Count 6), Compl. ¶¶ 266-271;

- Plaintiffs' Fourteenth Amendment "right to intrastate travel" challenges to sections 26150 and 26155's restrictions on the open carry of a loaded firearm to the county that issued the open carry license (Count 7) and to counties with a population under 200,000 persons (Count 8), Compl. ¶¶ 272-277;

1    • Plaintiffs' Fourth Amendment challenge to sections 26150, 26155, 26350, and 25850's

2      alleged interference with their "fundamental possessory right to their private property"

3      (Count 12), Compl. ¶¶ 287-289; and

4    • Plaintiffs' Fourteenth Amendment procedural due process (Count 13) and substantive

5      due process (Count 14) challenges to sections 26150, 26155, 26350, and 25850, Compl.

6      ¶¶ 290-296.

7    The Attorney General also moves to dismiss the portions of Counts 9 and 10 that are based on the

8    Fourth and Fourteenth Amendments.  Compl. ¶¶ 278-283.

9                                        **LEGAL STANDARD**

10        A motion to dismiss may be brought to challenge the sufficiency of the allegations in the

11   complaint.  Fed. R. Civ. P. 12(b)(6).  The complaint must allege facts establishing "a claim to

12   relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

13   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

14   the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

15   at 678 (internal quotation marks omitted).  In evaluating a 12(b)(6) motion, the court accepts the

16   factual allegations as true, and construes them in the light most favorable to the plaintiff. *Corrie*

17   *v. Caterpillar*, 503 F.3d 974, 977 (9th Cir. 2007).  The court is not, however, required to assume

18   the truth of legal conclusions merely because they are cast in the form of factual allegations.

19   *Paulson v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).  Likewise, a court must not "assume

20   that the [plaintiff] can prove facts that it has not alleged or that defendants have violated . . . laws

21   in ways that have not been alleged." *Associated Gen. Contractors of CA, Inc. v. CA State Council*

22   *of Carpenters*, 459 U.S. 519, 526 (1983).  Where the moving party challenges only part of a

23   claim, the court may dismiss the allegations that are shown to be legally deficient. *Hill v. Opus*

24   *Corp.*, 841 F. Supp. 2d 1070, 1081-82 (C.D. Cal. 2011).

25

26

27

28

**ARGUMENT**

I.    **COUNTS 5 AND 6 SHOULD BE DISMISSED BECAUSE CALIFORNIA PENAL CODE SECTIONS 26150 AND 26155 DO NOT BURDEN THE FLOW OF INTERSTATE COMMERCE**

Plaintiffs bring two claims based on the dormant Commerce Clause.  In Count 5, they challenge the constitutionality of sections 26150 and 26155's restriction on the open carry of a loaded firearm to the county that issued the open carry license.  Compl. ¶¶ 266-268.  In Count 6, they challenge the constitutionality of sections 26150 and 26155's restriction on the open carry of a loaded firearm to counties with a population under 200,000 persons.  Compl. ¶¶ 269-271.  Neither claim is legally cognizable because Plaintiffs have not identified how the statutes purportedly burden interstate commerce.

The Commerce Clause authorizes Congress to "regulate Commerce with foreign Nations, and among the several States . . . ."  U.S. Const., art. I, § 8, cl. 3.  It includes an implied limitation on the states' regulatory authority often referred to as the negative or dormant Commerce Clause.  *Healy v. Beer Inst.*, 491 U.S. 324, 326 n.1 (1989).  "The modern law of what has come to be called the dormant Commerce Clause is driven by concern about economic protectionism—that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors."  *Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328, 337-38 (2008) (internal quotation marks omitted).  Economic protectionism or discrimination under the dormant Commerce Clause "means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter."  *Or. Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*, 511 U.S. 93, 99 (1994) (internal quotation marks omitted).

