COSCA LAW CORPORATION
CHRIS COSCA   SBN 144546
1007 7th Street, Suite 210
Sacramento, CA 95814
916-440-1010

AMY L. BELLANTONI
THE BELLANTONI LAW FIRM, PLLC
2 Overhill Road, Suite 400
Scarsdale, NY 10583
Telephone: 914-367-0090
Facsimile:  888-763-9761
*Pro Hac Vice*

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK BAIRD and RICHARD GALLARDO,<br><br>            Plaintiffs,<br>    v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California, and DOES 1-10,<br><br>            Defendants. | Case No. 2:19-CV-00617<br><br>**DECLARATION OF AMY L. BELLANTONI IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:      September 6, 2019<br>Time:      10:00 a.m.<br>Room:     3<br>Judge:     Hon. Kimberly J. Mueller |

1

DECLARATION OF AMY L. BELLANTONI ISO MOTION FOR PRELIMINARY INJUNCTION

## DECLARATION OF AMY L. BELLANTONI

1. I am an attorney with The Bellantoni Law Firm, PLLC, attorneys of record for Plaintiffs, Mark Baird and Richard Gallardo. I am admitted to practice law before the United States District Court for the Eastern District of California, *pro hac vice*. I am also admitted to practice law before the Southern and Eastern District Courts of the State of New York and the Second Circuit Court of Appeals. I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, could and would testify competently thereto.

2. On May 14, 2019, I contacted counsel for Defendant Attorney General Xavier Becerra, Deputy Attorney General R. Matthew Wise, Esq. by phone to meet and confer regarding Plaintiffs' intention to file a motion for a preliminary injunction to enjoin defendant Becerra, his agents, servants, employees, and those working in active concert with him, from enforcing and/or giving effect to California Penal Codes §26150, §26155, §26350, and §25850 as they relate to the open carriage of a firearm in public, whether loaded or unloaded, pending the resolution of the instant matter on its merits. Mr. Wise indicated that his client would oppose Plaintiffs' motion for a preliminary injunction.

3. Mr. Wise and I have had multiple communications since that date, during which Mr. Wise advised of his intention to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on behalf of Defendants. In the interest of judicial economy, Mr. Wise and I verbally entered into a motion schedule for the filing of Plaintiffs' preliminary injunction motion, Defendants' motion to dismiss, our respective submissions in opposition and in reply, including a return date and hearing on the motions of September 6, 2019, which was convenient for the parties, counsel and the Court. Counsels' agreement was reduced to a written proposed Stipulation, which was presented for the Court's consideration and thereafter executed by the Court on June 27, 2019.

DECLARATION OF AMY L. BELLANTONI ISO MOTION FOR PRELIMINARY INJUNCTION

4. The instant motion for a preliminary injunction is made based on the irreparable and continued harm to Plaintiffs resulting from the enforcement and effect of California Penal Codes §26150, §26155, §26350, and §25850, which will continue absent an injunction of the statutes. The plain language of the aforementioned statutes, as well as the *de facto* ban on open carry in the State of California enforced by defendant Attorney General Xavier Becerra through the California Department of Justice, his agents, employees, servants, including the respective state's firearms licensing agencies, to wit, the sheriffs and chiefs of police throughout the state.

5. There are two (2) modalities for bearing a firearm in public for self-protection against a violent confrontation: concealed carry ("CCW") and open carry.

6. It is the opinion of the Ninth Circuit that the concealed carry of a firearm does not fall within the scope of the protections provided by the Second Amendment. Upholding a challenge to California's "good cause" requirement for the issuance of a CCW license in *Peruta v County of San Diego*, 824 F3d 919, 942 (9th Cir 2016) (en banc) (*Peruta II*) (cert. den.), the Ninth Circuit held that the Second Amendment did not protect *in any degree* the right to carry a concealed firearm in public and that *any* prohibition or restriction a state might choose to impose on concealed carry, was not unconstitutional. (emphasis added). Concealed carry, the Circuit reasoned, was a mere privilege, not a 'right'.

7. The plain language of the Second Amendment mandate that "…the right to…bear arms shall not be infringed" codifies the preexisting right to carry firearms in public in some manner for self-protection. Thus, the open carriage of firearms *in fact* falls squarely within Second Amendment protected activity. A contrary view irrationally eviscerates 50% of the Second Amendment.

8. By removing concealed carry from the equation, the Ninth Circuit *de facto* classified the open carriage of firearms in public – the sole remaining modality of bearing arms in

3

DECLARATION OF AMY L. BELLANTONI ISO MOTION FOR PRELIMINARY INJUNCTION

public for self-defense - as the "right" referred to by the founding fathers and protected by the Second Amendment.

9. As detailed in the accompanying Memorandum of Points and Authorities, the complained of statutes severely limit the ability of the general public, including Plaintiffs, to exercise the right to open carry a firearm for self-defense in public by (1) requiring a showing of "good cause"; (2) containing "may issue" language, which permits licensing officials to summarily deny open carry applications to otherwise qualified law-abiding individuals; (3) restricting the validity of the open carry license to the county of issuance; and (4) exposing law-abiding individuals to criminal penalties for exercising the right to open carry, whether loaded or unloaded, (i) without an open carry license and/or (ii) outside of the boundaries of the issuing county.

10. In addition to the unconstitutional restrictions on the right to open carry encompassed within the plain language of California's licensing statutes and accompanying criminal statutes for the prosecution of individuals who exercise that right, defendant Becerra has *de facto* banned the right to open carry in the State of California.

11. Attached hereto are the Declarations of the plaintiffs in this action with accompanying exhibits annexed thereto providing factual support for the within motion and demonstrating, *inter alia*, irreparable harm by way of the continued violations of their Second Amendment rights.

12. The Declaration of Mark Baird, with accompanying exhibits, is annexed hereto as Exhibit 1.

13. The Declaration of Richard Gallardo, with accompanying exhibits, is annexed hereto as Exhibit 2.

DECLARATION OF AMY L. BELLANTONI ISO MOTION FOR PRELIMINARY INJUNCTION

14. The within Declaration and accompanying Memorandum of Points and Authorities warrant the requested relief and issuance of an order enjoining defendant Becerra, his agents, servants, employees, and those working in active concert with him, from enforcing and/or giving effect to California Penal Codes §26150, §26155, §26350, and §25850 as they relate to the open carriage of a firearm in public during the pendency of this proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 8, 2019              /s/ Amy L. Bellantoni, Esq.
                                  Amy L. Bellantoni, Esq.
                                  *Attorney for Plaintiffs*
                                  *Pro Hac Vice*
                                  abell@bellantoni-law.com

DECLARATION OF AMY L. BELLANTONI ISO MOTION FOR PRELIMINARY INJUNCTION