1  COSCA LAW CORPORATION
2  CHRIS COSCA   SBN 144546
   1007 7th Street, Suite 210
3  Sacramento, CA 95814
   916-440-1010
4
5  AMY L. BELLANTONI
   THE BELLANTONI LAW FIRM, PLLC
6  2 Overhill Road, Suite 400
   Scarsdale, NY 10583
7  Telephone: 914-367-0090
   Facsimile:  888-763-9761
8  *Pro Hac Vice*
9  Attorneys for Plaintiffs
10
11
12                    **UNITED STATES DISTRICT COURT**
13                    **EASTERN DISTRICT OF CALIFORNIA**
14
15  MARK BAIRD and                          Case No. 2:19-CV-00617-KJM-AC
    RICHARD GALLARDO,
16                                          **PLAINTIFFS' MEMORANDUM OF**
              Plaintiffs,                   **POINTS AND AUTHORITIES IN**
17                                          **OPPOSITION TO MOTION TO**
        v.                                  **DISMISS THE COMPLAINT**
18                                          **[Fed. R. Civ. P. 12(b)(6)]**
    XAVIER BECERRA, in his official
19  capacity as Attorney General of the State of
    California, and DOES 1-10,              Date:          September 6, 2019
20                                          Time:          10:00 a.m.
                                            Courtroom:     3
21            Defendants.                   Judge:         Hon. Kimberly J. Mueller
                                            Trial Date:    None set
22                                          Action Filed:  April 9, 2019
23
24
25
26
27
28

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| Table of Authorities……………………………………………………….. | | i |
| Introduction…………………………………………………………… | | 1 |
| Legal Standard………………………………………………………… | | 2 |
| Argument……………………………………………………………… | | 3 |
| I. | Defendant's Factual Challenges Must Be Disregarded…………….. | 3 |
| II. | The Complaint States A Plausible Fourth Amendment Claim (Count 12)…………………………………………………………… | 3 |
| III. | The Complaint States A Plausible Violation Of Substantive Due Process (Count 14)……………………………………………… | 5 |
| IV. | The Complaint States A Plausible Violation Of Procedural Due Process (Count 13)……………………………………………… | 10 |
| V. | The Complaint States A Plausible Cause Of Action For A Violation Of The Right To Intrastate Travel (Counts 7 & 8)………………….. | 12 |
| VI. | The Complaint States A Plausible Cause Of Action For Violations Of Plaintiffs' Fourth And Fourteenth Amendment Rights By The Enforcement Of §25850 And §26350 As Applied To Open Carry (Counts 9 & 10)………………………………….. | 14 |
| VII. | Conclusion…………………………………………………… | 16 |

# TABLE OF AUTHORITIES

Cases                                                                                    Page(s)

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................................. 2

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ......................... 2

*Bell v Maryland,*
  378 US 226 (1964) ...................................................................................13

*Cedar Point Nursery v. Shiroma,*
  923 F.3d 524 (9th Cir. 2019) .....................................................................5

*Cervantes v. City of San Diego,*
  5 F.3d 1273 (9th Cir. 1993) ......................................................................13

*City of Chicago v. Morales,*
  527 U.S. 41, 119 S. Ct. 1849, 144 L. Ed. 2d 67 (1999) ......................... 13

*Cruzan v Director, Missouri Dept. of Health,*
  497 US 261 (1990) .................................................................................... 7

*District of Columbia v. Heller,*
  554 US 570 (2008).................................................................................9, 10

*Eggert v. City of Seattle,*
  81 Wash. 2d 840, 505 P.2d 801 (1973) ...................................................13

*Eisenstadt v. Baird,*
  405 U.S. 438, 92 S. Ct. 1029, 31 L. Ed. 2d 349 (1972) ...........................6

*Griswold v. Connecticut,*
  381 U.S. 479, 85 S. Ct. 1678, 14 L. Ed. 2d 510 (1965).......................... 6

*Haig v Agee,*
  453 US 280 (1981) ....................................................................................13

*Harman v. Forssenius,*
  380 U.S. 528 (1965) ................................................................................. 14

*Hewitt v. Grabicki,*
  794 F.2d 1373 (9th Cir. 1986) ................................................................ 11

*Lawrence v. Texas,*
  539 U.S. 558, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003) ....................... 6

*Lee v City of Los Angeles,*
  250 F3d 668 (9th Cir 2001) ................................................................. 2, 3

i

*Loving v. Virginia*,
    388 U.S. 1, 87 S. Ct. 1817, 18 L. Ed. 2d 1010 (1967) ................................................6

*Mathews v. Eldridge*,
    424 U.S. 319, 96 S. Ct. 893, 47 L.Ed.2d 18 (1976) ...................................... 11, 12

*Matsuo v United States*,
    532 F Supp 2d 1238 (D Haw 2008) ...................................................................... 12

