CHRIS COSCA   SBN 144546
COSCA LAW CORPORATION
1007 7th Street, Suite 210
Sacramento, CA 95814
916-440-1010

AMY L. BELLANTONI
THE BELLANTONI LAW FIRM, PLLC
2 Overhill Road, Suite 400
Scarsdale, NY 10583
(914) 367-0090
*Pro Hac Vice*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAIRD and<br>RICHARD GALLARDO,<br><br>             Plaintiffs,<br><br>   v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California, and DOES 1-10,<br><br>             Defendants. | Case No. 2:19-CV-00617-KJM-AC<br><br>**JOINT STATUS REPORT AND RULE 26(f) DISCOVERY PLAN**<br><br>Date:            October 8, 2019<br>Time:            10:00 a.m.<br>Courtroom:   3<br>Judge:           Hon. Kimberly J. Mueller<br>Trial Date:     None set<br>Action Filed:  April 9, 2019 |

The parties to the above-entitled action jointly submit this JOINT STATUS REPORT AND RULE 26(f) DISCOVERY PLAN pursuant to Section 5 of this Court's April 10, 2019 Order Setting Status (Pretrial Scheduling) Conference.

   A.   Summary of Claims and Legal Theories

   *Plaintiffs: Mark Baird and Richard Gallardo*

   Plaintiffs seek injunctive and declaratory relief in their challenge to Defendant's

1

enforcement of California's pistol licensing scheme as it relates to the open carriage of handguns, loaded and unloaded, and the criminal penalties associated with the same. Plaintiffs' legal theories arise from violations of the following Constitutional Amendments: Second, Fourth (interference with personal property), Fourteenth Amendments (substantive and procedural) as well as the Commerce Clause.

More specifically, the right to bear arms is a core right protected by the Second Amendment. The Ninth Circuit has declared that "concealed carry" is not a right protected by the Second Amendment, which by default leaves "open carry" as the protected means of 'bearing arms' in public.

California has banned the open carriage of handguns in the state; since 2012, no open carry licenses have been issued in California. The state's statutory scheme criminalizes the open carry of loaded and unloaded handguns in virtually all public places. In fact, were Plaintiffs to walk outside of their houses on their own property with an exposed handgun, they would be subject to imprisonment and fines. The statutory "may issue", geographical (to the county of issuance), population size (counties under 200,000), and "good cause" restrictions on open carry violate the Second Amendment. The statutes also violate the Fourteenth Amendment right to intrastate travel (county of issuance and population size), Commerce Clause (right to intrastate travel), Fourth Amendment (interference with property and possessory interests by demarcating how one may carry their handgun), Fourteenth Amendment (procedural and substantive due process/how property may be carried).

*Defendant: Xavier Becerra*

Plaintiffs Mark Baird and Richard Gallardo allege that California's statutory firearms licensing scheme—specifically California Penal Code sections 26150, 26155, 26350, and 25850—violates Plaintiffs' rights under the Second, Fourth, and Fourteenth Amendments to the

Constitution.  Sections 26150 and 26155 state that, in a county of less than 200,000 persons, the county sheriff or city police chief within the county "may issue . . . a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person" if "good cause exists for issuance of the license."  Cal. Penal Code §§ 26150(b)(2) (county sheriff), 26155(b)(2) (city police chief).  Section 26350 prohibits a person from "openly carrying an unloaded handgun" outside or inside a vehicle in public places.  Cal. Penal Code § 26350(a)(1), (a)(2).  Section 25850 prohibits a person from "carrying a loaded firearm" outside or inside a vehicle in public places, and, "for the purpose of enforcing this section," allows peace officers to examine a firearm "to determine whether or not [the] firearm is loaded."  Cal. Penal Code § 25850(a), (b).

Defendant Attorney General Becerra has filed a motion to dismiss all but Plaintiffs' Second Amendment claims.  Defendant has also opposed Plaintiffs' preliminary injunction motion, which is based solely on Plaintiffs' Second Amendment claims.  Defendant denies liability on grounds that the relief that Plaintiffs seek in this lawsuit—to make the open carry of firearms in public available to all law-abiding individuals—does not square with over six centuries of Anglo-American law strictly limiting the open carry of firearms or with *District of Columbia v. Heller*, 554 U.S. 570 (2008) and its progeny.

