XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
R. MATTHEW WISE, SBN 238485
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6046
 Fax: (916) 324-8835
 E-mail: Matthew.Wise@doj.ca.gov
*Attorneys for Defendant Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK BAIRD and RICHARD GALLARDO,**<br><br>Plaintiffs,<br><br>v.<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of the State of California, and DOES 1-10,**<br><br>Defendant. | Case No. 2:19-cv-00617-KJM-AC<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date: October 8, 2019<br>Time: 10:00 a.m.<br>Courtroom: 3<br>Judge: Hon. Kimberly J. Mueller<br>Trial Date: None set<br>Action Filed: April 9, 2019 |

**TABLE OF CONTENTS**

**Page**

Introduction ................................................................................................................................ 1
Argument .................................................................................................................................... 1
    I.    Plaintiffs' Intrastate Travel Claims in Counts 7 and 8 Should Be Dismissed ........ 1
    II.   Plaintiffs' Fourth Amendment Claim in Count 12 Should Be Dismissed .............. 3
    III.  Plaintiffs' Procedural Due Process Claim in Count 13 Should Be Dismissed ............................................................................................................................. 4
    IV.  Plaintiffs' Substantive Due Process Claim in Count 14 Should Be Dismissed ............................................................................................................................. 5
    V.   Plaintiffs' Fourth and Fourteenth Amendment Allegations in Counts 9 and 10 Should Be Dismissed .................................................................................................. 6
Conclusion .................................................................................................................................. 7

**CASES**

*Albright v. Oliver*
    510 U.S. 266 (1994) ................................................................................................................ 6

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ............................................................................................................ 1, 4

*Att'y Gen. of N.Y. v. Soto-Lopez*
    476 U.S. 898 (1986) ................................................................................................................ 2

*Carver v. Lehman*
    558 F.3d 869 (9th Cir. 2009) ............................................................................................... 4, 5

*Cedar Point Nursery v. Shiroma*
    923 F.3d 524 (9th Cir. 2019) .................................................................................................. 3

*Chavez v. Martinez*
    538 U.S. 760 (2003) ................................................................................................................ 5

*Cupp v. Harris*
    2:16-cv-00524-TLN-KJN, 2018 WL 4599590 (E.D. Cal. Sept. 21, 2018) ............................. 5

*District of Columbia v. Heller*
    554 U.S. 570 (2008) ......................................................................................................... 2, 4, 6

*Hill v. Opus Corp.*
    841 F. Supp. 2d 1070 (C.D. Cal. 2011) ................................................................................. 7

*Mathews v. Eldridge*
    424 U.S. 319 (1976) ................................................................................................................ 5

*Soldal v. Cook County, Ill.*
    506 U.S. 56 (1992) .................................................................................................................. 3

*United States v. Guest*
    383 U.S. 745 (1966) ................................................................................................................ 2

*Washington v. Glucksberg*
    521 U.S. 702 (1997) ............................................................................................................ 5, 6

**STATUTES**

Penal Code
    § 25850......................................................................................................................1, 3, 6
    § 25850(a) ........................................................................................................................3
    § 26150.....................................................................................................................*passim*
    § 26155........................................................................................................................1, 3
    § 26155(b)(2) ..................................................................................................................3
    § 26350......................................................................................................................1, 3, 5
    § 26350(a) ........................................................................................................................3
    § 26360.............................................................................................................................3

## INTRODUCTION

California has enacted a firearms regulatory scheme that balances the rights of private individuals and the State's interest in public safety. These laws include California Penal Code sections 26150 and 26155, which allow local authorities—who are most familiar with the needs and desires of their own communities—the discretion to grant open carry licenses, operable in the county of issuance, to qualified individuals, on a showing of "good cause." They also include sections 26350 and 25850, which levy criminal penalties on individuals that carry firearms, whether unloaded or loaded, in a public place without a valid license.

Plaintiffs seek to overturn these laws so that virtually anyone in California would have the right to openly carry a firearm. They bring not only Second Amendment claims, but Fourth and Fourteenth Amendment claims, as well.[1] Yet the laws they challenge have not burdened any right Plaintiffs may have to intrastate travel, or caused a meaningful interference with Plaintiffs' possessory interest in their firearms, or infringed upon Plaintiffs' liberty or property interests. Because these superfluous claims find no support in the law, they should be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must do more than present "a sheer possibility that a defendant has acted unlawfully" to state a facially plausible claim).

