1  CHRIS COSCA   SBN 144546
2  COSCA LAW CORPORATION
   1007 7th Street, Suite 210
3  Sacramento, CA 95814
   916-440-1010
4
5  AMY L. BELLANTONI
   THE BELLANTONI LAW FIRM, PLLC
6  2 Overhill Road, Suite 400
   Scarsdale, NY 10583
7  (914) 367-0090
   *Pro Hac Vice*
8
   Attorneys for Plaintiffs
9

10                **UNITED STATES DISTRICT COURT**

11                **EASTERN DISTRICT OF CALIFORNIA**

12

13
   MARK BAIRD and                        Case No.  2:19-cv-00617-KJM-AC
14 RICHARD GALLARDO,
                                         **REPLY DECLARATION OF**
15           Plaintiffs,                 **RICHARD GALLARDO IN**
                                         **FURTHER SUPPORT OF MOTION**
16      v.                               **FOR PRELIMINARY INJUNCTION**

17 XAVIER BECERRA, in his official
18 capacity as Attorney General of the State of
   California, and DOES 1-10,            Date:        October 8, 2019
19                                       Time:        10:00 a.m.
                                         Room:        3
20           Defendants.                 Judge:       Hon. Kimberly J. Mueller
                                         Trial date:  None set
21                                       Action filed: April 9, 2019

22

23

24

25

26

27

28
                                        1

DECLARATION OF RICHARD GALLARDO ISO MOTION FOR PRELIMINARY INJUNCTION

### REPLY DECLARATION OF RICHARD GALLARDO

1.      I, Richard Gallardo, am a plaintiff in the above-captioned matter. I submit this Reply Declaration in further support of the plaintiffs' motion for a preliminary injunction enjoining the enforcement of California Penal Codes §26150, §26155, §26350, and §25850. I make this reply declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2.      I am over the age of 18 and a resident of Shasta County, located in the Eastern District of California. I am a law-abiding individual of good moral character, have never been charged with, summoned, or arrested for any violation of the California State Penal Code or any other criminal offense.

3.      I possess firearms inside of my home for self-defense, for which no license is required in the State of California.

4.      My house and yard are surrounded by a short, three-foot high fence, which would not defeat the ability of a stranger or animal to enter onto my property. Neither my driveway nor the curtilage at the perimeter of my property are fenced. I spend a great deal of time with my son playing in both the fenced and unfenced area.

5.      I also spend a great deal of time at a second residence in Shasta County, which consists of an apartment complex, which has no surrounding fence enclosure.

6.      The California licensing statutes confine lawful, unlicensed, handgun possession to the four (4) walls of one's home. Possession of a handgun in public at any other time or place is a crime.

7.      I can legally possess and 'have' a handgun inside of my house without a permit, but outside of my door, I am subject to criminal penalties, including incarceration. (Penal Code

2

§25850, §26350).

8.    If I am outside on my property, I am not able to lawfully carry a handgun exposed on my person, loaded or unloaded, because open carry permits are not issued in California. The curtilages of my properties are considered a "public place", accessible by the public without a challenge.

9.    Because I cannot legally carry a handgun openly on my own property, if I am faced with the need to defend myself, my property, and/or my child, the 'self-defense exemption' is useless to me, as I am forbidden from the open carriage of a handgun on my property in the first instance. If I am outside, on my property unarmed, and am suddenly faced with the need to protect myself, my property, or my child, from 'immediate, grave danger', from where is this 'magic handgun' supposed to appear? (Penal Codes §26045, §26050).

10.    The statutory 'exemptions' do not render me immune from criminal prosecution for carrying exposed on my person. The statutory 'exemptions' are only affirmative defenses to be attempted after one has been charged with a crime; they are not a guaranteed defense.

11.    The right to self-defense in public in case of confrontation is a pre-existing right of the individual. Placing the burden on the law-abiding individual to prove that the exercise of his right to self-defense was and 'exempted' in the face of criminal charges is a violation of civil rights.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 1, 2019

_____
Richard Gallardo

3