CHRIS COSCA   SBN 144546
COSCA LAW CORPORATION
1007 7th Street, Suite 210
Sacramento, CA 95814
916-440-1010

AMY L. BELLANTONI
THE BELLANTONI LAW FIRM, PLLC
2 Overhill Road, Suite 400
Scarsdale, NY 10583
914-367-0090
*Pro Hac Vice*

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK BAIRD and RICHARD GALLARDO, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Attorney General of the State of California, and DOES 1-10, <br><br> Defendants. | Case No. 2:19-CV-00617-KJM-AC <br><br> **FIRST AMENDED STATUS REPORT AND RULE 26(f) DISCOVERY PLAN** <br><br> Judge: Hon. Kimberly J. Mueller <br> Trial Date: None set <br> Action Filed: April 9, 2019 |

The parties to the above-entitled action jointly submit this SECOND JOINT STATUS REPORT AND RULE 26(f) DISCOVERY PLAN pursuant to Section IV of this Court's August 28, 2020 Order, ECF No. 33 at 18.

A. <u>Summary of Claims and Legal Theories</u>

*Plaintiffs' Statement:*

Plaintiffs continue to seek injunctive and declaratory relief in their challenge to Defendant's enforcement of California's pistol licensing scheme as it relates to the open carriage

of handguns, loaded and unloaded, and the criminal penalties associated with the same.

No Constitutional right requires permission from the government before it is exercised. By granting unfettered discretion to the state's designated licensing authorities to deny the application of a non-prohibited person to carry a handgun outside of the home, the state has *de facto* banned the right to bear arms and replaced it with a 'privilege' for the state to grant or take away as it so chooses.

The Ninth Circuit has declared that "concealed carry" is not a right protected by the Second Amendment, which by default leaves "open carry" as the protected means of 'bearing arms' in public. California has banned the open carriage of handguns in the state; since 2012, no open carry licenses have been issued in California. The state's statutory scheme criminalizes the open carry of loaded and unloaded handguns in virtually all public places. In fact, were Plaintiffs to walk outside of their houses on their own property with an exposed handgun, they would be subject to imprisonment and fines.

The subjective "moral character", "may issue", and "good cause" discretion, the restrictions based on geography (to the county of issuance) and population size (counties under 200,000), and the unbridled discretion of the licensing authorities to decide for an applicant how s/he may carry, wear, or possess his/her firearm outside of the home for self-protection, if at all, violate the Second Amendment.

The legal theories remaining from the Court's decision on Defendants' Motion to Dismiss arise from violations of the Second Amendment to the United States Constitution.

*Defendant's Statement:*

Plaintiffs Mark Baird and Richard Gallardo allege in their First Amended Complaint that California's statutory firearms licensing scheme—specifically California Penal Code sections 26150, 26155, 26350, and 25850 — violates Plaintiffs' rights under the Second Amendment to the U.S. Constitution. Sections 26150 and 26155 state that, in a county of less than 200,000 persons, the county sheriff or city police chief within the county "may issue . . . a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being

2

concealed upon the person" if "good cause exists for issuance of the license." Cal. Penal Code §§ 26150(b)(2) (county sheriff), 26155(b)(2) (city police chief). Section 26350 prohibits a person from "openly carrying an unloaded handgun" outside or inside a vehicle in public places. Cal. Penal Code § 26350(a)(1), (a)(2). Section 25850 prohibits a person from "carrying a loaded firearm" outside or inside a vehicle in public places, and, "for the purpose of enforcing this section," allows peace officers to examine a firearm "to determine whether or not [the] firearm is loaded." Cal. Penal Code § 25850(a), (b).

Defendant denies liability on grounds that the relief that Plaintiffs seek in this lawsuit—to make the open carry of firearms in public available to all non-prohibited individuals - does not square with over six centuries of Anglo-American law strictly limiting the open carry of firearms or with *District of Columbia v. Heller*, 554 U.S. 570 (2008) and its progeny.

B. Status of Service

Service of process has been completed upon the named defendant.

C. Joinder of Additional Parties

No additional parties are contemplated to be joined at this time.

D. Amendments to the Pleadings

Plaintiffs reserve their right to otherwise amend their pleadings as justice so requires.

With respect to any other amendments, and once the Court issues its Status (Pretrial Scheduling) Order, Defendant sees no reason to depart from the normal rule prohibiting any joinder of parties or amendments to pleadings without leave of court, good cause having been shown. See Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604 (9th Cir. 1992).

E. Statutory Basis for Jurisdiction and Venue

Plaintiffs contend that this court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 (action arising under the laws of the United States), 28 U.S.C. § 1343 (original jurisdiction over actions seeking the protection of civil rights), 28 U.S.C. § 1361 (action to compel officer or agency to perform duty owed to Plaintiffs), 28 U.S.C. § 2201, §2202

3

1  (declaratory judgment remedies), 42 U.S.C. § 1983 (civil action for deprivation of rights) 42

2  U.S.C. §1988 (attorney's fees).

3        Plaintiffs further contend that venue is proper under 28 U.S.C. § 1391(b)(2) as a

4  substantial portion of the events or omissions giving rise to the plaintiffs' claims occurred in this

5  district, to wit, Shasta County and Siskiyou County.

6        Defendants do not intend to contest Plaintiffs' lawsuit on grounds that the Court lacks

7  jurisdiction or that venue is improper.

8        F. Scheduling of Anticipated Discovery

9        No discovery has been taken to date.

10       *Plaintiffs' Proposed Schedule*

11       Plaintiffs request that the Court set a motion schedule for summary judgment. The issues

12 to be resolved involve questions of law related to the constitutionality of the complained

13 of statutes. There are no issues of fact to be resolved – Plaintiffs desire to carry a handgun outside

14 of their home for self-defense, Plaintiffs were denied the right to open carry, and the language of

15 the complained of statutes is clear.

