COSCA LAW CORPORATION
CHRIS COSCA   SBN 144546
1007 7th Street, Suite 210
Sacramento, CA 95814
916-440-1010

AMY L. BELLANTONI
THE BELLANTONI LAW FIRM, PLLC
2 Overhill Road, Suite 400
Scarsdale, NY 10583
Telephone: 914-367-0090
Facsimile:  888-763-9761
*Pro Hac Vice*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAIRD and RICHARD GALLARDO,<br><br>Plaintiffs,<br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California,<br><br>Defendant. | Case No. 2:19-CV-00617<br><br>**REPLY DECLARATION OF AMY L. BELLANTONI IN SUPPORT OF PLAINTIFFS' SECOND MOTION FOR  PRELIMINARY INJUNCTION**<br><br>Date:      July 16, 2021<br>Time:     10:00 a.m.<br>Room:    3<br>Judge:    Hon. Kimberly J. Mueller |

1

**DECLARATION OF AMY L. BELLANTONI**

1. I am an attorney with The Bellantoni Law Firm, PLLC, attorneys for Plaintiffs, Mark Baird and Richard Gallardo. I am admitted to practice law before the United States District Court for the Eastern District of California, *pro hac vice*. I am also admitted to practice law before the United States District Courts for the Southern, Eastern, and Northern Districts of New York, the District of Columbia, the Second Circuit Court of Appeals, and the United States Supreme Court. I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, could and would testify competently thereto.

2. This renewed and Second Motion for a Preliminary Injunction is made to enjoin, during the pendency of these proceedings, Defendant Bonta, his agents, servants, employees, and those working in active concert with him, from enforcing and/or giving effect to California Penal Codes §26150, §26155, §26350, and §25850 as they relate to the mere possession of a handgun by manner of open carry in public.

3. The instant motion for a preliminary injunction is made based on the irreparable and continued harm to Plaintiffs resulting from the enforcement and effect of California Penal Codes §26150, §26155, §26350, and §25850, which will continue absent an injunction of the statutes. The plain language of the aforementioned statutes, as well as the *de facto* ban on open carry in the State of California enforced by defendant Attorney General Rob Bonta through the California Department of Justice, his agents, employees, servants, including the respective state's firearms licensing agencies, to wit, the sheriffs and chiefs of police throughout the state, constitutes a violation of the Second Amendment.

4. There are two (2) modalities for bearing a firearm in public for self-protection against a violent confrontation: concealed carry ("CCW") and open carry.

5.  It is the opinion of the Ninth Circuit that the concealed carry of a firearm does not fall within the scope of the protections provided by the Second Amendment. Upholding a challenge to California's "good cause" requirement for the issuance of a CCW license in *Peruta v County of San Diego*, 824 F3d 919, 942 (9th Cir 2016) (en banc) (*Peruta II*) (cert. den.), the Ninth Circuit held that the Second Amendment did not protect *in any degree* the right to carry a concealed firearm in public and that *any* prohibition or restriction a state might choose to impose on concealed carry, was not unconstitutional. (emphasis added). Concealed carry, the Circuit reasoned, was a mere privilege, not a 'right'.

6.  As set forth in the accompanying Memorandum of Points and Authorities and Reply Memorandum of Points and Authorities, with accompanying Declarations, the Supreme Court and history of this nation and the State of California bear out that the open carriage of handguns for self-defense falls squarely within Second Amendment protected activity. A contrary view is irrational.

7.  As detailed in the accompanying Memoranda, the complained of statutes preclude non-prohibited, regular people, including Plaintiffs, from the free exercise of the right to open carry a firearm for self-defense in public by (1) criminalizing the "mere possession" of a handgun outside of one's home; (2) barring any means of applying for an open carry license; (3) requiring "good cause" if a means of applying existed; (4) subjecting any such open carry application to discretionary "may issue" language; (5) restricting the validity of an open carry license, if issued, to the county of issuance; and (6) exposing law-abiding individuals to criminal penalties for exercising the right to open carry, whether loaded or unloaded, (i) without an open carry license and/or (ii) outside of the boundaries of the issuing county.

8.  Attached hereto are the Declarations of the plaintiffs in this action with accompanying exhibits annexed thereto providing factual support for the within motion and

demonstrating, *inter alia*, irreparable harm by way of the continued violations of their Second Amendment rights.

9. The Declaration of Mark Baird, with accompanying exhibits, is annexed hereto as Exhibit 1.

10. The Declaration of Richard Gallardo, with accompanying exhibits, is annexed hereto as Exhibit 2.

11. The response from Mr. Baird's Public Records Act Request to the State of California Department of Justice is attached hereto as Exhibit 3.

12. The California Department of Justice Standard Initial and Renewal Application for License to Carry a Concealed Weapon is attached hereto as Exhibit 4.

13. The testimony of Eugene Volokh on the Second Amendment, Senate Subcommittee on the Constitution, September 23, 1998 is attached hereto as Exhibit 5.

14. An excerpt from *Priorities for Research to Reduce the Threat of Firearm-Related Violence*, The National Academies Press (2013), p. 4-5 is attached as Exhibit 6.

15. Perkins, William R. and Thomas L., *The Second Amendment and the Personal Right to Arms*, Duke University School of Law is attached hereto as Exhibit 7.

16. U.S. News and World Report, Open Carry Deters Crime, (April 25, 2012) is attached hereto as Exhibit 9.

17. The within Declaration and accompanying Memorandum of Points and Authorities warrant the requested relief and issuance of an order enjoining defendant Bonta, his agents, servants, employees, and those working in active concert with him, from enforcing and/or giving effect to California Penal Codes § 26150, § 26155, § 26350, and § 25850 as they relate to the open carriage of a firearm in public during the pendency of this proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 9, 2021            /s/ Amy L. Bellantoni

                                               Amy L. Bellantoni, Esq.
*Attorney for Plaintiffs*
*Pro Hac Vice*
abell@bellantoni-law.com

REPLY DECLARATION OF AMY L. BELLANTONI ISO
SECOND MOTION FOR PRELIMINARY INJUNCTION