COSCA LAW CORPORATION
CHRIS COSCA SBN 144546
1007 7TH STREET, SUITE 210
SACRAMENTO, CA 95814
916-440-1010

AMY L. BELLANTONI
THE BELLANTONI LAW FIRM, PLLC
2 OVERHILL ROAD, SUITE 400
SCARSDALE, NY 10583
TELEPHONE: 914-367-0090
FACSIMILE: 888-763-9761
*PRO HAC VICE*

ATTORNEYS FOR PLAINTIFFS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK BAIRD and RICHARD GALLARDO,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,**<br><br>Defendants. | Case No. 2:19-cv-00617-KJM-AC<br><br>**SECOND AMENDED STATUS REPORT AND RULE 26(f) DISCOVERY PLAN**<br><br>Courtroom:  3<br>Judge:  Hon. Kimberly J. Mueller<br>Action Filed:  April 10, 2019 |

The parties to the above-entitled action jointly submit this SECOND AMENDED STATUS REPORT AND RULE 26(f) DISCOVERY PLAN in consideration of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, No. 20-843, 2022 WL 2251305 (U.S. June 23, 2022).

A.     Summary of Claims and Legal Theories

*Plaintiffs' Statement:*

Plaintiffs continue to seek injunctive and declaratory relief in their challenge to Defendant's enforcement of California's pistol licensing scheme as it relates to the open carriage of handguns, loaded and unloaded, and the criminal penalties associated with the same. The statutes challenged in this action are California Penal Codes §§ 25850, 26150; 26155; and 26350.

The Supreme Court's decision in *Bruen*, reiterated the scope of the Second Amendment as defined through text and history in *Heller* and confirmed in *McDonald*. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, No. 20-843, 2022 WL 2251305 (U.S. June 23, 2022), abrogating *Young v. Hawaii*, 992 F.3d 765; *Gould v. Morgan*, 907 F.3d 659; *Drake v. Filko*, 724 F.3d 426; *Kachalsky v. County of Westchester*, 701 F.3d 81; *U.S. v. Masciandaro*, 638 F.3d 458, as well as Cal. Penal Code § 26150; Haw. Rev. Stat. § 134-2; Md.Code Ann., Public Safety § 5-306(a)(6)(ii); Mass. Gen. Laws Ann. ch. 140, § 131(d); N.J. Stat. Ann. § 2C:58-4(c); N.Y. Penal Law § 400.00(2)(f); and D.C. Code §§ 7-2509.11(1), 22-4506(a).

Specifically, the Court reaffirmed that the "core" right protected by the Second Amendment is the individual right to "self-defense" [*Bruen*, at *7 ("In *Heller* and *McDonald*, we held that the Second and Fourteenth Amendments protect an individual right to keep and bear arms for self-defense."] and that "the Second Amendment guarantees 'an individual right to possess and carry weapons in case of confrontation,' *id.*, at 592, 128 S.Ct. 2783, and confrontation can surely take place outside the home." *Bruen*, at *2, citing, *D.C. v. Heller*, 554 U.S. 570, 592 (2008).

The Court rejected the analytical framework applied in the Ninth Circuit, among others, to for analyzing Second Amendment challenges. "In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the

individual's conduct falls outside the Second Amendment's "unqualified command." *Bruen*, at *7 citing, *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10, (1961).

The Ninth Circuit has declared that "concealed carry" is not a right protected by the Second Amendment. See, *Peruta v. Becerra*, 824 F.3d 919 (9th Cir. 2016) (Second Amendment right to keep and bear arms does not include, in any degree, right of member of general public to carry concealed firearms in public).

Viewing the plain text of the Second Amendment, and America's rich history and tradition of the free exercise of the right to open carry, the challenged statutes cannot withstand constitutional muster.

The subjective "moral character", "may issue", and "good cause" permissive and discretionary licensing of handguns, the statutory restrictions based on geography (to the county of issuance) and population size (counties under 200,000), violate the Second and Fourteenth Amendments.

