ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
RYAN R. DAVIS
Deputy Attorney General
State Bar No. 266330
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6045
  Fax: (916) 324-8835
  E-mail: Ryan.Davis@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK BAIRD and RICHARD GALLARDO,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California, AND DOES 1-10,**<br><br>Defendant. | Case No. 2:19-cv-00617-KJM-AC<br><br>**NOTION OF UNOPPOSED MOTION AND MOTION FOR ADMINISTRATIVE RELIEF REQUESTING TO EXTEND TIME TO RESPOND TO PLAINTIFFS' THIRD MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Kimberly J. Mueller<br>Dept.: 3<br>Action Filed: April 10, 2019 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Local Rules 230 and 233, Defendant Rob Bonta, in his official capacity as the Attorney General of the State of California, hereby moves for administrative relief, and more specifically, for an extension of time by which to file his opposition to Plaintiffs' Third Motion for a Preliminary Injunction (ECF No. 65). This motion is based on this notice, the attached memorandum of points and authorities, and the attached declaration of counsel. Plaintiffs do not oppose this motion. Decl. of Ryan R. Davis, ¶ 3.

Dated: August 12, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
RYAN R. DAVIS
Deputy Attorney General

/s/ *Ryan R. Davis*
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*

# MEMORANDUM OF POINTS AND AUTHORITIES

Earlier this week, Plaintiffs filed their third motion for a preliminary injunction, which is to be heard in late October. As detailed below, Defendant Rob Bonta brings this unopposed motion to extend the time to file his opposition so that briefing on the motion can account for Plaintiffs' forthcoming Second Amended Complaint and the likely enactment of state legislation addressing certain issues in dispute in this case.

On April 10, 2019, Plaintiffs Mark Baird and Richard Gallardo filed a complaint for declaratory and injunctive relief alleging that California's statutory firearms licensing scheme—and their inability to obtain open carry licenses in particular—violates Plaintiffs' constitutional rights under the Second, Fourth, and Fourteenth Amendments. ECF No. 1. Shortly thereafter, Plaintiffs brought their first motion for a preliminary injunction, which this Court denied. ECF No. 33 at 10. The Court also largely granted Defendant's motion to dismiss Plaintiffs' Fourth and Fourteenth Amendment claims. *Id.* at 18. Following the Court's order, Plaintiffs filed the First Amended Complaint alleging only Second Amendment claims. ECF No. 34. Defendant timely answered. ECF No. 38. On April 13, 2021, Plaintiffs filed their second motion for a preliminary injunction. ECF No. 40. On November 19, 2021, Defendant filed a motion for summary judgment. ECF No. 56. Both motions remain pending.

On December 2, 2021, the Court stayed this matter pending a decision from the United States Supreme Court, which was since issued in *New York Rifle & Pistol Association, Inc. v. Bruen,* 142 S.Ct. 2111 (June 23, 2022) (*Bruen*). In striking down New York's requirement that "proper cause" be demonstrated to obtain a concealed-carry license, the Court made it clear that California's similar "good cause" requirement is also unconstitutional. *Id.* at 2124. The day after *Bruen* was decided, on June 24, 2022, Defendant publicly issued a legal alert acknowledging the Supreme Court's decision and instructing local officials to "no

longer require proof of good cause for the issuance of a public-carry license.  *See* Office of the Attorney General, *Legal Alert: U.S. Supreme Court Decision in New York State Rifle & Pistol Association v. Bruen, No. 20-843* (June 24, 2022), *available at* https://oag.ca.gov/system/files/media/legal-alert-oag-2022-02.pdf.  The Supreme Court's decision also prompted fast action by the California Legislature, which is currently considering a bill that would amend California's public-carry licensing scheme in accordance with *Bruen*.  See S.B. 918, 2021-2022 Reg. Sess. (Cal. 2022), available at https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=202120220SB918.

      On July 7, 2022, the Court lifted the stay in this matter and scheduled a status conference.  ECF No. 59.  In the parties' joint status report filed in advance of the status conference, Plaintiffs stated their intention "to amend their pleadings consistent with the *Bruen* decision and its foundational references."  ECF No. 63 at 4.  Defendant proposed that Plaintiffs be given 60 days by which to file their Second Amended Complaint to allow them to consider S.B. 918's bearing on the case in the event the bill is enacted.  *Id.*  Consistent with Defendant's proposal, the Court ordered Plaintiffs to file a Second Amended Complaint within 60 days of the status conference held on July 28, 2022 (by September 26, 2022) and ordered the parties to file a further joint status report by October 7, 2022.  ECF No. 64.

      On August 8, 2022, Plaintiffs filed their Third Motion for Preliminary Injunction, with a hearing date scheduled on October 21, 2022.  ECF No. 65.  Under Local Rule 230, Defendant has 14 days, or until August 22, 2022, to respond.  There is good cause to extend that time until September 30, 2022, for two reasons.  First, Plaintiffs filed the Third Motion for Preliminary Injunction in advance of filing their Second Amended Complaint, which is due by September 26, 2022.  Extending the time to respond will allow Defendant to consider Plaintiffs' amended allegations in briefing Plaintiffs' likelihood of success on the merits in this matter (and will allow Plaintiff to reply accordingly).  Second, extending the

time to respond will allow Defendant to consider S.B. 918, which if enacted, will make relevant changes to California's public-carry licensing scheme. For example, the First Amended Complaint (the operative complaint as of now) challenges the references to "moral character" and "good cause" in California Penal Code sections 26150 and 26155. ECF No. 34 at 32. Both would be eliminated by S.B. 918. The contemplated extension of time would provide sufficient time for Plaintiffs to reply before the hearing scheduled on October 21, 2022.

      Plaintiffs do not oppose Defendant's request. Decl. of Ryan R. Davis, ¶ 3.

Dated: August 12, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
RYAN R. DAVIS
Deputy Attorney General

/s/ *Ryan R. Davis*
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*