COSCA LAW CORPORATION
CHRIS COSCA   SBN 144546
1007 7th Street, Suite 210
Sacramento, CA 95814
916-440-1010

AMY L. BELLANTONI
THE BELLANTONI LAW FIRM, PLLC
2 Overhill Road, Suite 400
Scarsdale, NY 10583
Telephone: 914-367-0090
Facsimile:  888-763-9761
*Pro Hac Vice*

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

-----------------------------------------------------------x

MARK BAIRD and
RICHARD GALLARDO,

                Plaintiffs,

    v.

ROB BONTA, in his official capacity
as Attorney General of the State of California,

                Defendant.

-----------------------------------------------------------x

**Case No.: 2:19-cv-00617-KJM-AC**

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NOW COME Plaintiffs, MARK BAIRD and RICHARD GALLARDO, by and through their counsel, and allege against Defendant California Attorney General Rob Bonta as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory and injunctive relief proximately caused by the actions of the defendant for violations of the plaintiffs' Second and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. This action seeks to turn back the hands of time to pre-Mulford Act California and the free exercise of the Right to open carry a handgun for self-defense, consistent with this Nation's history and Second Amendment traditions.

1

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

2. In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, the Supreme Court declared, "In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 142 S. Ct. 2111, 2126 (2022).

3. Plaintiffs' right to carry a handgun open and exposed throughout the State of California, loaded or unloaded, is conduct covered by the plain text of the Second Amendment and presumptively protected by the U.S. Constitution.

4. The *Bruen* Court continued, "To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." *Id. c*iting, *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10 (1961).[1]

5. Firearms have been part of this Nation's history since the colonists arrived.[2] The colonists would not have been able to defeat the English military in the Revolutionary War had the colonists not possessed and had access to firearms and ammunition – the colonists had no 'military' and, as *Heller* confirmed, the right to keep and bear arms is an *individual* right, not the collective right of some type of militia or otherwise. *D.C. v. Heller*, 554 U.S. 570, 591 (2008) ("…even if 'keep and bear Arms' were a unitary phrase, we find no evidence that it bore a military meaning...Putting all of these textual elements together, we find that they guarantee the individual right to possess and carry weapons in case of confrontation.").

---

[1] "Rather than begin with its view of the governing legal framework, the dissent chronicles, in painstaking detail, evidence of crimes committed by individuals with firearms. See post, at 2163 - 2168 (opinion of BREYER, J.). The dissent invokes all of these statistics presumably to justify granting States greater leeway in restricting firearm ownership and use. But, as Members of the Court have already explained, "[t]he right to keep and bear arms ... is not the only constitutional right that has controversial public safety implications." *McDonald v. Chicago*, 561 U.S. 742, 783, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010) (plurality opinion)." *Bruen*, 142 S. Ct. at 2126, n. 3.

[2] https://www.guns.com/news/2011/07/06/who-were-the-colonists-and-what-were-they-firing-guns-of-the-american-revolution;
http://www.revolutionarywarjournal.com/rifles-in-the-revolutionary-war/#:~:text=Settlers%20who%20moved%20west%20of%20the%20Cumberland%20Mountains,making%20it%20the%20rifle-making%20center%20of%20the%20colonies.

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

6. To be sure, "when the able-bodied men of a nation are trained in arms and organized, they are better able to resist tyranny." *Heller*, at 598.

7. Handguns are weapons in common use for lawful purposes and are therefore covered by the plain text of the Second Amendment. *Heller*, at 629 ("It is enough to note, as we have observed, that the American people have considered the handgun to be the quintessential self-defense weapon.").

8. No permission from the government, licensing, registration, or any other action was required (or even imagined) for people to exercise the God-bestowed, preexisting right that was later codified in the Second Amendment. The very purpose of codifying the right to keep and bear arms and declaring that it "shall not be infringed"[3] was to prevent *any encroachment* of that right by the government. Yet, here we are.

9. Plaintiffs seek a judicial declaration that California Penal Code sections 25850 and 26350 violate the Second and Fourteenth Amendments to the U.S. Constitution and request an Order temporarily and permanently enjoining their enforcement.

