COSCA LAW CORPORATION
CHRIS COSCA SBN 144546
1007 7TH STREET, SUITE 210
SACRAMENTO, CA 95814
916-440-1010

AMY L. BELLANTONI
THE BELLANTONI LAW FIRM, PLLC
2 OVERHILL ROAD, SUITE 400
SCARSDALE, NY 10583
TELEPHONE: 914-367-0090
FACSIMILE: 888-763-9761
*PRO HAC VICE*

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK BAIRD and RICHARD GALLARDO,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,**<br><br>Defendants. | Case No. 2:19-cv-00617-KJM-AC<br><br>**THIRD AMENDED STATUS REPORT AND RULE 26(f) DISCOVERY PLAN**<br><br>Courtroom: 3<br>Judge: Hon. Kimberly J. Mueller<br>Action Filed: April 10, 2019 |

The parties to the above-entitled action jointly submit this THIRD AMENDED STATUS REPORT AND RULE 26(f) DISCOVERY PLAN in consideration of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, No. 20-843, 2022 WL 2251305 (U.S. June 23, 2022).

A. <u>Summary of Claims and Legal Theories</u>

*Plaintiffs' Statement:*

Plaintiffs continue to seek injunctive and declaratory relief in their challenge to Defendant's enforcement of California's pistol licensing scheme as it relates to the open carriage of handguns, loaded and unloaded, and the criminal penalties associated with the same. The statutes challenged in this action are California Penal Codes §§ 25850, and 26150.

The Supreme Court's decision in *Bruen*, reiterated the scope of the Second Amendment as defined through text and history in *Heller* and confirmed in *McDonald*. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, No. 20-843, 2022 WL 2251305 (U.S. June 23, 2022), abrogating *Young v. Hawaii*, 992 F.3d 765; *Gould v. Morgan*, 907 F.3d 659; *Drake v. Filko*, 724 F.3d 426; *Kachalsky v. County of Westchester*, 701 F.3d 81; *U.S. v. Masciandaro*, 638 F.3d 458, as well as Cal. Penal Code § 26150; Haw. Rev. Stat. § 134-2; Md.Code Ann., Public Safety § 5-306(a)(6)(ii); Mass. Gen. Laws Ann. ch. 140, § 131(d); N.J. Stat. Ann. § 2C:58-4(c); N.Y. Penal Law § 400.00(2)(f); and D.C. Code §§ 7-2509.11(1), 22-4506(a).

Specifically, the Court reaffirmed that the "core" right protected by the Second Amendment is the individual right to "self-defense" [*Bruen*, at *7 ("In *Heller* and *McDonald*, we held that the Second and Fourteenth Amendments protect an individual right to keep and bear arms for self-defense."] and that "the Second Amendment guarantees 'an individual right to possess and carry weapons in case of confrontation,' *id.*, at 592, 128 S.Ct. 2783, and confrontation can surely take place outside the home." *Bruen*, at *2, citing, *D.C. v. Heller*, 554 U.S. 570, 592 (2008).

The Court rejected the analytical framework applied in the Ninth Circuit, among others, to for analyzing Second Amendment challenges. "In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the

individual's conduct falls outside the Second Amendment's "unqualified command."*Bruen*, at *7 citing, *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10, (1961).

The Ninth Circuit has declared that "concealed carry" is not a right protected by the Second Amendment. See, *Peruta v. Becerra*, 824 F.3d 919 (9th Cir. 2016) (Second Amendment right to keep and bear arms does not include, in any degree, right of member of general public to carry concealed firearms in public). Because concealed carry remains a 'privilege' in the Ninth Circuit, the guaranteed right protected by the Second Amendment remains open carry.

Viewing the plain text of the Second Amendment, and America's rich history and tradition of the free exercise of the right to open carry, the challenged statutes cannot withstand constitutional muster; there is no historical tradition of requiring a license for, criminalizing, banning, or otherwise requiring individuals to seek any permission from the government to exercise the right to possess and open carry firearms in public, nor was open carry restricted by population size or county.

