UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Baird and Richard Gallardo, | No. 2:19-cv-00617-KJM-AC |
| Plaintiffs, | ORDER |
| v. | |
| Rob Bonda, et al., | |
| Defendants. | |

At hearing on the pending motion for a preliminary injunction, the court issued a further Rule 16 scheduling order from the bench. Mins., ECF No. 77. The court reopened discovery on its own motion, setting a new deadline for fact discovery in May 2023, expert disclosures and depositions between June and August 2023, and dispositive motion hearings in September 2023. *Id.* The court permitted objections within fourteen days. *Id.* Plaintiffs filed objections; the state did not. *See* Objs., ECF No. 81. In general, plaintiffs argue a revised schedule is unnecessary and prejudicial because the relevant circumstances and law have not changed since the previous expert discovery deadline passed in November 2021. *See generally id.*; *see also* Stip. & Order, ECF No. 55.

Since November 2021, however, plaintiffs further amended their complaint, refocusing their claims on two sections of the California Penal Code. ECF No. 68. The Supreme Court also issued its decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111,

1

2132 (2022). In *Bruen*, the Supreme Court "decline[d] to adopt [the] two-part approach" the federal courts of appeals, including the Ninth Circuit, had been using. *Id.* at 2126. The Court adopted a new test based on "historical tradition." *Id.* Under this new test, district courts must "assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *See id.* at 2131. The Court did not "provide an exhaustive survey of the features that render regulations relevantly similar under the Second Amendment," but it offered some guidance for the "analogical" exercise it outlined for the first time in that case. *Id.* at 2132–34.

The court declines to confine the parties to the factual record and expert opinions they assembled while working with a different complaint and a different legal test. If plaintiffs believe all relevant facts are undisputed and they are entitled to judgment as a matter of law, the scheduling order does not bar them from seeking summary judgment before the September 2023 hearing deadline. If the state pursues "unreasonably cumulative or duplicative" discovery, plaintiffs may seek an order from the assigned Magistrate Judge under Federal Rule of Civil Procedure 26(b)(2)(C)(i); *see also* E.D. Cal. L.R. 302(c)(1) (referring discovery motions to magistrate judges). And under Rule 65, plaintiffs may move for a preliminary injunction to avoid irreparable harms while the case is pending, as they have already done. The court will issue its order in response to that motion as soon as possible now.

The objections at ECF No. 81 are **overruled**.

IT IS SO ORDERED.

DATED: November 22, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE