CHRIS COSCA   SBN 144546
COSCA LAW CORPORATION
1007 7th Street, Suite 210
Sacramento, CA 95814
916-440-1010

AMY L. BELLANTONI
THE BELLANTONI LAW FIRM, PLLC
2 Overhill Road, Suite 400
Scarsdale, NY 10583
(914) 367-0090
*Pro Hac Vice*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAIRD and RICHARD GALLARDO,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,<br><br>Defendants. | Case No. 2:19-CV-00617-KJM-AC<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF FACTS AND PLAINTIFFS' COUNTERSTATEMENT ISO CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**[Fed. R. Civ. P. 56, Local Rule 260(b)]**<br><br>Date:           November 3, 2023<br>Time:          10:00 a.m.<br>Courtroom:  3<br>Judge:         Hon. Kimberly J. Mueller<br>Trial Date:   None set<br>Action Filed: April 9, 2019 |

1

Plaintiffs' Response to Defendant's Statement of Facts and Plaintiffs' Counterstatement in Support of Plaintiffs' Cross-Motion for Summary Judgment
(2:19-cv-00617-KJM-AC)

## PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF FACTS

Plaintiffs submit the following responses to the defendant's statement of undisputed facts and in opposition to the State's motion for summary judgment pursuant to Federal Rule of Civil Practice 56 and Local Rule 260(b).

| No. | Defendant's Statement of Fact With Citation | Plaintiffs' Response With Citation |
|---|---|---|
| 1 | On June 24, 2022, the California Attorney General issued Legal Alert No. OAG-2022-02, which stated that *Bruen* "makes clear that the 'good cause' requirements such as those in California Penal Code sections 26150(a)(2) and 26155(a)(2) are inconsistent with the Second and Fourteenth Amendments. Under the Supremacy Clause of the United States Constitution, state and local officials must comply with clearly established federal law." Declaration of Lara Haddad [Haddad Decl.], Ex. 1, pp. 1-2. | **Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial to whether the State met its burden under the *Bruen* test of proving that the challenged government conduct – criminalizing the open carriage of a handgun for self-defense – is consistent with the plain text of the Second Amendment, and this Nation's history and tradition of firearm regulation. *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2126 (2022). **Denied as to form; Admit in part**, that state and local officials must comply with clearly established federal law. |
| 2 | Plaintiff Mark Baird has a license, issued by the Siskyou County Sheriff, to carry a concealed firearm. Haddad Decl., Ex. 2 [Portion of Deposition of Mark Baird], p. 14. | **Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The |

2

| | | | |
|---|---|---|---|
| | | | cited fact is irrelevant and immaterial to whether the State met its burden under the *Bruen* test of proving that the challenged government conduct – criminalizing the open carriage of a handgun for self-defense – is consistent with the plain text of the Second Amendment, and this Nation's history and tradition of firearm regulation. *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2126 (2022).<br>**Without waiving the stated objection, DENIED.** Declaration of Mark Baird ["Baird Dec."] at ¶7. |
| | 3 | Plaintiff Mark Baird is seeking "the unpermitted and unrestricted open carry of a loaded firearm in the state of California." Haddad Decl., Ex. 2 [Portion of Deposition of Mark Baird], p. 16. | **ADMIT.** |
| | 4 | Plaintiff Mark Baird lives in Siskiyou County. Second Amended Complaint [SAC], ¶ 13. | **ADMIT.** |
| | 5 | Siskiyou County is a county with fewer than 200,000 people residing there. Haddad Decl., Ex. 3 [Portion of Deposition of Richard Gallardo], pp. 15, 27. | **ADMIT.** |
| | 6 | Plaintiff Richard Gallardo has testified that he is authorized to carry a concealed firearm within California because of his status as a retired military police officer under the federal Law Enforcement Officers Safety Act. Haddad Decl., Ex. 3 [Portion of Deposition of Richard Gallardo], pp. 15, 27. | **Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial to whether the State met its burden under the *Bruen* test of proving that the challenged government conduct – criminalizing the open carriage of a handgun for self-defense – is consistent with the plain text of |

3

Plaintiffs' Response to Defendant's Statement of Undisputed Facts and Plaintiffs' Counterstatement in support of Plaintiffs' Cross-Motion for Summary Judgment
(2:19-cv-00617-KJM-AC)

| | | |
|---|---|---|
| | | the Second Amendment, and this Nation's history and tradition of firearm regulation. *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2126 (2022). Without waiving the stated objection, see, Declaration of Richard Gallardo ["Gallardo Dec."] at ¶ 12. |
| 7 | Plaintiff Richard Gallardo has testified that he can carry his firearm concealed even though he previously had a license to carry a concealed firearm revoked in 2019 for unlawfully bringing a firearm on state property and displaying it to coworkers. Haddad Decl., Ex. 3 [Portion of Deposition of Richard Gallardo], p. 17. | **Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial to whether the State met its burden under the *Bruen* test of proving that the challenged government conduct – criminalizing the open carriage of a handgun for self-defense – is consistent with the plain text of the Second Amendment, and this Nation's history and tradition of firearm regulation. *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2126 (2022).<br><br>**Without waiving the stated objection, DENIED.** The defendant's statement is false and otherwise misleading. The testimony cited does not indicate that Mr. Gallardo's actions were 'unlawful,' rather, it provides that Mr. Gallardo acted in accordance with California State law, possessed his firearm in his vehicle, and showed it to a co-worker who was considering applying for a concealed carry license, and at his co-worker's |

