CHRIS COSCA   SBN 144546
COSCA LAW CORPORATION
1007 7th Street, Suite 210
Sacramento, CA 95814
916-440-1010

AMY L. BELLANTONI
THE BELLANTONI LAW FIRM, PLLC
2 Overhill Road, Suite 400
Scarsdale, NY 10583
914-367-0090
*Pro Hac Vice*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAIRD and RICHARD GALLARDO, <br><br> Plaintiffs, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of the State of California, <br><br> Defendants. | Case No.  2:19-cv-00617-KJM-AC <br><br> **DECLARATION OF MARK BAIRD IN OPPOSITION TO DEFENDANT'S MOTION, AND ISO PLAINTIFFS' CROSS-MOTION, FOR SUMMARY JUDGMENT** <br><br> Date:    November 3, 2023 <br> Time:    10:00 a.m. <br> Room:   3 <br> Judge:   Hon. Kimberly J. Mueller |

**DECLARATION OF MARK BAIRD**

1.      I, Mark Baird, am a plaintiff in the above-captioned matter. I submit this Declaration in support of the plaintiffs' motion for a preliminary injunction to enjoin California Penal Codes §§ 25850 and 26350 and their enforcement by Defendant Bonta, his officers, agents, servants, employees, and all persons acting in concert with him who receive actual notice of the injunction. I make this declaration of my own personal knowledge and, if called as a witness, I

1

could and would testify competently to the truth of the matters set forth herein.

2. I am over the age of 18 and a resident of Siskiyou County, California, located in the Eastern District of California. Siskiyou County has a population of less than 200,000.

3. I am not prohibited from possessing, purchasing, receiving, or transferring firearms under state or federal law.

4. I possess firearms in my home for self-defense, which does not require a license or any other government permission under the California Penal Code.

5. I intend to carry a firearm open and exposed on my person ("open carry"), loaded, or unloaded, for self-defense outside of my home and throughout California.

6. While the right to carry a handgun for self-defense outside of one's home is presumptively protected by the Second and Fourteenth Amendments, under California Penal Code sections 25850 and 26350, I face arrest, prosecution, incarceration up to one year, fines up to $1,000, and other criminal penalties simply for exercising the rights protected by the Second and Fourteenth Amendments.

7. I do not presently hold a California concealed carry handgun license, and I do not fall within any of the exemptions to those sections of the California Penal Code that criminalize the possession of firearms, including Penal Code sections 25850 and 26350.

8. I do not hold an open carry license in California, and there is no process for obtaining an open carry license in California. On more than one occasion, I have tried to apply for an open carry license in Siskiyou County, but the only application form published by Defendant's California Department of Justice ("DOJ") is for obtaining a concealed carry license. Under State law, licensing officers cannot use any licensing form other than that published by the DOJ, there is no Open Carry license application available from the DOJ and, even if there were an Open

Carry application, no Open Carry licenses are issued anywhere in California. I was previously advised by the licensing authority in my county that no Open Carry licenses will be issued.

9.  Between 2012 and the present date, no Open Carry license have been issued in California. Defendant/the State have produced no evidence that any Open Carry license has ever been issued in California.

10. Even if I were issued an Open Carry License, under California law such a license would only be valid in the county of issuance. Once I stepped over the county line, I would be guilty of a crime under Penal Code sections 25850 and/or 26350.

11. Peaceable Open Carry in California was lawful prior to its becoming a state in 1850 and remained lawful until 1968; its practice was largely unremarkable.

12. Motivated by racial animus, California criminalized the open carriage of a loaded handgun with the passage of the Mulford Act in 1967. See, California Penal Code § 25850. From that point on, to lawfully carry a loaded handgun the people were required to apply to the government for a license, which could be granted or denied at the discretion of a government employee.

13. Despite the enactment of Penal Code section 25850, it remained legal to Open Carry handguns on one's person – unloaded - with the ammunition in close proximity to use for self-defense, if necessary.

14. But in 2012, an absolute ban on Open Carry was instituted with the passage of Penal Code section 26350, which criminalized the open carriage of unloaded handguns.

15. Criminalizing the peaceable open carriage of a handgun for self-defense is repugnant to the plain text of the Second Amendment, which declares that "the right to keep and bear Arms shall not be infringed."

3

16. There is no historical analogue whereby criminal sanctions were imposed for one's peaceable carriage of handguns outside the home — whether loaded or unloaded. Nor is there any historical analogue whereby the citizenry was required to seek and obtain permission from the government in order to lawfully possess and/or carry weapons, including firearms, for self-defense.

17. As the Supreme Court recognized in *Bruen*, when post-ratification regulations conflict with the plain text of the Second Amendment, "the text controls." *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2137 (2022).

18. I am suffering, and will continue to suffer actual and concrete constitutional harms by the ongoing violation of conduct presumptively protected by the Second and Fourteenth Amendments – the guaranteed individual right to bear arms for self-defense – my exercise of which will subject me to criminal penalties under Penal Code sections 25850 and 26350.

19. Based on the continuing violation of my constitutional rights, and the State's failure to identify an historical analogue to the challenged regulations, summary judgment in favor of Plaintiffs is required under the Second and Fourteenth Amendments and Supreme Court precedent, as is the permanent injunction of the enforcement of California Penal Code sections 25850 and 26350 by defendant Rob Bonta, his successors, officers, agents, servants, employees, and all persons acting in concert with him who receive actual notice of the injunction, against individuals who peaceably carry a handgun open and exposed, loaded or unloaded, for self-defense.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 28, 2023

_____
Mark Baird

4