ROB BONTA, State Bar No. 202668
Attorney General of California
MARK R. BECKINGTON, State Bar No. 126009
Supervising Deputy Attorney General
LARA HADDAD, State Bar No. 319630
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone: (213) 269-6250
 Fax: (916) 731-2124
 E-mail:  Lara.Haddad@doj.ca.gov
*Attorneys for Defendant Rob Bonta in his official capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK BAIRD and RICHARD GALLARDO,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,**<br><br>Defendants. | 2:19-cv-00617-KJM-AC<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S OBJECTIONS AND SEPARATE STATEMENT OF ADDITIONAL UNDISPUTED FACTS; DEFENDANT'S SUPPLEMENTAL UNDISPUTED FACTS**<br><br>Date:        November 3, 2023<br>Time:        10:00 a.m.<br>Courtroom:   3<br>Judge:       Hon. Kimberly J. Mueller<br>Trial Date:  None set.<br>Action Filed: April 10, 2019 |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S OBJECTIONS AND STATEMENT OF ADDITIONAL UNDISPUTED FACTS; DEFENDANT'S SUPPLEMENTAL UNDISPUTED FACTS**

Under Local Rule 260(b), Defendant Rob Bonta, in his official capacity as Attorney General of the State of California, submits the following responses to Plaintiffs' objections; responses to Plaintiffs' separate statement of undisputed facts; and supplemental undisputed facts, together with references to supporting evidence, in support of his opposition to Plaintiffs' motion for summary judgment.

**I.   DEFENDANT'S RESPONSES TO PLAINTIFFS' OBJECTIONS**

| No. | Defendant's Statement of Fact With Citation | Plaintiffs' Response With Citation | Defendant's Response to Plaintiffs' Objections |
|---|---|---|---|
| 1 | On June 24, 2022, the California Attorney General issued Legal Alert No. OAG-2022-02, which stated that *Bruen* "makes clear that the 'good cause' requirements such as those in California Penal Code sections 26150(a)(2) and 26155(a)(2) are inconsistent with the Second and Fourteenth Amendments. Under the Supremacy Clause of the United States Constitution, state and local officials must comply with clearly established federal law."<br>Declaration of Lara Haddad [Haddad Decl.], Ex. 1, pp. 1-2. | **Objection and move to strike**. Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial to whether the State met its burden under the *Bruen* test of proving that the challenged government conduct—criminalizing the open carriage of a handgun for self-defense—is consistent with the plain text of the Second Amendment, and this Nation's history and tradition of firearm regulation. *NYSRPA v. Bruen*, 142 S. Ct. 2111, 2126 (2022). **Denied as to form; Admit in part**, that state and local officials must comply with clearly established federal law. | **Response to Objection**: The cited fact is relevant to the Court's Second Amendment analysis. *See Bruen*, 142 S. Ct. at 2150 ("States could lawfully eliminate one kind of public carry" so long as they left open an option). |
| 2 | Plaintiff Mark Baird has a | **Objection and move to** | **Response to Objection**: |

2

| | | | | |
|---|---|---|---|---|
| | | license, issued by the Siskyou County Sheriff, to carry a concealed firearm.<br><br>Haddad Decl., Ex. 2 [Portion of Deposition of Mark Baird], p. 14. | **strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial to whether the State met its burden under the *Bruen* test of proving that the challenged government conduct—criminalizing the open carriage of a handgun for self-defense—is consistent with the plain text of the Second Amendment, and this Nation's history and tradition of firearm regulation. *NYSRPA v. Bruen*, 142 S. Ct. 2111, 2126 (2022). **Without waiving the stated objection, DENIED.** Declaration of Mark Baird ["Baird Dec."] at ¶ 7. | The cited fact is relevant to the Court's Second Amendment analysis. *See Bruen*, 142 S. Ct. at 2150 ("States could lawfully eliminate one kind of public carry" so long as they left open an option). |
| | 3 | Plaintiff Mark Baird is seeking "the unpermitted and unrestricted open carry of a loaded firearm in the state of California." Haddad Decl., Ex. 2 [Portion of Deposition of Mark Baird], p. 16. | **Admit.** | |
| | 4 | Plaintiff Mark Baird lives in Siskiyou County. Second Amended Complaint [SAC], ¶ 13. | **Admit.** | |
| | 5 | Siskiyou County is a county with fewer than 200,000 people residing there. SAC, ¶ 13. | **Admit.** | |
| | 6 | Plaintiff Richard Gallardo has testified that he is | **Objection and move to strike.** Only facts affecting | **Response to Objection**: The cited fact is |

