
1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  MARK R. BECKINGTON, State Bar No. 126009
   Supervising Deputy Attorney General
3  LARA HADDAD, State Bar No. 319630
   Deputy Attorney General
4    300 South Spring Street, Suite 1702
     Los Angeles, CA  90013-1230
5    Telephone: (213) 269-6250
     Fax: (916) 731-2124
6    E-mail:  Lara.Haddad@doj.ca.gov
   *Attorneys for Defendant Rob Bonta in his official*
7  *capacity as Attorney General of California*

8                IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK BAIRD and RICHARD GALLARDO,**<br><br>                                    Plaintiffs,<br><br>          v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,**<br><br>                                    Defendants. | 2:19-cv-00617-KJM-AC<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:            November 3, 2023<br>Time:           10:00 a.m.<br>Courtroom:   3<br>Judge:          The Honorable Kimberly J. Mueller<br>Trial Date:    None set.<br>Action Filed: April 10, 2019 |

# DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EVIDENCE

Defendant hereby objects to the following evidence presented by Plaintiffs in connection with the cross-motion for summary judgment set for hearing on November 3, 2023, before this Court:

1.   Expert Declaration and Report of Clayton Cramer (ECF 96-3), in its entirety.

This report is objected to on the ground that it was not served on Defendant during the discovery period.  Federal Rule 26(a)(2)(B) requires that for each expert a party designates, a party must submit a written report which must include "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the facts or data considered by the witness in forming them."

On November 4, 2022, this Court ordered a pre-trial case schedule, which included the requirement that expert disclosures shall be completed by June 9, 2023; rebuttal expert witnesses shall be exchanged by July 14, 2023; and "*all expert discovery shall be completed by 8/4/2023*." ECF 77 (emphasis added).  On June 9, 2023, counsel for Defendant served expert disclosures and accompanying reports on Plaintiffs.  *See* Haddad Supp. Dec., ¶ 2.  Plaintiffs did not serve expert disclosures at that time.  *Id.*  On July 14, 2023, Plaintiffs' counsel served rebuttal expert disclosures and attached a declaration with expert reports from Clayton Cramer.  *Id.*, ¶ 3, Ex. 1, 2. On August 4, 2023, Defendant's counsel served sur-rebuttal reports from the three previously-disclosed experts.  *Id.*, ¶ 4; *see also* Sur-Rebuttal Reports of Dr. Brennan Rivas, Dr. Robert Spitzer, and Dr. Saul Cornell.  Discovery closed on that date.

On August 18, 2023, Defendant filed his motion for summary judgment.  On September 29, 2023, Plaintiffs filed their cross-motion for summary judgment and opposition to Defendant's motion.  In support, they filed an expert declaration and report from Clayton Cramer.  ECF 96-3. Upon review, this expert declaration and report is not the same as what was properly disclosed during the discovery period.  Haddad Supp. Decl., ¶ 5.  Instead, it omits prior points that had been raised in rebuttal of Defendant's expert witnesses, and adds new points and arguments that it had previously not raised.  *Compare*, *e.g.*, Haddad Supp. Decl., Ex. 2 at 43-51 *with* ECF 96-3 at 14. (each discussing Dr. Spitzer's discussion of concealed weapons regulations).  Because Plaintiffs

have failed to comply with this Court's discovery order, this Court should strike the belated declaration and expert report filed with their cross-motion.  Instead, the Court should rely on the declaration and expert report served on Defendant during the discovery period.  *See* Haddad Supp. Decl., Ex. 3.

   2.   Declaration of Mark Baird (ECF 96-4), ¶¶ 11-14.

Declarant Mark Baird asserts in these paragraphs that open carry of firearm in California was lawful until 1968, and that an "absolute ban" on open carry was imposed in 2012.  These statements lack foundation and lack personal knowledge, and are not supported by admissible evidence.  FRCP 56(c)(2); FRE 901(a).  The statements are also directly contradicted by the expert testimony of Dr. Brennan Rivas, Dr. Robert Spitzer, and Dr. Saul Cornell.

   3.   Declaration of Mark Baird (ECF 96-4), ¶ 15.

Declarant Mark Baird asserts, "Criminalizing the peaceable open carriage of a handgun for self-defense is repugnant to the plain text of the Second Amendment[.]"  This statement lacks foundation and is a legal conclusion.  FRCP 56(c)(2); FRE 901(a).

   4.   Declaration of Mark Baird (ECF 96-4), ¶ 16.

Declarant Mark Baird asserts, "There is no historical analogue whereby criminal sanctions were imposed for one's peaceable open-carriage of handguns for self-defense—whether loaded or unloaded.  Nor is there any historical analogue whereby the citizenry was required to seek and obtain permission from the government in order to lawfully possess and/or carry weapons, including firearms, for self-defense."

These statements lack foundation and lack personal knowledge, and are not supported by admissible evidence.  FRCP 56(c)(2); FRE 901(a).  The statements are also directly contradicted by the expert testimony of Dr. Brennan Rivas, Dr. Robert Spitzer, and Dr. Saul Cornell.  *See also* ECF 90-3 (Appendix); Defendant's Request for Judicial Notice.

   5.   Declaration of Amy Bellantoni, Exhibit 1—Working Draft: Mark W. Smith, "Not all History is Created Equal": In the Post-*Bruen* World, the Critical Period for Historical Analogues is when the Second Amendment was Ratified in 1791, and not 1868, (ECF 96-7), in its entirety.

1  This article is attached as an exhibit to the declaration of Plaintiffs' counsel.  ECF 96-6, ¶ 2.
2  However, the article states at the top, "**WORKING DRAFT – Subject to change**."  No
3  foundation is laid for this article.  FRCP 56(c)(2); FRE 901(a).  It also does not appear to be in a
4  published journal, and the author has not been disclosed as an expert in this matter.  Because of
5  this lack of foundation, the Court should strike this exhibit.
6  Defendant respectfully requests the Court to sustain the above objections and to strike the
7  evidence referred to above.

Dated:  October 13, 2023                           Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General


*s/ Lara Haddad*
LARA HADDAD
Deputy Attorney General
*Attorneys for Defendant Rob Bonta in his official capacity as Attorney General of California*

# CERTIFICATE OF SERVICE

Case Name:   **Baird, Mark v. Rob Bonta**           No.   **2:19-cv-00617-KJM-AC**

I hereby certify that on <u>October 13, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 13, 2023</u>, at Los Angeles, California.

|  |  |
|---|---|
| Lara Haddad | *Lara Haddad* |
| Declarant | Signature |