CHRIS COSCA   SBN 144546
COSCA LAW CORPORATION
1007 7th Street, Suite 210
Sacramento, CA 95814
916-440-1010

AMY L. BELLANTONI
THE BELLANTONI LAW FIRM, PLLC
2 Overhill Road, Suite 400
Scarsdale, NY 10583
(914) 367-0090
*Pro Hac Vice*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAIRD and RICHARD GALLARDO,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California,<br><br>Defendant. | Case No. 2:19-CV-00617-KJM-AC<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSES, RESPONSE TO DEFENDANT'S REPLY, AND RESPONSES TO DEFENDANT'S SUPPLEMENTAL STATEMENT**<br><br>[Fed. R. Civ. P. 56, Local Rule 260(b)]<br><br>Date:          November 3, 2023<br>Time:          10:00 a.m.<br>Courtroom:  3<br>Judge:         Hon. Kimberly J. Mueller<br>Trial Date:   None set<br>Action Filed: April 9, 2019 |

1

Plaintiffs' Reply to Defendant's Objections, Response to Defendant's Reply, and Responses
to Defendant's Supplemental Statement
(2:19-cv-00617-KJM-AC)

## I. PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSES

| No. | Defendant's Statement of Fact With Citation | Plaintiffs' Response With Citation | Defendant's Response to Plaintiffs' Objections | Plaintiffs' Reply to Defendant's Response |
|---|---|---|---|---|
| 1 | On June 24, 2022, the California Attorney General issued Legal Alert No. OAG-2022-02, which stated that *Bruen* "makes clear that the 'good cause' requirements such as those in California Penal Code sections 26150(a)(2) and 26155(a)(2) are inconsistent with the Second and Fourteenth Amendments. Under the Supremacy Clause of the United States Constitution, state and local officials must comply with clearly established federal law." Declaration of Lara Haddad [Haddad Decl.], Ex. 1, pp. 1-2. | **Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial to whether the State met its burden under the *Bruen* test of proving that the challenged government conduct – criminalizing the open carriage of a handgun for self-defense – is consistent with the plain text of the Second Amendment, and this Nation's history and tradition of firearm regulation. *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2126 (2022). **Denied as to form; Admit in part**, that state and local officials must | **Response to Objection:** The cited fact is relevant to the Court's Second Amendment analysis. See *Bruen*, 142 S. Ct. at 2150 ("States could lawfully eliminate one kind of public carry" so long as they left open an option). | **Reply to Response:** Defendant's cited portion of *Bruen* is a standalone comment by the Court re: regulations that existed in the Antebellum Period; no part of *Bruen* adopted such regulation as consistent with the plain text of the Second Amendment, which it is not, nor does the plain text distinguish between the modality of carry when 'bearing' arms. *Heller*'s definition and scope of 'bear' encompasses open and concealed carry. (*Heller*, 554 |

2

| | | | | | |
|---|---|---|---|---|---|
| | | | comply with clearly established federal law. | | U.S. at 584 ("wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person"). |
| | 2 | Plaintiff Mark Baird has a license, issued by the Siskyou County Sheriff, to carry a concealed firearm. Haddad Decl., Ex. 2 [Portion of Deposition of Mark Baird], p. 14. | **Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial to whether the State met its burden under the *Bruen* test of proving that the challenged government conduct– criminalizing the open carriage of a handgun for self-defense – is consistent with the | **Response to Objection:** The cited fact is relevant to the Court's Second Amendment analysis. See *Bruen*, 142 S. Ct. at 2150 ("States could lawfully eliminate one kind of public carry" so long as they left open an option). | **Reply to Response:** Defendant's citation is not a "fact" for this Court's consideration. Mark Baird does not presently hold a concealed carry license. Declaration of Mark Baird at ¶7. |