A law that regulates extraterritorially—that is, a law that directly regulates conduct that occurs wholly outside of a state's borders—is invalid per se under the dormant Commerce Clause.  *Sam Francis Found. v. Christies, Inc.*, 784 F.3d 1320, 1323 (9th Cir. 2015) (en banc).  If there is no such per se violation, courts employ a two-tiered approach to determine whether the law violates the dormant Commerce Clause.  *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 948 (9th Cir. 2013).  Courts first ask whether the law "discriminates against interstate commerce, or [whether] its effect is to favor in-state economic interests . . . ."

*Id.* at 948.  If it does, they apply a form of strict scrutiny.  *Id.* at 948 & n.7.  If the law regulates evenhandedly, courts "examine[] whether the State's interest is legitimate and whether the burden on interstate commerce clearly exceeds the local benefits."  *Id.*; *see also Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970).

Plaintiffs do not suggest that there is a per se violation of the dormant Commerce Clause here; the complaint contains no allegations that sections 26150 and 26155 regulate extraterritorially.  *See* Compl. ¶¶ 170-178, 266-271.  Plaintiffs instead allege, in cursory fashion, that sections 26150(b) and 26155(b)'s restrictions violate the dormant Commerce Clause "by discriminating against interstate commerce, imposing burdens on commerce that far exceed any purported local benefits, and impermissibly attempting to control economic activity entirely (i) outside of the county issuing an open carry license, and (ii) outside of counties having a population under 200,000."  Compl. ¶ 173.  But these "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  *Iqbal*, 556 U.S. at 678-79.  Because the challenged provisions regulate only conduct within California and neither discriminate against nor burden interstate commerce, Counts 5 and 6 fail as a matter of law.

Sections 26150 and 26155 restrict the counties that may issue open carry licenses and the scope of those licenses, but these regulations on intrastate conduct do not "impose[] commercial barriers or discriminate[] against an article of commerce by reason of its origin or destination out of State."  *Pharm. Research & Mfrs. of Am. v. Cnty. of Alameda*, 768 F.3d 1037, 1041 (9th Cir. 2014) (setting forth test to determine when statute discriminates against interstate commerce).  Such intrastate regulations are beyond the scope of the dormant Commerce Clause.  *Am. Trucking Ass'ns, Inc. v. Michigan Pub. Serv. Comm'n*, 545 U.S. 429, 434 (2005) ("neutral, locally focused fee or tax" does not offend the dormant Commerce Clause); *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 737 (9th Cir. 2017) ("intrastate commerce is beyond the scope of the Dormant Commerce Clause").

Even if intrastate commerce were within the purview of the dormant Commerce Clause, sections 26150 and 26155 do not purport to control any economic activity.  Because Plaintiffs fail

8

to identify how these statutes discriminate against interstate commerce, the balancing test articulated by the Supreme Court in *Pike* applies. *Pharm. Research & Mfrs. of Am.*, 768 F.3d at 1044 (citing *Pike*, 397 U.S. at 142). That test asks whether "the burden [the law] imposes on interstate commerce is clearly excessive in relation to the putative local benefits." *Id.* (internal quotation marks omitted). Plaintiffs "must first show that the statute imposes a substantial burden before the court will determine whether the benefits of the challenged laws are illusory." *Id.* (quotation marks omitted). "Only a small number of cases invalidating laws under the dormant Commerce Clause have involved laws that were genuinely nondiscriminatory." *Chinatown Neighborhood Ass'n v. Harris,* 794 F.3d 1136, 1146 (9th Cir. 2015)*,* (ellipses and brackets omitted).

Plaintiffs' complaint does not address how sections 26150 and 26155 even affect interstate (or intrastate) commerce, let alone how they impose a substantial burden. Nor does the complaint account for the other side of the ledger—"the power of the State to shelter its people from menaces to their health or safety . . ., even when those dangers emanate from interstate commerce." *W. Lynn Creamery Inc. v. Healy*, 512 U.S. 186, 206 n.21 (1994). Given these pleading deficiencies, Counts 5 and 6 should be dismissed.