*McDonald v City of Chicago*,
    561 US 742 ............................................................................................................... 10

*Meyer v. Nebraska*,
    262 U.S. 390, 43 S. Ct. 625, 67 L. Ed. 1042 (1923) ...............................................6

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ................................................................................... 2

*Nishi v County of Marin*,
    2012 US Dist LEXIS 21591 (ND Cal Feb. 21, 2012, No. C11-0438 PJH) ........................... 13

*Pierce v. Society of Sisters*,
    268 U.S. 510, 45 S. Ct. 571, 69 L. Ed. 1070 (1925) ...............................................6

*Planned Parenthood v Casey*,
    505 U.S. 833 ......................................................................................................... 6, 7

*Raich v Gonzales*,
    500 F3d 850 (9th Cir 2007) .....................................................................................6

*Rakas v Illinois*,
    439 US 128, 142 n. (1978) ....................................................................................... 4

*Rochin v. California*,
    342 U.S. 165, 72 S. Ct. 205, 96 L. Ed. 183 (1952) .................................................6

*Roe v. Wade*,
    410 U.S. 113, 93 S. Ct. 705, 35 L.Ed. 2d 147 (1973) ......................................6, 7, 9

*Saenz v. Roe*,
    526 U.S. 489, 119 S. Ct. 1518, 143 L. Ed. 2d 689 (1999) .....................................12

*Sanchez v City of Fresno*,
    914 F Supp 2d 1079 (ED Cal 2012) ..................................................................... 6, 7

*Shapiro v. Thompson*,
    394 U.S. 618, 89 S. Ct. 1322, 22 L. Ed. 2d 600 (1969) ........................................ 12

*Skinner v. Oklahoma ex rel. Williamson*,
    316 U.S. 535, 62 S. Ct. 1110, 86 L. Ed. 1655 (1942) ..............................................6

ii

*Soldal v. Cook County*,
  506 U.S. 56, 113 S. Ct. 538, 121 L. Ed. 2d 450 & n.8 (1992) .................................................. 4

*Soto-Lopez*,
  476 U.S. ........................................................................................................................ 14

*Tobe v. City of Santa Ana*,
  9 Cal. 4th 1069, 40 Cal. Rptr. 2d 402, 892 P.2d 1145 (Cal., 1995) ........................................ 13

*United States v. Jacobsen*,
  466 U.S. 109, 104 S. Ct. 1652, 80 L. Ed. 2d 85 (1984) ............................................................ 4

*United States v. Salerno*,
  481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987) .......................................................... 6

*United States. v. Guest*
  383 U.S. 745, 86 S. Ct. 1170, 16 L. Ed. 2d 239 (1966) .......................................................... 12

*Vanelli v Reynolds Sch. Dist.*,
  667 F2d 773 (9th Cir 1982) ...................................................................................................... 12

*Washington v. Glucksberg*,
  521 U.S. 702, 117 S. Ct. 2258, 117 S. Ct. 2302, 138 L. Ed. 2d 772 (1997) ............................ 6

Statutes

California Penal Code

§25850…………………………………………………………………………………………*passim*

§26150.......................................................................................................................... *passim*

§26155.......................................................................................................................... *passim*

§26350.......................................................................................................................... *passim*

Rules

Fed. R. Civ. P. 12 .......................................................................................................... 2, 3

iii

Plaintiffs filed the instant complaint seeking to enjoin the enforcement of, and declare as unconstitutional, California Penal Code sections 26150 and 26155 (the State's handgun licensing statutes) and sections 25850 and 26350, which criminalize the exercise of constitutionally protected conduct.

Defendant's 12(b)(6) motion seeks to dismiss the claims brought by Plaintiffs under the Fourth and Fourteenth Amendments (substantive, procedural and the right to intrastate travel)[1]. Plaintiffs' complaint comprehensively, and in detailed fashion, alleges plausible and valid causes of action for each of the challenged claims, warranting the denial of Defendant's motion.

No challenge to any Second Amendment claims is made in Defendant's motion. Defendant does, however, attempt to engage in factual challenges involving matters outside of four corners of the complaint, which is beyond the scope of a 12(b)(6) motion. For instance, Defendant advances the same public policy and interest-balancing narrative used by Second Amendment opponents to justify violating the preexisting and fundamental rights of law-abiding individuals. Defendant also touts the 'focused self-defense exception to all of these [firearm] restrictions' on firearm possession – a flawed argument. (Def. Memo of P&A at p. 2). Defendant offers no explanation as to where a law-abiding person would magically acquire a firearm in the broad geography of [non-sensitive] 'prohibited areas' to be in a position to use it in the face of 'an immediate grave danger' of which they had no prior notice or when 'making a lawful arrest' in the first instance. *Id.*[2] Nor does Defendant acknowledge that the 'self-defense exception' is just that – a *defense* utilized by a person who is facing criminal prosecution and/or has been charged with a crime. While magnanimous, the 'self-defense exception' does not *automatically* convert

---

[1] Plaintiffs do not oppose the dismissal of claims brought under the Dormant Commerce Clause.