    B.    <u>Status of Service</u>

Service of process has been completed upon the named defendant.

    C.    <u>Joinder of Additional Parties</u>

No additional parties are contemplated to be joined at this time.

    D.    <u>Amendments to the Pleadings</u>

The parties acknowledge Plaintiffs' intention to amend the pleadings to remove causes of action under the Dormant Commerce Clause and agree to stipulate to such amendment pending

3

the Court's determination of the defendant's pending Rule 12(b)(6) motion to dismiss. Plaintiffs reserve their right to otherwise amend their pleadings as justice so requires.

Defendant agrees to an amended pleading that simply removes the current causes of action under the Dormant Commerce Clause.  With respect to any other amendments, and once the Court issues its Status (Pretrial Scheduling) Order, Defendant sees no reason to depart from the normal rule prohibiting any joinder of parties or amendments to pleadings without leave of court, good cause having been shown.  See Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604 (9th Cir. 1992).

E. Statutory Basis for Jurisdiction and Venue

Plaintiffs contend that this court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 (action arising under the laws of the United States), 28 U.S.C. § 1343 (original jurisdiction over actions seeking the protection of civil rights), 28 U.S.C. § 1361 (action to compel officer or agency to perform duty owed to Plaintiffs), 28 U.S.C. § 2201, §2202 (declaratory judgment remedies), 42 U.S.C. § 1983 (civil action for deprivation of rights) 42 U.S.C. §1988 (attorney's fees).

Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to the plaintiffs' claims occurred in this district, to wit, Shasta County and Siskiyou County.

Defendants do not intend to contest Plaintiffs' lawsuit on grounds that the Court lacks jurisdiction or that venue is improper.

F. Scheduling of Anticipated Discovery

No discovery has been taken to date.

*Plaintiffs*

Plaintiffs propose the following schedule for fact and expert discovery:

Rule 26(a) Mandatory Initial Disclosures, Interrogatories, and Demands for Documents: to be served on or before November 1, 2019. Responses to the same to be served on or before December 1, 2019.

Depositions to be completed on or before February 28, 2020.

Expert reports to be exchanged on or before March 16, 2020; expert depositions to be completed on or before May 22, 2020.

*Defendant*

Defendant notes that California's public carry laws have been subject to a number of Second Amendment challenges, several of which are ongoing:

- In *Peruta v. County of San Diego*, the plaintiffs' challenge to California's regulation of the concealed carry of firearms in public places was rejected by a Ninth Circuit en banc panel, which held that the Second Amendment "does not protect in any degree the right to carry concealed firearms in public." 824 F.3d 919, 939 (9th Cir. 2016) (en banc).

- In *Nichols v. Harris*, the district court rejected the same claim advanced here – that the Second Amendment guarantees a right to openly carry a firearm in public places. 17 F. Supp. 3d 989, 993-94, 1004-05 (C.D. Cal. 2014). The Ninth Circuit stayed the appeal pending resolution of *Young v. Hawaii*, which presents a similar challenge to Hawaii's public carry laws. *Nichols v. Brown* (9th Cir.), No. 14-55873, ECF No. 119.

- In *Flanagan v. Harris*, the district court rejected the plaintiffs' argument that the Second Amendment guarantees them some ability to carry a firearm—either concealed or openly—in most public places. 2018 WL 2138462, at *10 (C.D. Cal. May 7, 2018). The appeal of

5

JOINT STATUS REPORT AND RULE 26(f) DISCOVERY PLAN (2:19-cv-00617-KJM-AC)

that decision has also been stayed pending resolution of *Young*. *Flanagan v. Becerra* (9th Cir.), No. 18-55717, ECF No. 57.