## ARGUMENT

### I. PLAINTIFFS' INTRASTATE TRAVEL CLAIMS IN COUNTS 7 AND 8 SHOULD BE DISMISSED

Based on a purported Fourteenth Amendment "right to intrastate travel," Plaintiffs bring claims challenging the constitutionality of sections 26150 and 26155's restrictions on the open carry of a loaded firearm to the county that issued the open carry license (Count 7) and to counties with a population under 200,000 persons (Count 8). Plaintiffs concede that "[n]either the Supreme Court nor the Ninth Circuit have yet decided the issue of the right to intrastate travel," Opp'n 13—more specifically, whether even to recognize such a right. In any event, these claims cannot succeed because sections 26150 and 26155 do not deny "a very important benefit[]

---

[1] Plaintiffs have abandoned their dormant Commerce Clause claims (Counts 5 and 6). Opp'n 1 n. 1. Those claims should be dismissed.

1

[or] right[]" to which Plaintiffs are entitled. *See Att'y Gen. of N.Y. v. Soto-Lopez*, 476 U.S. 898, 907 (1986).

To support their claim, Plaintiffs make a single argument—that "[b]anning open carry (i) outside of one's own county and (ii) in counties having a population over 200,000 forces Plaintiffs to choose between two fundamental rights: the right to travel [or] the Second Amendment right to [openly] bear arms for self-defense in public." Opp'n 14. Yet Plaintiffs fail to cite any authority that supports either of these "fundamental" rights.

In contrast to the right to interstate travel, which "has been firmly established and repeatedly recognized," *United States v. Guest*, 383 U.S. 745, 756 (1966), a right to intrastate travel is not so firmly entrenched. Plaintiffs argue that, "[b]y analogy," it is "plausible" that an "unrestricted" right to intrastate travel may exist. Opp'n 13-14. But they do not identify a single case that embraces this theory. They cite only the U.S. Supreme Court's decision in *Attorney General of New York v. Soto-Lopez*, which addresses the right to interstate, not intrastate, travel. *Id.* at 14 (citing *Soto-Lopez*, 476 U.S. at 903). At best, then, whether Plaintiffs have a right to intrastate travel is an open question.

Nor do Plaintiffs cite any authority for the proposition that there is a right to bear arms for self-defense in any manner and in any place "in public." Opp'n 14. The core Second Amendment right recognized by *District of Columbia v. Heller*, 554 U.S. 570 (2008) is the right to keep and bear arms "in defense of hearth and home." *Id.* at 635. Nothing in *Heller*—or any other case—suggests that this right applies in exactly the same way in almost any public place. Nor does it suggest that if there is a Second Amendment right to carry a firearm in certain public areas, the State must accommodate that right by allowing an individual to carry a firearm in a particular manner. Having failed to plausibly allege that sections 26150 and 26155 deny them a "very important [] right[]" to openly bear arms for self-defense in public, Plaintiffs cannot show that these statutes "penalize" their intrastate travel. *See Soto-Lopez*, 476 U.S. at 907.

Counts 7 and 8 should be dismissed.

## II. PLAINTIFFS' FOURTH AMENDMENT CLAIM IN COUNT 12 SHOULD BE DISMISSED

Plaintiffs allege, in Count 12, that sections 26150, 26155, 26350, and 25850 effect an unlawful seizure "by dictating the manner in which they carry their firearms in public. . . ." Compl. ¶ 288. Because these statutes neither meaningfully interfere with Plaintiffs' possessory interests nor infringe upon a reasonable expectation of privacy, they do not violate Plaintiffs' Fourth Amendment rights.