16       As far as expert discovery, there is no fact alleged that warrants an expert's

17 opinion. While expert opinions have been allowed in prior gun-related cases to opine about

18 'public safety' and statistical "gun violence", the Supreme Court has definitively ruled that public

19 safety interest-balancing arguments cannot be used in a Second Amendment analysis.

20 See, *District of Columbia v. Heller*, 554 U.S.570,634-635 (specifically rejecting Justice Breyer's

21 dissent calling for the balancing of the individual's right to self-protection against the

22 government's "public safety" concerns).

23       In June 2020, Justice Thomas reaffirmed the majority's rejection of interest

24 balancing analyses for Second Amendment violations and chastised the circuit courts' "made up"

25 tiers of scrutiny. See, *Rogers v Grewal*, ___US___ , ___, 140 S Ct 1865, 1867-1868 (2020) ("we

26 explicitly rejected the invitation to evaluate Second Amendment challenges under an 'interest-

27 balancing inquiry, with the interests protected by the Second Amendment on one side and the

28 governmental public-safety concerns on the other.' But the application of the tests adopted by the

courts of appeals has devolved into just that.") *Rogers*, at 1867 citing, *Heller*. Bound by the Supreme Court's precedent, a "public safety" analysis is improper; 'expert' opinions advancing the same arguments are immaterial and improper. No expert opinion is necessary or proper as related to the *facts* of this case, to wit, the words contained in the challenged statutes, Plaintiffs' desire to exercise the right to carry a handgun outside of their home, and the denial of their right to do so, and fear of criminal penalties if they exercise that right.

Considering the Court's denial of Plaintiff's motion for a preliminary injunction, further delay of this litigation continues to cause irreparable harm. *Monterey Mech. Co. v Wilson*, 125 F3d 702, 715 (9th Cir 1997) ("We have stated that an alleged constitutional infringement will often alone constitute irreparable harm.") citing, *Associated General Contractors v. Coalition For Economic Equity,* 950 F.2d 1401, 1412 (9th Cir. 1991).

*Defendant's Proposed Schedule*

Defendant proposes that the Court order the following discovery schedule:

- Initial disclosures due:  One month after the Court's Pretrial Scheduling Order is issued
- Non-expert discovery cut-off:  Four months after the Court's Pretrial Scheduling Order is issued
- Expert reports due:  Four months after the Court's Pretrial Scheduling Order is issued
- Expert rebuttal reports due:  Five months after the Court's Pretrial Scheduling Order is issued
- Expert discovery cut-off:  Seven months after the Court's Pretrial Scheduling Order is issued
- Discovery motions due:  Nine months after the Court's Pretrial Scheduling Order is issued

G.    Dispositive Motions

*Plaintiffs' Proposed Schedule*

As noted in section F above, Plaintiffs' claims involve questions of law, such that fact discovery will neither be fruitful nor dispositive of the causes of action.

As indicated in the parties' initial Joint Case Management Statement, Plaintiffs propose that a motion for summary judgment be filed three months after the Court issues rulings on the motion for a preliminary injunction and motion to dismiss, which ruling was entered on August 31, 2020.  In that connection, Plaintiffs propose the following briefing schedule: moving papers to be filed by Defendant on or before November 30, 2020; Plaintiffs' opposition/cross-motion to be filed on or before January 11, 2021; and Defendant's opposition/reply to be filed on or before January 25, 2021; and Plaintiffs' reply to be filed on or before February 8, 2021.

*Defendant's Proposed Schedule*

Defendant proposes that a motion for judgment on the pleadings or motion for summary judgment be due ten months after the Court's Pretrial Scheduling Order is issued. Defendant does not oppose an extended briefing schedule consistent with what Plaintiffs propose above.

H.  Anticipated Limitations on Use of Testimony

At this time, the parties have not identified such limitations.

I.  Final Pre-trial Conference

The parties propose scheduling a pre-trial conference two months after the Court issues a ruling on the motions for summary judgment.

J.  Proposed Date for Trial

A date for trial is dependent upon the date by which the Court's decision on the parties' motions are rendered. The parties estimate that a bench trial will take approximately three days.

K.  Special Proceedings

The parties have not agreed to proceed before a Magistrate Judge.

L.  Modification of Pre-Trial Procedures

At this time, the parties do not anticipate a modification of the pre-trial procedures.

M.  Related Cases in the District

The parties are not aware of any related cases in this district.

N.  Settlement Proceedings

The parties have met and conferred about their respective positions but do not expect that

a settlement will be reached. The parties have no objection to the Court acting as the settlement judge.

      O.    Other Matters Conducive to an Expeditious Disposition of the Case

The parties are not aware of any other matters that may be conducive to an expeditious disposition of the case.

Dated: September 28, 2020                        Respectfully Submitted,

/s/ *Amy L. Bellantoni*_____
Amy L. Bellantoni, Esq., *Pro Hac Vice*
*Attorney for Plaintiffs*
The Bellantoni Law Firm, PLLC
2 Overhill Road, Suite 400
Scarsdale, New York 10583
Telephone: (914) 367-0090
Fax: (888) 763-9761
abell@bellantoni-law.com

Dated:  September 28, 2020                       Respectfully submitted,

XAVIER BECERRA
Attorney General of   California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/ *R. Matthew Wise*
R. MATTHEW WISE
Deputy Attorney General
*Attorneys for Defendant Attorney General Xavier Becerra*

---

7

FIRST AMENDED STATUS REPORT AND RULE 26(f) DISCOVERY PLAN
(2:19-cv-00617-KJM-AC)