*Defendant's Statement:*

As the Court noted in its July 7, 2022 Order, ECF No. 59, lifting the stay, the Supreme Court recently issued its opinion in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022).  In *Bruen*, the Supreme Court held unconstitutional New York's requirement that individuals show "proper cause" to obtain a license to carry firearms in public.  142 S. Ct. at 2156.  The Supreme Court also made clear that California's "analogue[]"—which requires a showing of "good cause" to secure a license to carry firearms in public, Cal. Penal Code § 26150(a)(2)—is unconstitutional.  *Id.* at 2124.  The day after *Bruen* was decided, the Attorney General issued a legal alert recognizing that California's good cause requirement is no longer constitutional in light of *Bruen*.  *See* Office of the Attorney General, *Legal Alert:  U.S. Supreme Court Decision in New York State Rifle & Pistol Association v. Bruen, No. 20-843* (June 24, 2022), https://oag.ca.gov/system/files/media/legal-alert-oag-2022-02.pdf.  The California Legislature is also currently considering legislation that would repeal this provision, as well as the good moral character requirement.  *See* S.B. 918, 2021-2022 Reg. Sess. (Cal. 2022), https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=202120220SB918.

In light of *Bruen*, Plaintiffs intend to file a Second Amended Complaint. Because S.B. 918, if enacted, is likely to bear on the issues in dispute in this case, Defendant proposes that (1) Plaintiffs be given 60 days from the filing of this status report to file a Second Amended Complaint, and (2) the July 28, 2022 status conference be vacated and reset on a date approximately 30 days after the Second Amended Complaint is filed. This proposed schedule will conserve resources by providing the Court and the parties sufficient time to consider S.B. 918's bearing on the case before the Court issues a new scheduling order. Defendant suggests that, seven days in advance of the rescheduled status conference, the parties submit a status report proposing a new schedule for the remainder of the case.

B. <u>Status of Service</u>

Service of process has been completed upon the named defendant.

C. <u>Joinder of Additional Parties</u>

No additional parties are contemplated to be joined at this time.

D. <u>Amendments to the Pleadings</u>

Plaintiffs are seeking, by order of the Court or consent of Defendant, to amend their pleadings consistent with the *Bruen* decision and its foundational references.

There is good cause to amend the pleadings in light of the *Bruen* decision. Plaintiffs hope to obtain Defendant's consent to avoid unnecessary motion practice, as this action was specifically stayed pending the *Bruen* decision.

As indicated above, Defendant proposes that Plaintiffs be given 60 days from the filing of this status report to file their Second Amended Complaint so that they have the opportunity to consider S.B. 918's bearing on the case, if the bill is enacted.

E. <u>Statutory Basis for Jurisdiction and Venue</u>

Plaintiffs contend that this court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 (action arising under the laws of the United States), 28 U.S.C. § 1343 (original jurisdiction over actions seeking the protection of civil rights), 28 U.S.C. § 1361 (action to compel officer or agency to perform duty owed to Plaintiffs), 28 U.S.C. § 2201, §2202 (declaratory judgment remedies), 42 U.S.C. § 1983 (civil action for deprivation of rights) 42 U.S.C. §1988

(attorney's fees).

Plaintiffs further contend that venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to the plaintiffs' claims occurred in this district, to wit, Shasta County and Siskiyou County.

Defendants do not intend to contest Plaintiffs' lawsuit on grounds that the Court lacks jurisdiction or that venue is improper.

F. Scheduling of Anticipated Discovery

*Plaintiffs' Statement:*

Fact and expert discovery are complete. A schedule for summary judgment motions was set by the Court. After Defendant filed a motion for summary judgment, the parties filed a stipulation to stay the action pending the *Bruen* decision, which was So Ordered by the Court.