10. The conduct being regulated under California Penal Code sections 25850 and 26350 is protected by the Second Amendment and the regulations are wholly inconsistent with this Nation's historical traditions of firearm regulation.

**JURISDICTION AND VENUE**

11. The Court's jurisdiction over Plaintiffs' federal claims is authorized pursuant to 28 U.S.C. § 1331 and § 1343. The Court's jurisdiction over Plaintiffs' claims for injunctive and declaratory relief is authorized by 28 U.S.C. § 2201 and § 2202. The Court's jurisdiction over Plaintiffs' federal claims and for statutory attorney's fees is authorized pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

12. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

---

[3] Infringe: encroach, limit, offend. https://www.merriam-webster.com/thesaurus/infringe
While, for example, the Fourth Amendment protects against "unreasonable" searches and seizures, the Second Amendment prohibits *any measure* of intrusion.

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**THE PARTIES**

13. Plaintiff, MARK BAIRD ("Plaintiff" or "Mr. Baird") is a United States citizen and a resident of Siskiyou County, California which, according to the most recent census, has a population under 200,000.

14. Plaintiff, RICHARD GALLARDO ("Plaintiff" of "Mr. Gallardo") is a United States citizen and a resident of Shasta County, California which, according to the most recent census, has a population under 200,000.

15. Defendant ROB BONTA ("Defendant" or "Defendant Bonta") is the Attorney General of the State of California. Defendant Bonta is sued herein in his official capacity only. Pursuant to California State Constitution Article V, Section 13, as the Attorney General for the State of California, Defendant is the chief law enforcement officer of the State whose duty it is to ensure that the laws of the State are uniformly and adequately enforced.

16. Defendant Bonta has direct supervision over every district attorney and sheriff and over such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective offices and may require any of said officers to make reports concerning the investigation, detection, prosecution, and punishment of crime in their respective jurisdictions as to Defendant may seem advisable.

17. Whenever in the opinion of the Defendant any law of the State is not being adequately enforced in any county, it shall be Defendant's duty to prosecute any violations of law of which the superior court shall have jurisdiction. In such cases Defendant shall have all the powers of a district attorney. When required by the public interest or directed by the Governor, Defendant shall assist any district attorney in the discharge of the duties of that office.

**STATEMENT OF FACTS**

*Plaintiff Mark Baird*

18. Mark Baird is an individual of unquestionably good moral character, a law-abiding citizen, and has never been charged with, summoned, or arrested for any violation of the California Penal Code or any other criminal offense.

19. Mr. Baird is not prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. Mr. Baird lawfully possesses firearms (handguns and long guns) in his home for self-defense.

20. Mr. Baird does not hold a California firearm license and does not fall within any of the exemptions to California Penal Code sections 25850 and 26350 criminalizing the possession of firearms.

21. Mr. Baird has a present intention to carry a handgun open and exposed for self-defense, loaded or unloaded, throughout the State of California, today and every day for the remainder of his natural life.

22. Mr. Baird intends to exercise the rights protected by the Second and Fourteenth Amendments without seeking permission from the government, including applying for and obtaining a license under California's licensing scheme, Penal Code sections 26150 and 26155.

23. Mr. Baird presently faces imminent arrest, prosecution, fines, and other criminal penalties for carrying a handgun in public without a license under Penal Code sections 25850 and 26350, as well as other civil penalties including loss of property.

24. On more than one occasion, Mr. Baird has tried to apply for an open carry license in Siskiyou County, but there is no Open Carry license application available from the DOJ and, even if there were, no open carry licenses are issued anywhere in California, and he has been advised by the licensing authority in his county that no open carry licenses will be issued.

25. The County of Siskiyou, California, according to the most recent federal census, has a population of less than 200,000 people. As a resident of the County of Siskiyou, Mr. Baird is prohibited from applying for a handgun carry license in any other county in California. Even if issued an open carry license, such license would be invalid outside of Siskiyou County under Penal Code sections 26150 (b)(2) and 26155(b)(2). If Mr. Baird were to carry open and exposed outside of Siskiyou County with or without a license, he would be arrested, prosecuted, and subject to other criminal and civil penalties.