*Defendant's Statement:*

Plaintiffs Mark Baird and Richard Gallardo allege in their Second Amended Complaint that California's law "requiring a license or other permission to open carry a handgun outside of one's home for self-defense" violates the Second and Fourteenth Amendments. ECF No. 68 at 6. Specifically, Plaintiffs challenge the constitutionality of California Penal Code sections 26350 and 25850. Section 26350 prohibits a person from "openly carrying an unloaded handgun" outside or inside a vehicle in public places. Cal. Penal Code § 26350(a)(1), (a)(2). Section 25850 prohibits a person from "carrying a loaded firearm" outside or inside in public places, and, "for purposes of enforcing this section," allows peace officers to examine a firearm "to determine whether or not [the] firearm is loaded." Cal. Penal Code § 25850(a), (b). Plaintiffs acknowledge the existence of California's licensing scheme for public carry. Plaintiffs allege, however, that each of them "has a present intention to carry a handgun open and exposed for self-defense, loaded or unloaded, throughout the State of California, today and every day for the remainder of his natural life," and that each "intends to exercise his rights protected by the Second and Fourteenth Amendments without seeking permission from the government, including applying for

and obtaining a license under California's licensing scheme, Penal Code section 26150 and 26155." ECF No. 68 at 5-6. Accordingly, Plaintiffs do not challenge any particular aspects of California's licensing scheme.

Defendant denies liability on grounds that licensing requirements and regulations on the manner of public carry are "consistent with the Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111, 2129-2130 (2022).

B.   Status of Service

Service of process has been completed upon the named defendant.

C.   Joinder of Additional Parties

No additional parties are contemplated to be joined at this time.

D.   Amendments to the Pleadings

Plaintiffs filed the Second Amended Complaint on September 27, 2022. ECF No. 68. The parties stipulated to, and have requested a Court order granting, an extension of time from October 11, 2022, to November 1, 2022, for Defendant to answer the Second Amended Complaint. ECF No. 71.

Plaintiffs reserve their right to otherwise amend their pleadings as justice so requires.

Going forward, Defendant sees no reason to depart from the normal rule prohibiting any joinder of parties or amendments to pleadings without leave of court, good cause having been shown. See Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604 (9th Cir. 1992).

E.   Statutory Basis for Jurisdiction and Venue

Plaintiffs contend that this court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 (action arising under the laws of the United States), 28 U.S.C. § 1343 (original jurisdiction over actions seeking the protection of civil rights), 28 U.S.C. § 1361 (action to compel officer or agency to perform duty owed to Plaintiffs), 28 U.S.C. § 2201, §2202 (declaratory judgment remedies), 42 U.S.C. § 1983 (civil action for deprivation of rights) 42 U.S.C. §1988

(attorney's fees).

Plaintiffs further contend that venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to the plaintiffs' claims occurred in this district, to wit, Shasta County and Siskiyou County.

Defendants do not intend to contest Plaintiffs' lawsuit on grounds that the Court lacks jurisdiction or that venue is improper.

F. <u>Scheduling of Anticipated Discovery</u>

*Plaintiffs' Statement:*

Fact and expert discovery are complete. A schedule for summary judgment motions was set by the Court. After Defendant filed a motion for summary judgment, the parties filed a stipulation to stay the action pending the *Bruen* decision, which was So Ordered by the Court, and lifted on July 7, 2022. Plaintiffs filed a Second Amended Complaint, which narrowed their claims.

Defendant's request to reopen discovery to 'search' for historical information – further delaying an adjudication of Plaintiffs' claims – should be denied, as it lacks a good faith basis and will substantially prejudice Plaintiffs. The historical traditions of open carry have been at the center of this case since its inception three years ago. Plaintiffs submitted reports and declarations from their historical expert on open carry, Clayton Cramer; Mr. Cramer was deposed, and Defendant had a full and fair opportunity to retain its own historical expert(s) on the subject.

Defendant "compiled the historical record" for 3 years, culminating in his motion for summary judgment on 11/19/2021, which contains pages of historical references and arguments against Plaintiffs' open carry claims. [Dkt. 56-1]. Lack of diligence should not cause further delay.

The Supreme Court defined the narrowly drawn historical time-period relevant to a court's determination under the *Bruen* test – between 1791 and 1868. *Bruen*, 142 S. Ct. at 2119. ("Historical evidence that long predates or postdates either time may not illuminate the scope of the right."). Defendant's summary judgment motion addresses that very time-period. *Heller* also discussed historical traditions related to open carry and concealed carry. National history notwithstanding, no amount of historical research will alter the fact that California's own traditions and history

5

conclusively demonstrate that open carry was freely exercised until very modern times – 1967 (loaded) and 2012 (unloaded).

Plaintiffs oppose the request. Further delay will cause them substantial prejudice, there is no good faith justification for Defendant's request, and reopening discovery will not lead to new and relevant evidence.

*Defendant's Statement:*

The parties previously completed a round of fact and expert discovery and Defendant filed a motion for summary judgment on November 19, 2021. ECF No. 56. On December 2, 2021, however, pursuant to a stipulation by the parties, this Court stayed this matter pending the Supreme Court's decision in *Bruen*. This Court lifted the stay on July 7, 2022.