4

| | | |
|---|---|---|
| | | request. See, portions of the Deposition Transcript of Richard Gallardo attached to the Bellantoni Dec. as Ex. 5 at pp. 19-20; 38. |
| 8 | Plaintiff Richard Gallardo is seeking "the ability to open carry without government permission." Haddad Decl., Ex. 3 [Portion of Deposition of Richard Gallardo], p. 29. | **ADMIT.** |
| 9 | Plaintiff Richard Gallardo lives in Shasta County. SAC, ¶ 14. | **ADMIT.** |
| 10 | Shasta County is a county with fewer than 200,000 people residing there. SAC, ¶ 14. | **ADMIT.** |

## PLAINTIFFS' COUNTERSTATEMENT OF FACTS IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiffs submit the following Counterstatement in support of Plaintiffs' Cross-Motion for Summary Judgment pursuant to Federal Rule of Civil Practice 56 and Local Rule 260(b).

| No. | Plaintiffs' Statement of Material Fact[1] | Citation |
|---|---|---|
| 11 | Mark Baird is a resident of Siskiyou, California, which has a population less than 200,000. | Baird Dec. at ¶2 |
| 12 | Richard Gallardo is a resident of Shasta, California, which has a population less than 200,000. | Gallardo Dec. at ¶2 |
| 13 | Mark Baird and Richard Gallardo have no disqualifiers to the possession, transfer, receipt, or sale of firearms under state or federal law | Baird Dec. at ¶3; Gallardo Dec. at ¶3. |
| 14 | Mark Baird and Richard Gallardo seek to carry a handgun open and exposed on their person for self-defense, whether loaded or unloaded, throughout the State of California for self-defense. | Baird Dec. at ¶5, Gallardo Dec. at ¶5 |

---

[1] Plaintiffs incorporate by reference those statements contained in the defendant's Statement of Facts to which Plaintiffs have responded "Admit."

5

Plaintiffs' Response to Defendant's Statement of Undisputed Facts and Plaintiffs' Counterstatement in support of Plaintiffs' Cross-Motion for Summary Judgment
(2:19-cv-00617-KJM-AC)

| 15 | Prior to the passage of the Mulford Act of 1967, it was lawful throughout the State of California to carry a loaded handgun for self-defense. | Baird Dec. ¶¶11-13. |
|---|---|---|
| 16 | After the passage of the Mulford Act of 1967, it remained lawful to open carry an unloaded handgun for self-defense throughout the State of California. | Baird Dec. ¶¶11-13; Penal Code 25850. |
| 17 | In 2012, it became a crime in California to carry an unloaded handgun open and exposed in public for self-defense. | Baird Dec. ¶14; Penal Code 26350. |
| 18 | Mark Baird and Richard Gallardo do not fall into any of the exceptions to criminal sanctions under Penal Code sections 25850 and/or 26350. | Baird Dec. ¶7; Gallardo Dec. at ¶6. |
| 19 | Neither Mark Baird nor Richard Gallardo holds a concealed carry license in the State of California. | Baird Dec. ¶7; Gallardo Dec. at ¶6 |
| 20 | Mark Baird and Richard Gallardo attempted to obtain an open carry license in their counties, but there is no process for applying for or obtaining an open carry license. | Baird Dec. ¶8; Gallardo Dec. at ¶7 |
| 21 | Since the passage of Penal Code 26350, no open carry licenses have been issued in California. | Baird Dec. ¶9; Gallardo Dec. at ¶8 |
| 22 | Throughout the course of this litigation, Defendant has presented no evidence that any open carry license has been issued in California since 2012. | Baird Dec. ¶9; Gallardo Dec. at ¶8 |
| 23 | Even if open carry licenses were issued in California, the license would only be valid within the county of issuance under the State's licensing scheme. | Baird Dec. ¶10; Gallardo Dec. at ¶9 |
| 24 | Mark Baird and Richard Gallardo should not have to apply for and obtain a discretionary license before being able to exercise the right to open carry a handgun for self-defense (bear arms). | Baird Dec. ¶¶15-19; Gallardo Dec. at ¶¶10-13 |
| 27 | If Mark Baird and Richard Gallardo carry a handgun open and exposed on their person for self-defense in California, whether loaded or unloaded, they will be arrested and suffer criminal sanctions under Penal Code sections 25850 and 26350. | Baird Dec. ¶6; Gallardo Dec. at ¶5 |

Dated: September 29, 2023

Respectfully submitted,
THE BELLANTONI LAW FIRM, PLLC

 /s/ Amy L. Bellantoni
Amy L. Bellantoni, Esq.
*Counsel for Plaintiffs*
*Pro Hac Vice*
abell@bellantoni-law.com

6

Plaintiffs' Response to Defendant's Statement of Undisputed Facts and Plaintiffs' Counterstatement in support of Plaintiffs' Cross-Motion for Summary Judgment
(2:19-cv-00617-KJM-AC)