| | | | |
|---|---|---|---|
| | authorized to carry a concealed firearm within California because of his status as a retired military police officer under the federal Law Enforcement Officers Safety Act. Haddad Decl., Ex. 3 [Portion of Deposition of Richard Gallardo], pp. 15, 27. | the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial to whether the State met its burden under the *Bruen* test of proving that the challenged government conduct— criminalizing the open carriage of a handgun for self-defense—is consistent with the plain text of the Second Amendment, and this Nation's history and tradition of firearm regulation. *NYSRPA v. Bruen*, 142 S. Ct. 2111, 2126 (2022). Without waiving the stated objection, see, Declaration of Richard Gallardo ["Gallardo Dec."] at ¶ 12. | relevant to the Court's Second Amendment analysis. *See Bruen*, 142 S. Ct. at 2150 ("States could lawfully eliminate one kind of public carry" so long as they left open an option).<br><br>Plaintiffs do not appear to deny the stated fact. |
| 7 | Plaintiff Richard Gallardo has testified that he can carry his firearm concealed even though he previously had a license to carry a concealed firearm revoked in 2019 for unlawfully bringing a firearm on state property and displaying it to coworkers. Haddad Decl., Ex. 3 [Portion of Deposition of Richard Gallardo], p. 17. | **Objection and move to strike**. Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial to whether the State met its burden under the *Bruen* test of proving that the challenged government conduct— criminalizing the open carriage of a handgun for self-defense—is consistent with the plain text of the Second | **Response to Objection**: The cited fact is relevant to the Court's Second Amendment analysis. *See Bruen*, 142 S. Ct. at 2150 ("States could lawfully eliminate one kind of public carry" so long as they left open an option). |

| | | | |
|---|---|---|---|
| | | Amendment, and this Nation's history and tradition of firearm regulation. *NYSRPA v. Bruen*, 142 S. Ct. 2111, 2126 (2022).<br><br>**Without waiving the stated objection, DENIED**. The defendant's statement is false and otherwise misleading. The testimony cited does not indicate that Mr. Gallardo's actions were 'unlawful,' rather, it provides that Mr. Gallardo acted in accordance with California State law, possessed his firearm in his vehicle, and showed it to a coworker who was considering applying for a concealed carry license, and at his co-worker's request. See, portions of the Deposition Transcript of Richard Gallardo attached to the Bellantoni Dec. as Ex. 5 at pp. 19-20; 38. | |
| 8 | Plaintiff Richard Gallardo is seeking "the ability to open carry without government permission."<br>Haddad Decl., Ex. 3 [Portion of Deposition of Richard Gallardo], p. 29. | **Admit.** | |
| 9 | Plaintiff Richard Gallardo lives in Shasta County.<br>SAC, ¶ 14. | **Admit.** | |
| 10 | Shasta County is a county with fewer than 200,000 people residing there.<br>SAC, ¶ 14. | **Admit.** | |