3

Plaintiffs' Reply to Defendant's Objections, Response to Defendant's Reply, and Responses to Defendant's Supplemental Statement (2:19-cv-00617-KJM-AC)

| # | Fact | Objection | Response | Reply |
|---|------|-----------|----------|-------|
|   | | plain text of the Second Amendment, and this Nation's history and tradition of firearm regulation. *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2126 (2022). **Without waiving the stated objection, DENIED.** Declaration of Mark Baird at ¶7. | | |
| 3 | Plaintiff Mark Baird is seeking "the unpermitted and unrestricted open carry of a loaded firearm in the state of California." Haddad Decl., Ex. 2 [Portion of Deposition of Mark Baird], p. 16. | **ADMIT.** | | |
| 4 | Plaintiff Mark Baird lives in Siskiyou County. Second Amended Complaint [SAC], ¶ 13. | **ADMIT.** | | |
| 5 | Siskiyou County is a county with fewer than 200,000 people residing there. Haddad Decl., Ex. 3 [Portion of Deposition of Richard Gallardo], pp. 15, 27. | **ADMIT.** | | |
| 6 | Plaintiff Richard Gallardo has testified that he is authorized to carry a concealed firearm within California because of his status as a retired military police officer under the federal Law Enforcement Officers Safety Act. Haddad Decl., Ex. 3 [Portion of Deposition of Richard Gallardo], pp. 15, 27. | **Objection and move to strike.** Only facts affecting the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty* | **Response to Objection:** The cited fact is relevant to the Court's Second Amendment analysis. See Bruen, 142 S. Ct. at 2150 ("States could lawfully eliminate one kind of public carry" so long as | **Reply to Response.** The cited portion of *Bruen* is a standalone comment by the Court re: regulations that existed in the Antebellum Period; no part of *Bruen* |

4

| | | | | |
|---|---|---|---|---|
| | | *Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial to whether the State met its burden under the *Bruen* test of proving that the challenged government conduct – criminalizing the open carriage of a handgun for self-defense – is consistent with the plain text of the Second Amendment, and this Nation's history and tradition of firearm regulation. *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2126 (2022). Without waiving the stated objection, see, Declaration of Richard Gallardo ["Gallardo Dec."] at ¶ 12. | they left open an option). Plaintiffs do not appear to deny the stated fact. | adopted such regulation as consistent with the plain text of the Second Amendment, which it is not, nor does the plain text distinguish between the modality of carry when 'bearing' arms. *Heller*'s definition and scope of 'bear' encompasses open and concealed carry. (*Heller*, 554 U.S. at 584 ("wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person"). |
| | Plaintiff Richard Gallardo has testified that he can carry | **Objection and move to strike.** Only facts affecting | **Response to Objection:** The cited fact is | **Reply to Response:** The cited |

5

Plaintiffs' Reply to Defendant's Objections, Response to Defendant's Reply, and Responses to Defendant's Supplemental Statement (2:19-cv-00617-KJM-AC)

| | 7 | his firearm concealed even though he previously had a license to carry a concealed firearm revoked in 2019 for unlawfully bringing a firearm on state property and displaying it to coworkers. Haddad Decl., Ex. 3 [Portion of Deposition of Richard Gallardo], p. 17. | the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The cited fact is irrelevant and immaterial to whether the State met its burden under the *Bruen* test of proving that the challenged government conduct – criminalizing the open carriage of a handgun for self-defense – is consistent with the plain text of the Second Amendment, and this Nation's history and tradition of firearm regulation. *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2126 (2022). **Without waiving the stated objection, DENIED.** The defendant's statement is false and otherwise misleading. The testimony cited does not indicate that Mr. Gallardo's actions | relevant to the Court's Second Amendment analysis. See Bruen, 142 S. Ct. at 2150 ("States could lawfully eliminate one kind of public carry" so long as they left open an option). | portion of *Bruen* is a standalone comment by the Court re: regulations that existed in the Antebellum Period; no part of *Bruen* adopted such regulation as consistent with the plain text of the Second Amendment, which it is not, nor does the plain text distinguish between the modality of carry when 'bearing' arms. *Heller*'s definition and scope of 'bear' encompasses open and concealed carry. (*Heller*, 554 U.S. at 584 ("wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and |