## II. COUNTS 7 AND 8 SHOULD BE DISMISSED BECAUSE CALIFORNIA PENAL CODE SECTIONS 26150 AND 26155 DO NOT PENALIZE PLAINTIFFS' INTRASTATE TRAVEL

Plaintiffs bring two claims based on a purported Fourteenth Amendment "right to intrastate travel." Compl. ¶ 162. In Count 7, they challenge the constitutionality of sections 26150 and 26155's restriction on the open carry of a loaded firearm to the county that issued the open carry license. Compl. ¶¶ 272-274. In Count 8, they challenge the constitutionality of sections 26150 and 26155's restriction on the open carry of a loaded firearm to counties with a population under 200,000 persons. Compl. ¶¶ 275-277. These claims cannot succeed because the statutes do not penalize Plaintiffs' exercise of their right to intrastate travel, to the extent that such a right may exist under the Constitution.

The right to interstate travel "has been firmly established and repeatedly recognized." *United States v. Guest*, 383 U.S. 745, 756 (1966). But whether the Constitution guarantees a

fundamental right to intrastate travel has not been resolved by the Supreme Court or the Ninth Circuit. *Hammel v. Tri-County Metro. Transp. Dist. of Or.*, 955 F. Supp. 2d 1205, 1210 (D. Or. 2013) (citing *Mem'l Hosp. v. Maricopa Cnty.*, 415 U.S. 250, 255-56 (1974), and *Nunez v. City of San Diego*, 114 F.3d 935, 944 n.7 (9th Cir. 1997)). Circuit courts elsewhere have split on this question. *Compare Johnson v. City of Cincinnati*, 310 F.3d 484, 498 (6th Cir. 2002) (fundamental right to intrastate travel violated by ordinance banning persons arrested for or convicted of drug crimes from "drug exclusion zones") *with Wright v. City of Jackson*, 506 F.2d 900, 902-03 (5th Cir. 1975) (no fundamental right to intrastate travel infringed by ordinance requiring city employees to live within city).

While the textual source of the constitutional right to travel "has proved elusive," *Att'y Gen. of N.Y. v. Soto-Lopez*, 476 U.S. 898, 902 (1986), Plaintiffs identify the Privileges or Immunities Clause of the Fourteenth Amendment as the basis for their claim here.[2] Compl. ¶¶ 273, 276. The Supreme Court has identified three circumstances in which a state law implicates the right to travel under the Privileges or Immunities Clause: (1) when the law "actually deters" travel, (2) when "impeding travel" is the law's "primary objective," and (3) when the law "uses any classification which serves to penalize the exercise of [the right to travel]." *Soto-Lopez*, 476 U.S. at 903 (internal quotations omitted). Plaintiffs' claims do not meet any of these circumstances.

Indeed, Plaintiffs do not even allege that sections 26150 and 26155 "actually deter" Plaintiffs, or anyone else, from traveling to or from Siskiyou or Shasta Counties, or that "impeding travel" is the "primary objective" of these statutes. *See Soto-Lopez*, 476 U.S. at 903. Sections 26150 and 26155 merely regulate the criteria a county sheriff or city policy chief must follow when issuing licenses to carry firearms, and where those licenses are operable. Plaintiffs are free to come and go as they please; their complaint does not suggest that the statutes constrain their out-of-county travel.

---

[2] A right to bear arms is not among the fundamental rights protected by the Privileges or Immunities Clause of the Fourteenth Amendment. *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 758 (2010) (plurality opinion); *see also id.* at 859-60 (Stevens, J., dissenting) (agreeing with the four justices in the plurality that the right to bear arms is not a fundamental right recognized under the Privileges or Immunities Clause) and 934 (Breyer, J., dissenting) (same, joined by Ginsburg, J. and Sotomayor, J.).