[2] The term 'immediate' under this statute means 'the brief interval before and after the local law enforcement agency, when reasonably possible, has been notified of the danger and before the arrival of its assistance.'

the law-abiding individual's public possession of a firearm into lawful conduct. Defendant also mentions that state law 'allows' people who can show 'good cause', based on whatever the authorized licensing officer wants it to mean, but fails to mention that 'good cause' is highly unattainable and that *zero* open carry licenses have been issued in California since 2012. Complaint at ¶19.[3]

Defendant's factual challenges to the allegations in the Complaint are improper for the Court's consideration in a 12(b)(6) motion, which is limited to a review of the four corners of the complaint and a determination of whether the allegations state a plausible cause of action.

**LEGAL STANDARD**

A complaint must state "a claim to relief that is plausible on its face" to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Bell Atlantic*, 550 U.S. at 556).

In evaluating a 12(b)(6) motion, all factual allegations in the complaint "are taken as true and construed in the light most favorable to plaintiffs." *Lee v City of Los Angeles*, 250 F3d 668, 688 (9th Cir 2001) (citation omitted). The relevant inquiry for a Rule 12(b)(6) motion is *not* whether the plaintiff has demonstrated a likelihood of success on the merits. A Rule 12(b)(6) dismissal is only proper where there is either no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

---

[3] Though specific portions of the Complaint are referenced for support, Plaintiffs' Memorandum of Points and Authorities incorporates the Complaint fully by reference herein.

**ARGUMENT**

## I.  DEFENDANT'S FACTUAL CHALLENGES MUST BE DISREGARDED

"Rule 12(b)(6) review is limited to the allegations in the complaint." *Lee v City of Los Angeles*, 250 F3d at 688 citing, *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Factual challenges to a complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6). *Lee*, 250 F3d at 688. A district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Lee*, 250 F3d at 688 (citation omitted). It is reversible error for a court to take judicial notice of disputed matters and/or consider material beyond the pleadings when determining a motion to dismiss pursuant to 12(b)(6). *Id.* at 689.

Defendant's motion relies on facts outside the pleadings and invites the Court to engage in the type of analysis more appropriately reserved for summary judgment or trial. A premature evaluation of the merits of Plaintiffs' claims constitutes reversible error. *Lee*, 250 F3d at 689.

Those portions of Defendant's Memorandum of Points and Authorities discussing Penal Code sections not mentioned in the Complaint, the State's interest in 'maintaining order', the 'power of the State to shelter its people from menaces', whether the challenged statutes are sufficiently 'confined in scope', and a *soi-disant* enhancement of public safety, may not be considered in the Court's evaluation. (see, Def. Memo of P&A at p. 1-2, 9, 12).

## II.  THE COMPLAINT STATES A PLAUSIBLE FOURTH AMENDMENT CLAIM (COUNT 12)

Defendant's Fourth Amendment argument relies on contested issues outside of the Complaint, including general references to 'public safety' claims, 'balancing the interests', and *ipse dixit* justification of the scope of the contested statutes. (Def. Memo of P&A at p. 12). Such claims are improper and cannot be considered in a 12(b)(6) motion. *Lee*, 250 F3d at 688.

3

The Fourth Amendment protects against unreasonable searches and seizures by the government. A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property. *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 80 L. Ed. 2d 85 (1984) (citations omitted).

The protections of the Fourth Amendment are not limited to privacy interests; its protections encompass possessory and liberty interests even when privacy rights are not implicated. *Soldal v. Cook County*, 506 U.S. 56, 63-64, 113 S. Ct. 538, 121 L. Ed. 2d 450 & n.8 (1992). Possessory and ownership interests are not narrowly defined. *Rakas v Illinois*, 439 US 128, 142 n. 12 (1978).

Each Plaintiff possess handguns in his home, the possession of which does not require the State's permission, and neither Plaintiff is legally prohibited from firearm possession. Complaint at ¶20-22; ¶53-54. Penal Codes §26150 and §26155 violate Plaintiffs' possessory and liberty interests in their property; sections §25850, and §26350 threaten criminal prosecution where a law-abiding individual exercises their Fourth Amendment right nevertheless.

The statutes do not simply "regulate *where* and *in what circumstances* a person can lawfully carry a firearm in public" (Def. Memo of P&A at p. 12), they (i) control *how* law-abiding individuals possess their own property by dictating whether the individual can choose to wear or carry their handgun outside of public view or carry open and exposed to the public; and (ii) are overbroad in their restriction of the geographical limitation of the right to open carry.