In light of the number of similar cases under consideration by the Ninth Circuit and the likelihood that Plaintiffs will appeal an adverse ruling on their preliminary injunction motion, and in the interest of judicial economy, Defendant proposes that the Court stay discovery until after rulings on the preliminary injunction motion and motion to dismiss are issued. Once the Court rules, Defendant proposes that the Court order the following discovery schedule:

- Initial disclosures due:  One month after the Court's rulings are issued
- Non-expert discovery cut-off:  Four months after the Court's rulings are issued
- Expert reports due:  Four months after the Court's rulings are issued
- Expert rebuttal reports due:  Five months after the Court's rulings are issued
- Expert discovery cut-off:  Seven months after the Court's rulings are issued
- Discovery motions due:  Nine months after the Court's rulings are issued

For the foregoing reasons, if Plaintiffs appeal the ruling on their preliminary injunction motion, Defendant will request that the Court stay discovery until after the appeal is decided.

G. <u>Dispositive Motions</u>

Plaintiffs' Motion for a Preliminary Injunction (on the Second Amendment claims) is pending concurrently with Defendant's motion to dismiss (on all claims *except* the Second Amendment claims).

It is Plaintiffs' position that the claims are largely a question of law, such that fact discovery will not likely be dispositive of the causes of action. To the extent that expert discovery has a dispositive impact, proceeding through discovery on all causes of action pled, notwithstanding the pending motions, will best serve judicial economy. Irrespective of how the

6

JOINT STATUS REPORT AND RULE 26(f) DISCOVERY PLAN (2:19-cv-00617-KJM-AC)

motions are determined and/or whether appellate review is sought, proceeding as if all claims have survived will not require substantial additional time. To the contrary, waiting for a determination and appeal on this, or any other case, would not be judicially economical.

Plaintiffs propose that a motion on the pleadings or motion for summary judgment be due three (3) months after the Court issues rulings on the motion for a preliminary injunction and motion to dismiss. Plaintiffs further propose a briefing schedule as follows: moving papers to be filed by Defendant as provided above; Plaintiffs' opposition/cross-motion to be filed within 45 days; Defendant's opposition/reply to be filed within 20 days thereafter; and Plaintiffs' reply, if any, to be filed within 20 days thereafter.

*Defendant*

Defendant proposes that a motion for judgment on the pleadings or motion for summary judgment be due ten months after the Court issues rulings on the motion for preliminary injunction and motion to dismiss. Defendant does not oppose an extended briefing schedule consistent with what Plaintiffs propose above.

H.     Anticipated Limitations on Use of Testimony

At this time, the parties have not identified such limitations.

I.     Final Pre-trial Conference

A date for a final pre-trial conference is dependent upon the date by which the Court's Decision on the parties' motions to dismiss are rendered. If the Court hears a motion for summary judgment, the parties propose scheduling a pre-trial conference two (2) months after the Court issues a ruling on the motions for summary judgment.

J.     A date for a trial is dependent upon the date by which the Court's Decision on the parties' motions are rendered. The parties estimate that a bench trial will take approximately three (3) days.

7

JOINT STATUS REPORT AND RULE 26(f) DISCOVERY PLAN (2:19-cv-00617-KJM-AC)

K.  Special Proceedings

The parties have not agreed to proceed before a Magistrate Judge.

L.  Modification of Pre-Trial Procedures

At this time, the parties do not anticipate a modification of the pre-trial procedures.

M.  Related Cases in the District

The parties are not aware of any related cases in this district.

N.  Settlement Proceedings

The parties have met and conferred about their respective positions but do not expect that a settlement will be reached. The parties have no objection to the Court acting as the settlement judge.

O.  Other Matters to Conducive to an Expeditious Disposition of the Case

The parties are not aware of any other matters that may be conducive to an expeditious disposition of the case.

Dated: October 1, 2019                                             Respectfully Submitted,

/s/     Amy L. Bellantoni, Esq.
Amy L. Bellantoni, *Pro Hac Vice*
The Bellantoni Law Firm, PLLC
2 Overhill Road, Suite 400
Scarsdale, New York 10583
Telephone: (914) 367-0090
Fax: (888) 763-9761
abell@bellantoni-law.com

Dated:  October 1, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of   California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/ R. Matthew Wise
R. MATTHEW WISE
Deputy Attorney General
Attorneys for Defendant Attorney General
Xavier Becerra