Without citing any authority, Plaintiffs broadly assert that they have suffered a meaningful interference with their possessory interests because sections 26150 and 26155 assume "control over how [they] wear, carry, or possess their handgun[s] in public" and sections 25850 and 26360 "expose[] Plaintiffs to criminal prosecution" for openly carrying a loaded or unloaded firearm in public. Opp'n 4-5. Plaintiffs argue that these statutes "have no limitations," Opp'n 5, and thus, usurp greater authority than the regulation in *Cedar Point Nursery v. Shiroma*, 923 F.3d 524 (9th Cir. 2019), which permitted "controlled" intrusions that were limited in time, place, and manner, *id.* at 536. Yet the contested statutes do not prohibit Plaintiffs from openly carrying their firearms in *all* locations and circumstances. Instead, the statutes merely regulate the scope of an open carry license (sections 26150(b)(2) and 26155(b)(2)) and prohibit carrying firearms in certain public places without a valid license (sections 26350(a) and 25850(a)). Like the regulation in *Shiroma*, the statutes here are appropriately tailored to ensure that they only minimally burden Plaintiffs' possessory interests in their firearms. Plaintiffs cannot meet the threshold requirement of showing that the statutes effect a seizure.

Nor can Plaintiffs show that any seizure of their property is unreasonable. Whether a seizure is unreasonable is determined by engaging in a "careful balancing of governmental and private interests." *Soldal v. Cook County, Ill.*, 506 U.S. 56, 71 (1992). All that Plaintiffs offer, in this regard, is the platitude that "law-abiding people pose no threat to society." Opp'n 5. Their complaint similarly alleges that "California has no legitimate governmental interest in controlling and/or interfering with the way law-abiding individuals, including Plaintiffs, carry their firearms in public." Compl. ¶ 218. And Plaintiffs also suggest that California's significant governmental interests in regulating where, how, and by whom firearms may be carried are "contested issues

outside of the Complaint. . . ." *Id.* at 3. But in striking down the District of Columbia's ban on handgun possession in the home, the Supreme Court recognized that "gun violence is a serious problem," and that the government has "a variety of tools for combating that problem, including some measures regulating handguns." *Heller*, 554 U.S. at 636. That the State has a legitimate interest in regulating firearms is thus not in dispute. Plaintiffs "mere conclusory statements" that their private interests outweigh the State's interests "do not suffice" to state a claim that the statutes they challenge infringe upon a reasonable expectation of privacy. *See Iqbal*, 556 U.S. at 678.

Count 12 should be dismissed.

### III. PLAINTIFFS' PROCEDURAL DUE PROCESS CLAIM IN COUNT 13 SHOULD BE DISMISSED

Plaintiffs allege, in Count 13, that sections 26150, 26155, 26350, and 25850 deprive them of their right to procedural due process because the statutory restrictions on when and how they are permitted to carry their firearms deny them full use and enjoyment of their property. Compl. ¶¶ 291, 292. The court must conduct a two-step inquiry to determine whether a plaintiff's procedural due process rights have been violated: "[t]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient. *Carver v. Lehman*, 558 F.3d 869, 872 (9th Cir. 2009) (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). Because the State has not interfered with Plaintiffs' liberty or property interests, and Plaintiffs have not identified what procedure they have been denied, Plaintiffs have not suffered a violation of their procedural due process rights.

Plaintiffs argue that they have "a recognized and protected property interest in their firearms under the Fourth Amendment," and that the statutes they challenge "unreasonably interfere with [their] use and enjoyment of their property . . . and the geographical liberties associated with such ownership." Opp'n 11. Even if Plaintiffs had sufficiently pled a seizure claim under Fourth Amendment, this argument misses the point. A statute must contain "explicitly mandatory language" with "specific directives to the decisionmaker" to create a liberty

4

Defendant's Reply in Support of Motion to Dismiss (2:19-cv-00617-KJM-AC)

or property interest. *Carver*, 558 F.3d at 874-75 (quoting *Thompson*, 490 U.S. at 463). Sections 26350 and 25850 are criminal statutes with penalties and thus do not create a liberty or property interest. And sections 26150 and 26155 use "classically permissive" language, *see id.* at 874, that merely provides a county sheriff or city police chief the option to issue an open carry license. Because none of the statutes that Plaintiffs challenge contain the mandatory language that is required to create a liberty or property interest, Plaintiffs cannot satisfy the first prong of the procedural due process test.