*Defendant's Statement:*

Because Defendant is not aware of the allegations or claims that Plaintiffs intend to bring in their Second Amended Complaint, they are unable to determine whether further fact and expert discovery will be necessary, and if so, an appropriate schedule for such discovery.

G.   Dispositive Motions

*Plaintiffs' Proposed Schedule*

Plaintiffs request 30 days in which to file a Second Amended Complaint. Plaintiffs further request that the Court set a schedule for a motion and cross-motion for summary judgment as follows:

- Defendant's Motion for Summary Judgment to be filed within 30 days of the filing of Defendant's Answer to the Second Amended Complaint; Plaintiffs' Cross-Motion for Summary Judgment and Opposition within 30 days; Defendant's Reply and Opposition within 14 days; and Plaintiff's Reply 14 days thereafter.

In light of *Bruen*, Plaintiffs intend to file a motion for a preliminary injunction. The right to carry firearms for self-defense is guaranteed, and further enforcement of the unconstitutional statutes challenged in this action continues to cause irreparable harm. *Monterey Mech. Co. v Wilson*, 125 F3d 702, 715 (9th Cir 1997) ("We have stated that an alleged constitutional

5

Second Amended Status Report and Rule 26(f) Discovery Plan

infringement will often alone constitute irreparable harm.") citing, *Associated General Contractors v. Coalition For Economic Equity,* 950 F.2d 1401, 1412 (9th Cir. 1991).

*Defendant's Proposed Schedule:*

Given the circumstances noted above, and Plaintiffs' intent to file their third preliminary injunction motion in this matter, it would be premature to issue a new scheduling order. Again, Defendant proposes that (1) Plaintiffs be given 60 days from the filing of this status report to file a Second Amended Complaint, and (2) the July 28, 2022 status conference be vacated and reset on a date approximately 30 days after the Second Amended Complaint is filed. This proposed schedule will conserve resources by providing the Court and the parties sufficient time to consider S.B. 918's bearing on the case before the Court issues a new scheduling order. Defendant suggests that, seven days in advance of the rescheduled status conference, the parties submit a status report proposing a new schedule for the remainder of the case.

H. Anticipated Limitations on Use of Testimony

At this time, the parties have not identified such limitations.

I. Final Pre-trial Conference

The parties propose scheduling a pre-trial conference two months after the Court issues a ruling on the parties' motions for summary judgment.

J. Proposed Date for Trial

*Plaintiff's Position:*

Plaintiffs contend that the issues to be resolved herein are questions of law.

*Defendant's Position:*

A date for trial is dependent upon the date by which the Court's decision on the parties' dispositive motions are rendered. Defendant estimates that a bench trial will take approximately three days.

K. Special Proceedings

The parties have not agreed to proceed before a Magistrate Judge.

L. Modification of Pre-Trial Procedures

At this time, the parties do not anticipate a modification of the pre-trial procedures.

M.   Related Cases in the District

The parties are not aware of any related cases in this district.

N.   Settlement Proceedings

The parties have met and conferred about their respective positions but do not expect that a settlement will be reached. The parties have no objection to the Court acting as the settlement judge.

O.   Other Matters Conducive to an Expeditious Disposition of the Case

The parties are not aware of any other matters that may be conducive to an expeditious disposition of the case.

Dated: July 21, 2022                              Respectfully Submitted,


/s/ *Amy L. Bellantoni*
Amy L. Bellantoni, Esq., *Pro Hac Vice*
*Attorney for Plaintiffs*
The Bellantoni Law Firm, PLLC
2 Overhill Road, Suite 400
Scarsdale, New York 10583
Telephone: (914) 367-0090
Fax: (888) 763-9761
abell@bellantoni-law.com


Dated:  July 21, 2022                             Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/ *R. Matthew Wise*
R. MATTHEW WISE
Deputy Attorney General
*Attorneys for Defendant Attorney General Rob Bonta*

...

y