26. Upon information and belief, the licensing authorities' described conduct is performed at the direction of and/or with the knowledge and approval of Defendant Bonta.

27. There is no administrative appeal process available for challenging the denial of an application for an open carry license. Even if there were an available administrative appeal process to challenge the denial of Mr. Baird's application for an open carry license, such 'process' would have been futile because Mr. Baird has been informed that no open carry licenses will be issued.

28. More importantly, there is no historical tradition in this Nation of requiring a license or other permission to open carry a handgun outside of one's home for self-defense. Requiring any such license violates the Second and Fourteenth Amendments.

**Plaintiff Richard Gallardo**

29. Richard Gallardo is an individual of unquestionably good moral character, a law-abiding citizen, and has never been charged with, summoned, or arrested for any violation of the California Penal Code or any other criminal offense.

30. Mr. Gallardo is not prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

31. Mr. Gallardo does not hold a California firearm license and does not fall within any of the exemptions to the California Penal Code sections criminalizing the open carriage of a handgun firearms, whether loaded or unloaded.

32. Mr. Gallardo lawfully possesses firearms (handguns and long guns) in his home for self-defense.

33. Mr. Gallardo has a present intention to carry a handgun open and exposed for self-defense, loaded or unloaded, throughout the State of California, today and every day for the remainder of his natural life.

34. Mr. Gallardo intends to exercise the rights protected by the Second and Fourteenth Amendments without seeking permission from the government, including applying for and obtaining a license under Penal Code sections 26150 and 26155.

35. Mr. Gallardo presently faces imminent arrest, prosecution, fines, and other criminal penalties for carrying a handgun in public without a license under Penal Code sections 25850 and 26350, as well as other civil penalties including loss of property.

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

36. On more than one occasion, Mr. Gallardo tried to apply for an open carry license in Shasta County, but there is no Open Carry application available from the DOJ and, even if there were, no open carry licenses are issued anywhere in California, and he has been advised by the licensing authority in his county that no open carry licenses will be issued.

37. The County of Shasta, California, according to the most recent federal census, has a population of less than 200,000 people. As a resident of Shasta County, Mr. Gallardo is prohibited from applying for a handgun carry license in any other county in California. Even if issued an open carry license, such license would be invalid outside of Shasta County under Penal Code sections 26150 (b)(2) and 26155(b)(2). If Mr. Gallardo were to carry open and exposed outside of Shasta County, with or without a license, he would be arrested, prosecuted, and subject to other criminal and civil penalties.

38. Upon information and belief, the licensing authorities' described conduct is performed at the direction of and/or with the knowledge and approval of Defendant Bonta.

39. There is no administrative appeal process available for challenging the denial of an application for an open carry license. Even if there were an available administrative appeal process to challenge the denial of Mr. Gallardo's application for an open carry license, such 'process' would have been futile because Mr. Gallardo has been informed that no open carry licenses will be issued.

40. More importantly, there is no historical tradition in this Nation of requiring a license or other permission to open carry a handgun outside of one's home for self-defense. Requiring a license to open carry violates the Second and Fourteenth Amendments.

**STATEMENT OF LAW**

*The Second Amendment*

41. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

42. The Second Amendment does not *bestow* any rights to the individual to possess and carry weapons to protect himself; it *prohibits the government* from infringing upon the basic, fundamental right of the individual to keep and bear weapons in common use for self-defense in

7

the event of a violent confrontation. *Heller*, supra; *McDonald*, supra; *Caetano v. Massachusetts,* 577 U.S. (2016).

43. "Individual self-defense is the central component of the Second Amendment right." *McDonald,* 561 U.S. at 767, citing, *Heller*, 554 U.S. at 599 (internal quotations omitted). The Second Amendment protects the core right of the individual to self-protection. *Heller*, 554 U.S. at 595-599, 628.

44. The Second Amendment is "deeply rooted in this Nation's history and tradition" and fundamental to our scheme of ordered liberty". *McDonald*, 561 U.S at 768. The Second Amendment's protections are fully applicable to the states through the Fourteenth Amendment. *McDonald*, 130 S. Ct. at 3026.