The Court's decision in *Bruen* fundamentally altered the legal standard for evaluating Second Amendment challenges to firearm regulations. The Court rejected the familiar "two-step test" that the Ninth Circuit and most other federal courts had long applied to Second Amendment challenges to firearm regulations and held that *District of Columbia v. Heller*, 553 U.S. 570 (2008), "demands a test rooted in the Second Amendment's text, as informed by history." *Bruen*, 142 S. Ct. at 2127. Under the "text-and-history standard" announced and applied in *Bruen*, courts must first determine whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 2130. If it does, courts are then tasked with determining whether the regulation in question "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129-2130.

Compiling the historical record required by *Bruen* is no easy task. It must be undertaken by trained historians through painstaking efforts just to identify the sources available to answer a particular historical inquiry. *See* Declaration of Zachary Schrag, *Miller v. Becerra*, No. 3:19-cv-1537-BEN-JLB (S.D. Cal. Aug. 29, 2022), ECF No. 129-1 at 2-5. Even identifying which sources are available does not necessarily mean that those sources are available to be accessed, read, and analyzed. *Id*. at 5-10. Once those sources are accessed, the process of putting together findings is also incredibly time consuming, comprising potentially hundreds or even thousands of hours depending on the inquiry. *Id*. at 10-12.

Accordingly, in light of the allegations in the Second Amended Complaint, and due to the dramatic change in law effected by *Bruen*, Defendant requires adequate time to consult further with one or more experts. Defendant does not anticipate further fact discovery. Defendant proposes the following discovery schedule:

- Expert reports due: Five months after the Court issues its pretrial scheduling order in response to this report.
- Expert rebuttal reports due: Six months after the Court issues its pretrial scheduling order in response to this report.
- Expert sur-rebuttal reports due: Seven months after the Court issues its pretrial scheduling order in response to this report.
- Expert discovery cut-off: Eight months after the Court issues its pretrial scheduling order in response to this report.

G. <u>Dispositive Motions</u>

*Plaintiffs' Proposed Schedule*

Plaintiffs request that the Court set a schedule for a motion and cross-motion for summary judgment as follows:

- Defendant's Motion for Summary Judgment to be filed within 30 days of the filing of Defendant's Answer to the Second Amended Complaint; Plaintiffs' Cross-Motion for Summary Judgment and Opposition within 30 days; Defendant's Reply and Opposition within 14 days; and Plaintiff's Reply 14 days thereafter.

*Defendant's Proposed Schedule:*

Defendant proposes that a motion for judgment on the pleadings or motion for summary judgment be due ten months after the Court issues its pretrial scheduling order in response to this report.

Third Amended Status Report and Rule 26(f) Discovery Plan

      H.     <u>Anticipated Limitations on Use of Testimony</u>

At this time, the parties have not identified such limitations.

      I.     <u>Final Pre-trial Conference</u>

The parties propose scheduling a pre-trial conference two months after the Court issues a ruling on the parties' motions for summary judgment.

      J.     <u>Proposed Date for Trial</u>

*Plaintiff's Position:*

Plaintiffs contend that the issues to be resolved herein are questions of law.

*Defendant's Position:*

A date for trial is dependent upon the date by which the Court's decision on the parties' dispositive motions are rendered. Defendant estimates that a bench trial will take approximately three days.

      K.     <u>Special Proceedings</u>

The parties have not agreed to proceed before a Magistrate Judge.

      L.     <u>Modification of Pre-Trial Procedures</u>

At this time, the parties do not anticipate a modification of the pre-trial procedures.

      M.     <u>Related Cases in the District</u>

The parties are not aware of any related cases in this district.

      N.     <u>Settlement Proceedings</u>

The parties have met and conferred about their respective positions but do not expect that a settlement will be reached. The parties have no objection to the Court acting as the settlement judge.

O. <u>Other Matters Conducive to an Expeditious Disposition of the Case</u>

The parties are not aware of any other matters that may be conducive to an expeditious disposition of the case.

Dated: October 7, 2022       Respectfully Submitted,

<u>/s/ *Amy L. Bellantoni*</u>
Amy L. Bellantoni, Esq., *Pro Hac Vice*
*Attorney for Plaintiffs*
The Bellantoni Law Firm, PLLC
2 Overhill Road, Suite 400
Scarsdale, New York 10583
Telephone: (914) 367-0090
Fax: (888) 763-9761
abell@bellantoni-law.com

Dated:  October 7, 2022       Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General

<u>/s/ *Ryan Davis*</u>
RYAN DAVIS
Deputy Attorney General
*Attorneys for Defendant Attorney General Rob Bonta*