II. **DEFENDANT'S RESPONSES TO PLAINTIFFS' COUNTERSTATEMENT OF FACTS**

| No. | Plaintiffs' Counterstatement of Facts In Support of Cross-Motion for Summary Judgment With Citation | Defendant's Response With Citation |
|---|---|---|
| 11 | Mark Baird is a resident of Siskiyou, California, which has a population less than 200,000.<br><br>Baird Dec. at ¶ 2. | **Admit.** |
| 12 | Richard Gallardo is a resident of Shasta, California, which has a population less than 200,000.<br><br>Gallardo Dec. at ¶ 2. | **Admit.** |
| 13 | Mark Baird and Richard Gallardo have no disqualifiers to the possession, transfer, receipt, or sale of firearms under state or federal law.<br><br>Baird Dec. at ¶ 3; Gallardo Dec. at ¶ 3. | **Undisputed for purposes of this motion.** |
| 14 | Mark Baird and Richard Gallardo seek to carry a handgun open and exposed on their person for self-defense, whether loaded or unloaded, throughout the State of California for self-defense.<br><br>Baird Dec. at ¶ 5; Gallardo Dec. at ¶ 5. | **Deny.** Defendant lacks sufficient knowledge in order to respond to this statement. |
| 15 | Prior to the passage of the Mulford Act of 1967, it was lawful throughout the State of California to carry a loaded handgun for self-defense.<br><br>Baird Dec. ¶¶ 11-13. | **Deny.** California, and cities and counties within California, have long regulated and prohibited openly carrying firearms, since at least the 19th century. *See*, *e.g.*, Defendant's RJN; Defendant's Appendix. |
| 16 | After the passage of the Mulford Act of 1967, it remained lawful to open carry an unloaded handgun for self-defense throughout the State of California. | **Deny.** After the passage of the Mulford Act, individuals could carry loaded firearms in public with a permit. |

| | | | |
|---|---|---|---|
| | | Baird Dec. ¶¶ 11-13; Penal Code 25850. | |
| | 17 | In 2012, it became a crime in California to carry an unloaded handgun open and exposed in public for self-defense.<br><br>Baird Dec. ¶¶ 15; Penal Code 26350. | **Deny**. Penal Code section 26045(a) provides, "Nothing in Section 25850 is intended to preclude the carrying of any loaded firearm, under circumstances where it would otherwise be lawful, by a person who reasonably believes that any person or the property of any person is in immediate, grave danger and that the carrying of the weapon is necessary for the preservation of that person or property." |
| | 18 | Mark Baird and Richard Gallardo do not fall into any of the exceptions to criminal sanctions under Penal Code sections 25850 and/or 26350.<br><br>Baird Dec. ¶ 7; Gallardo Dec. at ¶ 6. | **Deny**. Penal Code section 26045 applies to Plaintiffs. Moreover, Plaintiffs have previously testified that they are permitted to carry concealed weapons in California; if they are permitted to carry concealed firearms in California, they are exempted from criminal sanctions. |
| | 19 | Neither Mark Baird nor Richard Gallardo holds a concealed carry license in the State of California.<br><br>Baird Dec. ¶ 7; Gallardo Dec. at ¶ 6. | **Deny**. Plaintiff Mark Baird testified in a sworn deposition dated August 31, 2021, that his application for a concealed firearm in 2021 "was successful." *See* ECF 90-4 at 12:2-9. |
| | 20 | Mark Baird and Richard Gallardo attempted to obtain an open carry license in their counties, but there is no process for applying for or obtaining an open carry license.<br><br>Baird Dec. ¶ 8; Gallardo Dec. at ¶ 7. | **Deny**. Plaintiff Gallardo's declaration states, "I have attempted to obtain an open carry license in Shasta County, but there is no avenue for obtaining an open carry license in Shasta County or in any other county in California." ECF 96-5 at ¶ 8. Penal Code section 26150(b) provides, "The sheriff may issue a license under subdivision (a) in either of the following formats: (1) A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person. (2) Where the population of the county is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person." Thus, the process for applying for an open carry license is the same as the process set forth in Penal Code section 26150(a). |
| | 21 | Since the passage of Penal Code | **Deny**. Defendant does not issue open carry |