6

| | | | | |
|---|---|---|---|---|
| | | were 'unlawful,' rather, it provides that Mr. Gallardo acted in accordance with California State law, possessed his firearm in his vehicle, and showed it to a co-worker who was considering applying for a concealed carry license, and at his co-worker's request. See, portions of the Deposition Transcript of Richard Gallardo attached to the Bellantoni Dec. as Ex. 5 at pp. 19-20; 38. | | ready for offensive or defensive action in a case of conflict with another person"). |
| 8 | Plaintiff Richard Gallardo is seeking "the ability to open carry without government permission." Haddad Decl., Ex. 3 [Portion of Deposition of Richard Gallardo], p. 29. | **ADMIT.** | | |
| 9 | Plaintiff Richard Gallardo lives in Shasta County. SAC, ¶ 14. | **ADMIT.** | | |
| 10 | Shasta County is a county with fewer than 200,000 people residing there. SAC, ¶ 14. | **ADMIT.** | | |

7

Plaintiffs' Reply to Defendant's Objections, Response to Defendant's Reply, and Responses to Defendant's Supplemental Statement (2:19-cv-00617-KJM-AC)

## II. PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSES TO PLAINTIFFS' COUNTERSTATEMENT OF FACTS IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT

| No. | Plaintiffs' Counterstatement Statement of Material Fact in Support of Cross-Motion for Summary Judgment With Citation[1] | Defendant's Response With Citation | Plaintiffs' Reply |
|---|---|---|---|
| 11 | Mark Baird is a resident of Siskiyou, California, which has a population less than 200,000. Baird Dec. at ¶2 | **Admit.** | |
| 12 | Richard Gallardo is a resident of Shasta, California, which has a population less than 200,000. | **Admit.** | |
| 13 | Mark Baird and Richard Gallardo have no disqualifiers to the possession, transfer, receipt, or sale of firearms under state or federal law. Baird Dec. at ¶3; Gallardo Dec. at ¶3. | **Undisputed for purposes of this motion.** | |
| 14 | Mark Baird and Richard Gallardo seek to carry a handgun open and exposed on their person for self-defense, whether loaded or unloaded, throughout the State of California for self-defense. Baird Dec. at ¶5, Gallardo Dec. at ¶5. | **Deny.** Defendant lacks sufficient knowledge in order to respond to this statement. | **Plaintiffs' Reply:** Defendant failed to identify any citation in the record to controvert the Plaintiffs' Counterstatement, which deems the statement **Admitted**. See, LR 260(b) ("Any party opposing a motion for summary judgment ... [must] …deny those that are disputed, including with each denial |

---

[1] Plaintiffs incorporate by reference those statements contained in the defendant's Statement of Facts to which Plaintiffs have responded "Admit."

8

Plaintiffs' Reply to Defendant's Objections, Response to Defendant's Reply, and Responses to Defendant's Supplemental Statement (2:19-cv-00617-KJM-AC)

| | | | |
|---|---|---|---|
| | | | a citation to the particular portions of any ... document relied upon in support of that denial"). |
| 15 | Prior to the passage of the Mulford Act of 1967, it was lawful throughout the State of California to carry a loaded handgun for self-defense. Baird Dec. ¶¶11-13. | **Deny.** California, and cities and counties within California, have long regulated and prohibited openly carrying firearms, since at least the 19th century. See, e.g., Defendant's RJN; Defendant's Appendix. | **Plaintiffs' Reply:** Defendant failed to identify any particular regulation in the record that contradicts Plaintiffs' sworn statement; nothing contained in Defendant's RJN or Appendix identifies a regulation that made it illegal to carry a loaded handgun throughout California for self-defense. Defendant's RJN; Defendant's Appendix. The only California regulations in the RJN are Ex. 20 (dueling), Ex. 27 (San Francisco, possessing burglar's tools/offensive weapons with intent to assault), Ex. 28 (1850, possessing burglar's tools/offensive weapons with intent to assault); Ex. 29 (banned <u>concealed</u> carry – and law was <u>repealed in 1870</u> see, Cramer & Olsen, "The Racist Origins of California's Concealed Weapon Permit Law"[2] citing, 8 California sess. laws (1869-70), ch. 63); Ex. 30 (Los Angeles 1878 banning public carry in LA is neither a National nor a statewide tradition, and is inconsistent with the plain text of the Second Amendment. *Bruen*, 142 S.Ct. at 2137 |