Nor do sections 26150 and 26155, by classifying who is eligible for an open carry license and limiting the scope of such licenses, "penalize" Plaintiffs' exercise of their right to travel. *See Soto-Lopez*, 476 U.S. at 903, 906. Only if a statute denies a "very important benefit [or] right" can the court find that it "penalizes" travel. *Id.* at 907. "Minor burdens impacting interstate travel," in contrast, "do not constitute a violation of [the right to travel]." *Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999).

Plaintiffs allege that if they leave their respective home counties, they risk criminal prosecution because the statutes restrict the validity of an open carry license to the county of issuance and prohibit counties with 200,000 persons or more from issuing such licenses. Compl. ¶¶ 165, 166, 168. But the Constitution protects the right to travel, not the right to travel armed. Plaintiffs cite no authority that supports the proposition that restricting open carry to the county of issuance is tantamount to denying "the right to eat at public restaurants," Compl. ¶ 160 (citing *Bell v. Maryland*, 378 U.S. 226, 255 (1964)), or medical care, *Maricopa Cnty.*, 415 U.S. at 259-60, or welfare assistance, *Shapiro v. Thompson*, 394 U.S. 618, 631 (1969). Because sections 26150 and 26155 do not deprive Plaintiffs of a "very important benefit[] [or] right[]" to which they are entitled, *see Soto-Lopez*, 476 U.S. at 907, they have not suffered a violation of their constitutional right to travel. Counts 7 and 8 should be dismissed.

### III. COUNT 12 SHOULD BE DISMISSED BECAUSE CALIFORNIA PENAL CODE SECTIONS 26150, 26155, 26350, AND 25850 DO NOT EFFECT AN UNREASONABLE SEIZURE

In Count 12, Plaintiffs allege that sections 26150, 26155, 26350, and 25850 violate their Fourth Amendment rights "by dictating the manner in which they carry their firearms in public . . . ." Compl. ¶ 288. Because these statutes neither meaningfully interfere with Plaintiffs' possessory interests nor infringe upon a reasonable expectation of privacy, this claim fails as a matter of law.

The Fourth Amendment provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. To establish a Fourth Amendment violation,

Plaintiffs must plausibly allege, first, that a seizure occurred, and second, that the seizure was unreasonable. *Soldal v. Cook County, Ill.*, 506 U.S. 56, 61-62 (1992).

A "seizure" occurs when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). Plaintiffs allege that sections 26150, 26155, 26350, and 25850 interfere with a possessory interest in their firearms, Compl. ¶¶ 213, 214, specifically with "the way law-abiding individuals, including Plaintiffs, carry their firearms in public," *id.* ¶ 218. But these statutes are confined in scope; they regulate where and in what circumstances a person can lawfully carry a firearm in public, and when a peace officer is authorized to examine a firearm. Cal. Penal Code §§ 26150(b)(2) (restricting scope of open carry license to the county of issuance), 26155(b)(2) (same), 26350(a) (prohibiting carry of an unloaded handgun in certain public places), 25850(a), (b) (prohibiting carry of a loaded firearm in certain public places and restricting to these locations any examinations to determine whether a firearm is loaded). Because these limitations ensure that the statutes only minimally burden Plaintiffs' possessory interests in their firearms, Plaintiffs cannot meet the threshold requirement of showing that a seizure occurred here. *Cedar Point Nursery v. Shiroma*, 923 F.3d 524 (9th Cir. 2019) (no seizure where law allows intrusions that are "controlled" and limited in scope).

Even if Plaintiffs had sufficiently alleged that sections 26150, 26155, 26350, and 25850 effect a seizure, the Fourth Amendment only protects against seizures that are unreasonable. *Soldal*, 506 U.S. 56, 71 ("[R]easonableness is still the ultimate standard under the Fourth Amendment, which means that numerous seizures . . . will survive constitutional scrutiny." (citation omitted)). The reasonableness determination must reflect a "careful balancing of governmental and private interests." *Id.* Only "when an expectation of privacy that society is prepared to consider reasonable is infringed" is there a Fourth Amendment violation. *United States v. Jefferson*, 566 F.3d 928, 933 (9th Cir. 2009).