Plaintiffs legally possess handguns in the first instance, but sections 26150 and 26155 prohibit their freedom to use and enjoy their personal property. Plaintiffs have no control over how to wear, carry, or possess their handgun in public because the state has total control over such personal decisions. Plaintiffs also cannot fully use and enjoy their property because they cannot carry a handgun exposed on their person outside of their own county of residence, or in

4

counties with a population over 200,000. Open carriage of a handgun outside of their home county, whether loaded or unloaded, exposes Plaintiffs to criminal prosecution. §25850, §26360.

Though Defendant's 'minimal burden' argument is outside of the scope of a 12(b)(6) motion, Defendant's reliance on *Cedar Point Nursery v. Shiroma*, 923 F.3d 524 (9th Cir. 2019) is misplaced. (Def. P&A at p. 12). The minimal burden to the real property interests of the plaintiffs in *Cedar Point* was limited to permitting union organizers to enter their land to meet and talk with employees and solicit their support. The statute restricted the time, place, number of organizers, purpose, and conduct of the union organizers.

Penal Code sections 26150, 26155, 25850, and 26350 have no limitations. The government, not the property owner, has complete authority to dictate the use and enjoyment of the law-abiding individual's handguns in public. Plaintiffs have no control over how they can wear, carry, and/or possess their personal property in public. The statutes' restriction on the open carry of a firearm to the county of residence, at the risk of criminal prosecution, is likewise substantially intrusive.

There is no legitimate governmental objective served by regulating how Plaintiffs can wear, carry, and possess their firearms. Complaint at ¶191-¶195; ¶215-¶218. The statutes arbitrarily control how law-abiding people wear and carry certain property, in the absence of any inherent danger. Complaint at ¶216. There is no inherent danger created by the way Plaintiffs, or any other law-abiding person wears or carries their handgun in public for self-defense because law-abiding people pose no threat to society. Complaint at ¶217. Likewise, no legitimate governmental objective is served by limiting Plaintiffs' open carriage of a handgun to their own counties or to counties with less than 200,000 population. Complaint at ¶218-220. A plausible Fourth Amendment violation has been pled, warranting denial of Defendant's motion.

### III.  THE COMPLAINT STATES A PLAUSIBLE VIOLATION OF SUBSTANTIVE DUE PROCESS (COUNT 14)

The substantive Due Process Clause is violated when the government deprives an individual of a fundamental liberty interest, regardless of the process provided, unless the infringement is narrowly tailored to serve a compelling state interest. *Washington v. Glucksberg*, 521 U.S. 702, 117 S. Ct. 2258, 2268, 117 S. Ct. 2302, 138 L. Ed. 2d 772 (1997). The government is forbidden from depriving a person of life, liberty, or property in such a way that either interferes with rights implicit in the concept of ordered liberty or shocks the conscience. *United States v. Salerno*, 481 U.S. 739, 746, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987)).

The Supreme Court has a long history of recognizing unenumerated fundamental rights as protected by substantive due process, even before the term evolved into its modern usage. *Raich v Gonzales*, 500 F3d 850, 863 (9th Cir 2007) citing, *Planned Parenthood v Casey*, 505 U.S. 833, 112 S. Ct.2791, 120 L. Ed. 2d 674 (to have an abortion); *Roe v. Wade*, 410 U.S. 113, 93 S. Ct. 705, 35 L.Ed. 2d 147 (1973) (same); *Eisenstadt v. Baird*, 405 U.S. 438, 92 S. Ct. 1029, 31 L. Ed. 2d 349 (1972) (to use contraception); *Griswold v. Connecticut*, 381 U.S. 479, 85 S. Ct. 1678, 14 L. Ed. 2d 510 (to use contraception, to marital privacy); *Loving v. Virginia*, 388 U.S. 1, 87 S. Ct. 1817, 18 L. Ed. 2d 1010 (1967) (to marry); *Rochin v. California*, 342 U.S. 165, 72 S. Ct. 205, 96 L. Ed. 183 (1952) (to bodily integrity); *Skinner v. Oklahoma ex rel. Williamson*, 316 U.S. 535, 62 S. Ct. 1110, 86 L. Ed. 1655 (1942) (to have children); *Pierce v. Society of Sisters*, 268 U.S. 510, 45 S. Ct. 571, 69 L. Ed. 1070 (1925) (to direct the education and upbringing of one's children); *Meyer v. Nebraska*, 262 U.S. 390, 43 S. Ct. 625, 67 L. Ed. 1042 (1923) (same); *Lawrence v. Texas*, 539 U.S. 558, 578, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003) (recognizing narrowly defined fundamental right to engage in consensual sexual activity, including homosexual sodomy, in the home without government intrusion) (Complaint at ¶230); the right to bodily integrity (*Sanchez v City of Fresno*, 914 F Supp 2d 1079, ¶100-1101 (ED Cal 2012)), the right to refuse

unwanted lifesaving medical treatment (*Cruzan*, 497 US 261, 278-279), and a citizen's liberty interest in her own bodily security. (*Sanchez v City of Fresno*, 914 F Supp 2d 1079, 1101 (ED Cal 2012). The Due Process Clause also protects an interest in the life of the individual. *Cruzan v Director, Missouri Dept. of Health*, 497 US 261, 281 (1990).