Plaintiffs attempt to address the second prong of the analysis by arguing that the allegations in the complaint meet the elements of the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), Opp'n 11, including a showing of "the risk of an erroneous deprivation" of a private interest "through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," *Mathews*, 424 U.S. at 335. Although they state generally that "valuable procedural safeguards would include placing the burden on the [S]tate to demonstrate why Plaintiffs' Fourth and Fourteenth Amendment rights should be infringed," Plaintiffs do not identify what procedure they have been denied. Having failed to "explain[] what [they] mean[] by a 'proceeding'" or to "provide[] [a] factual basis entitling [them] to a 'proceeding,'" Plaintiffs "ha[ve] failed to allege a due process violation." *See Cupp v. Harris*, 2:16-cv-00524-TLN-KJN, 2018 WL 4599590, at *5 (E.D. Cal. Sept. 21, 2018).

Count 13 should be dismissed.

**IV. PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIM IN COUNT 14 SHOULD BE DISMISSED**

Plaintiffs allege, in Count 14, that sections 26150, 26155, 26350, and 25850 deprive them of their right to substantive due process because the statutory restrictions on when and how they are permitted to carry their firearms deny them a fundamental right. Compl. ¶ 295. The Due Process Clause prohibits the government from infringing certain "fundamental liberty interests," *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997), but "[o]nly fundamental rights and liberties which are deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty qualify for such protection," *Chavez v. Martinez*, 538 U.S. 760, 775 (2003)

(internal quotation marks omitted). Where the statutes challenged do not implicate a fundamental right, they need only bear a "reasonable relation to a legitimate state interest," *see Glucksberg*, 521 U.S. at 722—a threshold that is easily met, as shown in the Fourth Amendment analysis of the reasonableness of the statutes.

Plaintiffs argue that the statutes they challenge "significantly and substantially violate[] [their] fundamental rights to privacy, life, liberty, and bodily integrity." Opp'n 8. They suggest that the rights violated—in particular, "the right to choose *how and in what manner* to wear, carry, and possess one's handgun in public"—"exist separate and apart from the rights protected by the Second Amendment." *Id.* at 9. But the scope of the Second Amendment, "not the more generalized notion of 'substantive due process,' must be the guide" for determining how a firearm may be legally carried. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994). Because Plaintiffs' substantive due process rights are no broader than their rights under the Second Amendment, they cannot seek recourse under this separate constitutional provision.

Absent a showing that Plaintiffs have been deprived of a fundamental right protected by the Due Process Clause, the contested statutes need only bear a reasonable relation to a legitimate state interest. *See Glucksberg*, 521 U.S. at 722. That the California Legislature "repealed [the State's] concealed carry ban in 1870," Opp'n 9, sheds no light on the state interests of today. The state interest the statutes address—protection against the "serious problem" of gun violence, *Heller*, 554 U.S. at 636—is legitimate. As with the Fourth Amendment's reasonableness inquiry, the statutes are warranted by the legitimate state interest in regulating where, how, and by whom firearms may be carried.

Count 14 should be dismissed.

### V. PLAINTIFFS' FOURTH AND FOURTEENTH AMENDMENT ALLEGATIONS IN COUNTS 9 AND 10 SHOULD BE DISMISSED

Plaintiffs allege that, by "criminaliz[ing]" open carry, sections 25850 (Count 9) and 26350 (Count 10) violate their Second, Fourth, and Fourteenth Amendment rights. Compl. ¶¶ 279, 282. For the reasons set forth here and in the Attorney General's moving papers, Plaintiffs' Fourth and Fourteenth Amendment allegations in Counts 9 and 10, like their Fourth and Fourteenth

6
Defendant's Reply in Support of Motion to Dismiss (2:19-cv-00617-KJM-AC)

1 | Amendment claims in Counts 12, 13, and 14, should be dismissed. *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070 (C.D. Cal. 2011) (dismissing legally deficient allegations within a claim).

## CONCLUSION

The Attorney General respectfully requests that the Court grant the motion to dismiss in its entirety.

Dated:  October 1, 2019

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

*/s/* ***R. Matthew Wise***

R. MATTHEW WISE
Deputy Attorney General
*Attorneys for Defendant Attorney General Xavier Becerra*

SA2019101934
14041000.docx

# CERTIFICATE OF SERVICE

Case Name:   **Baird, Mark v. Xavier Becerra**   No.   **2:19-cv-00617-KJM-AC**

I hereby certify that on <u>October 1, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>October 1, 2019</u>, at Sacramento, California.

|  |  |
|---|---|
| Tracie L. Campbell | */s/ Tracie Campbell* |
| Declarant | Signature |

SA2019101934
14158687.docx