45. The "Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding …" *Caetano v. Massachusetts*, 577 U.S. at 411.

46. Handguns are 'bearable arms' in common use for self-defense and therefore are presumptively protected by the Second Amendment. *Heller*, 554 U.S. at 629; *Caetano,* supra.

### The "People" Protected By the Constitution

47. *Heller* explained, "in all six other provisions of the Constitution that mention 'the people,' the term unambiguously refers to all members of the political community, not an unspecified subset." *Heller*, at 580. "[T]he people' … refers to a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community." *Id.* (citation omitted).

48. Plaintiffs are members of the national community with no prohibitors to the possession of firearms and are entitled to the full and unabridged protections of the Second and Fourteenth Amendments.

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### *The <u>Bruen</u> Test for Second Amendment Challenges*

49. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *Heller*, at 592.

> "Putting all of these textual elements together, we find that they *guarantee* the individual right to possess and carry weapons in case of confrontation. This meaning is strongly confirmed by the historical background of the Second Amendment. We look to this because it has always been widely understood that the Second Amendment, like the First and Fourth Amendments, codified a pre-existing right. The very text of the Second Amendment implicitly recognizes the pre-existence of the right and declares only that it 'shall not be infringed.' As we said in *United States v. Cruikshank*, 92 U.S. 542, 553, 23 L.Ed. 588 (1876), '[t]his is not a right granted by the Constitution. Neither is it in any manner dependent upon that instrument for its existence. The second amendment declares that it shall not be infringed ....'"

*Id.* (emphasis added).

50. In *Bruen*, the Supreme Court flatly rejected the tripartite, intermediate scrutiny, 'means-end' public safety balancing test[4] improperly created and applied by the Ninth Circuit[5] and others. Rather, the test that must be applied to Second Amendment challenges is as follows:

> "we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution **presumptively** protects that conduct.
>
> To justify its regulation, the government may not simply posit that the regulation promotes an important interest.
>
> Rather, **the government must demonstrate** that the regulation is consistent with this Nation's historical tradition of firearm regulation.

---

[4] Core Second Amendment rights, like the right to possess firearms in the home for self-defense, are not subject to 'interest balancing'. *Heller*, 554 U.S. at 634 ("We know of no other enumerated constitutional right whose core protection has been subjected to a freestanding 'interest-balancing' approach. The very enumeration of the right takes out of the hands of government--even the Third Branch of Government--the power to decide on a case-by-case basis whether the right is really worth insisting upon.").

[5] "Despite the popularity of this two-step approach, it is one step too many. Step one of the predominant framework is broadly consistent with *Heller*, which demands a test rooted in the Second Amendment's text, as informed by history. But *Heller* and *McDonald* do not support applying means-end scrutiny in the Second Amendment context. Instead, the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, at 2127.

9

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

> Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Bruen*, at 2126 (emphasis added) citing, *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10 (1961).

### ***Bruen* Defined and Limited the Relevant Historical Time Period**

51. Because "not all history is created equal," the *Bruen* Court held that, when deciding whether the government's regulation is consistent with this Nation's historical tradition,

> the only appropriate inquiry is what the public understanding of the right to keep and bear arms was during the ratification of the Second Amendment in 1791, and perhaps during ratification of the Fourteenth Amendment in 1868.

*Bruen*, at 2138.

52. "Post-ratification adoption or acceptance of laws that are inconsistent with the original meaning of the constitutional text obviously cannot overcome or alter that text." *Bruen*, at 2137 (emphasis supplied) citing, *Heller*, 670 F.3d at 1274, n. 6 (Kavanaugh, J., dissenting); *Espinoza v. Montana Dept. of Revenue*, 591 U.S. ——, ——, 140 S.Ct. 2246, 2258–2259 (2020).

### ***The Challenged Regulations Violate the Second and Fourteenth Amendments***

53. The plain text of the Second Amendment presumptively protects Plaintiffs' conduct: the open carriage of a handgun in public for self-defense.

54. Defendants "must demonstrate that their regulations are consistent with this Nation's historical tradition of firearm regulation. *Bruen*, at 2126. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command'." *Bruen*, at 2126.