| | | 26350, no open carry licenses have been issued in California.<br><br>Baird Dec. ¶ 9; Gallardo Dec. at ¶ 8. | licenses; licenses are issued by a county's sheriff or the head of a municipal police department of a city.  Defendant lacks information as to whether individual open carry licenses have been issued by specific counties. |
|---|---|---|---|
| | 22 | Throughout the course of this litigation, Defendant has presented no evidence that any open carry license has been issued in California since 2012.<br><br>Baird Dec. ¶ 9; Gallardo Dec. at ¶ 8. | **Admit**.  However, licenses are issued by a county's sheriff or the head of a municipal police department of a city.  *See* § 26150. |
| | 23 | Even if open carry licenses were issued in California, the license would only be valid within the county of issuance under the State's licensing scheme.<br><br>Baird Dec. ¶ 10; Gallardo Dec. at ¶ 9. | **Admit**. |
| | 24 | Mark Baird and Richard Gallardo should not have to apply for and obtain a discretionary license before being able to exercise the right to open carry a handgun for self-defense (bear arms).<br><br>Baird Dec. ¶¶ 15-19; Gallardo Dec. at ¶¶ 10-13. | **Deny**.  California's licensing scheme comports with *Bruen*, which explicitly approved licensing regimes. *Bruen*, 142 S. Ct. at 2123-24; *id.* at 2138 n.9.  In addition, *Bruen* made clear that not all forms of public carry are required, and that a state may prohibit one type of public carry so long as it leaves open another avenue.  *See id.* at 2146, 2150.  And, under Second Amendment analysis, California's open carry laws are constitutional: Defendant has identified numerous historical analogues that impose a similar burden on individuals as California's open carry laws. *See* Defendant's RJN; ECF 90-3 (Defendant's Appendix); Defendant's Opposition Brief at 8-17. |
| | 25 | If Mark Baird and Richard Gallardo carry a handgun open and exposed on their person for self-defense in California, whether loaded or unloaded, they will be arrested and suffer criminal sanctions under Penal Code sections 25850 and 26350.<br><br>Baird Dec. ¶ 6; Gallardo Dec. at ¶ | **Deny**.  This purported fact is speculative as phrased and lacks additional supporting facts.  In addition, California law provides that individuals will not face criminal sanctions if openly carry a weapon if based on the reasonable believe that immediate harm will come to any person or property.  Penal Code section 26045(a) states, "Nothing in Section 25850 is intended to preclude the carrying of any loaded firearm, under circumstances where it would otherwise be |

| | 5. | lawful, by a person who reasonably believes that any person or the property of any person is in immediate, grave danger and that the carrying of the weapon is necessary for the preservation of that person or property." *See also* § 26045(c) (As used in this section, "immediate" means the brief interval before and after the local law enforcement agency, when reasonably possible, has been notified of the danger and before the arrival of its assistance.").<br><br>Penal Code section 26045(b) provides, "A violation of Section 25850 is justifiable when a person who possesses a firearm reasonably believes that person is in grave danger because of circumstances forming the basis of a current restraining order issued by a court against another person who has been found to pose a threat to the life or safety of the person who possesses the firearm." |

### III. DEFENDANT'S ADDITIONAL STATEMENT OF UNDISPUTED FACTS

| No. | Defendant's Additional Statement of Facts With Citation | |
|---|---|---|
| 1 | Plaintiff Mark Baird testified in a sworn deposition dated August 31, 2021, that his application for a concealed firearm in 2021 "was successful."<br><br>ECF 90-4 at 12:2-9. | |
| 2 | Penal Code section 26045(a) provides, "Nothing in Section 25850 is intended to preclude the carrying of any loaded firearm, under circumstances where it would otherwise be lawful, by a person who reasonably believes that any person or the property of any person is in immediate, grave danger and that the carrying of the weapon is necessary for the preservation of that person or | |

| | | |
|---|---|---|
| | | property." |
| 3 | Penal Code section 26045(c) provides, "As used in this section, "immediate" means the brief interval before and after the local law enforcement agency, when reasonably possible, has been notified of the danger and before the arrival of its assistance." | |

Dated: October 13, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General


*s/ Lara Haddad*
LARA HADDAD
Deputy Attorney General
*Attorneys for Defendant Rob Bonta in his official capacity as Attorney General of California*

10

Defendant's Responses to Plaintiffs' Objections and Separate Facts; Additional Undisputed Facts  (2:19-cv-00617-KJM-AC)

# CERTIFICATE OF SERVICE

Case Name:  **Baird, Mark v. Rob Bonta**  　　　　No.  **2:19-cv-00617-KJM-AC**

I hereby certify that on <u>October 13, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S RESPONSES TO PLAINTIFF'S OBJECTIONS AND SEPARATE STATEMENT OF ADDITIONAL UNDISPUTED FACTS; DEFENDANT'S SUPPLEMENTAL UNDISPUTED FACTS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 13, 2023</u>, at Los Angeles, California.

|  |  |
|---|---|
| Lara Haddad | *Lara Haddad* |
| Declarant | Signature |