---

[2] February 14, 1870 https://archive.org/details/1869-1870/page/n5/mode/2up?view=theater&q=concealed

9

Plaintiffs' Reply to Defendant's Objections, Response to Defendant's Reply, and Responses to Defendant's Supplemental Statement (2:19-cv-00617-KJM-AC)

| | | | |
|---|---|---|---|
| | | | ("But to the extent later history contradicts what the text says, the text controls."). |
| 16 | After the passage of the Mulford Act of 1967, it remained lawful to open carry an unloaded handgun for self-defense throughout the State of California. Baird Dec. ¶¶11-13; Penal Code 25850. | **Deny.** After the passage of the Mulford Act, individuals could carry loaded firearms in public with a permit. | **Plaintiffs' Reply:** Defendant's denial is non-responsive and contains no citation to the record and is **deemed Admitted.** See, LR 260(b). |
| 17 | In 2012, it became a crime in California to carry an unloaded handgun open and exposed in public for self-defense. Baird Dec. ¶14; Penal Code 26350. | **Deny.** Penal Code section 26045(a) provides, "Nothing in Section 25850 is intended to preclude the carrying of any loaded firearm, under circumstances where it would otherwise be lawful, by a person who reasonably believes that any person or the property of any person is in immediate, grave danger and that the carrying of the weapon is necessary for the preservation of that person or property." | **Plaintiffs' Reply:** Defendant's denial is non-responsive and contains no citation to the record and is **deemed Admitted**. See, LR 260(b). Defendant's citation to 26045 is not an exemption to Penal Code § 26350, 26350 is the subject of statement 17. Proving one is in "imminent, grave, danger" is not required to exercise the guaranteed right to bear arms, as protected by the plain text of the Second Amendment. See, *Bruen*, 142 S.Ct at 2155-56 (proper cause requirement violates the Second Amendment). |
| 18 | Mark Baird and Richard Gallardo do not fall into any of the exceptions to criminal sanctions under Penal Code sections 25850 and/or 26350. Baird Dec. ¶7; Gallardo Dec. at ¶6. | **Deny.** Penal Code section 26045 applies to Plaintiffs. Moreover, Plaintiffs have previously testified that they are permitted to carry concealed weapons in California; if they are permitted to carry concealed firearms in California, they are exempted from criminal sanctions. | **Plaintiffs' Reply:** Plaintiffs' Response. Defendant's statement contains no citation to the record and is therefore **deemed Admitted**. See, LR 260(b). Penal Code section 26045 is not an exemption to section 26350. |

10

Plaintiffs' Reply to Defendant's Objections, Response to Defendant's Reply, and Responses to Defendant's Supplemental Statement (2:19-cv-00617-KJM-AC)