Plaintiffs allege that the statutes lack a "legitimate governmental interest," Compl. ¶ 220, but they fail entirely to account for the public safety benefits of statutes that regulate firearms. Even in upholding the Second Amendment right to keep and bear arms within the home, the

12

Supreme Court in *Heller* acknowledged that the Second Amendment is "not unlimited," that it does not "protect the right [] to carry arms for *any sort* of confrontation," and that "gun violence is a serious problem" in this country. 554 U.S. at 595, 636. Indeed, the predecessor to section 25850(b) long ago withstood a reasonableness inquiry in state court. *People v. DeLong*, 11 Cal. App. 3d 786, 792-93 (Cal. Ct. App. 1970) (holding that people do not have reasonable expectations of privacy in the firing chambers of their firearms carried in public, so a chamber check "may hardly be deemed a search at all"); *see also United States v. Brady*, 819 F.2d 884, 889 (9th Cir. 1987) (citing *DeLong* with approval for the proposition that under the predecessor to section 25850(b), "police may inspect a firearm which they know is in a vehicle, regardless of whether they have probable cause to believe that it is loaded"). Given the weighty governmental interest in regulating where, how, and by whom firearms may be carried, sections 26150, 26155, 26350, and 25850 should be upheld, and Count 12 should be dismissed.

**IV.    COUNTS 13 AND 14 SHOULD BE DISMISSED BECAUSE CALIFORNIA PENAL CODE SECTIONS 26150, 26155, 26350, AND 25850 DO NOT DENY PLAINTIFFS DUE PROCESS**

Plaintiffs bring two claims based on their Fourteenth Amendment due process rights. In Count 13, Plaintiffs allege that sections 26150, 26155, 26350, and 25850 deprived them of their right to procedural due process because the statutory restrictions on when and how they are permitted to carry their firearms deny them full use and enjoyment of their property. Compl. ¶¶ 291, 292. In Count 14, Plaintiffs allege that sections 26150, 26155, 26350, and 25850 deprived them of their right to substantive due process because the statutory restrictions on when and how they are permitted to carry firearms deny them a fundamental right. *Id.* ¶ 295. Neither of these claims is cognizable.

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To determine whether there is a procedural due process violation, a court analyzes the claim in two steps: "[t]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that

1    deprivation were constitutionally sufficient." *Carver v. Lehman*, 558 F.3d 869, 872 (9th Cir.

2    2009) (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

3         To create a liberty or property interest, a statute must contain "explicitly mandatory

4    language, *i.e.*, specific directives to the decisionmaker that if the regulations' substantive

5    predicates are present, a particular outcome must follow." *Carver*, 558 F.3d at 874-75 (quoting

6    *Thompson*, 490 U.S. at 463).  Here, sections 26350 and 25850 do not create a liberty or property

7    interest because they are criminal statutes intended only to prohibit carrying firearms in certain

8    locations.  Sections 26150 and 26155, in contrast, state that a county sheriff or city police chief

9    "may" issue an open carry license, but these statutes use language that is discretionary, not

10   mandatory.  Cal. Penal Code § 26150(a), (b)(2); § 26155(a), (b)(2).  Such "classically permissive"

11   language does not create a liberty or property interest.  *Carver*, 558 F.3d at 875 (finding that

12   statute that uses "may" is not "explicitly mandatory").  Plaintiffs cannot satisfy the first prong of

13   the procedural due process analysis.

14        Even if the statutes were to create a liberty or property interest, Plaintiffs do not describe

15   why they are entitled to a "procedure," Compl. ¶ 224, and what procedure they have been denied.

16   The "[t]hreadbare recitals" alleged in connection with Count 13 are thus insufficient to state a

17   claim.  *Iqbal*, 556 U.S. 678; *see also Cupp v. Harris*, 2:16-cv-00523-TLN-KJN, 2018 WL

18   4599590 (E.D. Cal. Sept. 21, 2018) at *5 (failure to state a due process claim challenging firearms

19   confiscation where plaintiff neither explained what proceeding he desired nor provided a factual

20   basis entitling him to a proceeding).  Count 13 should be dismissed.