"The above decisions make it clear that …personal rights that can be deemed 'fundamental' or 'implicit in the concept of ordered liberty' are included in this guarantee of personal privacy." *Roe v. Wade*, 410 US at 152. Complaint at ¶231.

The Supreme Court has recognized the right of the individual to be free from unwarranted governmental intrusion in matters involving the most intimate and personal choices a person may make in a lifetime, choices central to personal dignity and autonomy, which are central to the liberty protected by the Fourteenth Amendment. *Planned Parenthood v Casey*, 505 US 833, 851 (1992).

Sections 26150, 26155, 25850, and 26350 constitute a blanket deprivation of Fourth and Fourteenth Amendment rights without any legitimate, articulable reason for denying such rights to law-abiding people who have demonstrated no threat to public safety.

Plaintiffs legally possess firearms for self-protection at home, which does not require a firearm license in California. Complaint at ¶22, ¶54. Plaintiffs intend to carry their firearms in public, but sections 26150, 26155, 25850, and 26350 strip them of the right to choose the most advantageous manner of carrying their firearm in public.

The basic human right of survival encompasses the right to make tactical decisions for yourself regarding how to carry, wear, and possess your handgun for the preservation of your own life, liberty, safety, and bodily integrity. The decision whether to wear one's lawfully owned handgun exposed or hidden from public view is personal to the firearms owner and is based on various factors, including convenience of carry location, accessibility to one's firearm for self-

7

defense, deterrence, tactical advantage in the event of a criminal attack, and practical considerations relating to one's wardrobe and/or weather conditions.

How to carry one's firearm outside of the home is a daily, personal, decision entered into intentionally and deliberately, the effects of which will have a measurable impact on one's ability to safely, tactically, and effectively protect one's life, liberty, personal safety, and bodily integrity. Being denied the right to choose how to wear and/or carry your firearm significantly and substantially violates the fundamental rights to privacy, life, liberty, and bodily integrity.

For example, the inability to choose to carry one's handgun out of public view eliminates the tactical advantage a law-abiding person would have over a violent criminal attack. It also creates a potential for arrest and criminal prosecution under sections 25850 and 26350 should the handgun carried by an open carry licensee become 'concealed'. Complaint at ¶195. With the regulation of firearms possession, legislative statutes and judicial case law have unconstitutionally redefined the term 'concealed'. Complaint at ¶193. 'Concealment' was historically synonymous with an intention to hide or cover up forbidden conduct and/or objects, denoting malintent and a criminal *mens rea*. Complaint at ¶193. A law-abiding individual carrying a firearm on their person in public - whether openly such that the firearm can be readily seen, or in a waistband holster covered by a winter jacket – is simply "carrying" their firearm. Complaint at ¶194. A law-abiding person has no malintent; no intention to use their firearm to commit a crime. Complaint at ¶194.

Plaintiffs sufficiently allege that there is no legitimate governmental purpose served by controlling how law-abiding people, who already possess handguns in their home, can wear and/or carry their firearms in public. Complaint at ¶192-194. The act of separating out how firearms can and cannot be worn and/or carried on one's person in public is arbitrary. The definition of "open carry" or "exposed carry" cannot even be conclusively established and creates

8

a substantial burden and risk of criminal prosecution on the law-abiding individual. Complaint at ¶195. An individual with a duly issued open carry license who puts on a coat in the wintertime, is now 'concealing' his firearm. Complaint at ¶195. A woman wearing a dress upon which it would be impossible to secure a firearm "exposed", will necessarily be stripped of the right to protect herself in public or she will be prosecuted as a criminal if she carries her firearm holstered underneath her dress or in her purse. Complaint at ¶195. Without the choice to decide how to protect one's life and bodily integrity through the tactical decisions of how to wear, carry, and possess one's lawfully owned firearm in public, law-abiding individuals may face death, serious physical injury, psychological harm, distress, and/or pregnancy from a violent attack. C.f., *Roe v Wade*, 410 US 113, 153 (1973) (the inability to terminate one's pregnancy "may force…a distressful life and future", "psychological harm", "mental and physical health…taxed by child care", "distress…associated with the unwanted child").

Contrary to Defendant's view[4], the fundamental rights implicated by sections 25150, 25155, 25850, and 26350 exist separate and apart from the rights protected by the Second Amendment. The Second Amendment protects the right to possess firearms in the home and to bear firearms in public for self-defense. *District of Columbia v. Heller*, 554 US at 595-599. Complaint at ¶110. The Fourteenth Amendment substantive rights encompass the right to choose *how and in what manner* to wear, carry, and possess one's handgun in public.