55. Defendants cannot meet that burden.

# CALIFORNIA'S REGULATIONS

### *Penal Code Sections 25850 and 26350 Violate the Second and Fourteenth Amendments*

56. In California, the possession of a handgun in one's home is lawful and requires no license or permission from the government. But the 'mere possession' of a handgun in public is a crime. An average citizen who steps outside of his home armed with a handgun for self-defense risks arrest, incarceration, prosecution, fines, and other criminal and civil penalties, including permanent loss of Second Amendment rights and loss of property (firearms).

### Penal Code § 25850

57. Under California Penal Code section 25850, a person is guilty of carrying a loaded firearm when he carries a loaded firearm on his person or in a vehicle while <u>in any public place</u> or <u>on any public street</u> in an incorporated city or in a prohibited area of unincorporated territory. (emphasis added).

58. Section 25850 allows the police the unfettered ability to stop an individual to inspect their firearm to determine whether the firearm is or is not loaded; refusal to allow a peace officer to inspect a firearm constitutes probable cause for arrest.

### Penal Code § 26350

59. Under California Penal Code section 26350, a person is guilty of openly carrying an unloaded handgun for carrying upon his person an exposed and unloaded handgun outside a vehicle while in a <u>public place or public street</u> in an incorporated city or city and county, a <u>public street</u> in a prohibited area of an unincorporated area of a county or city and county, or a <u>public place</u> in a prohibited area of a county or city and county. (emphasis added).

60. Penal Code sections 25850 and 26350 criminalize the mere possession of a handgun for self-defense – a right protected by the Second Amendment and enforced against the states through the Fourteenth Amendment.

61. In *Bruen*, the Supreme Court reaffirmed that the right to carry firearms outside of the home is protected by the Second and Fourteenth Amendments. *Bruen*, supra.

> "In this case, petitioners and respondents agree that ordinary, law-abiding citizens have a similar right to carry handguns publicly for their self-defense. We too agree, and now hold, consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home."

*Bruen*, 142 S. Ct. at 2122.

62. There is no American historical tradition of banning open carry, criminalizing the exercise thereof, or requiring a license or permission from the government exists. Indeed, while licensing schemes popped up in few areas of the country in the early 1900s, "post-ratification adoption or acceptance of laws that are inconsistent with the original meaning of the constitutional text obviously cannot overcome or alter that text." *Bruen*, at 2137.

63. Until 1967 open carry was a widely accepted, and largely unremarkable, practice right here in California until the racially motivated Mulford Act outlawed possessing a loaded handgun in public, followed by banning the open carriage of an unloaded handgun in 2012.[6]

64. In 2016, an en banc panel of the Ninth Circuit proclaimed that the "uncontradicted historical evidence overwhelmingly shows, the Second Amendment does not protect, in any degree, the right of a member of the general public to carry a <u>concealed weapon</u> in public. The Second Amendment may or may not protect to some degree a right of a member of the general public to carry a firearm in public."[7] The en banc Court continued,

**"If there is such a right, it is only a right to carry a firearm openly."**

*Peruta II,* at 942.

65. Well, there *is* such a Right. *Heller* put that issue to bed in 2008:

> "Putting all of these textual elements together, we find that they **guarantee the individual right to possess and carry weapons**…"

---

[6] Even if open carry licenses were issued (and constitutional), which they are not, under a "may issue" licensing scheme, they can only be applied for and issued in counties with a population under 200,000 and are invalid outside of the county of issuance. Penal Code sections 26150, 26155.
[7] *Peruta v. County of San Diego*, 824 F.3d 919, 942 (9th Cir. 2016) (emphasis added).

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

*Heller*, at 592.

66. In *Peruta II*, a Declaration "submitted by the County of San Diego indicates that *the point* of the concealed weapons licensing policy was to make concealed carry 'a very rare privilege.'" *Id.* at n. 9 (emphasis added).

67. After the *Bruen* decision was published, California rushed to create even more restrictions on what is deemed the 'privilege' to carry concealed; "good cause" having been found unconstitutional by *Bruen*, Defendant and others pushed a massive bundle of restrictions in SB918 to further restrict and prevent 'the People' - even those with a concealed carry license - from carrying a handgun in public for self-defense.