| | | | |
|---|---|---|---|
| | | | Proving one is in "imminent, grave, danger" is not required to exercise the guaranteed right to bear arms, as protected by the plain text of the Second Amendment. See, *Bruen*, 142 S.Ct at 2155-56 (proper cause requirement violates the Second Amendment). Open carry is banned in California and Mark Baird does not hold a valid concealed carry license. Baird Dec. at ¶¶7-19. |
| 19 | Neither Mark Baird nor Richard Gallardo holds a concealed carry license in the State of California. Baird Dec. ¶7; Gallardo Dec. at ¶6 | **Deny.** Plaintiff Mark Baird testified in a sworn deposition dated August 31, 2021, that his application for a concealed firearm in 2021 "was successful." See ECF 90-4 at 12:2-9. | **Plaintiffs' Reply:** California concealed carry licenses are only valid for 2 years.[3] Mr. Baird's January 2021 CCW permit [ECF 90-4 at 14:5-7] expired in January 2023 by operation of law. As sworn to in his September 28, 2023 Declaration, Mark Baird does not hold a concealed carry license. Baird Dec. at ¶7. |
| 20 | Mark Baird and Richard Gallardo attempted to obtain an open carry license in their counties, but there is no process for applying for or obtaining an open carry license. Baird Dec. ¶8; Gallardo Dec. at ¶7 | **Deny.** Plaintiff Gallardo's declaration states, "I have attempted to obtain an open carry license in Shasta County, but there is no avenue for obtaining an open carry license in Shasta County or in any other county in California." ECF 96-5 at ¶ 8. Penal Code section 26150(b) provides, "The sheriff may issue a license under subdivision (a) in either of the following formats: (1) A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.  (2) Where the | **Plaintiffs' Reply:** Defendant's denial is non-responsive and contains no citation to the record and is **deemed Admitted.** See, LR 260(b). Under California Penal Code 26175 (a) (1), licensing officers cannot use any application form other than that published by the DOJ, there is no Open Carry license application form available from the DOJ and, even if there were an Open Carry |

---

[3] https://california.concealedcarry.com/california-ccw-faq/

11

Plaintiffs' Reply to Defendant's Objections, Response to Defendant's Reply, and Responses to Defendant's Supplemental Statement (2:19-cv-00617-KJM-AC)

| # | | | |
|---|---|---|---|
| | | population of the county is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person." Thus, the process for applying for an open carry license is the same as the process set forth in Penal Code section 26150(a). | application, no Open Carry licenses are issued anywhere in California, nor will any be issued. Between 2012 and the present date, no Open Carry license have been issued in California and Defendant has produced no evidence that any Open Carry license has ever been issued in California. Baird Dec. at ¶¶8-10. |
| 21 | Since the passage of Penal Code 26350, no open carry licenses have been issued in California. Baird Dec. ¶9; Gallardo Dec. at ¶8. | **Deny.** Defendant does not issue open carry licenses; licenses are issued by a county's sheriff or the head of a municipal police department of a city. Defendant lacks information as to whether individual open carry licenses have been issued by specific counties. | **Plaintiffs' Reply:** Defendant's statement is non-responsive, contains no citation to the record, and is therefore **deemed Admitted**. See, LR 260(b). Defendant cannot "Deny" something he "lacks information" about. Penal Code section 26225 requires that a copy of all firearms licenses issued in each county (open carry and concealed carry) be "filed immediately" with Defendant's California Department of Justice ("DOJ"). As the statutory keeper of all licenses issued, Defendant knows that no open carry licenses have ever been issued. See also, ECF 90-4 at 13:16-14:3. |
| 22 | Throughout the course of this litigation, Defendant has presented no evidence that any open carry license has been issued in California since 2012. Baird Dec. ¶9; | **Admit.** However, licenses are issued by a county's sheriff or the head of a municipal police department of a city. See § 26150. | **Plaintiffs' Reply:** Penal Code section 26225 requires that a copy of all firearms licenses issued in each county (open carry and concealed carry) be "filed immediately" with |

12

Plaintiffs' Reply to Defendant's Objections, Response to Defendant's Reply, and Responses to Defendant's Supplemental Statement (2:19-cv-00617-KJM-AC)