21        The Due Process Clause also prevents the government from infringing certain fundamental

22   liberty interests, no matter what process is provided.  *Washington v. Glucksberg*, 521 U.S. 702,

23   721 (1997).  Yet "[o]nly fundamental rights and liberties which are deeply rooted in this Nation's

24   history and tradition and implicit in the concept of ordered liberty qualify for such protection."

25   *Chavez v. Martinez*, 538 U.S. 760, 775 (2003) (internal quotation marks omitted).  Indeed, the

26   Supreme Court has often expressed its "reluctance to expand the doctrine of substantive due

27   process."  *Id.*  A statute that does not implicate a fundamental right need only bear a "reasonable

28   relation to a legitimate state interest."  *Glucksberg*, 521 U.S. at 722.

14

Plaintiffs suggest that they have been deprived of a fundamental right because the right to bear arms is, in their view, "more fundamental and more inalienable, than the unenumerated right to have an abortion." Compl. ¶ 235. But sections 26150, 26155, 26350, and 25850 do not implicate a fundamental right, apart from whatever protection that the Second Amendment may provide. *See Albright v. Oliver*, 510 U.S. 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.") (internal quotation marks omitted); *cf. Teixeira v. Cnty. of Alameda*, 822 F.3d 1047, 1052 (9th Cir. 2016) (equal protection challenge that involves fundamental right analysis was "no more than a Second Amendment claim dressed in equal protection clothing," and thus was "subsumed by, and coextensive with the former") (internal quotation marks omitted), *aff'd on reh'g en banc*, 873 F.3d 670, 676 n.7 (9th Cir. 2017) (affirming district court's rejection of equal protection challenge for reasons given in panel opinion). At most, then, the statutes that Plaintiffs challenge need only bear a reasonable relation to a legitimate state interest. As shown above in the Fourth Amendment analysis of the reasonableness of the statutes, sections 26150, 26155, 26350, and 25850 are justified by the legitimate state interest in regulating where, how, and by whom firearms may be carried. Count 14 should be dismissed.

## V. THE FOURTH AND FOURTEENTH AMENDMENT ALLEGATIONS IN COUNTS 9 AND 10 SHOULD BE DISMISSED

Plaintiffs allege that sections 25850 (Count 9) and 26350 (Count 10) violate their Second, Fourth, and Fourteenth Amendment rights because they "criminalize[]" open carry. Compl. ¶¶ 279, 282. For the reasons set forth in the preceding two sections, Plaintiffs' Fourth and Fourteenth Amendment allegations in Counts 9 and 10 should be dismissed. *Hill*, 841 F. Supp. 2d at 1081-82 (C.D. Cal. 2011) (court may dismiss the part of a claim that is based on legally insufficient allegations).

**CONCLUSION**

The Attorney General respectfully requests that the Court dismiss Counts 5, 6, 7, 8, 12, 13, and 14 in their entirety, and the corresponding allegations in Counts 9 and 10 that Plaintiffs' Fourth and Fourteenth Amendment rights were violated.

Dated:  June 6, 2019

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General


_/s/ R. Matthew Wise_
R. MATTHEW WISE
Deputy Attorney General
_Attorneys for Defendant Attorney General
Xavier Becerra_

SA2019101934
13767712.docx

# CERTIFICATE OF SERVICE

Case Name:  __Baird, Mark v. Xavier Becerra__       No.   __2:19-cv-00617-KJM-AC__

I hereby certify that on <u>June 6, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>June 6, 2019</u>, at Sacramento, California.

|  |  |
|---|---|
| Eileen A. Ennis | */s/ Eileen A. Ennis* |
| Declarant | Signature |

SA2019101934
13801473.docx