Control over how the law-abiding person chooses to wear and/or carry a handgun is arbitrary and capricious and cannot be justified by any compelling state interest. Complaint at ¶242-¶244. The California Legislature acknowledged the absence of any compelling state interest when it repealed its concealed carry ban in 1870 because it placed the lives, safety, and security of law-abiding people in jeopardy. Complaint at ¶197. "No governmental purpose is served by

---

[4] Def. Memo of P&A at p. 15

restricting law-abiding people from carrying their firearms in the manner they feel most comfortable and are better able tactically to protect themselves. Complaint at ¶198. The Daily Alta newspaper editorialized, in part, "To put a thing in its customary and convenient receptacle is not concealment. Concealment is a matter of motive…" Complaint at ¶200.

Plaintiffs seek to carry their firearms in public in the manner of their choosing, concealed or open, throughout the State of California. Complaint at ¶203. By eliminating Plaintiffs' ability to choose how to wear and/or carry a handgun in public and removing their tactical decision-making ability, or risk criminal prosecution, sections 26150, 26155, 25850, and 26350 violate Plaintiffs' substantive rights to life, liberty, privacy, and bodily integrity. Complaint at ¶205, ¶206, ¶292. There is no legitimate, measurable, or quantifiable impact on public safety that justifies the State's interference with Plaintiffs' ability to choose how to wear and/or carry their firearms in public. Complaint at ¶205, ¶206, ¶292.

Even if sections 26150, 26155, 26350, and 25850 are found not to implicate a fundamental right to protect life, liberty, bodily integrity, and/or privacy in making tactical determinations relating to self-preservation, the Complaint sufficiently alleges that the statutes are not reasonably related to any governmental interest. As law-abiding people, Plaintiffs pose no threat to public safety. Complaint at ¶205, ¶206, ¶292.

In the absence of any Second Amendment challenge, Defendant points out the Supreme Court's acknowledgement in *Heller* that the Second Amendment does not "protect the right [] to carry arms for any sort of confrontation." To Defendant's detriment, this statement presumes a preexisting right to carry arms *in the first instance*; not for "any sort of confrontation", but for "individual self-defense…the central component of the Second Amendment right." *McDonald v City of Chicago*, 561 US at 767, citing, *District of Columbia v. Heller*, 554 U.S. 570, 599, 628

(emphasis added) (internal quotations omitted). Complaint at ¶99.

## IV. THE COMPLAINT STATES A PLAUSIBLE VIOLATION OF PROCEDURAL DUE PROCESS (COUNT 13)

The Ninth Circuit has provided a two-step analysis for procedural due process claims. First, the court must determine whether a liberty or property interest exists entitling an individual to due process protections. *Hewitt v. Grabicki*, 794 F.2d 1373, 1380 (9th Cir. 1986). Second, if a constitutionally protected interest is established, a balancing test is to be employed to determine what process is due. *Mathews v. Eldridge*, 424 U.S. 319, 334-35, 96 S. Ct. 893, 902-03, 47 L.Ed.2d 18 (1976).

Plaintiffs have a recognized and protected property interest in their firearms under the Fourth Amendment. Sections 26150, 26155, 25850, and 26350 unreasonably interfere with Plaintiffs' use and enjoyment of their property [their right to choose how to wear, carry, and possess their handguns in public], and the geographical liberties associated with such ownership. Complaint at ¶104, ¶192-¶198, ¶213-¶228.

The allegations in the Complaint satisfy the balancing test to be employed *Mathews*: (1) the interest at stake are Plaintiffs (a) Fourth Amendment right to be free from governmental interference in the use and enjoyment of their property and (b) substantive rights under the Fourteenth Amendment to life, liberty, privacy, and bodily integrity in choosing how to wear, carry, and possess their firearms in public for protection of life, liberty, and bodily integrity; (2) the 'risk' of erroneous deprivation for Plaintiffs and other law-abiding people is a guaranteed, existing, and a continuing violation of Plaintiffs' constitutionally protected interests; valuable procedural safeguards would include placing the burden on the state to demonstrate why Plaintiffs' Fourth and Fourteenth Amendment rights should be infringed. As far as (3) the government's interest in using the current procedures rather than additional or different procedures, there is no legitimate governmental interest served by such continued interference.

11

The government's conduct is no more than an arbitrary deprivation of the constitutional rights of law-abiding people, including Plaintiffs. *Mathews v. Eldridge*, 424 U.S. at 335; c.f., *Vanelli v Reynolds Sch. Dist.*, 667 F2d 773, 781 (9th Cir 1982) ("We cannot say, as a matter of law, that an individual will experience the same intensity and degree of suffering when a procedural deprivation impairs both a liberty and property interest as when it impairs only a property interest."). Moreover, the statutes violate procedural due process because Plaintiffs, as law-abiding people, have engaged in no conduct or activity that warrants the State's violation of their civil rights. Complaint at ¶213-¶228.