68. Lest there be any doubt, California's zealous anti-Second Amendment agenda was revealed in the 7+ page preamble to SB918 railing public policy and 'means end' lamentations that the Supreme Court has repeatedly rejected since *Heller* in 2008.

> "After an exhaustive discussion of the arguments for and against gun control, Justice BREYER arrives at his interest-balanced answer: Because handgun violence is a problem, because the law is limited to an urban area, and because there were somewhat similar restrictions in the founding period (a false proposition that we have already discussed), the interest-balancing inquiry results in the constitutionality of the handgun ban. QED.

To which the majority responded,

> "We know of no other enumerated constitutional right whose core protection has been subjected to a freestanding "interest-balancing" approach. The very enumeration of the right takes out of the hands of government—even the Third Branch of Government—the power to decide on a case-by-case basis whether the right is *really worth* insisting upon. A constitutional guarantee subject to future judges' assessments of its usefulness is no constitutional guarantee at all.
>
> Constitutional rights are enshrined with the scope they were understood to have when the people adopted them, whether or not future legislatures or (yes) even future judges think that scope too broad."

*Heller*, at 634–35 (emphasis supplied).

69. *Bruen* confirmed the unconditional rejection of balancing emotions related to criminal acts against individual rights.

> "Like that dissent in *Heller*, the real thrust of today's dissent is that guns are bad and that States and local jurisdictions should be free to restrict them essentially as they see fit. That argument was rejected in *Heller*, and while the dissent protests that it is not rearguing *Heller*, it proceeds to do just that. See post, at 2176 - 2178."

*Bruen*, at 2160–61.

70. Under this Nation's historical traditions – and this State's historical traditions - open carry is a Right covered by the Second Amendment and it *shall not be infringed*.

71. Exercising the right to carry handguns publicly for self-defense cannot, therefore, be punished by criminal penalties, including Penal Code sections 25850 and 26350. Non-prohibited individuals can no longer be punished for the 'mere possession' of a handgun for self-defense.

72. It is well-settled by a long line of decisions of the Supreme Court that an ordinance which, like this one, makes the peaceful enjoyment of freedoms which the Constitution guarantees contingent upon the uncontrolled will of an official—as by requiring a permit or license which may be granted or withheld in the discretion of such official—is an unconstitutional censorship or prior restraint upon the enjoyment of those freedoms. *Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 151 (1969) quoting, *Staub v. City of Baxley*, 355 U.S. 313, 322.

> "And our decisions have made clear that a person faced with such an unconstitutional licensing law may ignore it and engage with impunity in the exercise of the right of free expression for which the law purports to require a license."

*Id.* see also, *People v. Tony Diaz*, (Case No. 21FE019850, Sup. Ct. Sacramento) (sustaining demurrer of felony charges post-*Bruen* holding § 25850, which "subjects anyone in a public place carrying a loaded firearm on the person or in a vehicle to criminal prosecution… amounts to a total ban on public carry…cannot survive *Bruen*'s holding that public carry is presumptively legal." "As *Bruen* stated: The constitutional right to bear arms in public for self-defense is not a 'second-class right, subject to an entirely different body of rules than other Bill of Rights Guarantees'." (citation omitted).

73. An individual cannot be prosecuted for exercising a constitutionally protected right. *Id.*

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## DECLARATORY JUDGMENT ALLEGATIONS

74. There is an actual and present controversy between the parties.

75. Plaintiffs' Second and Fourteenth Amendment rights are being violated and will continue to be violated by the enforcement of (i) Penal Code section 25850 makes it illegal to carry a loaded firearm when he carries a loaded firearm on his person or in a vehicle while in any public place or on any public street in an incorporated city or in a prohibited area of unincorporated territory; and allows the police the unfettered ability to stop an individual to inspect their firearm to determine whether the firearm is or is not loaded; refusal to allow a peace officer to inspect a firearm constitutes probable cause for arrest; (ii) Penal Code section 26350 makes it illegal to openly carry an unloaded handgun for carrying upon his person an exposed and unloaded handgun outside a vehicle while in a public place or public street in an incorporated city or city and county, a public street in a prohibited area of an unincorporated area of a county or city and county, or a public place in a prohibited area of a county or city and county.