| | | | |
|---|---|---|---|
| | Gallardo Dec. at ¶8. | | Defendant's DOJ. As the statutory keeper of all licenses issued, Defendant knows that no open carry licenses have ever been issued. |
| 23 | Even if open carry licenses were issued in California, the license would only be valid within the county of issuance under the State's licensing scheme. Baird Dec. ¶10; Gallardo Dec. at ¶9. | **Admit.** | |
| 24 | Mark Baird and Richard Gallardo should not have to apply for and obtain a discretionary license before being able to exercise the right to open carry a handgun for self-defense (bear arms). Baird Dec. ¶¶15-19; Gallardo Dec. at ¶¶10-13. | **Deny.** California's licensing scheme comports with *Bruen*, which explicitly approved licensing regimes. *Bruen*, 142 S. Ct. at 2123-24; id. at 2138 n.9.  In addition, *Bruen* made clear that not all forms of public carry are required, and that a state may prohibit one type of public carry so long as it leaves open another avenue.  See id. at 2146, 2150.  And, under Second Amendment analysis, California's open carry laws are constitutional: Defendant has identified numerous historical analogues that impose a similar burden on individuals as California's open carry laws. See Defendant's RJN; ECF 90-3 (Defendant's Appendix); Defendant's Opposition Brief at 8-17. | **Plaintiffs' Reply:** *Bruen* did not analyze licensing requirements under the text, history, and tradition test; licensing is inconsistent with the plain text which states that the rights *Heller* declared as preexisting and guaranteed "shall not be infringed." *Heller*, 554 U.S. at 592 (plain text "guarantee[s] the individual right to possess and carry weapons in case of confrontation" and "codified a pre-existing right"). *Bruen* acknowledged objective, shall-issue regimes – it did not conduct any historical analysis of licensing nor did the Supreme Court place its imprimatur on a requirement that individuals seek and obtain government permission to exercise a preexisting and guaranteed constitutional right. California remains an |

13

'outlier' may-issue scheme. See, Penal Code 26150, 26155 (allowing unfettered discretion to the licensing authority, who "may issue a license"). Defendant's citation to *Bruen* is a standalone comment by the Court re: Antebellum Period regulations proffered by New York State as an analogue; no part of *Bruen* found that banning open carry was constitutional as long as concealed carry was an option. Such a regulation is patently inconsistent with the plain text of the Second Amendment, which does not distinguish between the modality of carry when guaranteeing the right to 'bear Arms.' *Heller*'s definition and scope of 'bear' encompasses open and concealed carry. (*Heller*, 554 U.S. at 584 ("wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person").

And Defendant has identified **zero** analogues for its ban/criminalization of open carry. See, Defendant's RJN; ECF 90-3 (Defendant's Appendix); Defendant's Opposition Brief at 8-17.

14

| | | | |
|---|---|---|---|
| 27 | If Mark Baird and Richard Gallardo carry a handgun open and exposed on their person for self-defense in California, whether loaded or unloaded, they will be arrested and suffer criminal sanctions under Penal Code sections 25850 and 26350. Baird Dec. ¶6; Gallardo Dec. at ¶5 | **Deny.** This purported fact is speculative as phrased and lacks additional supporting facts.  In addition, California law provides that individuals will not face criminal sanctions if openly carry a weapon if based on the reasonable believe that immediate harm will come to any person or property.  Penal Code section 26045(a) states, "Nothing in Section 25850 is intended to preclude the carrying of any loaded firearm, under circumstances where it would otherwise be | **Plaintiffs' Reply:** Defendant's statement is non-responsive and contains no citation to the record and is **deemed Admitted**. See, LR 260(b). Defendant cites Penal Code 26045, which is not an exemption to the enforcement of Penal Code section 26350. Proving one is in "imminent, grave, danger" is not required to exercise the guaranteed right to bear arms, as protected by the plain text of the Second Amendment. See, *Bruen*, 142 S.Ct at 2155-56 (proper cause requirement violates the Second Amendment). No "additional supporting facts" or qualifications are required to exercise the constitutional right to peaceable open carry. |

15

Plaintiffs' Reply to Defendant's Objections, Response to Defendant's Reply, and Responses to Defendant's Supplemental Statement (2:19-cv-00617-KJM-AC)

### III. PLAINTIFFS' RESPONSES TO DEFENDANT'S SUPPLEMENTAL STATEMENT OF FACTS

| No. | Defendant's Additional Statement of Facts With Citation | Plaintiffs' Response With Citation |
|---|---|---|
| 28[4] | Plaintiff Mark Baird testified in a sworn deposition dated August 31, 2021, that his application for a concealed firearm in 2021 "was successful." ECF 90-4 at 12:2-9. | **Denied in part.** California concealed carry licenses are only valid for 2 years.[5] Mark Baird's January 2021 CCW permit [ECF 90-4 at 14:5-7] expired in January 2023 by operation of law. As sworn to in his September 28, 2023 Declaration, Mark Baird does not hold a concealed carry license. Baird Dec. at ¶7. |
| 29 | Penal Code section 26045(a) provides, "Nothing in Section 25850 is intended to preclude the carrying of any loaded firearm, under circumstances where it would otherwise be lawful, by a person who reasonably believes that any person or the property of any person is in immediate, grave danger and that the carrying of the weapon is necessary for the preservation of that person or property." | **Denied.** Penal Code section 26045 is not an exemption to the enforcement of Penal Code § 26350. Proving one is in "imminent, grave, danger" is not required to exercise the guaranteed right to bear arms, as protected by the plain text of the Second Amendment. See, *Bruen*, 142 S.Ct at 2155-56 (proper cause requirement violates the Second Amendment). No manifestation of "specific situations" is required for individuals to freely exercise the constitutional right to peaceable open carry. Plaintiffs are not required to subject themselves to (unconstitutional) criminal penalties to exercise a fundamental right. And Defendant provides no location of where this "magic gun" will be when Plaintiffs find themselves unarmed, in public, and under the "immediate, grave danger" of a violent attacker that is required under 26045(s) to excuse Plaintiffs from criminal penalties for possessing a loaded firearm for self-defense. |
| 30 | Penal Code section 26045(c) provides, "As used in this section, "immediate" means the brief interval before and after the local law enforcement agency, when reasonably possible, has been notified of the danger and before | **Denied.** Penal Code section 26045 is not an exemption to the enforcement of Penal Code § 26350. Proving one is in "imminent, grave, danger" is not required to exercise the guaranteed right to bear arms, as protected by the plain text of the Second Amendment. See, *Bruen*, 142 S.Ct at |

---

[4] Defendant's "Supplemental Statements," numbered as "No. 1" in the original, is renumbered to "No. 28" for ease of reference and to continue the consecutive numbering of the statements made by the parties throughout this motion/counter-motion pursuant to Rule 56, Local Rule 260(b).
[5] https://california.concealedcarry.com/california-ccw-faq/

16

Plaintiffs' Reply to Defendant's Objections, Response to Defendant's Reply, and Responses to Defendant's Supplemental Statement (2:19-cv-00617-KJM-AC)

| | |
|---|---|
| the arrival of its assistance." | 2155-56 (proper cause requirement violates the Second Amendment). No manifestation of "specific situations" is required for individuals to freely exercise the constitutional right to peaceable open carry.<br>Defendant provides no location of where this "magic gun" will be when Plaintiffs find themselves unarmed, in public, and under the "immediate, grave danger" of a violent attacker that is required under 26045(s) to excuse Plaintiffs from criminal penalties for possessing a loaded firearm for self-defense – but only after they first notify law enforcement before searching for this "magic gun" to use in self-defense of a surprise attack – this all presumes, of course, that the attacker is gracious enough to wait for each of these conditions to be met before unleashing his violence upon Plaintiffs. |

Dated: October 23, 2023

Respectfully submitted,
THE BELLANTONI LAW FIRM, PLLC

 /s/ Amy L. Bellantoni
Amy L. Bellantoni, Esq.
*Counsel for Plaintiffs*
*Pro Hac Vice*
abell@bellantoni-law.com

17

Plaintiffs' Reply to Defendant's Objections, Response to Defendant's Reply, and Responses to Defendant's Supplemental Statement (2:19-cv-00617-KJM-AC)