## V. THE COMPLAINT STATES A PLAUSIBLE CAUSE OF ACTION FOR A VIOLATION OF THE RIGHT TO INTRASTATE TRAVEL (COUNTS 7 & 8)

Although not expressly set forth in the Constitution, the right to interstate travel is a fundamental constitutional right. *Matsuo v United States*, 532 F Supp 2d 1238, 1248 (D Haw 2008) citing, *Saenz v. Roe*, 526 U.S. 489, 498-99, 119 S. Ct. 1518, 143 L. Ed. 2d 689 (1999); *Shapiro v. Thompson*, 394 U.S. 618, 634, 89 S. Ct. 1322, 22 L. Ed. 2d 600 (1969), overruled on other grounds by *Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); *United States. v. Guest*, 383 U.S. 745, 757-58, 86 S. Ct. 1170, 16 L. Ed. 2d 239 (1966). The Supreme Court has not always identified the source of this right, sometimes referring to the federal character of our nation and historical context, the Fourteenth Amendment, the Fifth Amendment's Due Process Clause, Article IV's Privileges and Immunities Clause, and the Commerce Clause. See *Saenz v Roe*, 526 US 489, 498-503 (1999) (the constitutional right to travel from one State to another is firmly embedded in our jurisprudence); *Guest*, 383 U.S. at 759; *Shapiro v. Thompson*, 394 U.S. 618, 22 L. Ed. 2d 600, 630 n.8, 89 S. Ct. 1322 (1969) ("the right to travel is so important that it is assertable against private interference as well as governmental action . . . a virtually unconditional personal right, guaranteed by the Constitution to us all.")

12

(concurring opinion); *Nishi v County of Marin*, 2012 US Dist LEXIS 21591, at *9-11 (ND Cal Feb. 21, 2012, No. C11-0438 PJH) citing, *City of Chicago v. Morales*, 527 U.S. 41, 53, 119 S. Ct. 1849, 144 L. Ed. 2d 67 (1999) (The right to travel is viewed as a fundamental right rooted in the due process clause of the Fourteenth Amendment).

The California Constitution recognizes the right of intrastate travel as a basic human right protected by article I, §§ 7 and 24. *Nishi v County of Marin*, citing, *Tobe v. City of Santa Ana*, 9 Cal. 4th 1069, 1100, 40 Cal. Rptr. 2d 402, 892 P.2d 1145 (Cal., 1995). "The right to travel is considered a part of personal liberty, under which all citizens can travel throughout the length and breadth of our land uninhibited by statutes, rules or regulations which unreasonably burden or restrict this movement." *Id.* (internal quotes omitted) citing, *Tobe*, 9 Cal. 4th at 1098. Indeed, the "right to travel is deemed vital to the concept of a democratic society". *Id.* see also, *Bell v Maryland*, 378 US 226, 255 (1964) (concurring opinion) ("The right of any person to travel interstate irrespective of race, creed, or color is protected by the Constitution. Certainly [plaintiff's] right to travel intrastate is as basic."); *Eggert v. City of Seattle*, 81 Wash. 2d 840, 845, 505 P.2d 801 (1973) (reasoning that the right to interstate travel protected by the U.S. Constitution also applies to travel within the states).

Neither the Supreme Court nor the Ninth Circuit have yet decided the issue of the right to intrastate travel. Yet, while acknowledging the "virtually unqualified" constitutional right to interstate travel, the Supreme Court found that international travel was part of the 'liberty' protected by the Fifth Amendment and subject to regulation. *Haig v Agee*, 453 US 280, 307 (1981) (citations omitted).

By analogy then, if the right to interstate travel by the law-abiding person is virtually unqualified and international travel is subject to regulation, it is plausible that, should the matter

be considered by the higher courts, the right of the law-abiding person to travel freely within in his/her own state is also unrestricted.

The geographical restrictions on the validity of an open carry license set forth in sections 26150 and 26155 to the county of issuance violates Plaintiffs' right to freely travel within the State of California. Banning open carry (i) outside of one's own county and (ii) in counties having a population over 200,000 forces Plaintiffs to choose between two fundamental rights: the right to travel the Second Amendment right to bear arms for self-defense in public. Complaint at ¶161. As such, Sections §26150(b) and §26155(b) are a *per se* deterrence to Plaintiffs' right to intrastate travel. See, e.g., *Soto-Lopez*, 476 U.S. at 903. Complaint at ¶162.

Defendant argues that Plaintiffs do not have a constitutional right to travel *armed*. By forcing Plaintiffs to choose between exercising one fundamental right at the expense of another, with or without the added threat of criminal prosecution, violates Plaintiffs' civil rights. If Plaintiffs carry openly outside of their counties of issuance, which they intend to do, they will risk criminal prosecution because they will be carrying exposed and loaded without a valid license based on the geographical restrictions of Penal Code §26150(b) and §26155(b). See, *Harman v. Forssenius*, 380 U.S. 528, 540 (1965) ("It has long been established that a State may not impose a penalty upon those who exercise a right guaranteed by the Constitution."). Complaint at ¶165. Based on the foregoing, the Complaint states a plausible cause of action for violations of Plaintiffs' right to travel freely throughout the State of California.

**VI. THE COMPLAINT STATES A PLAUSIBLE CAUSE OF ACTION FOR VIOLATIONS OF PLAINTIFFS' FOURTH AND FOURTEENTH AMENDMENT RIGHTS BY THE ENFORCEMENT OF §25850 AND §26350 AS APPLIED TO OPEN CARRY (COUNTS 9 & 10)**

Penal Code §25850 criminalizes the open carry of a loaded firearm in public in a county other than the county of issuance. Penal Code §26350 criminalizes the open carry of an unloaded

14

firearm in public in a county other than the county of issuance. Counts 9 and 10 allege that Defendant's enforcement of §25850 and §26350 against individuals who have been issued an open carry license violates the Second[5], Fourth, and Fourteenth Amendments.

The right to carry firearms in public is protected by the Second Amendment. The Ninth Circuit has held that the concealed carry of a firearm is only a privilege, not a protected form of bearing arms under the Second Amendment. The Complaint alleges, *inter alia,* that the open carriage of a handgun is a right falling within the scope of the Second Amendment. Defendant's enforcement of the state's licensing scheme, §26150 and §26155, violates the Second Amendment by *de facto* banning open carry in the State of California.

Taking all of Plaintiffs' allegations as true and viewing the Complaint in the light most favorable to Plaintiffs, their applications for an open carry license [whether loaded or unloaded] must be, and should have been, granted to them, and any other law-abiding individual with no legal prohibitors to firearm possession, without the need to demonstrate 'good cause'.

In that connection, Plaintiffs have sufficiently alleged violations of their Fourth Amendment rights by Defendant's enforcement of criminal statutes that prohibit possession of loaded [§25850] and unloaded [§26350] firearms in public and criminalize the open carriage of a handgun outside of the county of issuance. Complaint at ¶22, ¶54, ¶213, ¶214. Plaintiffs' property interests in their handguns are not extinguished as a result of traveling to another county in California nor should they be interfered with based on Plaintiffs' decision to carry their handgun loaded or unloaded. Defendant's enforcement of these criminal statutes against law-abiding individuals unreasonably interferes with their property rights by forcing them to choose between exercising a fundamental right or being subject to criminal prosecution. There is no inherent danger created by Plaintiffs' open carriage of a handgun outside of their county and throughout

---

[5] Defendant does not challenge Plaintiffs' Second Amendment claims.

the State of California [excluding sensitive places] because they are law-abiding individuals. There is no legitimate governmental interest served by criminalizing Plaintiffs' exercise of their Fourth Amendment rights simply because they have exercised their right to use and enjoy their property outside of their county. Lawful conduct within Plaintiffs' county should not become criminal conduct because they have crossed over the county line within their own state.

Likewise, sections §25850 and §26350 violate Plaintiffs' Fourteenth Amendment substantive rights, as detailed above, by criminalizing their exercise of the right to make personal decisions affecting the preservation of their life, liberty, and bodily integrity.

Defendant mistakenly asserts that, for Plaintiffs to have a liberty or property interest, such interest would have to be created by the language of Sections 26150, 26155, 25850 and 26350. Plaintiffs' liberty and property interests are constitutionally protected preexisting and fundamental rights; they are not created by statute.

Defendant's enforcement of §25850 and §26350, to the extent that the statutes criminalizes the open carry of a handguns by an open carry licensee in a county other than the county of issuance, whether on one's person or in a vehicle while in any public place or on any public street in an unincorporated city, or any public place or public street in a prohibited area of an unincorporated territory, violates Plaintiffs' Fourth and Fourteenth Amendment rights. Complaint at ¶278-280. Defendants, who bear the burden of justifying the restrictions placed on the exercise of fundamental rights, have no viable legal justification for the constitutional violations detailed herein. Complaint at ¶278-280.

## CONCLUSION

The Complaint sufficiently states a claim to relief that is plausible on its face, warranting the denial of Defendant's motion to dismiss Counts 7, 8, 12, 13, and 14 in its entirety.

16

Respectfully submitted,


Dated: July 30, 2019                    THE BELLANTONI LAW FIRM, PLLC


                                        /s/ Amy L. Bellantoni, Esq.
                                        Amy L. Bellantoni
                                        Counsel for Plaintiffs
                                        Email: abell@bellantoni-law.com