76. Penal Code sections 25850 and 26350 regulate conduct that is protected by the plain language of the Second Amendment.

77. Penal Code sections 25850 and 26350 have no historical analogue.

78. Plaintiffs seek a judicial declaration that Penal Codes sections 25850 and 26350 violate the Second and Fourteenth Amendments.

## INJUNCTIVE RELIEF ALLEGATIONS

79. Mr. Baird and Mr. Gallardo have a present intention to carry a handgun open and exposed for self-defense, loaded or unloaded, throughout the State of California including those areas that were not designated 'sensitive areas' prior to the enactment of the Mulford Act of 1967, today and every day for the remainder of their natural lives.

80. Plaintiffs intend to exercise the rights protected by the Second and Fourteenth Amendments without seeking permission from the government, including applying for and obtaining a license under California's licensing scheme under Penal Code sections 26150 and 26155.

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

81. Plaintiffs face imminent arrest, prosecution, fines, and other criminal penalties for carrying a handgun open and exposed, loaded or unloaded, in public without a license, as well as other civil penalties including loss of property (firearms).

82. Plaintiffs' conduct is protected by the plain language of the Second Amendment.

83. The burden is exclusively on Defendant to demonstrate that the challenged regulations are consistent with the Nation's historical tradition of firearm regulation. Only then may this Court conclude that Plaintiffs' conduct falls outside the Second Amendment's 'unqualified command.' *Bruen*, supra.

84. There is no historical analogue for the challenged regulations.

85. Plaintiffs are being continuously injured, in fact, and will continue to be injured by the violation of their preexisting rights protected by the Second and Fourteenth Amendments by Defendant's enforcement of Penal Code sections 25850 and 26350 for the open carriage of a handgun, whether loaded or unloaded, outside of their home, including those areas of California not designated 'sensitive areas' prior to the Mulford Act of 1967.

86. California's criminal statutes are inconsistent with the Nation's historical tradition of firearm regulation and should be temporarily and permanently enjoined.

87. Plaintiffs should not have to risk criminal prosecution in the exercise of their fundamental right to self-protection outside of the home.

## COUNT I

### Penal Code § 25850 Violates the Second and Fourteenth Amendments

88. Repeat and reallege paragraphs "1" through and including "87" as if set forth in their entirety herein.

89. Defendant's enforcement of Penal Code § 25850 against individuals for carrying a handgun open and exposed on their person violates the Second and Fourteenth Amendments. 42 U.S.C. § 1983.

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## COUNT II

### Penal Code § 26350 Violates the Second and Fourteenth Amendments

90. Repeat and reallege paragraphs "1" through and including "89" as if set forth in their entirety herein.

91. Defendant's enforcement of Penal Code § 26350 against individuals for carrying a handgun open and exposed on their person violates the Second and Fourteenth Amendments. 42 U.S.C. § 1983.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendant as follows:

- A judicial declaration that the enforcement of California Penal Code § 25850 against individuals for carrying a handgun open and exposed on their person throughout California violates the Second and Fourteenth Amendments;

- A judicial declaration that the enforcement of California Penal Code § 26350 against individuals for carrying a handgun open and exposed on their person throughout California violates the Second and Fourteenth Amendments;

- An order temporarily and permanently enjoining Defendant, his officers, agents, servants, employees, and all persons acting in concert with Defendant who receive actual notice of the injunction, from enforcing Penal Code sections 25850 and 26350 against individuals who carry a handgun open and exposed on their person throughout the State of California;

- Reasonable statutory attorney's fees, costs, and disbursements, under 42 U.S.C. § 1988 and any other applicable law; and

- Grant such further and alternative relief as the Court deems just and proper.

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Respectfully submitted,

Dated: September 26, 2022					THE BELLANTONI LAW FIRM, PLLC


						_____/s/ Amy L. Bellantoni, Esq._____
						Amy L. Bellantoni
						*Attorney for Plaintiffs*
						*Pro Hac Vice*
						Email: abell@bellantoni-law.com

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF