1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   MARK R. BECKINGTON, State Bar No. 126009
    Supervising Deputy Attorney General
3   LARA HADDAD, State Bar No. 319630
    Supervising Deputy Attorney General
4    300 South Spring Street, Suite 1702
    Los Angeles, CA  90013-1230
5    Telephone:  (213) 269-6250
    Fax:  (916) 731-2124
6    E-mail:  Lara.Haddad@doj.ca.gov
    *Attorneys for Defendant Rob Bonta in his official*
7   *capacity as Attorney General of California*

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

13   **MARK BAIRD and RICHARD GALLARDO,**

14                 Plaintiffs,

15       v.

16

17   **ROB BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,**

18               Defendants.

| | |
|---|---|
| | 2:19-cv-00617-KJM-AC |
| | **DEFENDANT'S UPDATED REQUEST FOR JUDICIAL NOTICE - COMPENDIUM OF HISTORICAL LAWS** |
| | **VOLUME 6 OF 7** |

19

20

21

22

23

24

25

26

27

28

1

# DANGEROUS WEAPONS LAWS

This is a reproduction of a library book that was digitized by Google as part of an ongoing effort to preserve the information in books and make it universally accessible.





https://books.google.com

# THE JOPLIN CODE

## OF 1917

Containing All the General Ordinances of the City, Except Ordinances
Numbered 4487 and 5941 (Specifying in Detail the Regulations
Relating to Street Improvements and Street Excavations, Re-
spectively), Including Public Utility Franchise Ordinances in
Force January 30, 1917; Also the Charter Act of 1913, Applying
to Cities of the Second Class in Missouri in Force on Said Date;
Also Certain Material Provisions of the Constitution and Statutes
of the State of Missouri Applicable to Cities of the Second Class;
Also a Brief Historical Sketch of the Municipal Incorporation of
Joplin; Also a Directory of the Officers of the City from the Date
of Its Early Incorporation in 1873 to the Present Time; Also
Information in Relation to the Ownership of Real Estate by the
City of Joplin.

Printed and Published by
AUTHORITY OF THE COUNCIL OF JOPLIN, MISSOURI,
IN BOOK FORM, JANUARY, 1917.

Revised and Codified by
HUGH McINDOE,
Mayor.

Assisted by
E. F. CAMERON,
City Attorney.

of any person or persons occupying or doing business in any room or upon any floor or floors beneath.

Sec. 1200. **Water; Rubbish; Paved Streets.** Any person who shall throw or run or allow or permit to be thrown or run, any water from his premises, whether owned or occupied by him, upon any street, alley, building, premises or gutter, in the city, shall be deemed guilty of a misdemeanor.

Sec. 1201. **Weapons; Deadly.** If any person shall carry concealed upon or about his person a dangerous or deadly weapon of any kind or description, or shall go into any church or place where people have assembled for religious worship, or into any school room or place where people are assembled for educational, political, literary or social purposes, or to any election precinct on any election day, or into any court room during the sitting of court, or into any other public assemblage of persons met for any lawful purpose other than for militia drill, or meetings called under militia law of this state, having upon or about his person, concealed or exposed, any kind of firearms, bowie knife, spring-back knife, razor, knuckles, billy, sword cane, dirk, dagger, slung shot or other similar deadly weapons, or shall, in the presence of one or more persons, exhibit any such weapon in a rude, angry or threatening manner, or shall have any such weapons in his possession when intoxicated, or directly or indirectly shall sell or deliver, loan or barter, to any minor any such weapon, without the consent of the parent or guardian of such minor, he shall be deemed guilty of a misdemeanor. Provided, that nothing contained in this section shall apply to legally qualified sheriffs, police officers, and other persons whose bona fide duty is to execute process, civil or criminal, make arrests, or aid in conserving the public peace, nor to persons traveling in a continuous journey peaceably through this state.

Sec. 1202. **Wearing Apparel; Selling by Club Drawing.** Any person who shall sell or offer for sale or aid or assist in selling or offering for sale, any suit, suits or clothing, watch, watches or jewelry, in what is known as club lots or club drawings or keep or maintain any place where the same are kept, offered for sale or drawn for in the said manner, shall be deemed guilty of a misdemeanor.

Sec. 1203. **Weeds.** Any person who being the owner or occupant of any lot, block or parcel of ground, or the agent of any such owner, who shall allow or permit weeds to grow or remain on such lot, block or parcel of ground or on or along the sidewalk in front thereof, to a height of more than one foot, shall be deemed guilty of a misdemeanor, and each day such owner ,occupant or agent fails, neglects or refuses to cut down or otherwise remove such weeds after being notified thereof shall constitute a separate offense.

STATE OF NORTH CAROLINA

# PUBLIC-LOCAL LAWS

PASSED BY THE

## GENERAL ASSEMBLY

AT ITS

## SESSION OF 1917

BEGUN AND HELD IN THE CITY OF RALEIGH

ON

WEDNESDAY, THE THIRD DAY OF JANUARY, A. D. 1917

PUBLISHED BY AUTHORITY

RALEIGH
EDWARDS & BROUGHTON PRINTING Co.
STATE PRINTERS
1917

## CHAPTER 208

AN ACT TO AMEND CHAPTER 246, SECTION 17, OF THE
PUBLIC-LOCAL LAWS OF 1913, RELATING TO THE SAL-
ARY OF THE PUBLIC OFFICERS OF JOHNSTON COUNTY.

*The General Assembly of North Carolina do enact:*

SECTION 1. That chapter two hundred and forty-six of the Limit of increase
Public-Local Laws of one thousand nine hundred and thirteen removed.
be and the same is hereby amended by striking out all of section
seventeen after the word "board" in line fifteen of said sec-
tion.

SEC. 2. That this act shall be in force from and after its
ratification.

Ratified this the 9th day of January, A. D. 1917.

## CHAPTER 209

AN ACT TO REGULATE THE HUNTING OF QUAIL IN
HARNETT COUNTY.

*The General Assembly of North Carolina do enact:*

SECTION 1. That the open season for hunting quail shall be Open season.
from the first day of December to the fifteenth day of January
following each succeeding year, and that it shall be unlawful to Pump guns for-
kill quail with any gun or guns that shoot over two times before bidden.
reloading, and any person violating any of the provisions of this Misdemeanor.
act shall be guilty of a misdemeanor.

SEC. 2. That all laws in conflict with any of the provisions Repealing clause.
of this act are hereby repealed.

SEC. 3. That this act shall be in force from and after its
ratification.

Ratified this the 9th day of January, A. D. 1917.

## CHAPTER 210

AN ACT TO REGULATE THE PAY OF THE MEMBERS OF
THE BOARD OF COUNTY COMMISSIONERS OF SWAIN
COUNTY.

*The General Assembly of North Carolina do enact:*

SECTION 1. That the county commissioners of Swain County Per diem.
shall receive for their services as such commissioners the sum
of three dollars ($3.00) per day instead of two dollars ($2.00)

# HEINONLINE

DATE DOWNLOADED: Tue May 23 17:48:55 2023
SOURCE: Content Downloaded from HeinOnline

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1917 804 .

ALWD 7th ed.
, , 1917 804 .

Chicago 17th ed.
"," Oregon - 29th Legislative Assembly, Regular Session : 804-808

AGLC 4th ed.
" Oregon - 29th Legislative Assembly, Regular Session 804

OSCOLA 4th ed.
" 1917 804          Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   https://heinonline.org/HOL/License
-- The search text of this PDF is generated from  uncorrected OCR text.

# STATE OF OREGON.

## CONSTITUTIONAL AMENDMENTS ADOPTED AND LAWS ENACTED BY THE PEOPLE AT THE GENERAL ELECTION NOVEMBER 7, 1916

TOGETHER WITH THE

# GENERAL LAWS

AND

## Joint Resolutions and Memorials

ADOPTED BY THE

## TWENTY-NINTH REGULAR SESSION OF THE LEGISLATIVE ASSEMBLY

Beginning January 8 and
Ending February 19

## 1917

Compiled by
BEN W. OLCOTT
Secretary of State



SALEM, OREGON:
STATE PRINTING DEPARTMENT
1917

Case 2:19-cv-00617-KJM-AC   Document 105-6   Filed 11/09/23   Page 10 of 238

## CHAPTER 377

## AN ACT

[H. B. 402]

Prohibiting the manufacture, sale, possession, carrying, or use of any blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, dirk, dagger or stiletto, and regulating the carrying and sale of certain firearms, and defining the duties of certain executive officers, and providing penalties for violation of the provisions of this Act.

*Be It Enacted by the People of the State of Oregon:*

Section 1. No person shall carry in any city, town or municipal corporation of this State any pistol, revolver or other firearm concealed upon his or her person, or of a size which may be concealed upon his or her person, without a license or permit therefor, issued to him or her by a chief of police or sheriff of such city, town or municipal corporation, or in such manner as may be prescribed by ordinance of such city, town or municipal corporation. This section, however, shall not apply to sheriffs and their deputies, constables, marshals, police officers or any other duly appointed peace officers, nor to any person or persons summoned by such officers to assist in making arrest or preserving the peace while said person or persons are engaged in assisting such officers; nor to duly authorized military organizations when parading, nor to members thereof when going to and from places of meeting of their respective organizations.

Section 2. Any person who carries or possesses an instrument or weapon commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, or who carries a dirk or a dagger, or stiletto is guilty of a misdemeanor.

Section 3. Any person who manufactures, or causes to be manufactured, or sells or keeps for sale, or offers or gives or disposes of any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag or metal knuckles, to any person, is guilty of a misdemeanor.

Section 3-A. Any person who violates the provisions of Section 1, Section 2 or Section 3 of this Act, shall be fined in a sum no greater than $100.00, or be imprisoned in the county jail for a term no longer than three months, or by both such fine and imprisonment.

Section 4. Any person who violates the provisions of Section 1, Section 2 or Section 3 of this Act, who theretofore has once been convicted of a violation of any of said sections, is guilty of a misdemeanor, and upon conviction thereof shall be imprisoned in a county jail or reformatory for not less than thirty days nor for more than one year.

Section 4-A.  Any person who violates the provisions of Section 1, Section 2 or Section 3 of this Act, who theretofore has more than once been convicted of a violation of any of said sections, is guilty of a felony, and shall be punished by imprisonment in the State prison for a term not exceeding three years.

Section 4-B.  Any person who violates any of the provisions of Section 1, Section 2 or Section 3 of this Act, who theretofore has been convicted of a felony, upon conviction thereof shall be imprisoned in the penitentiary of this State for a period not exceeding five years.

Section 4-C.  For the purposes of this Act any pistol, revolver or other firearm of a size which may be concealed upon his or her person shall be deemed a dangerous weapon.

Section 4-D.  For the purpose of this Act any blackjack, slungshot, billy, sandbag, metal knuckles, dirk, dagger, stiletto, or knife of a blade longer than three and one-half inches when carried concealed upon the person, shall be deemed a dangerous weapon.

Section 5.  Every person in the business of selling, leasing or otherwise transferring a pistol, revolver or other firearm of a size which may be concealed upon the person, whether such seller is a retail dealer, pawnbroker or otherwise, shall obtain a legal register (as per Section 6) from the State Printer, at a cost of $3.00 per 100 leaves in duplicate, in which shall be entered at the time of sale the date of sale, name of maker, number (if any), caliber, name of purchaser, permanent resident, temporary residence, age, occupation, height, color of skin, color of eyes, color of hair and signature of purchaser.  (The purchaser is required to sign his name in the aforesaid register in the space provided for the same.) Any person signing a fictitious name or address shall be guilty of a misdemeanor.  Any person who shall fail to keep a register and to enter therein the facts required by this section shall be guilty of a misdemeanor.  Such register shall be open at all reasonable hours for the inspection of any peace officer. This section shall not apply to wholesale dealers in their business intercourse with the retail dealer, nor to the wholesale or retail dealer in the regular or ordinary transportation of firearms as a merchandise by mail, express or other mode of shipment, to points outside of the city, town or municipal corporation wherein they are situated.  Any person who violates the provisions of this section is guilty of a misdemeanor, and upon conviction thereof shall pay a fine of not less than $100.00 nor more than $500.00 or shall be imprisoned in the county jail or reformatory for not less than thirty days nor

for more than one year, or be punished by both fine and imprisonment.

Section 6. *Form of Dealer's Record of Sale.*

..............................................................................................

Series No. ...............
Sheet No. ............... ≤

ORIGINAL

DEALER'S RECORD OF SALE OF REVOLVER OR PISTOL
STATE OF OREGON, U. S. A.

NOTICE TO DEALERS: This Original is for your files. If spoiled in making out, do not destroy. Keep in book.

CARBON DUPLICATE must be mailed on the evening of the day of sale to chief of police, or sheriff, according to your county law. Violation of this law is a misdemeanor. Use carbon paper for duplicate. Use indelible pencil.

Sold by..................................... Salesman.....................................
City, town or township..................................................................
Description of arm (state whether revolver or pistol)...............
Maker........................................... Number........... Caliber...........
Name of purchaser..................................... Age........ Year........
Permanent resident (state name of city, town or municipality)
........................ (Street and number of dwelling)........................
Height...........feet...........inches.  Occupation...............................
Color.................. skin.................. eyes.................. hair..................
If traveling or in locality temporarily, give local address..........
Signature of purchaser....................................................................

(Signing a fictitious name or address is a misdemeanor)
Witness.................................................,
            Salesman.

..............................................................................................

Section 6-A. *Form of Duplicate Dealer's Record of Sale of Revolver or Pistol.*

..............................................................................................

Series ......................
Sheet No. ................

DUPLICATE

DEALER'S RECORD OF SALE OF REVOLVER OR PISTOL
STATE OF OREGON, U. S. A.

NOTICE TO DEALERS: This carbon duplicate must be mailed on the evening of the day of sale to chief of police, or sheriff, or according to your county law. Violation of this law is a misdemeanor.

Sold by..................................... Salesman.....................................
City, town or township..................................................................
Description of arm (state whether revolver or pistol)...............

Case 2:19-cv-00617-KJM-AC   Document 105-6   Filed 11/09/23   Page 13 of 238

Maker.............................................. Number............ Caliber............
Name of purchaser......................................... Age........ Year........
Permanent address (state name of city, town or municipality)
.......................... (Street and number of dwelling)........................
Height............feet............inches.  Occupation................................
Color.................. skin.................. eyes.................. hair....................
If traveling or in locality temporarily, give local address..........
Signature of purchaser.......................................................................
       (Signing a fictitious name or address is a misdemeanor)
Witness................................................
              Salesman.

Section 7.  Any person who attempts to use, or who with
intent to use the same unlawfully against another, carries or
possesses a dagger, dirk, dangerous knife, razor, stiletto, or
any loaded pistol, revolver or other firearm, or any instrument
or weapon of the kind commonly known as a blackjack, slung-
shot, billy, sandclub, sandbag, metal knuckles, bomb or bomb-
shell, or any other dangerous or deadly weapon or instrument,
is guilty of a felony.  The carrying or possession of any of
the weapons specified in this section by any person while com-
mitting, or attempting or threatening to commit a felony, or a
breach of the peace, or any act of violence against the person
or property of another, shall be presumptive evidence of carry-
ing or possessing such weapon with intent to use the same in
violation of this section.

Any person who violates the provisions of this section shall
be deemed guilty of a felony, and upon conviction thereof shall
be punished by a fine of not less than $50.00 nor more than
$500.00, or by imprisonment in the county jail for not less
than one month nor more than six months, or by imprisonment
in the penitentiary for not exceeding five years.

Section 8.  Whenever any person shall be arrested and it
shall be discovered that such person possesses or carries or
has possessed or carried upon his person any loaded pistol,
revolver or other firearm, or any weapon named or enumer-
ated in Section 7 of this Act, in violation of any of the sections
of this Act, it shall be the duty of the person making the arrest
to forthwith lay an information for a violation of said section
or sections against the person arrested before the nearest or
most accessible magistrate having jurisdiction of the offense,
and such magistrate must entertain and examine such
information and act thereon in the manner prescribed by law.

Section 8-A.  A justice court has concurrent jurisdiction
with the circuit court of any offense defined herein where the
penalty does not exceed a fine of $500.00 or imprisonment in

the county jail for not more than six months, or both such fine and imprisonment.

Section 9.  It shall be lawful for the sheriff of any county, chief of police, city or town marshal, or other head of the police department of any city, town or other municipal corporation of this State, upon proof before him that the person applying therefor is of good moral character, and that proper cause exists for the issuance thereof, to issue to such person a license for one year, to have and carry concealed a pistol, revolver or other firearm; *provided, however,* that no such license shall be issued to any person under the age of twenty-one years.

The person obtaining a permit to carry a concealed pistol or revolver shall pay to the officer issuing such permit the sum of One Dollar.  Said license for carrying a concealed pistol or revolver is revocable at any time and must be immediately surrendered on demand.  The license while in force entitles the holder to carry the said arm in any county in the State of Oregon.

Section 10.  It shall be unlawful for any person, firm or corporation to sell, offer for sale, give or dispose of any pistol, revolver or other firearm of a size which may be concealed upon the person, to any minor under the age of twenty-one years.  A violation of this section is a misdemeanor and punishable by imprisonment in the county jail for a period not exceeding six months, or by a fine not exceeding Five Hundred Dollars, or both such fine and imprisonment.

Section 11.  Any person not a citizen of the United States of America, who shall be convicted of carrying a deadly weapon, as described in Sections 1, 2 and 7 of this Act, shall be guilty of a felony and on conviction thereof shall be punished by imprisonment in the State prison for a period not exceeding five years.

Approved by the Governor February 21, 1917.
Filed in the office of the Secretary of State February 21, 1917.




DATE DOWNLOADED: Mon Mar 27 13:28:50 2023
SOURCE: Content Downloaded from HeinOnline

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1920 62 .

ALWD 7th ed.
, , 1920 62 .

Chicago 17th ed.
"," New Jersey - 144th Legislature, Regular Session and Additional Acts : 62-71

AGLC 4th ed.
" New Jersey - 144th Legislature, Regular Session and Additional Acts 62

OSCOLA 4th ed.
" 1920 62          Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   https://heinonline.org/HOL/License
-- The search text of this PDF is generated from  uncorrected OCR text.

62

CHAPTERS 30 & 31, LAWS OF 1920.

Reimbursements.

contract, for labor, freight and materials. The State of New Jersey, or its agencies, and in the case of municipalities, including boards of chosen freeholders as aforesaid, shall have the power by resolution or ordinance to reimburse and pay said contractor or contractors such sums of money as may be shown by said contractor or contractors to have been paid for labor, freight and materials over and above the prices prevailing for the same at the time of the making of such

Source of payments.

contract. Such payment shall be made out of any moneys that may be available therefor, or from any moneys appropriated or raised in any manner for the

Emergent payment.

purposes of this act. Any payment made under this act shall be considered as an emergency payment.

3. This act shall take effect immediately.

Approved March 22, 1920.

---

## CHAPTER 31.

An Act to amend an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession" (Revision of 1903), approved April fourteenth, one thousand nine hundred and three.

BE IT ENACTED *by the Senate and General Assembly of the State of New Jersey:*

Section 1 amended.

1. Section one of the act of which this act is amendatory be and the same is hereby amended to read as follows:

Unlawful to hunt certain game except with gun.

1. It shall be unlawful to pursue, with intent to kill or injure, or in any manner to attempt to take or injure, and it shall also be unlawful to kill or destroy or injure any anatidæ, commonly known as swans, geese, brant and river and sea ducks; rallidæ, commonly

Compendium of Laws
Page 0907

CHAPTER 31, LAWS OF 1920.

63

known as rails, gallinules, coots and mud-hens; limicolœ, commonly known as shore birds, surf snipe or bay snipe, among them being yellow legs, plovers, willets, sandpipers, dowitchers or robin snipe, brown backs, curlews, turnstones or calico backs, godwits or marlin, tattlers and woodcock; gallinæ, commonly known as wild turkeys, grouse, prairie chickens, pheasants, partridges and quails; and the species of icteridæ, commonly known as reed birds; or any hare, commonly known as rabbit; gray, black or fox squirrel; or any other game bird or game animal whatsoever, excepting in the manner usually known as hunting with a gun, the gun being not larger than ten guage and held at arm's length and fired from the shoulder without rest, and at such times as may be permitted in this act, under a penalty of twenty dollars for each offense.

*Penalty.*

2. Section six of the act of which this act is amendatory be and the same is hereby amended to read as follows:

*Section 6 amended.*

6. It shall be unlawful for any person hunting or gunning after geese, duck, or brant or other game birds to place the boat, sink-box or other vessel or construction in which such person may lie in wait to kill said geese, duck, brant or other game birds, at a distance of more than one hundred feet from ice, marsh or meadow, bar or bank, or heaped seaweed not covered with water; and it shall be unlawful for any person or persons, with intent to capture or kill geese, duck, brant, or other game birds to hunt after or pursue the same in any manner except between one-half hour before sunrise and sunset, under a penalty of twenty dollars for each offense.

*Hunting web-footed wild fowl.*

*Penalty.*

3. Section seven of the act of which this act is amendatory be and the same is hereby amended to read as follows:

*Section 7 amended.*

7. It shall be unlawful for any person to pursue any goose, duck, brant, or any kinds of game birds, whatsoever, or to shoot, or to shoot at, or kill, or wound the same from any boat or vessel propelled by any means other than by oars or paddles, or from any boat, vessel or other structure anchored or staked upon the waters of any of the bays, sounds, coves, ponds,

*Pursuing web-footed wild fowl.*

Compendium of Laws
Page 0908

rivers, creeks or streams of the State at a greater distance than one hundred feet from ice, marsh or meadow, bar or bank, or heaped seaweed not covered with water, under a penalty of twenty dollars for each offense. It shall also be unlawful for any person while in an airplane, hydroplane or other device propelled in any manner through the air to pursue, shoot, shoot at, kill or injure any of the above-mentioned game birds, under a penalty of one hundred dollars for each offense.

*Penalty.*

*Using airplane unlawful.*

4. Section eight of the act of which this act is amendatory be and the same is hereby amended to read as follows:

*Penalty.*

*Section 8 amended.*

8. It shall be unlawful to capture, kill, injure, destroy or have in possession any quail, rabbit, hare, squirrel, raccoon, English or ring-neck pheasant, ruffed grouse, prairie chicken, wild turkey, Hungarian partridge, reed bird, wild swans, wood duck, wild geese, brant, wild ducks, rails or marsh hens, gallinules, coot (commonly known as crow duck), upland plover, black-bellied plover, golden plover, greater or lesser yellowlegs, willets, sandpipers, dowitchers or robin snipe, brown backs, curlews, turnstones or calico backs, godwits or marlin tattlers, Wilson snipe or jacksnipe, woodcock or any other birds commonly known as shore birds, surf snipe or bay snipe, except and unless an open season is prescribed therefor, and then only during the respective open seasons fixed by this section.

*Unlawful to have certain game in possession, etc., except in open season.*

The open season for wild geese, brant, wild ducks (except wood duck), coot, gallinules and Wilson snipe or jacksnipe, shall be from October sixteenth to January thirty-first, following, both days inclusive.

*Season for geese, ducks, etc.*

The open season for black-bellied and golden plovers and greater and lesser yellowlegs shall be from August sixteenth to November thirtieth following, both days inclusive.

*Season for plover, etc.*

The open season for Sora, marsh hen or mud hen and other rails (other than coot and gallinules) shall be from September first to November thirtieth following, both days inclusive.

*Season for marsh hen.*

The open season for woodcock shall be from October first to November thirtieth following, both days inclusive.

*Season for woodcock.*

The open season for reed birds shall be from September first to October thirtieth, both days inclusive. *Season for reed birds.*

The open season for quail, rabbit, hare, squirrel, English or ring-neck pheasant, ruffed grouse, prairie chicken, wild turkey or Hungarian partridge shall be from November tenth to December fifteenth, both days inclusive. *Season for quail, rabbits, pheasants, etc.*

The open season for raccoon shall be from October first to December fifteenth, both days inclusive. *Season for raccoon.*

The birds and animals for which an open season is prescribed by this section may be possessed during the respective open seasons therefor and for the additional period of ten days immediately succeeding such open seasons. *Time for possession.*

Any person violating any of the provisions of this section shall be liable to a penalty of twenty dollars for each bird or animal or part thereof unlawfully captured, killed, injured, destroyed or had in possession. *Penalty.*

5. Section nine of the act of which this act is amendatory be and the same is hereby amended to read as follows: *Section 9 amended.*

9. It shall be unlawful to capture, kill, injure, destroy or have in possession in any one day more than ten quail, three English or ring-neck pheasants, three Hungarian partridge, six woodcock, three ruffed grouse, twenty-five in the aggregate of all kinds of duck (except wood duck), eight geese, eight brant, fifty Sora, fifty reed birds, twenty-five in the aggregate of all kinds of rails (except Sora), including marsh hens, coots and gallinules, fifteen in the aggregate of all kinds of black-bellied and golden plover and greater and lesser yellowlegs, twenty-five Wilson snipe or jacksnipe, or ten rabbits, under a penalty of twenty dollars for each bird or rabbit captured, killed, injured, destroyed or had in possession in excess of the number permitted by this section; *provided,* that nothing in this section contained shall apply to any proprietor of a hotel, restaurant or cafe having in possession at his or her hotel, restaurant or cafe at any time any game raised on licensed game preserves tagged or marked in accordance with law, or to any rabbit during the open *Number of certain game that may be taken.* *Penalty.* *Proviso.*

66                      CHAPTER 31, LAWS OF 1920.

season permitted by law, and for a period of ten days immediately succeeding such open season.

**Section to amended.**

6. Section ten of the act of which this act is amendatory be and the same is hereby amended to read as follows:

**Unlawful sale of game.**

10. It shall be unlawful to sell, offer for sale or possess for sale within this State, whether killed within or without this State, any of the dead bodies, or parts thereof, of squirrels of all species, wild deer of all species, and the dead bodies or parts thereof of any dead game birds or song birds belonging to any species or subspecies native to this State, protected by law, or belonging to any family, any species or subspecies of which is native to this State and protected by law, whether taken within or without this State, under a

**Penalty.**

penalty of twenty dollars for each squirrel, wild deer or birds above mentioned, so sold, offered for sale or

**Proviso.**

possessed for sale as aforesaid; *provided, however,* that the carcasses of deer and the unplucked carcasses of mallard, black and wood ducks, Canada geese, ruffed grouse, squirrels, quail and pheasants of all species raised on licensed game preserves and properly tagged, and the unplucked carcasses of Scotch grouse, European black grouse, European black plover, red-legged partridge and Egyptian quail coming from a foreign country, which are properly tagged by the State authorities, may be sold at any time for food purposes.

**Section 11 amended.**

7. Section eleven of the act of which this act is amendatory be and the same is hereby amended to read as follows:

**Bringing game into State.**

11. Whenever by the laws of any other State or country it shall be lawful to take out of the confines of the said State or country any game, whether the same be fowl or animal, it shall be lawful to bring such game within the State of New Jersey; *provided, however,*

**Proviso.**

that nothing herein contained shall permit the sale or exposure for sale of any such game; *provided,* that

**Proviso.**

Belgian hare and jackrabbits legally killed in another State may be brought into this State at any time for

**Penalty.**

possession, sale and consumption. Any person violating the provisions of this section shall be liable to a

Compendium of Laws
Page 0911

penalty of twenty dollars for each fowl or animal so sold or exposed for sale.

8. Section twelve of the act of which this act is amendatory be and the same is hereby amended to read as follows: *(Section 12 amended.)*

12. It shall be unlawful to capture, kill, injure or have in possession, living or dead, or attempt to capture, kill or injure, any wild or passenger pigeon, or for any person to destroy, attempt to destroy or interfere in any manner with the nest or eggs of any wild or passenger pigeon under a penalty of two hundred and fifty dollars for each offense. *(Wild pigeons. Penalty.)*

9. Section thirteen of the act of which this act is amendatory be and is hereby amended so as to read as follows: *(Section 13 amended.)*

13. It shall be unlawful to use in hunting fowl or animals of any kind any shotgun or rifle holding more than two cartridges at one time, or that may be fired more than twice without reloading, or to use any silencer on any gun, rifle or firearm when hunting for game or fowl, under a penalty of twenty dollars for each offense. *(Gun. Penalty.)*

10. Section fourteen of the act of which this act is amendatory be and the same is hereby amended so as to read as follows: *(Section 14 amended.)*

14. It shall be unlawful to sow, deposit or place any rye, wheat, oats or corn or other cereal, except wild celery and wild rice, in any of the salt or fresh waters of this State, or to cause the same to be done, for the purpose of luring, decoying or baiting any goose, duck, swan, brant or any kind of water wild fowl whatsoever, so that the same may be shot at, killed or captured while feeding or attempting to feed where any rye, wheat, oats or corn or other cereal, except wild celery or wild rice, is known to have been sown, deposited or placed in violation of this section, under a penalty of fifty dollars for each offense. *(Luring with cereals. Penalty.)*

11. Section fifteen of the act of which this act is amendatory be and the same is hereby amended so as to read as follows: *(Section 15 amended.)*

15. It shall be unlawful to shoot into any squirrel's nest at any time of the year, under a penalty of twenty dollars for each offense. *(Penalty for shooting squirrel's nest.)*

Compendium of Laws
Page 0912

68                    CHAPTER 31, LAWS OF 1920.

**Section 16 amended.**

12. Section sixteen of the act to which this act is amendatory be and the same is hereby amended so as to read as follows:

**Hunting with ferrets unlawful.**

16. It shall be unlawful to hunt, kill or destroy, or attempt to hunt, kill or destroy, any hare or rabbit with ferrets under a penalty of fifty dollars for each offense.

**Section 19 amended.**

13. Section nineteen of the act to which this act is amendatory be and the same is hereby amended to read as follows:

**Penalty for taking excess trout, bass, etc.**

19. It shall be unlawful to take, catch or kill in any one day more than twenty-five trout, ten salmon or ten black bass, under a penalty of twenty dollars for each trout, salmon or black bass so taken, caught or killed in excess of the number permitted by this section.

**Section 21 amended.**

14. Section twenty-one of the act of which this act is amendatory be and the same is hereby amended so as to read as follows:

**Automobile forbidden in hunting.**

21. It shall be unlawful for any person or persons while in an automobile to hunt for, pursue, shoot, shoot at, kill, capture, injure, or destroy any bird or animal in this State, or to hunt for, pursue, shoot, shoot at, kill, capture, injure or destroy any such bird or animal by the aid or use of any light or lights carried on or attached to any such automobile, under a penalty of fifty dollars for each offense.

**Penalty.**

**Section 22 amended.**

15. Section twenty-two of the act of which this act is amendatory be and the same is hereby amended to read as follows:

**Taking game from State.**

22. It shall be unlawful to remove or attempt to remove from this State any animal or bird protected by the laws of this State except deer; *provided, however,* that this section shall not apply to common carriers carrying from beyond the confines of this State in unbroken packages to some point beyond the confines of this State any such protected animal or bird. Any person guilty of any violation of this section shall be liable to a penalty of twenty dollars for each animal or bird, removed or sought to be removed; *provided, however,* that this section shall not apply to English or ringneck pheasants, mallard, black or wood ducks, Canada geese, ruffed grouse, rabbits, squirrels and quail, properly tagged, raised on game preserves, the owners or

**Proviso.**

**Penalty.**

**Proviso.**

lessees of which are duly licensed by the Board of Fish and Game Commissioners; *and further provided*, that a nonresident holding a nonresidents' and aliens' hunting and fishing license may, in any one day, remove from the State the number of animals or birds that may be taken under the laws of this State in one day by one person, but not more birds or animals may be removed by one person in one calendar week than the number that may be taken under the laws of this State in two days by one person; *provided, however*, that no removal shall be made except the birds or rabbits be exposed to open view.

16. Section thirty-eight of the act of which this act is amendatory be and is hereby amended to read as follows:

38. Whenever in the act of which this act is amendatory the possession or sale of fowl or game is prohibited, reference is had equally to such fowl or game coming from without the State as to that taken within the State.

17. The following acts are hereby repealed:

A supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved March twenty-fifth, one thousand nine hundred and thirteen.

A supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved March twenty-fifth, one thousand nine hundred and thirteen.

A supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession," approved April fourteenth, one thousand nine hundred and three, approved April thirteenth, one thousand nine hundred and eight.

Supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved April fifteenth, one thousand nine hundred and eleven.

Supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved April twenty-seventh, one thousand nine hundred and eleven, approved April first, one thousand nine hundred and twelve.

A supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved April eighth, one thousand nine hundred and fifteen.

Supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, and to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved April seventh, one thousand nine hundred and eleven.

A supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved March twenty-eighth, one thousand nine hundred and twelve.

Supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thou-

sand nine hundred and three, approved April seventeenth, one thousand nine hundred and fourteen.

An act to prohibit the killing or pursuing of birds or animals by the aid or use of an automobile, approved February twenty-third, one thousand nine hundred and eighteen.

An act to prohibit the hunting of rabbits or hares with ferrets, approved April ninth, one thousand nine hundred and ten.

A supplement to an act entitled "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture, and provide open and close seasons for such capture and possession (Revision of 1903)," approved April fourteenth, one thousand nine hundred and three, approved March thirteenth, one thousand nine hundred and twelve.

An act for the protection of the wild or passenger pigeon, approved April ninth, one thousand nine hundred and ten.

18. This act shall take effect immediately.

Approved March 22, 1920.

———

## CHAPTER 32.

An Act to amend an act entitled "An act concerning counties," approved March fourth one thousand nine hundred and eighteen.

BE IT ENACTED *by the Senate and General Assembly of the State of New Jersey:*

1. Section eleven hundred twenty-eight, article eleven of the act entitled "An act concerning counties," approved March fourth, one thousand nine hundred and eighteen, be and the same is hereby amended to read as follows:

Section 1128 amended.

 Case 2:19-cv-00617-KJM-AC  Document 105-6   Filed 11/09/23   Page 26 of 238

DATE DOWNLOADED: Fri Mar 31 09:52:47 2023
SOURCE: Content Downloaded from HeinOnline

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1923 695 .

ALWD 7th ed.
, , 1923 695 .

Chicago 17th ed.
"," California - 45th Regular Session : 695-702

AGLC 4th ed.
" California - 45th Regular Session 695

OSCOLA 4th ed.
" 1923 695           Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   https://heinonline.org/HOL/License
-- The search text of this PDF is generated from  uncorrected OCR text.

treasurer or the inheritance tax appraiser of the county of the superior court having jurisdiction as provided in section fifteen of this act.

(6) This act shall become effective and in force contemporaneously with the taking effect of amendments to sections one thousand four hundred one and one thousand four hundred two of the Civil Code, which amendments were enacted at the forty-fifth session of the legislature of the State of California and known as chapter eighteen of the statutes of 1923, and not otherwise. *Act takes effect.*

---

## CHAPTER 338.

*An act to add a new section to the Civil Code to be numbered three thousand fifty-one a, fixing a limit on the amount of a lien on property held under the provisions of section three thousand fifty-one of said code.*

[Approved June 13, 1923.]

*The people of the State of California do enact as follows:*

SECTION 1. A new section is hereby added to the Civil Code to be numbered three thousand fifty-one a and to read as follows:

3051a. That portion of any lien, as provided for in the next preceding section, in excess of one hundred dollars, for any work, services, care, or safekeeping rendered or performed at the request of any person other than the holder of the legal title, shall be invalid, unless prior to commencing any such work, service, care, or safekeeping, the person claiming such lien shall give actual notice in writing either by personal service or by registered letter addressed to the holder of the legal title to such property, if known. In the case of automobiles, the person named as legal owner in the registration certificate, shall be deemed for the purpose of this section, as the holder of the legal title. *Limitation on amount recoverable where written notice not given.*

---

## CHAPTER 339.

*An act to control and regulate the possession, sale and use of pistols, revolvers and other firearms capable of being concealed upon the person; to prohibit the manufacture, sale, possession or carrying of certain other dangerous weapons within this state; to provide for registering all sales of pistols, revolvers or other firearms capable of being concealed upon the person; to prohibit the carrying of concealed firearms except by lawfully authorized persons; to provide for the confiscation and destruction of such weapons in certain cases; to prohibit the ownership, use, or possession of any of such weapons by certain classes of persons; to prescribe penalties for violations of this act and increased penalties for repeated violations hereof; to*

696                           STATUTES OF CALIFORNIA.                    [Ch. 339

*authorize, in proper cases, the granting of licenses or permits to carry firearms concealed upon the person; to provide for licensing retail dealers in such firearms and regulating sales thereunder; and to repeal chapter one hundred forty-five of California statutes of 1917, relating to the same subject.*

[Approved June 13, 1923.]

### The people of the State of California do enact as follows:

Manufacture, sale, carrying, etc., certain dangerous weapons prohibited.

SECTION 1. On and after the date upon which this act takes effect, every person who within the State of California manufactures or causes to be manufactured, or who imports into the state, or who keeps for sale, or offers or exposes for sale, or who gives, lends, or possesses any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, or metal knuckles, or who carries concealed upon his person any explosive substance, other than fixed ammunition, or who carries concealed upon his person any dirk or dagger, shall be guilty of a felony and upon a conviction thereof shall be punishable by imprisonment in a state prison for not less than one year nor for more than five years.

Aliens and felons must not possess certain firearms.

SEC. 2. On and after the date upon which this act takes effect, no unnaturalized foreign born person and no person who has been convicted of a felony against the person or property of another or against the government of the United States or of the State of California or of any political subdivision thereof shall own or have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon the person. The terms "pistol," "revolver," and "firearms capable of being concealed upon the person" as used in this act shall be construed to apply to and include all firearms having a barrel less than twelve inches in length. Any person who shall violate the provisions of this section shall be guilty of a felony and upon conviction thereof shall be punishable by imprisonment in a state prison for not less than one year nor for more than five years.

Committing felony while carrying dangerous weapon.

SEC. 3. If any person shall commit or attempt to commit any felony within this state while armed with any of the weapons mentioned in section one hereof or while armed with any pistol, revolver or other firearm capable of being concealed upon the person, without having a license or permit to carry such firearm as hereinafter provided, upon conviction of such felony or of an attempt to commit such felony, he shall in addition to the punishment prescribed for the crime of which he has been convicted, be punishable by imprisonment in a state prison for not less than five nor for more than ten years. Such additional period of imprisonment shall commence upon the expiration or other termination of the sentence imposed for the crime of which he stands convicted and shall not run concurrently with such sentence. Upon a second conviction under like circumstances such additional period of impris-

onment shall be for not less than ten years nor for more than fifteen years, and upon a third conviction under like circumstances such additional period of imprisonment shall be for not less than fifteen nor for more than twenty-five years, such terms of additional imprisonment to run consecutively as before. Upon a fourth or subsequent conviction under like circumstances the person so convicted may be imprisoned for life or for a term of years not less than twenty-five years, within the discretion of the court wherein such fourth or subsequent conviction was had.

In the trial of a person charged with committing or attempt- Evidence. ing to commit a felony against the person of another while armed with any of the weapons mentioned in section one hereof, or while armed with any pistol, revolver or other firearm capable of being concealed upon the person, without having a license or permit to carry such firearm as hereinafter provided, the fact that he was so armed shall be prima facie evidence of his intent to commit such felony.

SEC. 4.   In no case shall any person punishable under the No probation preceding sections of this act be granted probation by the of sentence trial court, nor shall the execution of the sentence imposed upon such person be suspended by the court.

SEC. 5.   Except as otherwise provided in this act, it shall Carrying be unlawful for any person within this state to carry con- firearms cealed upon his person or within any vehicle which is under without his control or direction any pistol, revolver or other firearm capable of being concealed upon the person without having a license to carry such firearm as hereinafter provided in section eight hereof. Any person who violates the provisions of this section shall be guilty of a misdemeanor, and if he has been convicted previously of any felony, or of any crime made punishable by this act, he is guilty of a felony.

This section shall not be construed to prohibit any citizen Exceptions. of the United States, over the age of eighteen years, who resides or is temporarily sojourning within this state, and who is not within the excepted classes prescribed by section two hereof, from owning, possessing or keeping within his place of residence or place of business any pistol, revolver or other firearm capable of being concealed upon the person, and no permit or license to purchase, own, possess or keep any such firearm at his place of residence or place of business shall be required of any such citizen. Firearms carried openly in belt holsters shall not be deemed to be concealed within the meaning of this section, nor shall knives which are carried openly in sheaths suspended from the waist of the wearer.

SEC. 6.   Nothing in the preceding section shall be construed Police to apply to or affect sheriffs, constables, marshals, policemen, diers, etc., whether active or honorably retired, or other duly appointed excepted. peace officers, nor to any person summoned by any such officers to assist in making arrests or preserving the peace while said person so summoned is actually engaged in assisting such officer; nor to the possession or transportation by any merchant of unloaded firearms as merchandise; nor to members of

Compendium of Laws
Page 0920

698            STATUTES OF CALIFORNIA.            [Ch. 339

the army, navy, or marine corps of the United States, or the national guard, when on duty, or to organizations which are by law authorized to purchase or receive such weapons from the United States, or from this state; nor to duly authorized military or civil organizations while parading, nor to the members thereof when going to and from the places of meeting of their respective organizations; nor to members of any club or organization now existing, or hereafter organized, for the purpose of practicing shooting at targets upon the established target ranges, whether public or private, while such members are using any of the firearms referred to in this act upon such target ranges, or while going to and from such ranges; or to licensed hunters or fishermen while engaged in hunting or fishing, or while going to or returning from such hunting or fishing expedition.

Nuisances.    SEC. 7.   The unlawful concealed carrying upon the person or within the vehicle of the carrier of any dirk, dagger, pistol, revolver, or other firearm capable of being concealed upon the person, is a nuisance.  Any such weapons taken from the person or vehicle of any person unlawfully carrying the same are hereby declared to be nuisances, and shall be surrendered to the magistrate before whom said person shall be taken, except that in any city, city and county, town or other municipal corporation the same shall be surrendered to the head of the police force or police department thereof.   The officers to Destruction whom the same may be so surrendered, except upon the certifiof weapons. cate of a judge of a court of record, or of the district attorney of the county, that the preservation thereof is necessary or proper to the ends of justice, shall annually, between the first and tenth days of July, in each year, destroy or cause to be destroyed such weapons to such extent that the same shall become and be wholly and entirely ineffective and useless for the purpose for which it was manufactured; *provided, however,* that in the event any such weapon has been stolen and is thereafter recovered from the thief or his transferee, the same shall not be destroyed but shall be restored to the lawful owner thereof, so soon as its use as evidence has been served, upon his identification of the weapon and proof of ownership thereof.  Blackjacks, slungshots, billys, sandclubs, sandbags and metal knuckles are hereby declared to be nuisances and shall be subject to confiscation and summary destruction whenever found within the state; *provided,* that upon the certificate of a judge or of the district attorney that the ends of justice will be subserved thereby, such weapon shall be preserved until the necessity for its use ceases.

Licenses to    SEC. 8.   It shall be lawful for the sheriff of a county, carry firearms. and the board of police commissioners, chief of police, city marshal, town marshal, or other head of the police department of any city, city and county, town, or other municipal corporation of this state, upon proof before said board, chief, marshal or other police head, that the person applying therefor is of good moral character, and that good cause exists for the issuance thereof, to issue to such person a license to carry con-

Compendium of Laws
Page 0921

cealed a pistol, revolver or other firearm for a period of one year from the date of such license.  All applications for such licenses shall be filed in writing, signed by the applicant, and shall state the name, occupation, residence and business address of the applicant, his age, height, weight, color of eyes and hair, and reason for desiring a license to carry such weapon.  Any license issued upon such application shall set forth the foregoing data and shall, in addition, contain a description of the weapon authorized to be carried, giving the name of the manufacturer, the serial number and the caliber thereof.    When such licenses are issued by a sheriff a record thereof shall be kept in the office of the county clerk; when issued by police authority such record shall be maintained in the office of the authority by whom issued. Such applications and licenses shall be uniform throughout the state, upon forms to be prescribed by the attorney general. *Applications.* *Record.*

SEC. 9.  Every person in the business of selling, leasing or otherwise transferring a pistol, revolver or other firearm, of a size capable of being concealed upon the person, whether such seller, lessor or transferrer is a retail dealer, pawnbroker or otherwise, except as hereinafter provided, shall keep a register in which shall be entered the time of sale, the date of sale, the name of the salesman making the sale, the place where sold, the make, model, manufacturer's number, caliber or other marks of identification on such pistol, revolver or other firearm.    Such register shall be prepared by and obtained from the state printer and shall be furnished by the state printer to said dealers on application at a cost of three dollars per one hundred leaves in duplicate and shall be in the form hereinafter provided.  The purchaser of any firearm, capable of being concealed upon the person shall sign, and the dealer shall require him to sign his name and affix his address to said register in duplicate and the salesman shall affix his signature in duplicate as a witness to the signatures of the purchaser. Any person signing a fictitious name or address is guilty of a misdemeanor.  The duplicate sheet of such register shall on the evening of the day of sale, be placed in the mail, postage prepaid and properly addressed to the board of police commissioners, chief of police, city marshal, town marshal or other head of the police department of the city, city and county, town or other municipal corporation wherein the sale was made; *provided,* that where the sale is made in a district where there is no municipal police department, said duplicate sheet shall be mailed to the county clerk of the county wherein the sale is made.  A violation of any of the provisions of this section by any person engaged in the business of selling, leasing or otherwise transferring such firearm is a misdemeanor.  This section shall not apply to wholesale dealers in their business intercourse with retail dealers, nor to wholesale or retail dealers in the regular or ordinary transportation of unloaded firearms as merchandise by mail, express or other mode of shipment, to points outside of the city, city and county, town or municipal corporation wherein *Dealers registers.* *Cost.* *Signatures.* *Disposition of duplicate sheets.* *Penalty.*

Compendium of Laws
Page 0922

700                         STATUTES OF CALIFORNIA.                    [Ch. 339

Form of
register.

they are situated.  The register provided for in this act shall
be substantially in the following form:

### Form of Register.

Series No. _____
Sheet No. _____

#### ORIGINAL.

#### Dealers' Record of Sale of Revolver or Pistol.

#### State of California.

Notice to dealers: This original is for your files.  If spoiled
in making out, do not destroy.  Keep in books.  Fill out in
duplicate.

Carbon duplicate must be mailed on the evening of the day
of sale, to head of police commissioners, chief of police, city
marshal, town marshal or other head of the police department
of the municipal corporations wherein the sale is made, or to
the county clerk of your county if the sale is made in a district
where there is no municipal police department.  Violation of
this law is a misdemeanor.  Use carbon paper for duplicate.
Use indelible pencil.

Sold by_____ Salesman_____
City, town or township _____
Description of arm (state whether revolver or pistol)_____
Maker_____ Number_____ Caliber_____
Name of purchaser _____age_____years.
Permanent residence (state name of city, town or township,
street and number of dwelling)_____
Height _____feet_____inches.  Occupation_____
Color _ _____skin_____eyes_____hair_____
If traveling or in locality temporarily, give local address
_____

_____
Signature of purchaser_____
(Signing a fictitious name or address is a misdemeanor.)  (To
be signed in duplicate.)
Witness_____, salesman.
    (To be signed in duplicate.)

Series No. _____
Sheet No. _____

#### DUPLICATE.

#### Dealers' Record of Sale of Revolver or Pistol.

#### State of California.

Notice to dealers:  This carbon duplicate must be mailed
on the evening of the day of sale as set forth in the original
of this register page.  Violation of this law is a misdemeanor.
Sold by _____ Salesman_____
City, town or township _____
Description of arm (state whether revolver or pistol)_____
Maker _____number_____caliber_____

Name of purchaser _____age_____years.
Permanent address (state name of city, town or township,
street and number of dwelling)_____

--------------------------------------------------------------
Height_____feet_____inches.  Occupation _____
Color _____skin_____eyes_____hair_____
If traveling or in locality temporarily, give local address
--------------------------------------------------------------
Signature of purchaser_____
(Signing a fictitious name or address is a misdemeanor.)  (To
be signed in duplicate.)
Witness_____, salesman.

(To be signed in duplicate.)

SEC. 10.  No person shall sell, deliver or otherwise transfer Restrictions on transfer of certain firearms. any pistol, revolver, or other firearm capable of being concealed upon the person to any person whom he has cause to believe to be within any of the classes prohibited by section two hereof from owning or possessing such firearms, nor to any minor under the age of eighteen years.  In no event shall any such firearm be delivered to the purchaser upon the day of the application for the purchase thereof, and when delivered such firearm shall be securely wrapped and shall be unloaded. Where neither party to the transaction holds a dealer's license, no person shall sell or otherwise transfer any such firearm to any other person within this state who is not personally known to the vendor.  Any violation of the provisions of this section shall be a misdemeanor.

SEC. 11.  The duly constituted licensing authorities of Local licenses for sale of certain firearms. any county, city and county, city, town or other municipality within this state, may grant licenses in form prescribed by the attorney general, effective for not more than one year from date of issue, permitting the licensee to sell at retail within the said county, city and county, city, town or other municipality pistols, revolvers, and other firearms capable of being concealed upon the person, subject to the following conditions, for breach of any of which the license shall be subject to forfeiture:

1. The business shall be carried on only in the building designated in the license.

2. The license or a copy thereof, certified by the issuing authority, shall be displayed on the premises where it can easily be read.

3. No pistol or revolver shall be delivered

(a) On the day of the application for the purchase, and when delivered shall be unloaded and securely wrapped; nor

(b) Unless the purchaser either is personally known to the seller or shall present clear evidence of his identity.

4. No pistol or revolver, or imitation thereof, or placard advertising the sale or other transfer thereof, shall be displayed in any part of said premises where it can readily be seen from the outside.

702          STATUTES OF CALIFORNIA.       |Ch. 339

**Penalty for dealing in certain firearms without license.**

SEC. 12. Any person who, without being licensed as above provided, engages in the business of selling or otherwise transferring, or who advertises for sale, or offers or exposes for sale or transfer, any pistol, revolver or other firearm capable of being concealed upon the person is guilty of a misdemeanor.

**Tampering with marks on certain firearms.**

SEC. 13. No person shall change, alter, remove, or obliterate the name of the maker, model, manufacturer's number, or other mark of identification on any pistol or revolver. Possession of any such firearm upon which the same shall have been changed, altered, removed, or obliterated, shall be presumptive evidence that such possessor has changed, altered, removed, or obliterated the same. Violations of this section

**Penalty.**

shall be punished by imprisonment in the state prison for not less than one year nor more than five years.

**Expiration of current licenses.**

SEC. 14. All licenses heretofore issued within this state permitting the carrying of pistols or revolvers concealed upon the person shall expire at midnight of December 31, 1924.

**Antique pistols, etc.**

SEC. 15. This act shall not apply to antique pistols or revolvers incapable of use as such.

**Constitutionality.**

SEC. 16. If any section, subsection, sentence, clause or phrase of this act is for any reason held to be unconstitutional such decision shall not affect the validity of the remaining portions of this act. The legislature hereby declares that it would have passed this act and each section, subsection, sentence, clause and phrase thereof, irrespective of the fact that any one or more other sections, subsections, sentences, clauses or phrases be declared unconstitutional.

**Stats. 1917, p. 221, repealed.**

SEC. 17. That certain act entitled, "An act relating to and regulating the carrying, possession, sale or other disposition of firearms capable of being concealed upon the person; prohibiting the possession, carrying, manufacturing and sale of certain other dangerous weapons and the giving, transferring and disposition thereof to other persons within this state; providing for the registering of the sales of firearms; prohibiting the carrying or possession of concealed weapons in municipal corporations; providing for the destruction of certain dangerous weapons as nuisances and making it a felony to use or attempt to use certain dangerous weapons against another," approved May 4, 1917. is hereby repealed.

DATE DOWNLOADED: Tue May 23 17:43:47 2023
SOURCE: Content Downloaded from HeinOnline

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1923 236 .

ALWD 7th ed.
, , 1923 236 .

Chicago 17th ed.
"," Missouri - 52nd General Assembly, Regular Session : 236-247


AGLC 4th ed.
" Missouri - 52nd General Assembly, Regular Session 236

OSCOLA 4th ed.
" 1923 236         Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   https://heinonline.org/HOL/License
-- The search text of this PDF is generated from  uncorrected OCR text.

# LAWS OF MISSOURI

PASSED AT THE SESSION OF THE

## *Fifty-Second General Assembly*

WHICH CONVENED AT THE

### *City of Jefferson*

WEDNESDAY, JANUARY 3, 1923



*(By Authority)*

COMPILED BY

## CHARLES U. BECKER

SECRETARY OF STATE

*In compliance with Section 7068
Revised Statutes, 1919*

as directed by the laws of this state for the abatement of nuisances, and upon judgment of the circuit court, or of any criminal court, declaring such wagon, or other means of conveyance or transportation, a nuisance, and [the] same shall be sold at public auction by the sheriff, and the proceeds of such sale, after the payment of costs of said proceedings, including the cost of procurement and execution of such search warrant, shall be turned into the school fund.

**Sec. 15.   Owner to forfeit right and title in property.**—In all cases wherein any property mentioned in this act, or in any other law of this state prohibiting or regulating the manufacture, possession, transportation or sale of intoxicating liquors, or of any law for the enforcement of any such law, has been adjudged a nuisance, the trial court, in its discretion, in addition to imposing any or all other fines and penalties provided by law, may declare all right, title and interest of the owner thereof in and to said property forfeited, and order said property sold at such time and place and upon such terms as the court shall deem proper, and after the payment of the costs of such sale, order the balance remaining, if any, turned into the school fund of the county in which such proceedings were had, or in the case of a change of venue, of the county in which said property was located.

**Sec. 16.   Complaints to be filed by prosecuting attorney.**—Sheriffs, deputy sheriffs, marshals and chiefs of police, and policemen of cities, towns and villages of this state, constables, and all other police or enforcement officers are hereby authorized and directed to apprehend and arrest any person or persons found violating any of the provisions of this act, which are herein described, and to immediately file the necessary complaint for such violation before the prosecuting attorney of the county in which such violation of the law occurs.  If any sheriff, deputy sheriff, marshal, a chief of police, or policeman, constable, or other police officer, shall fail, refuse, or neglect, to discharge any duty imposed upon him by this article, such offending officer shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than $500.00 nor more than $1,000.00, or by imprisonment in the county jail for not less than six months nor more than one year, or by both fine and imprisonment.

**Sec. 17.   Persons or passengers guilty of a felony, when.**—Any person, while in charge of, or a passenger thereon, who shall carry on his person, or in, on, or about, any wagon, buggy, automobile, boat, aeroplane, or other conveyance or vehicle whatsoever, in, or upon which any intoxicating liquor, including wine or beer, is carried, conveyed or transported in violation of any provision of the laws of this state, any revolver, gun or other firearm, or explosive, any bowie knife, or other knife having a blade of more than two and one-half inches in length, any sling

shot, brass knucks, billy, club, or other dangerous weapon, article or thing, which could, or might, be used in inflicting bodily injury, or death upon another, shall be deemed guilty of a felony, and, upon conviction thereof, shall be punished by imprisonment in the state penitentiary for a term of not less than two years.   Provided, that this section shall not apply to any person or persons transporting intoxicating liquor for personal use and not for sale in violation of law.   Provided, that this section shall not apply to any person or passenger who did not know that such vehicle or conveyance was being used for unlawful purposes.

**Sec. 18. Use of conveyance or vehicle owned by other than user prohibited.**—Any person who shall carry or transport any intoxicating liquor in violation of any provision of the laws of this state, for sale or resale in the state, in any wagon, buggy, automobile, vehicle, boat, aeroplane, or other conveyance or vehicle whatsoever, not his own, without the written consent of the owner thereof, or who shall carry or transport any intoxicating liquor, in any such conveyance hereinabove mentioned, while the same is covered by, or subject to, any mortgage, lien, or deed of trust, without the written consent of the legal owner of said mortgage, lien, or deed of trust, shall be deemed guilty of a felony, and, upon conviction thereof, punished by imprisonment in the state penitentiary for a term of not less than two years, or by imprisonment in the county jail for a period of not less than one year, and by a fine in a sum of not less than one hundred dollars, nor more than one thousand dollars.

**Sec. 19. Defining "transport" and "transportation."**—The words "transport" and "transportation" as used in any part of this act, or in any part of article 7, chapter 52, Revised Statutes of Missouri, 1919, and all acts amendatory thereof, shall be held to mean and include every mode, method, or means of carrying, or conveying, intoxicating liquor from place to place in any container, or receptacle, of whatsoever kind or character, and by whatsoever means used, except carrying intoxicating liquor on person.

**Sec. 20. To sell, give away, or otherwise dispose of certain liquors declared a felony, when—penalty.**—If any person shall unlawfully manufacture, make, or ferment, by any process whatsoever, or sell, give away, or otherwise unlawfully dispose of any "moonshine," "hootch," "corn whiskey," or other intoxicating liquor whatsoever, the drinking of any of which shall cause the death of another, or shall cause another to become blind, insane, paralyzed, or violently mad, such offending person shall be deemed guilty of a felony, and, upon conviction thereof, punished by imprisonment in the state penitentiary for a period of not less than two years, or by a fine of one thousand dollars and imprisonment in the county jail for a term of one year.

**Sec. 21. To manufacture, make, brew, distill, sell, give away, or transport a felony—penalty.**—If any person shall

DATE DOWNLOADED: Mon Apr 24 16:05:36 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1923 207 .

ALWD 7th ed.
, , 1923 207 .

Chicago 17th ed.
"," South Carolina - Regular Session : 207-223


AGLC 4th ed.
" South Carolina - Regular Session 207

OSCOLA 4th ed.
" 1923 207          Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# Acts and Joint Resolutions

OF THE

## GENERAL ASSEMBLY

OF THE

## State of South Carolina

PASSED AT THE REGULAR SESSION OF 1923

———

PRINTED BY ORDER OF THE GENERAL ASSEMBLY AND DESIGNED TO
FORM A PART OF THE THIRTY-THIRD VOLUME OF THE
STATUTES AT LARGE, COMMENCING WITH THE
ACTS OF THE REGULAR SESSION OF 1923

———

Columbia, S. C.
Gonzales and Bryan, State Printers
1923

Compendium of Laws
Page 0931

If any person shall aid or assist any minor child under eighteen years old in obtaining the possession of cigarettes, or tobacco in any form used as cigarettes, by whatever name it may be called, he shall be guilty of a misdemeanor, and, upon conviction, shall be fined or imprisoned in the discretion of the Court.

It shall be the duty of every police officer, upon knowledge or information that any minor under eighteen years is or has been smoking any cigarettes, to inquire of any such minor the name of the person who sold or gave him such cigarettes or the substitute from which it was made, or who aided and abetted in effecting such gift or sale. Upon receiving this information from any such minor the officer shall forthwith cause a warrant to be issued for the person giving or selling or aiding and abetting in the giving and selling of such cigarettes or the substance out of which they were made, and have such person dealt with as the law directs. Any such minor who shall fail or refuse to give to any officer upon inquiry the name of the person selling or giving him such cigarette or the substance out of which it was made, shall be guilty of a misdemeanor.

If any person shall knowingly sell, offer for sale, give, or in any way dispose of to a minor any pistol or pistol cartridge, brass knucks, bowie knife, dirk, loaded cane or sling shot, he shall be guilty of a misdemeanor. Any person being the parent or guardian of, or attending in *loco parentis* to any child under the age of twelve years who shall knowingly permit such child to have the possession or custody of, or use in any manner whatever any gun, pistol, or other dangerous firearm, whether such firearm be loaded or unloaded, or any person who shall knowingly furnish such child any firearm, shall be guilty of a misdemeanor, and, upon conviction, shall be fined not exceeding Fifty Dollars or imprisoned not exceeding thirty days. If any person shall leave any child of the age of seven years or less locked or otherwise confined in any dwelling, building or enclosure, and go away from such dwelling, building or enclosure, without leaving some person of the age of discretion in charge of the same, so as to expose the child to danger by fire, the person so offending shall be guilty of a misdemeanor, and shall be punished at the discretion of the Court.

Whenever any person, having a contract with any corporation, company, or person, for the manufacture or change of any raw material by the piece or pound, shall employ any minor to assist in the work upon the faith of and by color of such contract, with in-

HEINONLINE

DATE DOWNLOADED: Wed Oct 19 10:46:55 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1923 127 .

ALWD 7th ed.
, , 1923 127 .

Chicago 17th ed.
"," Vermont - 27th Biennial Session : 127-127

AGLC 4th ed.
" Vermont - 27th Biennial Session 127

OSCOLA 4th ed.
" 1923 127

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

Case 2:19-cv-00617-KJM-AC   Document 105-6   Filed 11/09/23   Page 43 of 238

Sec. 6403.  *Unlawful devices.*  A person, except as otherwise provided, who uses or has in his possession for use or who furnishes for another's use, for taking fish, a pound net, trap net, seine, snare, gill net, set net, fyke net, set line, fishing otter, trawl, grapple, spear, jack, jack light or electrical or other device for killing or stunning fish or who is found on any waters or the shores thereof or the islands therein, having in his possession any such device, shall be imprisoned not more than thirty days or fined one hundred dollars, or both.  Possession of such a device within five hundred feet of such shores shall be presumptive evidence that the same has been unlawfully used.  Such devices may be summarily seized and destroyed by any person.

Sec. 2.  *Snaring prohibited, penalty.*  A person who takes an animal by snaring, or who possesses a snare with intent to use the same shall be fined not more than fifty dollars nor less than twenty-five dollars.

Sec. 3.  *Shooting from motor vehicle or logging train prohibited, penalty.*  A person who from a motor vehicle or logging train takes quadrupeds or game birds by shooting shall be fined not more than fifty dollars nor less than ten dollars and five dollars additional for each quadruped or bird so taken.

Approved March 3, 1923.

---

## No. 130.—AN ACT TO PROHIBIT THE USE OF MACHINE GUNS AND AUTOMATIC RIFLES IN HUNTING.

[H. 144]

*It is hereby enacted by the General Assembly of the State of Vermont:*

Section 1.  *Prohibition, penalty.*  A person engaged in hunting for game who uses, carries, or has in his possession a machine gun of any kind or description, or an automatic rifle of military type with a magazine capacity of over six cartridges, shall be fined not more than five hundred dollars nor less than fifty dollars.  The presence of such a firearm in a hunting camp shall be presumptive evidence that the possessor of such a firearm has violated the provisions of this section.

Approved March 22, 1923.

DATE DOWNLOADED: Mon Apr 24 16:00:12 2023
SOURCE: Content Downloaded from HeinOnline

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1925 1 .

ALWD 7th ed.
, , 1925 1 .

Chicago 17th ed.
"," Nevada - 32nd Session : 1-2

AGLC 4th ed.
" Nevada - 32nd Session 1

OSCOLA 4th ed.
" 1925 1       Please note: citations are provided as a general guideline. Users
should consult their preferred citation format's style manual for proper citation
formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  https://heinonline.org/HOL/License
-- The search text of this PDF is generated from  uncorrected OCR text.

# STATUTES

OF THE

# STATE OF NEVADA

PASSED AT THE

## THIRTY-SECOND SESSION OF THE LEGISLATURE

# 1925

### BEGUN ON MONDAY, THE NINETEENTH DAY OF JANUARY, AND ENDED ON THURSDAY, THE NINETEENTH DAY OF MARCH



CARSON CITY, NEVADA

STATE PRINTING OFFICE   :   :   :   :   :   JOE FARNSWORTH, SUPERINTENDENT

1925

54                                    LAWS OF NEVADA

[Senate Bill No. 35—Senator Scott]

CHAP. 47—*An Act to control and regulate the manufacture,
sale, possession, use, and carrying of firearms and weapons,
and other matters properly relating thereto.*

[Approved March 5, 1925]

*The People of the State of Nevada, represented in Senate and
Assembly, do enact as follows:*

SECTION 1.  On and after the date upon which this act
takes effect every person who within the State of Nevada
manufactures or causes to be manufactured, or who imports
into the state, or who keeps for sale, or offers or exposes for
sale, or who gives, lends, or possesses any instrument or
weapon of the kind commonly known as a blackjack, slung-
shot, billy, sandclub, sandbag, or metal knuckles, or who car-
ries concealed upon his person any explosive substance, other
than fixed ammunition, or who carries concealed upon his
person any dirk or dagger, shall be guilty of a felony and
upon a conviction thereof shall be punishable by imprison-
ment in a state prison for not less than one year nor for more
than five years.

SEC. 2.  On and after the date upon which this act takes
effect no unnaturalized foreign-born person, and no person
who has been convicted of a felony in the State of Nevada or
in any one of the states of the United States of America, or
in any political subdivision thereof, shall own or have in his
possession or under his custody or control any pistol, revolver,
or other firearm capable of being concealed upon the person.
The terms "pistol," "revolver," and "firearm capable of
being concealed upon the person," as used in this act shall be
construed to apply to and include all firearms having a barrel
less than twelve inches in length.  Any person who shall vio-
late the provisions of this section shall be guilty of a felony,
and upon conviction thereof shall be punishable by imprison-
ment in a state prison for not less than one year nor for more
than five years.

SEC. 3.  Nothing in the preceding sections shall be con-
strued to apply to or affect sheriffs, constables, marshals,
policemen, whether active or honorably retired, or other duly
appointed police officers, nor to any person summoned by any
such officers to assist in making arrests or preserving the
peace while said person so summoned is actually engaged in
assisting such officer, nor to the members of the army, navy,
or marine corps of the United States when on duty.

*Side notes:*
Manufacture or posses-sion of certain firearms or weapons a felony

Unnatural-ized foreign-born person must not possess firearms

Proviso

Compendium of Laws
Page 0937

HEINONLINE

DATE DOWNLOADED: Mon Apr 24 15:50:56 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1925 42 .

ALWD 7th ed.
, , 1925 42 .

Chicago 17th ed.
"," Oregon - 33rd Legislative Assembly, Regular Session : 42-42


AGLC 4th ed.
" Oregon - 33rd Legislative Assembly, Regular Session 42

OSCOLA 4th ed.
" 1925 42          Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# STATE OF OREGON

## Constitutional Amendments Adopted

AND

## Laws Enacted by the People at the General Election November 4, 1924

TOGETHER WITH THE

# GENERAL LAWS

AND

## Joint Resolutions, Concurrent Resolutions and Memorials

ADOPTED BY THE

### THIRTY-THIRD REGULAR SESSION OF THE LEGISLATIVE ASSEMBLY

Beginning January 12 and
Ending February 26

## 1925

Compiled by

SAM A. KOZER
Secretary of State



SALEM, OREGON:
STATE PRINTING DEPARTMENT
1925

# CHAPTER 30

## AN ACT

[H. B. 208]

To amend section 4927, Oregon Laws, as amended by section 2, chapter 55, General Laws of Oregon, 1921, relative to the exemption of experienced teachers.

*Be It Enacted by the People of the State of Oregon:*

Section 1. That section 4927, Oregon Laws, as amended by section 2, chapter 55, General Laws of Oregon, 1921, be and the same hereby is amended so as to read as follows:

Sec. 4927. The provisions of section 4942, Oregon Laws, shall not apply to any person who had held a teacher's certificate prior to January 1, 1921. All acts and parts of acts in conflict with the provisions of this act are hereby repealed.

Approved by the governor February 9, 1925.
Filed in the office of the secretary of state February 9, 1925.

# CHAPTER 31

## AN ACT

[S. B. 2]

Prohibiting the placing of spring-guns or set-guns; and providing a penalty therefor.

*Be It Enacted by the People of the State of Oregon:*

Section 1. It shall be unlawful for any person to place or set any loaded spring-gun or set-gun, or any gun or firearm or other device of any kind designed for containing or firing explosives in any place whatsoever where the same may be fired, exploded or discharged by the contact of any person or animal with any string, wire, rod, stick, spring or other contrivance affixed thereto or connected therewith or with the trigger thereof.

Section 2. Any person who shall violate any of the provisions of this act shall be deemed guilty of a misdemeanor and shall be punished by a fine of not less than $100 nor more than $500, or by imprisonment in the county jail not less than thirty days nor more than six months, or by both such fine and imprisonment; provided, however, that this act shall not apply to any loaded spring-gun or set-gun or firearm or any device placed for the purpose of destroying gophers, moles or other burrowing rodents.

Approved by the governor February 11, 1925.
Filed in the office of the secretary of state February 11, 1925.

DATE DOWNLOADED: Tue May 23 17:35:26 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1925 24 .

ALWD 7th ed.
, , 1925 24 .

Chicago 17th ed.
"," West Virginia - Regular and 1st Extraordinary Sessions : 24-32


AGLC 4th ed.
" West Virginia - Regular and 1st Extraordinary Sessions 24

OSCOLA 4th ed.
" 1925 24          Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# ACTS

## *of the*

# LEGISLATURE

## *of*

# WEST VIRGINIA

## REGULAR AND FIRST EXTRAORDINARY SESSIONS

### 1925



TRIBUNE PRINTING CO., CHARLESTON, W. VA.

# CHAPTER 3

**(House Bill No. 7—By Mr. Robinson from the Select Committee)**

AN ACT to amend and re-enact section seven of chapter one hundred and forty-eight of the code of West Virginia, as amended and re-enacted by chapter fifty-one of the acts of the legislature of West Virginia, one thousand nine hundred and nine, regular session, and as further amended and re-enacted by an act of the legislature of West Virginia, regular session, one thousand nine hundred and twenty-five, relating to offenses against the peace; providing for the granting and revoking of licenses and permits respecting the use, transportation and possession of weapons and fire arms; restricting the manner of the sale and display of weapons and fire arms; imposing liability upon certain persons for the accidental or improper, negligent or illegal discharges of weapons and fire arms; defining the powers and duties of certain officers in the granting and revocation of said licenses and permits, and providing penalties for the violation of this act and any part thereof.

[Passed June 5, 1925; in effect 90 days from passage. Approved by the Governor.]

Sec.
7. (a) Penalty for carrying dangerous or deadly weapon without license; second offense; duties of prosecuting attorneys; application for license; what to show; publication; issuance; fee; bond; term of license; territory covered; deputy sheriffs and railway police licenses co-extensive with state; accounting for fees; forms by tax commissioner; certified copy of license to superintendent of department of public safety; list of all licenses to the same; lawful to carry arms on own premises, or from place of purchase and repair, not applicable to employee; permits to express company employees and railway police; bonds; emergency permits; reports of violations, and penalty

Sec.
for failure so to do; certain officers permitted to carry arms; bond; unlawful to carry or use weapon in a manner likely to cause breach of peace; penalty; revocation of license; notice; reinstatement.
7. (b) Permits for possession of machine gun and high-powered rifle; regulations; exception of rifle club members and licensed hunters; granting of permit; fee; revocation; confiscation of arms; alien prohibited from owning or possessing arms; display of arms for sale or rent prohibited; report of sales by dealers to superintendent of department of public safety; unlawful to arm alien; penalty for violations of this sub-section; inconsistent acts repealed.

*Be it enacted by the Legislature of West Virginia:*

That section seven of chapter one hundred and forty-eight of the code of West Virginia, as amended and re-enacted by chapter fifty-one of the acts of the legislature of West Virginia of one thousand nine hundred and nine, regular session, and as further amended and re-enacted by the legislature of West Virginia, one thousand nine hundred and twenty-five, regular session, in House Bill number four hundred six, be amended and re-enacted so as to read as follows:

Compendium of Laws
Page 0943

Section 7 (a). If any person, without a state license therefor,
2 carry about his person any revolver or other pistol, dirk,
3 bowie-knife, slung shot, razor, billy, metallic or other false
4 knuckles, or any other dangerous or deadly weapon of like
5 kind or character, he shall be guilty of a misdemeanor and
7 upon conviction thereof be confined in the county jail for a
8 period of not less than six nor more than twelve months for
9 the first offense; but upon conviction of the same person for
10 the second offense in this state, he shall be guilty of a felony
11 and be confined in the penitentiary not less than one or more
12 than five years, and in either case fined not less than fifty
13 nor more than two hundred dollars, in the discretion of the
14 court; and it shall be the duty of the prosecuting attorney
15 in all cases to ascertain whether or not the charge made by
16 the grand jury is the first or second offense, and if it shall be
17 the second offense, it shall be so stated in the indictment re-
18 turned, and the prosecuting attorney shall introduce the rec-
19 ord evidence before the trial court of said second offense, and
20 shall not be permitted to use his discretion in charging said
21 second offense nor in introducing evidence to prove the same
22 on the trial; *provided,* that boys or girls under the age of
23 eighteen years, upon the second conviction, may, at the dis-
24 cretion of the court, be sent to the industrial homes for boys
25 and girls, respectively, of the state. Any person desiring to
26 obtain a state license to carry any such weapon within one or
27 more counties in this state shall first publish a notice in some
28 newspaper, published in the county in which he resides, setting
29 forth his name, residence and occupation, and that on a cer-
30 tain day he will apply to the circuit court of his county for
31 such state license; and after the publication of such notice for
32 at least ten days before said application is made and at the
33 time stated in said notice upon application to said court, it
34 may grant such person a license in the following manner,
35 to-wit:

36    The applicant shall file with said court his application in
37 writing, duly verified, which said application shall show:

38    *First:* That said applicant is a citizen of the United States
39 of America.

40    *Second:* That such applicant has been a *bona fide* resident
41 of this state for at least one year next prior to the date of
42 such application, and of the county sixty days next prior
43 thereto.

44    *Third:*  That such applicant is over twenty-one years of
45 age; that he is a person of good moral character, of temper-
46 ate habits, not addicted to intoxication, and has not been
47 convicted of a felony nor of any offense involving the use on
48 his part of such weapon in an unlawful manner.

49    *Fourth:*  The purpose or purposes for which the applicant
50 desires to carry such weapon and the necessity therefor and
51 the county or counties in which said license is desired to be
52 effective.

53    Upon the hearing of such application the court shall hear
54 evidence upon all matters stated in such application and upon
55 any other matter deemed pertinent by the court, and if such
56 court be satisfied from the proof that there is good reason and
57 cause for such person to carry such weapon, and all of the
58. other conditions of this act be complied with, said circuit
59 court   or   the   judge   thereof   in   vacation,   may   grant
60 said   license   for   such   purposes,   and   no   other,   as   said
60-*a* circuit court may set out in the said license (and the word
60-*b* "court" as used in this act shall include the circuit judge
60-*c* thereof,   acting   in   vacation);   but   before   the   said
61 license   shall   be   effective   such   person   shall   pay   to   the
62 sheriff, and the court shall so certify in its order granting the
63 license, the sum of twenty dollars, and shall also file a bond
64 with the clerk of said court, in the penalty of three thousand
65 five hundred dollars, with good security, signed by a respon-
66 sible person or persons, or by some surety company, author-
67 ized to do business in this state, conditioned that such appli-
68 cant will not carry such weapon except in accordance with his
69 said application and as authorized by the court, and that he
70 will pay all costs and damages accruing to any person by the
71 accidental discharge or improper, negligent or illegal use of
72 said weapon or weapons. Any such license granted after this
73 act becomes effective shall be good for one year, unless sooner
74 revoked, as hereinafter provided, and be co-extensive with the
75 county in which granted, and such other county or coun-
76 ties as the court shall designate in the order granting such
77 license; except that regularly appointed deputy sheriffs having
78 license shall be permitted to carry such revolver or other
79 weapons at any place, within the state, while in the perfor-
80 mance of their duties as such deputy sheriffs and except that
81 any such license granted to regularly appointed railway police

82 shall be co-extensive with the state, and all license fees col-
83 lected hereunder shall be paid by the sheriff and accounted for
84 to the auditor as other license taxes are collected and paid, and
85 the state tax commissioner shall prepare all suitable forms for
86 licenses and bonds and certificates showing that such license
87 has been granted and to do anything else in the premises to
88 protect the state and see to the enforcement of this act.

89     The clerk of the court shall immediately after license is
90 granted as aforesaid, furnish the superintendent of the de-
91 partment of public safety a certified copy of the order of the
92 court granting such license, for which service the clerk shall
93 be paid a fee of two dollars which shall be taxed as cost in
94 the proceeding; within thirty days after this act becomes
95 effective it shall be the duty of the clerks of each court in this
96 state having jurisdiction to issue pistol licenses to certify
97 to the superintendent of the department of public safety a
98 list of all such licenses issued in his county.

99     *Provided,* that nothing herein shall prevent any person
100 from carrying any such weapon, in good faith and not for a
101 felonious purpose, upon his own premises, nor shall anything
102 herein prevent a person from carrying any such weapon
103 (unloaded) from the place of purchase to his home
104 or place of residence, or to a place of repair and
105 back to his home or residence; but nothing herein
106 shall be construed to authorize any employee of any person,
107 firm or corporation doing business in this state to carry on
108 or about the premises of such employer any such pistol, or
109 other weapon mentioned in this act for which a license is
110 herein required, without having first obtained the license and
111 given the bond as herein provided; and, *provided, further,*
112 that nothing herein shall prevent agents, messengers and
113 other employees of express companies doing business as com-
114 mon carriers, whose duties require such agents, messengers
115 and other employees to have the care, custody or protection
116 of money, valuables and other property for such express com-
117 panies, from carrying any such weapon while actually en-
118 gaged in such duties, or in doing anything reasonably inci-
119 dent to such duties; *provided,* such express company shall
120 execute a continuing bond in the penalty of thirty thousand
121 dollars, payable unto the state of West Virginia, and with
122 security to be approved by the secretary of state of the state

123 of West Virginia, conditioned that said express company will
124 pay all damages, accruing to anyone by the accidental dis-
125 charge or improper, negligent or illegal discharge or use of such
126 weapon or weapons by such agent, messenger or other employee
127 while actually engaged in such duties for such express com-
128 pany, in doing anything that is reasonably incident to such du-
129 ties; but the amount which may be recovered for breach of
130 such condition shall not exceed the sum of three thousand five
131 hundred  dollars in any one case, and such bond shall be filed
132 with and held by the said secretary of state, for the purpose
133 aforesaid, but upon the trial of any cause for the recovery of
134 damages upon said bond, the burden of proof shall be upon
135 such express company to establish that such agent, messenger
136 or other employee was not actually employed in such duties for
137 such express company nor in doing anything that was rea-
138 sonably incident to such duties at the time such damages were
139 sustained; and, *provided further,* that nothing herein shall
139-*a* prevent railroad police officers duly appointed and qualified
139-*b* under authority of section thirty-one of chapter one hun-
139-*c* dred forty-five of Barnes' code or duly qualified under the
139-*d* laws of any other state, from carrying any such weapon
139-*e* while actually engaged in their duties or in doing anything
139-*f* reasonably incident to such duties; *provided,* such railroad
139-*g* company shall execute a continuing bond in the penalty of
139-*h* ten thousand dollars payable unto the state of West Vir-
139-*i* ginia and with security to be approved by the secretary of
139-*j* state of the state of West Virginia conditioned that said
139-*k* railroad company will pay all damages accruing to anyone
139-*l* by the accidental discharge or improper, negligent or illegal
139-*m* discharge or use of such weapon or weapons by such rail-
139-*n* road special police officer whether appointed in this or some
139-*n*-1 other state while actually engaged in such duties for such
139-*o* railroad company, in doing anything that is reasonably inci-
139-*p* dent to such duties, but the amount which may be recovered
139-*q* for breach of such condition shall not exceed the sum of
139-*r* three thousand five hundred dollars in any one case, and
139-*s* such bond shall be filed with and held by the said secretary
139-*t* of state for the purpose aforesaid but upon the trial of any
139-*u* cause for the recovery of damages upon said bond, the bur-
139-*v* den of proof shall be upon such railroad company to estab-
139-*w* lish that such railroad police officer was not actually em-

139-*x* ployed in such duties for such railroad company nor in
139-*y* doing anything that was reasonably incident to such duties
139-*z* at the time such damages were sustained; and *provided, fur-*
140 *ther,* that in case of riot, public danger and emer-
140-*a* gency, a justice of the peace, or other person
141 issuing a warrant, may authorize a special constable and his
142 posse whose names shall be set forth in said warrant,
142-*a* to carry weapons for the purpose of executing a pro-
143 cess, and a sheriff in such cases may authorize a deputy or
144 posse to carry weapons, but the justice shall write in his
145 docket the cause and reasons for such authority and the name
146 of the person, or persons, so authorized, and index the same,
147 and the sheriff or other officer shall write out and file with
148 the clerk of the county court the reasons and causes for such
149 authority and the name, or names of the persons so author-
150 ized, and the same shall always be open to public inspection,
151 and such authority shall authorize such special constable,
152 deputies and posses to carry weapons in good faith only for
153 the specific purposes and times named in such authority, and
154 upon the trial of every indictment the jury shall inquire into
155 the good faith of the person attempting to defend such in-
156 dictment under the authority granted by any such justice,
157 sheriff or other officer, and any such person or persons so
158 authorized shall be personally liable for the injury caused to
159 any person by the negligent or unlawful use of any such
160 weapon or weapons. It shall be the duty of all ministerial of-
161 ficers, consisting of the justices of the peace, notaries public and
162 other conservators of the peace of this state, to report to the
163 prosecuting attorney of the county the names of all persons
164 guilty of violating this section, and any person wilfully failing
165 so to do, shall be guilty of a misdemeanor and shall be fined not
166 exceeding two hundred dollars, and shall, moreover, be liable
167 to removal from office for such wilful failure; and it shall
168 likewise be the duty of every person having knowledge of the
169 violation of this act, to report the same to the prosecuting
170 attorney, and to freely and fully give evidence concerning
171 the same, and any one failing so to do, shall be guilty of a
172 misdemeanor and upon conviction thereof shall be fined not
173 exceeding one hundred dollars; *provided, further,* that noth-
174 ing herein contained shall be so construed as to prohibit sher-
175 iffs, their regularly appointed deputies, who actually collect

Compendium of Laws
Page 0948

176 taxes in each county, and all constables in their respective
177 counties and districts, and all regularly appointed police offi-
178 cers of their respective cities, towns or villages, all jailors and
179 game protectors who have been duly appointed as such, and
179-a members of the department of public safety of this
179-b state, from carrying such weapons as they are now
180 authorized by law to carry, who shall have given
181 bond in the penalty of not less than three thousand five hun-
182 dred dollars, conditioned for the faithful performance of their
183 respective duties, which said officers shall be liable upon their
184 said official bond, for the damages done by the unlawful or
185 careless use of any such weapon or weapons, whether such
186 bond is so conditioned or not.

187    It shall be unlawful for any person armed with a pistol,
188 gun, or other dangerous or deadly weapon, whether licensed
189 to carry same or not, to carry, expose, brandish, or use, such
190 weapon in a way or manner to cause, or threaten, a breach
191 of the peace.  Any person violating this provision of this act
192-4 shall be guilty of a misdemeanor, and upon conviction, shall
195 be fined not less than fifty nor more than three hundred
196 dollars or imprisoned in the county jail not less than thirty
197 nor more than ninety days, or be punished by both fine and
198 imprisonment in the discretion of the court.

199    Any circuit court granting any such license to carry any
200 of the weapons mentioned in this act, the governor, or the su-
201 perintendent of the department of public safety, with the con-
202 sent of the governor, may, for any cause deemed sufficient by
203 said court, or by the governor or by the superintendent of the
204 department of public safety with the approval of the governor
205 aforesaid, as the case may be, revoke any such license to carry
205-a a pistol or other weapon mentioned in this act for which a
205-b license is required, and immediate notice of such revocation
206 shall be given such licensee in person, by registered mail or in
207 the same manner as provided by law for the service of other
208 notices, and no person whose license has been so revoked shall
209 be re-licensed within one year thereafter; *provided,* that the
210 authority so revoking such license may, after a hearing, sooner
211 reinstate such licensee.

212    (*b*) It shall be unlawful for any person to carry, transport,
213 or to have in his possession any machine gun, sub-machine gun,
214 and what is commonly known as a high powered rifle, or any

Case 2:19-cv-00617-KJM-AC   Document 105-6   Filed 11/09/23   Page 59 of 238

215 gun of similar kind or character, or any ammunition therefor,
216 except on his own premises or premises leased to him for a
217 fixed term, until such person shall have first obtained a per-
218 mit from the superintendent of the department of public
219 safety of this state, and approved by the governor, or until a
220 license therefor shall have been obtained from the circuit
221 court as in the case of pistols and all such licenses together
222 with the numbers identifying such rifle shall be certified to
223 the superintendent of the department of public safety. *Pro-*
224 *vided, further,* that nothing herein shall prevent the use of
225 rifles by *bona fide* rifle club members who are freeholders or
226 tenants for a fixed term in this state at their usual or cus-
227 tomary place of practice, or licensed hunters in the actual
228 hunting of game animals. No such permit shall be granted
229 by such superintendent except in cases of riot, public danger,
230 and emergency, until such applicant shall have filed his writ-
231 ten application with said superintendent of the department
232 of public safety, in accordance with such rules and regula-
233 tions as may from time to time be prescribed by said depart-
234 ment of public safety relative thereto, which application shall
235 be accompanied by a fee of two dollars to be used in defraying
236 the expense of issuing such permit, and said application shall
237 contain the same provisions as are required to be shown under
238 the provisions of this act by applicants for pistol license, and
239 shall be duly verified by such applicant, and at least one
240 other reputable citizen of this state. Any such permit as
241 granted under the provisions of this act may be revoked by the
242 governor at his pleasure and upon the revocation of any such
243 permit the department of public safety shall immediately seize
244 and take possession of any such machine gun, sub-machine
245 gun, high powered rifle, or gun of similar kind and character,
246 held by reason of said permit, and any and all ammunition
247 therefor, and the said department of public safety shall also
248 confiscate any such machine gun, sub-machine gun, and what
249 is commonly known as a high powered rifle, or any gun of
250 similar kind and character and any and all ammunition there-
251 for so owned, carried, transported or possessed contrary to the
252 provisions of this act, and shall safely store and keep the same,
253 subject to the order of the governor. No alien shall own, keep
254 or possess any firearm of any kind or character. It shall be
255 unlawful for any person, firm or corporation to place or keep

256 on public display to passersby on the streets, for rent or sale,
257 any revolver, pistol, dirk, bowie knife, slung shot or other
258 dangerous weapon of like kind or character or any machine
259 gun, sub-machine gun or high powered rifle or any gun of
260 similar kind or character, or any ammunition for the same.

261    All dealers licensed to sell any of the foregoing arms or
262 weapons shall take the name, address, age and general appear-
263 ance of the purchaser, as well as the maker of the gun, manu-
264 facturer's serial number and caliber, and report the same at
265 once in writing to the superintendent of the department of
266 public safety.

267    It shall be unlawful for any person to sell, rent, give or
268 lend any of the above mentioned arms to an unnaturalized
269 person.

270    Any person violating the provisions of sub-section (b) of
271 this act shall be guilty of a misdemeanor and upon conviction
272 thereof shall be fined not less than fifty dollars, nor more than
273 three hundred dollars, or confined in the county jail not less
274 than thirty days nor more than six months, or both such fine
275 and imprisonment, in the discretion of the court.

276    All acts and parts of acts inconsistent herewith are hereby
277 repealed.

---

# CHAPTER 4

### (Senate Bill No. 4—By Joint Special Committee)

AN ACT making appropriations of public moneys to pay general
charges upon the treasury.

[Passed June 6, 1925; in effect from passage.   Approved by the Governor.]

Sec.
1.   Appropriations made from the treasury.
2.   Fiscal years of 1926 and 1927.
3.   Appropriations under sub-sections "A," "B" and "C" payable out of the general revenue of the state.
      *Sub-Section "A"*
4.   Construction and equipment of second unit of office building of new capitol; Governor to sell all state property on Capitol and Summers streets in Charleston; proceeds to be paid into the treasury as a special capitol building fund; Governor may continue capitol building commission, by re-appointment; limit of total

Sec.
      cost of new capitol; authorizing construction and limiting cost of second office building.
5.   Appropriations for maintenance and repair of roads; in "state fund general revenue" not otherwise appropriated to be used for road maintenance.
5-a.  Recodification commission; salary and expenses of the commission, assistants and stenographers; expenses of the legislative committee; this an additional appropriation.
      *Sub-Section "B"*
6.   Appropriations appearing under sub-section "B" payable only on requisition and approval of the state board of control.

Compendium of Laws
Page 0951

# HEINONLINE

DATE DOWNLOADED: Mon Apr 24 00:48:14 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1927 938 .

ALWD 7th ed.
, , 1927 938 .

Chicago 17th ed.
"," California - Extra Session of the 46th Legislature, 47th Regular Session :
938-938

AGLC 4th ed.
" California - Extra Session of the 46th Legislature, 47th Regular Session 938

OSCOLA 4th ed.
" 1927 938          Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# STATUTES OF CALIFORNIA
## 1927

---

### CONSTITUTION OF 1879
AS AMENDED

### RESOLUTIONS
ADOPTED AT
### EXTRA SESSION OF FORTY-SIXTH LEGISLATURE
### 1926

### MEASURES SUBMITTED TO VOTE OF ELECTORS
1926

### GENERAL LAWS, AMENDMENTS TO CODES
### RESOLUTIONS
### CONSTITUTIONAL AMENDMENTS
PASSED AT THE
### REGULAR SESSION OF FORTY-SEVENTH LEGISLATURE
### 1927



CALIFORNIA STATE PRINTING OFFICE
SACRAMENTO, 1927

Compendium of Laws
Page 0953

ness connected with this office; said traveling expenses not to exceed one hundred dollars per year per supervisor.

Jurors.

15. For attending as a grand juror, or a trial juror in criminal and civil cases in the superior court, for each day's attendance, three dollars; for each mile actually traveled one way as such grand juror, or trial juror, in the superior court, under summons or order of the court, twenty-five cents. The county clerk shall certify to the auditor the number of days' attendance, and the number of miles traveled by each juror and the auditor shall then draw his warrant therefor and the treasurer shall pay the same.

Effect of act.

SEC. 2.   The provisions of this act, so far as they are substantially the same as existing statutes governing counties of this class, must be construed as continuations thereof and not as new enactments; and nothing in this act contained shall be deemed to shorten or extend the term of office or employment of any person holding office or employment under the provisions of such statutes.

---

## CHAPTER 552.

*An act to prohibit the possession of machine rifles, machine guns and submachine guns capable of automatically and continuously discharging loaded ammunition of any caliber in which the ammunition is fed to such guns from or by means of clips, disks, drums, belts or other separable mechanical device, and providing a penalty for violation thereof.*

[Approved by the Governor May 16, 1927.  In effect July 29, 1927.]

*The people of the State of California do enact as follows:*

Possession of machine guns.

SECTION 1.  On and after the date upon which this act takes effect every person, firm or corporation, who within the State of California possesses any firearm of the kind commonly known as a machine gun shall be guilty of a public offense and upon conviction thereof shall be punished by imprisonment in the state prison not to exceed three years or by a fine not to exceed five thousand dollars or by both such fine and imprisonment.

*Provided, however,* that nothing in this act shall prohibit police departments and members thereof, sheriffs, and city marshals or the military or naval forces of this state or of the United States from possessing such firearms for official use in the discharge of their duties.

"Machine gun" defined.

SEC. 2.   The term machine gun as used in this act shall be construed to apply to and include all firearms known as machine rifles, machine guns or submachine guns capable of discharging automatically and continuously loaded ammunition of any caliber in which the ammunition is fed to such gun from or by means of clips, disks, drums, belts or other separable mechanical device.

# HEINONLINE

DATE DOWNLOADED: Mon Apr 24 00:42:27 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1927 56 .

ALWD 7th ed.
, , 1927 56 .

Chicago 17th ed.
"," Georgia - General Assembly, Acts and Resolutions : 56-101

AGLC 4th ed.
" Georgia - General Assembly, Acts and Resolutions 56

OSCOLA 4th ed.
" 1927 56          Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# ACTS AND RESOLUTIONS

OF THE

# GENERAL ASSEMBLY

OF THE

# STATE OF GEORGIA

1927

COMPILED AND PUBLISHED BY AUTHORITY
OF THE STATE



ATLANTA
STEIN PRINTING COMPANY, State Printer
1927

Compendium of Laws
Page 0956

General Tax Act.

(c)  Upon any traveling vendor of any patent churn, *Traveling vendors of patented articles.* or patented fence, or patented agricultural implements, or tools, or other patented articles, $25.00 for each county in which he may sell or offer to sell either of the enumerated articles.

(d)  Upon every traveling vendor using boats, barges, *Vendors on boats, etc.* or other water-craft for the purpose of selling goods of any kind, not prohibited by law, on the rivers or waters within the limits of this State, for each county where he may sell such wares, goods, or merchandise, $50.00. The tax shall be a lien upon the boat, barge, or other water-craft, and its contents, without regard to the ownership thereof.

(e)  The term "peddler" is hereby defined as follows, *"Peddler" defined.* to wit:  Any person carrying goods, wares, or merchandise of any description with him, other than farm products, either in a pack or vehicle of any character whatever, and who makes delivery of goods ordered on the day of taking orders, shall be held and deemed a peddler, whether such sales are for consumption or resale.

Paragraph 85.  Pictures and Picture-Frames.  Upon *Pictures or frames.* every person, firm, or corporation who, in person or through its agents, sells and delivers photographs or pictures of any character, or picture-frames, whether they make charge for such frames or not, $15.00 in each county in which this business is done.  Provided, this shall not apply to regular merchants dealing in such goods at their usual place of business.

Paragraph 86.  Pistols.  Upon each and every dealer in *Pistols.* pistols or in toy pistols which shoot cartridges, or who deals in pistol cartridges, or rifle cartridges, dirks, bowie-knives, or metal knucks, for each place of business in this State, in or near towns or cities of 10,000 or less inhabitants, $50.00; in or near cities of over 10,000 inhabitants, $100.00, Provided further, that no person shall be exempted from the payment of this tax.

HEINONLINE

DATE DOWNLOADED: Mon Apr 24 00:39:12 2023
SOURCE: Content Downloaded from HeinOnline

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1927 469 .

ALWD 7th ed.
, , 1927 469 .

Chicago 17th ed.
"," Indiana - 75th Regular Session : 469-469


AGLC 4th ed.
" Indiana - 75th Regular Session 469

OSCOLA 4th ed.
" 1927 469          Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   https://heinonline.org/HOL/License
-- The search text of this PDF is generated from  uncorrected OCR text.

# LAWS

OF THE

# STATE OF INDIANA

Passed at the Seventy-fifth Regular Session
of the General Assembly

Begun on the Sixth Day of January, A. D. 1927

## 1927

*BY AUTHORITY*

FREDERICK E. SCHORTEMEIER, Secretary of State

INDIANAPOLIS:
WM. B. BURFORD, CONTRACTOR FOR STATE PRINTING AND BINDING
1927

CHAPTER 156.

AN ACT concerning public offenses.

[S. 266.   Approved March 9, 1927.]

## Public Offenses—Ownership, Possession or Control of Machine Guns or Bombs—Penalty.

SECTION 1.   *Be it enacted by the general assembly of the State of Indiana,* That whoever shall be the owner of, or have in his possession, or under his control, in an automobile, or in any other way, a machine gun or bomb loaded with explosives, poisonous or dangerous gases, shall be deemed guilty of a felony, and upon conviction thereof, shall be imprisoned for a term of not less than one year nor more than five years.

## Operation of Machine Guns, Discharge of Bombs—Offense and Penalty.

SEC. 2.   Whoever shall discharge, fire off, or operate any loaded machine gun, or whoever shall drop from an airplane, automobile, or from any building or structure, or who shall throw, hurl, or drop from ground or street, or keep in his possession and under his control any bomb filled with deadly or dangerous explosives, or dangerous or poisonous gases, shall be deemed guilty of a felony and upon conviction shall be imprisoned for a term of not less than two nor more than ten years.

## Persons and Use to Which Act Shall Not Apply.

SEC. 3.   That the provisions of this act shall not be construed to apply to members of the military or naval forces of the United States, or national guard of Indiana, when on duty or practicing, nor shall the provisions of this act be construed to apply to machine guns or bombs kept for display as relics and which are rendered harmless and not usable.   Also shall not be construed to apply to police or sheriffs of this state in connection with their duties, nor to displays of fireworks.

HEINONLINE

DATE DOWNLOADED: Mon Apr 24 00:37:00 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1927 201 .

ALWD 7th ed.
, , 1927 201 .

Chicago 17th ed.
"," Iowa - 42nd General Assembly, Regular Session : 201-202


AGLC 4th ed.
" Iowa - 42nd General Assembly, Regular Session 201

OSCOLA 4th ed.
" 1927 201          Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# ACTS AND JOINT RESOLUTIONS

PASSED AT THE

## REGULAR SESSION

OF THE

# Forty-Second General Assembly

OF THE

## STATE OF IOWA

PREPARED FOR PUBLICATION BY AND UNDER THE DIRECTION OF
**ROBERT HENDERSON**
SUPERINTENDENT OF PRINTING

Published by
THE STATE OF IOWA
Des Moines
1927

Case 2:19-cv-00617-KJM-AC   Document 105-6   Filed 11/09/23   Page 72 of 238

**201**

## CHAPTER 234

### MACHINE GUNS—POSSESSION OR CONTROL

#### H. F. 83

AN ACT to prohibit the possession or control of machine guns, to prohibit any person from assisting another in obtaining possession of such gun, to determine and fix the punishment for a violation of such prohibition; to declare certain exceptions, to authorize the destruction of such gun, and to prescribe in part the substance of the indictment or information in such cases and the evidence by which it may be sustained.

*Be it enacted by the General Assembly of the State of Iowa:*

1    SECTION 1.  **Possession.**  No person, firm, partnership, or corpo-
2 ration shall knowingly have in his or its possession or under his or
3 its control any machine gun which is capable of being fired from
4 the shoulder or hip of a person, and by the recoil of such gun.

1    SEC. 2.  **Aiding possession.**  No person, firm, partnership, or cor-
2 poration shall do any act with the intent to enable any other person,
3 firm, partnership, or corporation to obtain possession of such gun.

1    SEC. 3.  **Punishment.**  A violation of either of the two preceding
2 sections shall be punished as follows:
3    1.  If the accused has prior to conviction been convicted of an
4 offense which would constitute a felony under the laws of this state,
5 by imprisonment in the penitentiary or men's or women's reformatory
6 for five (5) years.
7    2.  If such prior conviction for felony be not charged or estab-
8 lished, by imprisonment in the penitentiary or men's or women's
9 reformatory for a period not exceeding three (3) years.
10   3.  By a fine in all cases of not less than five hundred dollars
11 ($500) nor more than two thousand dollars ($2,000).

1    SEC. 4.  **Exceptions.**  The three preceding sections shall not apply
2 to:
    1.  Peace officers as herein provided.
    2.  Persons who are members of the National Guards.
    3.  Persons in the service of the government of the United States.
    4.  Banks.

1    SEC. 5.  **Interpretative clause.**  The preceding section shall not be
2 construed to exempt any person therein specified when the possession
3 charged had no connection with the official duties or service of said
4 person.

1    SEC. 6.  **Relics.**  It shall be a defense that the machine gun or
2 machine which the accused is charged with possessing was a gun
3 which was in general use prior to November 11 (eleven), 1918 (nine-
4 teen hundred eighteen), and was, prior to the commencement of the
5 prosecution, rendered permanently unfit for use, and was possessed
6 solely as a relic.

202

1    Sec. 7. **Finding or summary seizure.**  Possession of such machine
2  gun by finding or by summary seizure shall not be deemed an offense
3  provided the finder or person seizing immediately delivers the same
4  to some peace officer of the county in which the gun is found.

1    Sec. 8. **Duty of peace officers—order.**  A peace officer to whom
2  such gun is delivered shall forthwith redeliver it to the sheriff. The
3  sheriff shall forthwith report such possession to the district court
4  or to a judge thereof who, in vacation or term time, may enter a
5  summary order for the destruction of such gun or such order as
6  may be necessary in order to preserve it as evidence.

1    Sec. 9. **Indictment.**  When the state relies on prior judgments of
2  convictions of the accused in aggravation of the punishment, such
3  judgments shall be referred to in the indictment or information by
4  stating the court, date, and place of rendition.

1    Sec. 10. **Evidence.**  A duly authenticated copy of a judgment of
2  prior conviction of felony shall be prima facie evidence of such
3  conviction and of the finality and conclusiveness thereof.

1    Sec. 11.  However, this law shall not apply to any person or per-
2  sons, firm, or corporation engaged or interested in the improvement,
3  the invention, or manufacture of fire arms.

1    Sec. 12. **Publication clause.**  This act is deemed of immediate
2  importance and shall take effect from and after its publication in
3  two (2) newspapers of this state as provided by law.

Approved April 19, A. D. 1927.

I hereby certify that the foregoing act was published in the Grinnell Herald April
22, 1927, and the Belmond Herald Press April 27, 1927.

W. C. Ramsay, *Secretary of State.*

# CHAPTER 235

## ARSON

### S. F. 74

AN ACT to repeal sections twelve thousand nine hundred eighty-four (12984) to twelve
    thousand nine hundred ninety-one (12991), inclusive, and to enact substitutes there-
    for; also to repeal section thirteen thousand eighty-four (13084) of the code, all
    relating to arson.

*Be it enacted by the General Assembly of the State of Iowa:*

1    SECTION 1.  Sections twelve thousand nine hundred eighty-four
2  (12984) to twelve thousand nine hundred ninety-one (12991), in-
3  clusive, of the code, are repealed and the following is enacted in lieu
4  thereof.

1    Sec. 2.  Any person who wilfully and maliciously sets fire to or
2  burns or causes to be burned or who aids, counsels or procures the

DATE DOWNLOADED: Mon Apr 24 00:31:32 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1927 154 .

ALWD 7th ed.
, , 1927 154 .

Chicago 17th ed.
"," Maryland - General Assembly : 154-159

AGLC 4th ed.
" Maryland - General Assembly 154

OSCOLA 4th ed.
" 1927 154        Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# LAWS

OF THE

# STATE OF MARYLAND

MADE AND PASSED

**At the Session of the General Assembly Made and Held at the City of Annapolis on the Fifth Day of January, 1927, and Ending on the Fourth Day of April, 1927.**

---

**PUBLISHED BY AUTHORITY**

---

1927
King Bros., Inc., State Printers
208 N. Calvert Street
Baltimore, Md.



Case 2:19-cv-00617-KJM-AC   Document 105-6   Filed 11/09/23   Page 76 of 238

toxicating drinks of any kind whatsoever, or any article used
or sold as a beverage in the composition of which whiskey,
brandy, high wines or alcoholic, spirituous or fermented
liquors shall be an ingredient or ingredients, with intent to
barter or sell, or give to a minor or minors, or with the intent
that the same shall be bartered or sold, or given to a minor
or minors, or to aid or assist any person, persons, house, com-
pany, association or body corporate, in such barter, or sale,
or gift.

Section 388-A.   That no person, persons, house, company,
association or body corporate, shall deposit, keep or have in
his, her or their or its possession in Montgomery County, any
materials or instrumentalities for the manufacture of any
spirituous or fermented liquors, or intoxicating drinks of
any kind whatsoever, with the intent to manufacture for sale,
or barter, or to give to a minor or minors, in violation of any
of the provisions of said sections 387 and 388 of this Act,
or to aid or assist any person, persons, house, company, asso-
ciation or body corporate in such manufacture.

Section 388-B.   That no person, persons, house, company,
association or body corporate, shall deposit, keep or have in
his, her, their or its possession any spirituous or fermented
liquors, or intoxicating drinks of any kind whatsoever, or
any article used or sold as a beverage in the composition of
which, whiskey, brandy, high wines or alcoholic, spirituous
or fermented liquors shall be an ingredient or ingredients, in
any automobile or other vehicle in which any device for the
prevention or arrest or apprehension of said motor vehicle,
or the occupants thereof, of the type commonly known as a
smoke screen is carried, whether the said device be attached
as a part of said motor vehicle or not, or in any automobile
or other vehicle in which any gun, pistol, revolver, rifle, ma-
chine gun, or other dangerous or deadly weapon of any kind
whatsoever is carried, whether in said automobile or vehicle,
or on the person of any occupant of the same.

Section 389.   That if any person, persons, house, company,
association, or body corporate shall violate any of the pro-
visions of Sections 387, 388 and 388-A aforesaid, within the
limits of Montgomery County, he, she, it or they shall on
each and every conviction thereof forfeit and pay a fine of
not less than $100 nor more than $500 and costs of prosecu-

DATE DOWNLOADED: Wed Oct 19 11:31:42 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1927 384 .

ALWD 7th ed.
, , 1927 384 .

Chicago 17th ed.
"," Massachusetts - General Court, Acts and Resolves : 384-418

AGLC 4th ed.
" Massachusetts - General Court, Acts and Resolves 384

OSCOLA 4th ed.
" 1927 384

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

vent the state treasurer from deducting at any time, from Deduction of tax from money due from the commonwealth to the delinquent city or town, the whole or any part of said from commonwealth. tax, with the interest accrued thereon, which shall remain unpaid.                    *Approved April 27, 1927.*

---

AN ACT RELATIVE TO THE CHOICE OF A THIRD MEMBER OF *Chap.*325
THE STATE BOARD OF RETIREMENT.

*Whereas,* The deferred operation of this act would in Emergency part defeat its purpose, therefore it is hereby declared to be preamble. an emergency law, necessary for the immediate preservation of the public convenience.

*Be it enacted, etc., as follows:*

Chapter ten of the General Laws is hereby amended by G. L. 10, § 18, striking out section eighteen and inserting in place thereof amended. the following: — *Section 18.* There shall be a state board State board of retirement serving in the department, consisting of three members, members, one of whom shall be the state treasurer, ex officio, election. who shall be chairman, a second member elected by the state retirement association established under section two of chapter thirty-two from among their number in such manner as the commissioner of insurance may determine, and a third member chosen by the other two. If the third member is not so chosen within thirty days after the election of the second, the governor shall appoint the third member for a term of three years. Upon the expiration of the term Expirations of office of an elected, chosen or appointed member or in and vacancies. case of a vacancy in either of said offices, his successor shall be elected, chosen or appointed as aforesaid for three years.
                                      *Approved April 27, 1927.*

---

AN ACT RELATIVE TO MACHINE GUNS AND OTHER FIREARMS. *Chap.*326
*Be it enacted, etc., as follows:*

SECTION 1. Chapter one hundred and forty of the G. L. 140, General Laws, as amended in section one hundred and § 121, etc., twenty-one by section one of chapter four hundred and amended. eighty-five of the acts of nineteen hundred and twenty-two, is hereby further amended by striking out said section one hundred and twenty-one and inserting in place thereof the following: — *Section 121.* In sections one hundred and Definition of twenty-two to one hundred and twenty-nine, inclusive, "firearms." "firearms" includes a pistol, revolver or other weapon of any description, loaded or unloaded, from which a shot or bullet can be discharged and of which the length of barrel, not including any revolving, detachable or magazine breech, does not exceed twelve inches, and a machine gun, irrespective of the length of the barrel. Any gun of small Definition of arm calibre designed for rapid fire and operated by a mecha- "machine gun." nism, or any gun which operates automatically after the first shot has been fired, either by gas action or recoil action,

shall be deemed to be a machine gun for the purposes of said sections, and of sections one hundred and thirty-one and one hundred and thirty-one B. As used in this section and in sections one hundred and twenty-two to one hundred and thirty-one A, the words "purchase" and "sale" shall include exchange, the word "purchaser" shall include exchanger, and the verbs "sell" and "purchase", in their different forms and tenses, shall include the verb exchange in its appropriate form and tense. Said sections one hundred and twenty-two to one hundred and twenty-nine, inclusive, shall not apply to antique firearms incapable of use as firearms nor to sales of firearms at wholesale.

SECTION 2. Said chapter one hundred and forty, as amended in section one hundred and twenty-three by section four of said chapter four hundred and eighty-five, by section one of chapter two hundred and eighty-four of the acts of nineteen hundred and twenty-five and by section one of chapter three hundred and ninety-five of the acts of nineteen hundred and twenty-six, is hereby further amended by striking out said section one hundred and twenty-three and inserting in place thereof the following: — *Section 123.* The license shall be expressed to be and shall be subject to the following conditions: First, That the provisions in regard to the nature of the license and the building in which the business may be carried on under it shall be strictly adhered to. Second, That every licensee shall before delivery of a firearm make or cause to be made a true entry in a sales record book to be furnished by the licensing authorities and to be kept for that purpose, specifying the description of the firearm, the make, number, whether single barrel, magazine, revolver, pin, rim or central fire, whether sold, rented or leased, the date and hour of such delivery, and shall, before delivery as aforesaid, require the purchaser, renter or lessee personally to write in said sales record book his full name, sex, residence and occupation. The said book shall be open at all times to the inspection of the licensing authorities and of the police. Third, That the license or a copy thereof, certified by the recording officer of the licensing authorities or by the clerk of the town by which it is issued, shall be displayed on the premises in a position where it can easily be read. Fourth, That no firearms shall be displayed in any outer window of said premises or in any other place where they can readily be seen from the outside. Fifth, That the licensee shall, once a week, send a copy of the record of sales, rentals and leases made by him for the preceding seven days to the licensing authorities and to the commissioner of public safety. Sixth, That every firearm shall be delivered securely wrapped and fastened and shall be unloaded when delivered. Seventh, That no delivery of a pistol or revolver shall be made on the day of application for the purchase, rental or lease thereof, except to a person having a license to carry the

*Marginal notes:*

Words "purchase" and "sale" to include exchange, word "purchaser" to include exchanger, and verbs "sell" and "purchase" to include verb exchange.

Sections not applicable to certain firearms.

G. L. 140, § 123, etc., amended.

Conditions of licenses to sell, rent or lease certain firearms.

same issued under section one hundred and thirty-one. <span style="float:right">Conditions of<br>licenses to<br>soll, rent or<br>lease certain<br>firearms.</span>
Eighth, That no pistol or revolver shall be sold, rented
or leased to a person who has not a permit, then in force,
to purchase, rent or lease the same issued under section
one hundred and thirty-one A, and that no machine gun
shall be sold, rented or leased to a person who has not a license
to possess the same issued under section one hundred and
thirty-one. Ninth, That upon a sale, rental or lease of
a pistol or revolver, the licensee under section one hundred
and twenty-two shall take up such permit and shall endorse
upon it the time and place of said sale, rental or lease, and
shall forthwith transmit the same to the commissioner of
public safety, and that upon the sale, rental or lease of
a machine gun shall endorse upon the license to possess
the same the time and place of said sale, rental or lease,
and shall forthwith transmit a notice thereof to said com-
missioner. Tenth, That this license shall be subject to
forfeiture as provided in section one hundred and twenty-
five for breach of any of its conditions, and that, if the
licensee hereunder is convicted of a violation of any such
condition, this license shall thereupon become void.

SECTION 3.  Section one hundred and thirty-one of said <span style="float:right">G. L. 140,<br>§ 131, etc.,<br>amended.</span>
chapter one hundred and forty, as amended by section nine
of said chapter four hundred and eighty-five and by section
four of said chapter two hundred and eighty-four, is hereby
further amended by inserting after the word "common-
wealth" in the twelfth line the words: — or to possess
therein a machine gun, — so as to read as follows: — *Section* <span style="float:right">License to<br>carry pistols<br>or revolvers,</span>
*131.*  The justice of a court or a trial justice, the board of <span style="float:right">or possess<br>machine gun,</span>
police or mayor of a city, the selectmen of a town, or the <span style="float:right">issuance to<br>certain per-</span>
commissioner of public safety, or persons authorized by <span style="float:right">sons, etc.</span>
them, may, upon the application of any person residing
or having a place of business within the jurisdiction of the
person or body issuing the license, except an unnaturalized
person, a person who has been convicted of a felony or of
the unlawful use or sale of drugs or a minor other than one
fifteen years of age or over in the employ of a bank, public
utility corporation or business of a similar nature whose
application is endorsed by his employer, issue a license to
such applicant to carry a pistol or revolver in the common-
wealth or to possess therein a machine gun, if it appears
that he has good reason to fear an injury to his person or
property or for any other proper purpose, and that he is
a suitable person to be so licensed.  Such license shall be <span style="float:right">Duration of<br>license.</span>
issued for a term not to exceed one year, but may be for
a less period, and all such licenses shall be revocable at the <span style="float:right">Revocation.</span>
will of the person or body issuing the same, who shall forth-
with send written notice of such revocation to the commis-
sioner of public safety.  Said licenses shall be issued on <span style="float:right">Form, etc.</span>
forms furnished by said commissioner and a copy of every
license so issued shall within one week after the granting
thereof be sent to the said commissioner.  Whoever issues <span style="float:right">Penalty.</span>

a license in violation of this section shall be punished by imprisonment for not less than six months nor more than two years in a jail or house of correction.

G. L. 140, § 131B, etc., amended.

SECTION 4.  Section one hundred and thirty-one B of said chapter one hundred and forty, inserted by section three of said chapter three hundred and ninety-five, is hereby amended by striking out the word "or" where it occurs a second time in the second line and inserting in place thereof a comma and also by inserting after the word "revolver" in the same line the words: — or machine gun, —

Penalty for loans of money on pistol, revolver or machine gun.

so as to read as follows: — *Section 131B.* Whoever loans money secured by mortgage, deposit or pledge of a pistol, revolver or machine gun shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than one year, or by both.

G. L. 269, § 10, etc., amended.

SECTION 5.  Section ten of chapter two hundred and sixty-nine of the General Laws, as amended by section one of chapter two hundred and forty-eight of the acts of nineteen hundred and twenty-three and by section five of said chapter two hundred and eighty-four, is hereby further amended by inserting after the word "unloaded" in the third line the words: — , or possesses a machine gun as defined in section one hundred and twenty-one of chapter one hundred and forty, — so as to read as follows: —

Penalty for carrying dangerous weapons or possessing machine gun without permission, etc.

*Section 10.* Whoever, except as provided by law, carries on his person, or carries on his person or under his control in a vehicle, a pistol or revolver, loaded or unloaded, or possesses a machine gun as defined in section one hundred and twenty-one of chapter one hundred and forty, without permission under section one hundred and thirty-one of chapter one hundred and forty, or whoever so carries any stiletto, dagger, dirk knife, slung shot, metallic knuckles or sawed off shotgun, or whoever, when arrested upon a warrant for an alleged crime or when arrested while committing a crime or a breach or disturbance of the public peace, is armed with, or has on his person, or has on his person or under his control in a vehicle, a billy or dangerous weapon other than those herein mentioned, shall be punished by imprisonment for not less than six months nor more than two and one half years in a jail or house of correction or for not less than two and one half years nor more than five

Confiscation.

years in the state prison, and upon conviction the pistol or other article shall be confiscated by the commonwealth.

Forwarding to commissioner of public safety, etc.

The pistol or article so confiscated shall, by the authority of the written order of the court or trial justice, be forwarded by common carrier to the commissioner of public safety, who, upon receipt of the same, shall notify said court or justice thereof. Said commissioner may sell or destroy the same, and, in case of a sale, after paying the cost of forwarding the article, shall pay over the net proceeds to the commonwealth.                    *Approved April 27, 1927.*

Compendium of Laws
Page 0972

DATE DOWNLOADED: Wed Oct 19 11:34:22 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1927 887 .

ALWD 7th ed.
, , 1927 887 .

Chicago 17th ed.
"," Michigan - Public Acts, Regular Session : 887-893


AGLC 4th ed.
" Michigan - Public Acts, Regular Session 887

OSCOLA 4th ed.
" 1927 887

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

other purpose. Such persons shall hold office during the term
of their employment by the state highway department but
the authority herein vested shall cease upon the termination
of such employment. The persons so appointed shall by
reason of such appointment be members of the department
of public safety during the terms of such appointment but
shall serve without pay as members thereof.

Approved June 2, 1927.

[No. 372.]

AN ACT to regulate and license the selling, purchasing, pos-
sessing and carrying of certain firearms; to prohibit the
buying, selling or carrying of certain firearms without a
license therefor; to prohibit the possession of certain
weapons and attachments; to prohibit the pawning of cer-
tain firearms; to prohibit the sale, offering for sale, or
possession for the purpose of sale of written or printed
matter containing any offer to sell or deliver certain fire-
arms or devices within this state; to provide penalties for
the violations of this act, and to repeal act number two
hundred seventy-four of the public acts of nineteen hundred
eleven, being sections fifteen thousand two hundred thirty-
six, fifteen thousand two hundred thirty-seven, fifteen thou-
sand two hundred thirty-eight, fifteen thousand two hun-
dred thirty-nine, fifteen thousand two hundred forty, fif-
teen thousand two hundred forty-one, fifteen thousand two
hundred forty-two, fifteen thousand two hundred forty-
three, fifteen thousand two hundred forty-four, fifteen
thousand two hundred forty-five and fifteen thousand two
hundred forty-six of the compiled laws of nineteen hundred
fifteen; act number three hundred thirteen of the public
acts of nineteen hundred twenty-five; and section sixteen
of chapter one hundred sixty-two of the revised statutes of
eighteen hundred forty-six, being section fifteen thousand
six hundred forty-one of the compiled laws of nineteen hun-
dred fifteen.

*The People of the State of Michigan enact:*

SECTION 1. The word "pistol" as used in this act shall
mean any firearm, loaded or unloaded, thirty inches or less in
length. The word "purchaser" shall mean any person who
receives a pistol from another by purchase, gift or loan. The
word "seller" shall mean any person who sells, furnishes,
loans or gives a pistol to another.

SEC. 2. No person shall purchase a pistol as defined in
this act without first having obtained a license therefor as

*(margin notes:)* Words defined.

License before purchase.

888                    PUBLIC ACTS, 1927—No. 372.

prescribed herein.  The commissioner or chief of police, or his duly authorized deputy, in incorporated cities or in incorporated villages having an organized department of police, and the sheriff, or his authorized deputy, in parts of the respective counties not included within incorporated cities or villages, are hereby authorized to issue licenses to purchase pistols to applicants residing within the respective territories **To whom granted.** herein mentioned.  No such license shall be granted to any person except he be nineteen years of age or over, and has resided in this state six months or more, and in no event shall such a license be issued to a person who has been convicted of a felony or adjudged insane in this state or elsewhere.  Applications for such licenses shall be signed by the applicant under oath upon forms provided by the commis-**Executed in duplicate.** sioner of public safety.  Licenses to purchase pistols shall be executed in duplicate upon forms provided by the commissioner of public safety and shall be signed by the licensing authority.  One copy of such license shall be delivered to the applicant and the duplicate of such license shall be retained by such licensing authority as a permanent official record for a period of six years.  Such license shall be void unless used **Misde-meanor; penalty.** within ten days after the date of its issue.  Any person who shall sell to another any pistol as defined in this act without complying with the requirements of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than one hundred dollars or imprisonment in the county jail not more than ninety days, or both such fine and imprisonment in the discretion of the court.  Such license shall be signed in ink by the holder thereof in the presence of the person selling, loaning or giving a pistol to such licensee and shall thereupon be taken up by such person, signed by him in ink and shall be delivered or sent by registered mail within forty-eight hours to the commissioner of public safety.  The seller shall certify upon said license in the space provided therefor the name of the person to whom such pistol was delivered, the make, style, calibre and number of such pistol, and shall further certify that such purchaser signed his name on said license in the presence of the seller.  The provisions of this section shall not apply to the purchase of pistols from wholesalers by dealers regularly engaged in the business of selling pistols at retail, nor to the sale, barter or exchange of pistols kept solely as relics, souvenirs or curios.

**Unlawful to manufacture, etc., certain firearms, etc.** Sec. 3.  It shall be unlawful within this state to manufacture, sell, offer for sale, or possess any machine gun or firearm which can be fired more than sixteen times without reloading, or any muffler, silencer or device for deadening or muffling the sound of a discharged firearm, or any bomb or bombshell, or any blackjack, slung shot, billy, metallic **Penalty for violation.** knuckles, sandclub, sandbag or bludgeon.  Any person convicted of a violation of this section shall be guilty of a felony and shall be punished by a fine not exceeding one thousand

Compendium of Laws
Page 0975

dollars or imprisonment in the state prison not more than five years, or by both such fine and imprisonment in the discretion of the court. The provisions of this section shall not apply, however, to any person, firm or corporation manufacturing firearms, explosives or munitions of war by virtue of any contracts with any department of the government of the United States, or with any foreign government, state, municipality or any subdivision thereof.

SEC. 4. Any person who, with intent to use the same unlawfully against the person of another, goes armed with a pistol or other firearm or dagger, razor, stiletto, or knife having a blade over three inches in length, or any other dangerous or deadly weapon or instrument, shall be guilty of a felony and on conviction thereof shall be punished by a fine not exceeding one thousand dollars or imprisonment in the state prison for not more than five years, or by both such fine and imprisonment in the discretion of the court. *Felony, what deemed.* *Penalty.*

SEC. 5. No person shall carry a dagger, dirk, stiletto or other dangerous weapon except hunting knives adapted and carried as such, concealed on or about his person, or whether concealed or otherwise in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him. No person shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license therefor as herein provided. Any person violating the provisions of this section shall be guilty of a felony and upon conviction thereof shall be punished by a fine not exceeding one thousand dollars or imprisonment in the state prison for not more than five years, or by both such fine and imprisonment in the discretion of the court. *Unlawful to carry, etc., dagger, etc.*

SEC. 6. The prosecuting attorney, the commissioner or chief of police and the commissioner of public safety or their respective authorized deputies in incorporated cities or in incorporated villages having an organized department of police, and the prosecuting attorney, the commissioner of public safety or their authorized deputies, and the sheriff, under-sheriff or chief deputy sheriff in parts of the respective counties not included within incorporated cities or villages shall constitute boards exclusively authorized to issue licenses to carry pistols concealed on the person to applicants residing within the respective territories herein mentioned. The county clerk of each county shall be clerk of such licensing boards, which boards shall be known in law as "The Concealed Weapon Licensing Board." No such license to carry a pistol concealed on the person shall be granted to any person except he be nineteen years of age or over and has resided in this state six months or over, and in no event shall such license be issued unless it appears that the applicant has good reason to fear injury to his person or property, or has *Concealed weapon licensing board.* *To whom license granted.*

other proper reasons, and that he is a suitable person to be so licensed, and in no event to a person who has been convicted of a felony or adjudged insane in this state or elsewhere. The prosecuting attorney shall be the chairman of the said board, which shall convene at least once in each calendar month and at such other times as they shall be called to convene by the chairman. Such licenses shall be issued only upon written application signed by the applicant and on his oath and upon forms provided by the commissioner of public safety. Such licenses shall issue only with the approval of a majority of said board and shall be executed in triplicate upon forms provided by the commissioner of public safety and shall be signed in the name of the concealed weapon licensing board by the county clerk and the seal of the circuit court affixed thereto. One copy of such license shall be delivered to the applicant, the duplicate of said license shall be retained by the county clerk as a permanent official record for a period of six years, and the triplicate of such license shall be forwarded to the commissioner of public safety who shall file and index licenses so received by him and keep the same as a permanent official record for a period of six years. Each license shall be issued for a definite period of not more than one year, to be stated in the license, and no renewal of such license shall be granted except upon the filing of a new application. Every license issued hereunder shall bear the imprint of the right thumb of the licensee, or, if that be not possible, of the left thumb or some other finger of such licensee. Such licensee shall carry such license upon his person at all times when he may be carrying a pistol concealed upon his person and shall display such license upon the request of any peace officer.

**Chairman of board.**

**Duration of license.**

**When license to expire.**

SEC. 7. All licenses heretofore issued in this state permitting a person to carry a pistol concealed upon his person shall expire at midnight, December thirty-one, nineteen hundred twenty-seven.

**When license revoked.**

SEC. 8. The licensing board herein created by section six may revoke any license issued by it upon receiving a certificate of any magistrate showing that such licensee has been convicted of violating any of the provisions of this act, or has been convicted of a felony. Such license may also be revoked whenever in the judgment of said board the reason for granting such license shall have ceased to exist, or whenever said board shall for any reasonable cause determine said licensee to be an unfit person to carry a pistol concealed upon his person. No such license shall be revoked except upon written complaint and then only after a hearing by said board, of which at least seven days' notice shall be given to the licensee either by personal service or by registered mail to his last known address. The clerk of said licensing board is hereby authorized to administer an oath to any person testifying before such board at any such hearing.

SEC. 9.  On or before the first day of November, nineteen **Safety inspection of weapons.** hundred twenty-seven, any person within this state who owns or has in his possession a pistol as defined in this act, shall, if he reside in an incorporated city or an incorporated village having an organized police department, present such weapon for safety inspection to the commissioner or chief of police of such city or village; if such person reside in a part of the county not included within the corporate limits of such city or village he shall so present such pistol for safety inspection to the sheriff of such county.  Any person owning or coming into possession of a pistol after the first day of November, nineteen hundred twenty-seven, shall forthwith present such pistol for safety inspection in the manner provided in this section.  A certificate of inspection shall there- **Certificate issued.** upon be issued in triplicate on a form provided by the commissioner of public safety, containing the name, age, address, description and signature of the person presenting such pistol for inspection, together with a full description thereof; the original of such certificate shall be delivered to the registrant; the duplicate thereof shall be mailed to the commissioner of public safety and filed and indexed by him and kept as a permanent official record for a period of six years, and the triplicate of such certificate shall be retained and filed in the office of said sheriff, or commissioner or chief of police, as the case may be.  The provisions of this section shall not apply to wholesale or retail dealers in firearms or to collections of pistols kept solely for the purpose of display, as relics, souvenirs, curios or antiques, nor to weapons heretofore registered under the provisions of section eleven of act number three hundred thirteen of the public acts of nineteen hundred twenty-five.  Any person who fails to comply with the provision of this section shall be guilty of a misdemeanor and shall be punished by a fine not exceeding one hundred dollars or imprisonment in the county jail not exceeding ninety days, or by both such fine and imprisonment in the discretion of the court.

SEC. 10.  No pawnbroker shall accept a pistol in pawn. **Pistol not accepted in pawn.** Any person violating this section of this act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than one hundred dollars or imprisonment in the county jail for not more than ninety days or by both such fine and imprisonment in the discretion of the court.

SEC. 11.  No person shall wilfully alter, remove or obliter- **Alteration of pistol unlawful.** ate the name of the maker, model, manufacturer's number or other mark of identity of any pistol.  Possession of any such firearm upon which the number shall have been altered, removed or obliterated, shall be presumptive evidence that such possessor has altered, removed or obliterated the same.  Any person convicted under this section shall be punished by a fine not to exceed five hundred dollars or by imprisonment

in the state prison not to exceed two years or by both such fine and imprisonment in the discretion of the court.

**Exceptions to act.**

SEC. 12. The provisions of section two, three, five and nine shall not apply to any peace officer of the state or any subdivision thereof who is regularly employed and paid by the state or such subdivision, or to any member of the army, navy or marine corps of the United States, or of organizations authorized by law to purchase or receive weapons from the United States or from this state, nor to the national guard or other duly authorized military organizations when on duty or drill, nor to the members thereof in going to or returning from their customary places of assembly or practice, nor to a person licensed to carry a pistol concealed upon his person issued by another state, nor to the regular and ordinary transportation of pistols as merchandise, or to any person while carrying a pistol unloaded in a wrapper from the place of purchase to his home or place of business or to a place of repair or back to his home or place of business, or in moving goods from one place of abode or business to another.

**When unlawfully possessed.**

SEC. 13. When complaint shall be made on oath to any magistrate authorized to issue warrants in criminal cases that any pistol or other weapon or device mentioned in this act is unlawfully possessed or carried by any person, such magistrate shall, if he be satisfied that there is reasonable cause to believe the matters in said complaint be true, issue his warrant directed to any peace officer, commanding him to search the person or place described in such complaint, and if such pistol, weapon or device be there found, to seize and hold the same as evidence of a violation of this act.

**Forfeited to state.**

SEC. 14. All pistols, weapons or devices carried or possessed contrary to this act are hereby declared forfeited to the state.

**Certain books, etc., unlawful to sell, etc.**

SEC. 15. It shall be unlawful to sell or deliver within this state, or to offer or expose for sale, or to have in possession for the purpose of sale, any book, pamphlet, circular, magazine, newspaper or other form of written or printed matter offering to sell or deliver, or containing an offer to sell or deliver to any person within this state from any place without this state any pistol or any weapon or device mentioned in section three hereof. The provisions of this section shall not apply to sales of or offers to sell pistols at wholesale to persons regularly engaged in the business of selling such pistols at wholesale or retail, nor to sales or offers to sell such pistols made or authorized by the United States government or any department or agency thereof.

**Penalty for violation.**

SEC. 16. Any person violating the provisions of section fifteen of this act shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine not to exceed one hundred dollars or by imprisonment in the county jail not to exceed ninety days, or by both such fine and imprisonment in the discretion of the court.

SEC. 17. Act number two hundred seventy-four of the public acts of nineteen hundred eleven, being sections fifteen thousand two hundred thirty-six, fifteen thousand two hundred thirty-seven, fifteen thousand two hundred thirty-eight, fifteen thousand two hundred thirty-nine, fifteen thousand two hundred forty, fifteen thousand two hundred forty-one, fifteen thousand two hundred forty-two, fifteen thousand two hundred forty-three, fifteen thousand two hundred forty-four, fifteen thousand two hundred forty-five and fifteen thousand two hundred forty-six of the compiled laws of nineteen hundred fifteen; act number three hundred thirteen of the public acts of nineteen hundred twenty-five; and section sixteen of chapter one hundred sixty-two of the revised statutes of eighteen hundred forty-six, being section fifteen thousand six hundred forty-one of the compiled laws of nineteen hundred fifteen, are hereby repealed: *Provided, however,* That any proceedings pending under any of said sections herein repealed shall not be affected hereby but shall be concluded in accordance with the law of such repealed section or sections. *Acts repealed.* *Proviso.*

SEC. 18. This act is declared to be severable, and should any section hereof be hereafter declared unconstitutional or otherwise invalid, the remainder of the act shall not be affected thereby. *Saving clause.*

Approved June 2, 1927.

---

## [No. 373.]

AN ACT to amend section twenty-five of chapter thirty of act number three hundred fourteen of the public acts of nineteen hundred fifteen, entitled "An act to revise and consolidate the statutes relating to the organization and jurisdiction of the courts of this state; the powers and duties of such courts, and of the judges and other officers thereof; the forms of civil actions; the time within which civil actions and proceedings may be brought in said courts; pleading, evidence, practice and procedure in civil actions and proceedings in said courts; to provide remedies and penalties for the violation of certain provisions of this act; and to repeal all acts and parts of acts inconsistent with, or contravening any of the provisions of this act," being section thirteen thousand two hundred fifty-three of the compiled laws of nineteen hundred fifteen, as amended by act number two hundred forty-three of the public acts of nineteen hundred seventeen, and to add a new section thereto to stand as section thirty-one.

*The People of the State of Michigan enact:*

SECTION 1. Section twenty-five of chapter thirty of act number three hundred fourteen of the public acts of nineteen *Section amended.*

DATE DOWNLOADED: Wed Oct 19 10:33:29 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1927 11 .

ALWD 7th ed.
, , 1927 11 .

Chicago 17th ed.
"," New Jersey - 151st Legislature : 11-900


AGLC 4th ed.
" New Jersey - 151st Legislature 11

OSCOLA 4th ed.
" 1927 11

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

180          CHAPTERS 93, 94 & 95, LAWS OF 1927.

vote of a majority of all of the members of such board of education.

2. This act shall take effect immediately.

Approved March 19, 1927.

---

## CHAPTER 94.

An Act to amend an act entitled "An act respecting conveyances" (Revision of 1898), approved June fourteen, eighteen hundred and ninety-eight.

BE IT ENACTED *by the Senate and General Assembly of the State of New Jersey:*

Section 45 amended.

1. Section forty-five of the act of which this act is amendatory be and the same is hereby amended so that the same shall read as follows:

Records not to be removed.

45. No record shall be removed, from the office in which it is kept, by writ of subpœna or otherwise, before any court, or for any purpose whatsoever, in or out of the county in which such record is kept, where a transcript thereof may be given in evidence.

Transcript used.

2. This act shall take effect immediately.

Approved March 19, 1927.

---

## CHAPTER 95.

A Supplement to an act entitled "An act for the punishment of crimes" (Revision of 1898), approved June fourteenth, one thousand eight hundred and ninety-eight.

BE IT ENACTED *by the Senate and General Assembly of the State of New Jersey:*

Machine gun defined.

1. The term "machine gun or automatic rifle," as used in this act, shall be construed to mean any weapon, mechanism or instrument not requiring that the trigger

Case 2:19-cv-00617-KJM-AC   Document 105-6   Filed 11/09/23   Page 92 of 238

be pressed for each shot and having a reservoir, belt or other means of storing and carrying ammunition, which can be loaded into the said weapon, mechanism or instrument and fired therefrom at a rate of five or more shots to the second.

2. Any person who shall sell, give, loan, furnish or deliver any machine gun or automatic rifle to another person, or any person who shall purchase, have or possess any machine gun or automatic rifle, shall be guilty of a high misdemeanor; *provided*, the provisions of this section shall not apply to any person who has procured and possesses a license to purchase, have and possess a machine gun or automatic rifle as hereinafter provided for; nor to the authorized agents and servants of such licensee; or to the officers and members of any duly authorized military organization; nor to the officers and members of the police force of any municipality, nor to the officers and members of the State Police force; nor to any sheriff or undersheriff; nor to any prosecutor of the pleas, his assistants, detectives and employees.

*Sale, etc., illegal.*

*Proviso: exceptions to act.*

3. Any person who desires to purchase, have and possess a machine gun or automatic rifle may apply to a judge of the Court of Common Pleas of the county in which the applicant is a resident for a license to purchase, have and possess a machine gun or automatic rifle. Such application shall be in writing and shall state in detail the reasons why such person desires such license. Upon such application being presented to the judge, he shall refer the same to the sheriff of his county or to the chief police officer of the municipality in which said applicant resides, for his investigation and approval, and if said application is approved by the sheriff or by said chief police officer, said judge may, in his discretion, issue a license under his hand and the seal of his court to the applicant to purchase, have and possess a machine gun or automatic rifle, for his own protection and for the protection of his servants and employees.

*License to procure machine gun.*

*Application.*

*Reference and approval of application.*

*Issue of license.*

4. Upon the issuance of such license, the judge shall send or deliver the same to the county clerk of his county, who shall, in a book provided for that purpose,

*Record of license, etc.*

182                    CHAPTER 95, LAWS OF 1927.

enter a record of said license, stating the date of its
issuance and the name and address of the person to
whom the same is issued.  Upon such record being
made, the county clerk shall deliver said license to the
person to whom the same is issued.

**Banking institutions licensed.**

5. Upon the application of any bank or banking in-
stitution, trust company or building and loan associa-
tion within this State, the judge of the Court of Com-
mon Pleas of the county in which the applicant is lo-
cated shall issue to such bank or banking institution,
trust company or building and loan association, a license
to purchase and possess one or more machine guns or

**Use.**

automatic rifles for its own use and protection, and for
the use and protection of its officers, servants and em-
ployees, which license shall be recorded by the county
clerk as hereinbefore provided.

**Public utilities may be licensed.**

6. Upon the application of any railway company,
canal company or steamboat company within this State,
the judge of the Court of Common Pleas of any county
within which said railway company, canal company or
steamboat company operates, shall issue to such railway
company, canal company or steamboat company a license
to purchase and possess one or more machine guns or

**Use.**

automatic rifles for its own use and protection and for
the use and protection of its officers, servants and em-
ployees, which license shall be recorded by the county
clerk as hereinbefore provided.

7. This act shall take effect immediately.

Approved March 19, 1927.

Compendium of Laws
Page 0984

# HEINONLINE

DATE DOWNLOADED: Tue May 23 17:12:14 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1927 742 .

ALWD 7th ed.
, , 1927 742 .

Chicago 17th ed.
"," New Jersey - 151st Legislature : 742-750


AGLC 4th ed.
" New Jersey - 151st Legislature 742

OSCOLA 4th ed.
" 1927 742          Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# ACTS

OF THE

# One Hundred and Fifty=first Legislature

OF THE

## STATE OF NEW JERSEY

AND

# Eighty-third Under the New Constitution



## 1927

MacCrellish & Quigley Co
*Printers*
Trenton, New Jersey

742              CHAPTERS 320 & 321, LAWS OF 1927.

## VII. MISCELLANEOUS.

**Repealer.**

25. All acts and parts of acts inconsistent with the provisions hereof are repealed in so far as applicable to **Proviso.** the matters which are the subject of this act; *provided,* that nothing herein contained shall affect the practice and procedure prescribed under the State Motor Vehicle and Traffic acts.

**As to constitutionality of act.**

26. In case for any reason any section, part of section or provision of this act shall be questioned in any court, or determined to be unconstitutional or invalid, the same shall not in anywise affect any other section, **Proviso.** part of section or provision of this act; *provided,* that in cities bordering on the Atlantic ocean having a population in excess of fifty thousand the salary shall not exceed six thousand dollars.

27. This act shall take effect immediately.

Approved March 30, 1927.

––––––––

## CHAPTER 321.

A Further Supplement to an act entitled "An act for the punishment of crimes" (Revision of 1898), approved June fourteenth, one thousand eight hundred and ninety-eight.

BE IT ENACTED *by the Senate and General Assembly of the State of New Jersey:*

**Pawnbrokers not to deal in weapons.**

1. No pawnbroker shall hereafter sell or have in his possession for sale or to loan or give away, any machine gun, automatic rifle, revolver, pistol, or other firearm, or other instrument of any kind known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, dagger, dirk, dangerous knife, stiletto, bomb **Penalty.** or other high explosive. Any pawnbroker violating the provisions of this act shall be guilty of a high misdemeanor and punished accordingly.

2. Any person who shall commit or attempt to commit any assault, robbery, larceny, burglary, or breaking and entering, when armed with, or having in his possession, any revolver, pistol, or other firearm, or other instrument of any kind known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, dagger, dirk, dangerous knife, stiletto, bomb or other high explosive, shall, in addition to the punishment provided for the crime, be punished on a first conviction by imprisonment for not more than five years; upon a second conviction for a period of not more than ten years; upon a third conviction by imprisonment for a period of not more than fifteen years; upon a fourth or subsequent conviction, by imprisonment for life, or for an additional period of not more than twenty years, in the discretion of the court; *provided, however,* the indictment or allegation shall aver that the person was armed with or had in his possession any such instrument and conviction is had thereon. *Additional Sentence for Armed Criminals.* *Proviso.*

3. In the trial of a person for committing or attempting to commit any crime enumerated in section two hereof, the fact that he was armed with or had in his possession any of the firearms or instruments enumerated in section one hereof without a license to carry the same, shall be prima facie evidence of his intention to commit said crime of violence. *Arms as evidence of intent.*

The presence of a firearm in a vehicle is presumptive evidence of possession by all persons occupying or using the vehicle at the time. *Firearms in vehicle.*

4. No person who shall have been convicted in this State or elsewhere of any of the crimes enumerated in section two hereof shall purchase, own, or have in his possession or under his control any of the firearms or instruments enumerated in section one hereof. Violation of this section shall be punished by imprisonment for not more than five years. *Convicted person not to have weapons.* *Penalty.*

5. Every person who manufactures, or who sells at wholesale, any of the firearms or instruments enumerated in section one hereof, shall be registered with the Secretary of State and shall furnish to the Secretary of State such particulars as may be prescribed by law for such registration; *provided,* that if the Secretary *Manufacturers of weapons registered.* *Proviso.*

744                CHAPTER 321, LAWS OF 1927.

of State is satisfied that any applicant for such registration cannot be permitted to carry on business as a manufacturer or wholesale dealer in the firearms or instruments enumerated in section one hereof without danger to the public safety, he may refuse to register that person.

Certificate furnished.

The Secretary of State shall furnish to every person who is registered under this section, a certificate of registration.

Removal of name from registration list.

If any person desires to have his name removed from registration, or if the Secretary of State is satisfied that any person whose name is registered is no longer carrying on business as such manufacturer or wholesale dealer, or has ceased to have a place of business within the State, or cannot longer be permitted to carry on business as such manufacturer or wholesale dealer without danger to the public safety, he shall, after giving reasonable notice to such manufacturer or wholesale dealer and hearing thereon, cause the name of such person to be removed from registration.

Appeal may be taken.

Any person aggrieved by the refusal of such State official to register him as such manufacturer or wholesale dealer, or by the removal of his name from registration, shall have a right of appeal to the Supreme Court of the State.

Record of sales.

Every manufacturer and wholesale dealer shall keep a detailed record of each firearm or instrument sold by him. Such record shall include date of sale, name of purchaser, description of arm, and serial number thereof. The information contained in such record shall be available to police and other public officials in the performance of their official duties.

Retail dealers licensed.

6. No retail dealer shall sell or expose for sale, or have in his possession with intent to sell, any of the firearms or instruments enumerated in section one hereof without being licensed as hereafter provided.

Licenses granted by Common Pleas judge.

The Common Pleas judge of any court of this State, may, in his discretion, grant licenses in form prescribed by the Secretary of State, effective for not more than one year from date of issue, permitting the licensee to sell at retail within the said city or town or political subdivision, pistols or revolvers, subject to the follow-

Case 2:19-cv-00617-KJM-AC   Document 105-6   Filed 11/09/23   Page 99 of 238

ing conditions, for breach of any of which the license shall be subject to forfeiture:

1. The business shall be carried on only in the building or buildings designated in the license. *Place;*

2. The license or a copy thereof certified by the issuing authority shall be displayed in a conspicuous place on the premises where it can be easily read. *License displayed;*

3. No pistol or revolver, or imitation thereof, or placard advertising the sale thereof, shall be placed in any window or in any part of said premises where it can be readily seen from the outside. *No advertising;*

4. No pistol or revolver shall be delivered (a) unless the purchaser shall have obtained a permit to purchase under the provisions of section nine; (b) until seven days shall have elapsed after the application for the permit; (c) unless the purchaser either is personally known to the seller or shall present evidence of his identity; (d) unless the pistol or revolver shall be unloaded and securely wrapped; *provided, however,* a permit to cover a pistol or revolver shall, for the purposes of this section and of section nine of this act, be equivalent to a permit to purchase a pistol or revolver. *Delivery to purchaser;* *Proviso*

5. A true record of every pistol or revolver sold shall be made in a book kept for the purpose, the form of which shall be prescribed by the Secretary of State and shall be personally signed by the person effecting the sale, and shall contain the date of the sale, the calibre, make, model, and manufacturer's number of the weapon, and the name, address and permit number of the purchaser. *Record kept by retailer;*

No license to sell at retail shall be granted except as provided in this section. *Licensing;*

Violation of any of the provisions of this section (viz. section six) shall be a misdemeanor. *Penalty.*

7. Any person who shall knowingly sell any of the firearms or instruments enumerated in section one hereof to a minor under the age of eighteen years, or to a person not of sound mind, or to a drug addict, or to a person who has been convicted of committing or attempting to commit any of the crimes enumerated in section two hereof when armed with any of the firearms or instruments enumerated in section one hereof, shall be guilty of misdemeanor. *Sale to minors, etc., illegal.*

746                    CHAPTER 321, LAWS OF 1927.

Penalty for
loaning on
firearms.

8. Any person who loans money secured by mortgage, deposit or pledge of a pistol or revolver shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than one year, or both.

Purchaser
must have
permit.

9. No person shall sell a pistol or revolver to another person unless the purchaser has first secured a permit to purchase or carry a pistol or revolver. No person of good character and who is of good repute in the community in which he lives, and who is not subject to any of the disabilities set forth in other sections of this act, shall be denied a permit to purchase a pistol or

By whom
granted.

revolver. The judge of any court within this State (except, however, justices of the peace), the sheriff of a county or the chief of police of a city, town or municipality shall upon application issue to any person qualified under the provisions of this section a permit to purchase a pistol or revolver, and the Secretary of State shall have concurrent jurisdiction to issue such permit in any case, notwithstanding it has been refused by any other licensing official, if in his opinion the applicant is qualified.

Application
for permit.

Applications for such permits shall be in form as prescribed by the Secretary of State and shall set forth the name, residence, place of business, age, occupation, sex, color, and physical description of the applicant, and shall state whether the applicant is a citizen, and whether he has ever been convicted of any of the crimes enumerated in section two hereof as defined in this act. Such application shall be signed by the applicant and shall contain as reference the names and addresses of two reputable citizens personally acquainted with him.

Blank forms.

Application blanks shall be obtainable from the Secretary of State and from any other officers authorized to grant such permit, and may be obtained from licensed

Fee.

retail dealers. The application, together with a fee of fifty cents, shall be delivered or forwarded to the licensing authority who shall investigate the same, and unless good cause for the denial thereof shall appear, shall grant said permit within seven days from the date of

Permit in
triplicate.

the receipt of the application. The permit shall be in form prescribed by the Secretary of State and shall be

CHAPTER 321, LAWS OF 1927.                    747

issued to the applicant in triplicate.  The applicant shall deliver to the seller the permit in triplicate and the seller shall indorse on the back of each copy the make, model, calibre and serial number of  the pistol or revolver, sold under the permit.  One copy shall then be returned to the purchaser with the pistol or revolver, one copy shall be kept by the seller as a permanent record, and the third copy shall be forwarded by the seller within three days to the Secretary of State.  If the permit is not granted, the fee shall be returned to the applicant. *Disposition of copies.*

All fees for permits shall be paid into the general fund of the State if the permit be issued by the Secretary of State; to the municipality if the permit be issued by a municipal officer; in all other instances to the general fund of the county wherein the officer acts or the licensee resides or does business. *Disposition of fees.*

A person shall not be restricted as to the number of pistols or revolvers he may purchase, if he applies for and obtains permits to purchase the same, but only one pistol or revolver shall be purchased or delivered on each permit. *One pistol to each permit.*

10. The granting of permits to carry a revolver, pistol or other instrument, enumerated in section one hereof shall be under and according to the provisions of an act entitled "An act to amend an act entitled 'A further supplement to an act entitled "An act for the punishment of crimes" (Revision of 1898), approved June fourteenth, one thousand eight hundred and ninety-eight,' which supplementary act was approved March eleventh, nineteen hundred and twenty-four," and the supplements thereto and amendments thereof. *Act relative to granting permits.*

11. No person shall, without a license therefor issued as provided in the statute referred to in the preceding section, carry a pistol or revolver in any vehicle or concealed on or about his person, except in his dwelling house or place of business or on land possessed by him; *provided, however,* that nothing in this act contained shall be construed in any way to apply to the United States marshal or his deputies, the sheriff, or the under-sheriffs of any county, nor to the regularly employed members of any police department, nor to any special policemen appointed by the governing body of any *Carrying pistol without license.* *Proviso— exceptions to act.*

748                    CHAPTER 321, LAWS OF 1927.

municipality of this State, nor to any prosecutor or
assistant prosecutor of any county, regular fish and game
wardens, constable, railway police, canal police, steam-
boat police, and prosecutor's detectives; nor to any
member of the State Police, nor to any motor vehicle
inspector; nor to any officer of the Society for the
Prevention of Cruelty to Animals; nor to any prison
or jail wardens or their deputies; nor to guards while
in the employ of any banking or building and loan in-
stitution of this State; nor to any court attendant en-
gaged in attending the Circuit Court, Court of Oyer
and Terminer, Court of Common Pleas, or General
Court of Quarter Sessions, justices of the peace; nor
to the members of the Army, Navy or Marine Corps
of the United States or of the National Guard when on
duty; nor to duly authorized military organizations
when under orders, nor to the members thereof when
going to or from places of meeting of their respective
organizations, carrying the weapons prescribed for such

*Proviso.* drill, exercise or parade; *and provided, further,* nothing
in this act contained shall be construed to apply to any
person having a written permit to carry any revolver,
pistol or other firearm, when such permit has been ob-
tained pursuant to the provisions of this act; nor to
public utility corporations in the transportation of ex-

*Proviso* plosives; *provided, however,* that nothing herein con-
tained shall prevent any person from keeping or carry-
ing about his or her place of business, dwelling house
or premises, any such revolver, pistol, firearm or other
weapon, or from carrying the same from any place of
purchase to his or her dwelling house or place of busi-
ness, or from his or her dwelling house or place of
business to any place where repairing is done, to have
the same repaired and returned or to carry a gun, rifle
or knife in the woods or fields or upon the waters of
the State for the purpose of hunting or target practice.

*Definition of pistol.* Whenever the words "pistol" or "revolver" are used in
this act such words shall include a shotgun, rifle or other
firearm with over-all length less than twenty-six inches.

*Penalty for false informa- tion.* 12. Any person who shall give or cause to be given
false information in applying for a permit to purchase
or a license to carry a pistol or revolver, or in purchasing

Compendium of Laws
Page 0993

or otherwise acquiring delivery of a pistol or revolver, shall be deemed to be guilty of a misdemeanor and shall be subject to the same penalty as is provided for the crime of misdemeanor in this State.

13. It shall be unlawful within this State to manu- *Mufflers forbidden.* facture, sell, purchase or possess, except for military or police purposes, any muffler, silencer or device for deadening or muffling the sound of a firearm when discharged. Any violation of this section shall be a misdemeanor.

14. Any person, except a duly appointed law enforce- *As to bombs.* ment officer, or a member of the Army, Navy, or Marine Corps of the United States, or of the National Guard or organized reserves when on duty, who possesses, or carries on or about his person or in a vehicle, a bomb or bomb shell, except for blasting or other commercial use, or who, with intent to use the same unlawfully against the person or property of another, possesses or carries any explosive substance, or any explosive liquid, gas or like substance, shall be guilty of a high misdemeanor.

15. No person shall change, alter, remove or obliterate *Not alter maker's name* the name of the maker, model, manufacturer's number, *and number.* or other mark of identification of any pistol or revolver. Any violation of this section shall be a misdemeanor.

16. No property right shall exist in any firearms un- *As to property right in firearms.* lawfully possessed, carried or used, and all such firearms are hereby declared to be nuisances and forfeited to the State. When such forfeited firearms shall be taken from any person, they shall be surrendered to the sheriff of the county in which taken or to the head of the police department in cities or to the office of the prosecutor of the county. *Provided, however,* that if any *Proviso.* such firearms shall be found to be the property of an innocent owner, it shall be returned to such owner if and when no longer needed for evidential purposes.

17. In the case of the conviction under this act of a *Conviction of aliens.* person who is not a citizen of the United States, it shall be the duty of the clerk of the court in which such conviction is secured to certify the fact of such conviction to the proper officer of the United States Government having supervision of the deportation of aliens.

48 LAWS

750          CHAPTERS 321 & 322, LAWS OF 1927.

Antiques, or-
naments ex-
cepted.
18. This act shall not apply to antique pistols unsuitable for use as firearms and possessed as curiosities or ornaments.

Expiration of
previous
licenses.
19. All licenses heretofore issued within this State permitting the sale or purchase of pistols or revolvers shall expire ninety days after the passage of this act.

Repealer.
20. All acts or parts of acts inconsistent herewith are hereby repealed.

Approved March 30, 1927.

---

## CHAPTER 322.

An Amendment amending an act entitled "An act respecting coroners" (Revision), approved March twenty-seventh, one thousand eight hundred and seventy-four.

BE IT ENACTED *by the Senate and General Assembly of the State of New Jersey:*

Section 26
amended.
1. The twenty-sixth section of the act to which this is amendatory be and the same is hereby amended to read as follows:

26. That the following fees shall be allowed:

Fees allowed
coroners.
To coroner, or person acting in his stead, for viewing the body five dollars;

Mileage per mile, going and returning, ten cents, or actual carfare;

Sitting with jury at inquest each day, three dollars.

Taking deposition of witnesses at inquest, ten cents per folio, counting not more than two folios of manuscript to each page;

For every witness attending such inquest, when resident in the county, fifty cents for each day, and when from a foreign county, one dollar a day, in which shall' be included his or her going to and returning from the same, allowing one day for every thirty miles from and to his or her place or residence;

Jurors' fees.
Jurors' fees, twenty-five cents for each case; but in cases of special importance the board of chosen free-

Compendium of Laws
Page 0995

DATE DOWNLOADED: Wed Oct 19 11:45:57 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1927 256 .

ALWD 7th ed.
, , 1927 256 .

Chicago 17th ed.
"," Rhode Island - General Assembly, January Session : 256-262


AGLC 4th ed.
" Rhode Island - General Assembly, January Session 256

OSCOLA 4th ed.
" 1927 256

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## CHAPTER 1052.

H 729 A
Approved
April 22, 1927.

AN ACT TO REGULATE THE POSSESSION OF FIREARMS.

*It is enacted by the General Assembly as follows:*

Certain words
and phrases,
how construed:

SECTION 1.   When used in this act the following words and phrases shall be construed as follows:

"Pistol."

"Pistol" shall include any pistol or revolver, and any shot gun, rifle or similar weapon with overall length less than twenty-six inches, but shall not include any pistol without a magazine or any pistol or revolver designed for the use of blank cartridges only.

"Machine
gun."

"Machine gun" shall include any weapon which shoots automatically and any weapon which shoots more than twelve shots semi-automatically without reloading.

"Firearm."

"Firearm" shall include any machine gun or pistol.

"Person."

"Person" shall include firm, association or corporation.

"Licensing
authorities."

"Licensing authorities" shall mean the board of police commissioners of a city or town where such board has been instituted, the chief of police or superintendent of police of other cities and towns having a regular organized police force, and in towns where there is no chief of police or superintendent of police it shall mean the town clerk who may issue licenses upon the recommendation of the town sergeant;

"Crime of
violence."

"Crime of violence" shall mean and include any of the following crimes or an attempt to commit any of the same, viz.: murder, manslaughter, rape, mayhem, assault or battery involving grave bodily injury, robbery, burglary, and breaking and entering.

"Sell."

"Purchase."

"Purchasing."

"Sell" shall include let or hire, give, lend and transfer, and the word "purchase" shall include hire, accept and borrow, and the expression "purchasing" shall be construed accordingly."

SEC. 2.  If any person shall commit or attempt to commit a crime of violence when armed with or having available any firearm, he may in addition to the punishment provided for such crime of violence be punished as provided in this act.  In the trial of a person for committing or attempting to commit a crime of violence the fact that he was armed with or had available a pistol without license to carry the same, or was armed with or had available a machine gun, shall be prima facie evidence of his intention to commit said crime of violence.

*Additional punishment under this act.*

*What to be prima facie evidence of intention to commit crime of violence.*

SEC. 3.  No person who has been convicted in this state or elsewhere of a crime of violence shall purchase, own, carry or have in his possession or under his control any firearm.

*Who to be denied firearms.*

SEC. 4.  No person shall, without a license therefor, issued as provided in section six hereof, carry a pistol in any vehicle or concealed on or about his person, except in his dwelling house or place of business or on land possessed by him, and no person shall manufacture, sell, purchase or possess a machine gun except as otherwise provided in this act.

*Carrying of pistol forbidden, except when.*

*Machine gun.*

SEC. 5.  The provisions of section four shall not apply to sheriffs, deputy sheriffs, the superintendent and members of the state police, prison or jail wardens or their deputies, members of the city or town police force or other duly appointed law enforcement officers, nor to members of the army, navy or marine corps of the United States, or of the national guard, when on duty, or of organizations by law authorized to purchase or receive firearms from the United States or this state, nor to officers or employees of the United States authorized by law to carry a concealed firearm, nor to duly authorized military organizations when on duty, nor to the members thereof when at or going to or from

*Sec. 4 not to apply to whom.*

Case 2:19-cv-00617-KJM-AC   Document 105-6   Filed 11/09/23   Page 108 of 238

their customary places of assembly, nor to the regular and ordinary transportation of pistols as merchandise, nor to any person while carrying a pistol unloaded in a wrapper from the place of purchase to his home or place of business, or to a place of repair or back to his home or place of business, or in moving goods from one place or abode or business to another.

License to carry concealed pistol may be issued, to whom, when and how.

SEC. 6.   The licensing authorities of any city or town shall upon application of any person having a bona fide residence or place of business within such city or town, or of any person having a bona fide residence or place of business within the United States and a license to carry a pistol concealed upon his person issued by the authorities of any other state or subdivision of the United States, issue a license to such person to carry concealed upon his person a pistol within this state for not more than one year from date of issue, if it appears that the applicant has good reason to fear an injury to his person or property or has any other proper reason for carrying a pistol, and

License, form of.

that he is a suitable person to be so licensed. The license shall be in triplicate, in form to be prescribed by the attorney-general and shall bear the fingerprint, name, address, description and signature of the licensee and the reason given for desiring a license.

Triplicate license, how disposed of.

The original thereof shall be delivered to the licensee, the duplicate shall within seven days be sent to the attorney-general and the triplicate shall be preserved for six years by the licensing authorities issuing said

Fee for license.

license. A fee of two dollars may be charged and shall be paid for each license, to the officer issuing the same.

Applicant for license to give bond.

Before issuing any such permit the applicant for the same shall be required to give bond to the city or town treasurer in the penal sum of three hundred dollars, with surety satisfactory to the authority issu-

ing such permit, to keep the peace and be of good behavior. Every such permit shall be valid for one year from the date when issued unless sooner revoked. The fee charged for the issuing of such license or permit shall be applied in accordance with the provisions of section thirty-three of chapter 401 of the general laws.

SEC. 7. The attorney-general may issue a permit to any banking institution doing business in this state or to any public carrier who is engaged in the business of transporting mail, money, securities or other valuables, to possess and use machine guns under such regulations as the attorney-general may prescribe. *Attorney-general may issue permit to banking institutions, etc.*

SEC. 8. It shall be unlawful within this state to manufacture, sell, purchase or possess except for military or police purposes, any muffler, silencer or device for deadening or muffling the sound of a firearm when discharged. *Muffler or silencer for firearm forbidden.*

SEC. 9. Any person, except a member of the state police, the sheriff or his deputies, or a member of the police force of any city or town, or a member of the army, navy, or marine corps of the United States, or of the national guard or organized reserves when on duty, who possesses, or carries on or about his person or in a vehicle, a bomb or bomb shell, except for blasting or other commercial use, or who, with intent to use the same unlawfully against the person or property of another, possesses or carries any explosive substance, or any noxious liquid, gas or substance, shall be guilty of a violation of this act and punished as hereinafter provided. *Possession or carrying of bomb, explosive substance, or noxious liquid, gas, etc., forbidden.*

SEC. 10. No property right shall exist in any firearm unlawfully possessed, carried or used, and all such firearms are hereby declared to be nuisances and forfeited to the state. When such forfeited firearms shall be *Certain firearms to be nuisances and forfeited. Disposition of forfeited firearms.*

260    JANUARY SESSION, 1927—CHAPTER 1052.

taken from any person, they shall be surrendered to
the chief or superintendent of police in the city or
town in which they are taken, or to the town sergeant
of such town where there is no chief of police or super-
intendent. The officer to whom they are surrendered
shall, except upon a certificate of a justice of the supe-
rior court or the attorney-general that the non-destruc-
tion thereof is necessary or proper to the ends of jus-
tice, proceed to destroy all such firearms at stated in-
tervals of not more than one year. Provided, however,
that if any such firearm shall be found to be the
property of an innocent owner, it shall be returned to
such owner if and when no longer needed for purposes
of evidence.

**Giving of false information, etc., forbidden.** SEC. 11. No person shall in purchasing or other-
wise securing delivery of a pistol or in applying for a
license to carry the same, give false information or of-
fer false evidence of his identity.

**Mark of identification not to be removed from firearm.** SEC. 12. No person shall change, alter, remove, or
obliterate the name of the maker, model, manufactur-
turer's number, or other mark of identification on any
firearm. Possession of any firearm upon which any
such mark shall have been changed, altered, removed,
or obliterated, shall be prima facie evidence that the
possessor has changed, altered, removed or obliterated
the same.

**This act not to apply to antique fire-arms.** SEC. 13. This act shall not apply to antique fire-
arms unsuitable for use nor to collections of firearms
as curios, souvenirs, or for educational, scientific or any
similar purposes without intent to use such firearms.

**Penalties for violation of the provisions of this act.** SEC. 14. Any violation of any provision of this act
shall be punished by a fine of not more than one thou-
sand dollars or imprisonment for not more than five
years, or by both such fine and imprisonment.

SEC. 15.   No negative allegation of any kind need be averred or proved in any complaint under this act and the carrying or use of any firearm contrary to the provisions of this act shall be evidence that the possession, carrying or use of any such firearm is unlawful, but the respondent in any such case may show any fact that would render the possession, or use, or carrying of such firearm lawful.

*Negative allegation need not be averred, etc.*

SEC. 16.   Every officer authorized to make an arrest may without complaint and warrant arrest any person who has in his possession any firearm whenever such officer has reasonable ground to suspect that such person possesses or is using or is carrying such firearm contrary to law.   Any person so arrested may be detained a reasonable time, not exceeding twenty-four hours, for the purpose of making an investigation concerning such person, but no person so arrested shall be detained longer than twenty-four hours without complaint being made against him before some proper court or justice.   If the officer making the arrest shall at any time within the said twenty-four hours satisfy himself that there is no ground for making a criminal complaint against such person, he shall thereupon be discharged from custody.

*Officer may arrest without complaint and warrant.*

*Person arrested may be detained not exceeding 24 hours.*

SEC. 17.   In the case of the conviction under this act of a person who is not a citizen of the United States, it shall be the duty of the clerk of the court in which such conviction is secured to certify the fact of such conviction to the proper officer of the United States government having supervision of the deportation of aliens.

*Conviction or alien to be certified to U. S. officer in charge of deportation.*

SEC. 18.   The provisions and penalties prescribed in this act shall take the place of the provisions and penalties of sections thirty-two to thirty-five inclusive of chapter 401 of the general laws in so far as such pro-

*Provisions and penalties of this act to be substituted for certain others provided by law.*

262   JANUARY SESSION, 1927—CHAPTER 1053.

visions and penalties of said sections of said chapter
401 relate to the possession and carrying of air guns,
pistols or firearms of any description, and upon the
passage of this act said provisions and penalties of said
sections in so far as they relate to air guns, pistols and
firearms shall be repealed.

Certain pend-
ing legal pro-
ceedings not
affected by this
act.

SEC. 19.   No offense committed, or forfeiture in-
curred, under any law hereby amended and before the
time when this act goes into effect, and no suit, prose-
cution or indictment pending at the time when this act
goes into effect, for any offence committed or for the
recovery of any fine or penalty or forfeiture incurred
under any law hereby amended, shall be affected by
the passage of this act, but, proceedings relating to
the same shall be taken and continued as if this act had
not been passed.

This act,
how cited.

SEC. 20.   This act shall take effect upon its passage
and may be cited as the Firearms Act.

---

## CHAPTER 1053.

H 779
Approved
April 22, 1927.

AN ACT IN AMENDMENT OF SECTION 17 OF CHAPTER 98 OF
THE GENERAL LAWS, ENTITLED "MOTOR VEHICLES AND
THE OPERATION THEREOF."

*It is enacted by the General Assembly as follows:*

Section 1.   Section 17 of chapter 98 of the general
laws, entitled "Motor vehicles and the operation
thereof," is hereby amended so as to read as follows:

Rules of the
road for
operation of
motor vehicle.

"SEC. 17.   Upon approaching any person standing
or walking in the traveled portion of any public high-
way, or a horse or any other draft animal being led,
ridden or driven therein, or a crossing of intersecting
public highways, or a bridge, or a sharp turn, or a
curve, or a steep descent, and also in passing such

DATE DOWNLOADED: Mon Apr 24 00:26:32 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1929 139 .

ALWD 7th ed.
, , 1929 139 .

Chicago 17th ed.
"," Indiana - 76th Regular Session : 139-139


AGLC 4th ed.
" Indiana - 76th Regular Session 139

OSCOLA 4th ed.
" 1929 139          Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# LAWS

OF THE

# STATE OF INDIANA

Passed at the Seventy-Sixth Regular Session
of the General Assembly

Begun on the Tenth Day of January, A. D. 1929

## 1929

*BY AUTHORITY*
OTTO G. FIFIELD, Secretary of State

INDIANAPOLIS:
WM. B. BURFORD PRINTING ' '., CONTRACTOR FOR STATE PRINTING AND BINDING
1929

## CHAPTER 55.

AN ACT making it a separate felony for any person over the age of
sixteen years to commit or attempt to commit either the crime of
rape, larceny, robbery or bank robbery while armed with a pistol,
revolver, rifle, shotgun, machine gun or any other firearm or any
dangerous or deadly weapon or while any other person present and
aiding or assisting in committing or attempting to commit said crime
is so armed, providing the punishment therefor and repealing all
laws or parts of laws in conflict therewith.

[S. 106.   Approved March 8, 1929.]

### Criminal Offenses—Commission of or Attempt to Commit Crime While Armed with Deadly Weapon.

SECTION 1.   *Be it enacted by the general assembly of the
State of Indiana,* That any person who being over sixteen
years of age, commits or attempts to commit either the
crime of rape, robbery, bank robbery, petit larceny or grand
larceny while armed with a pistol, revolver, rifle, shotgun,
machine gun or any other firearm or any dangerous or
deadly weapon, or while any other person present and aid-
ing or assisting in committing or attempting to commit
either of said crimes is armed with any of said weapons,
shall be guilty of a separate felony in addition to the crimes
above named and upon conviction shall be imprisoned for
a determinate period of not less than ten years nor more
than twenty years, to be fixed by the court: *Provided,* That
such court shall have the right to provide in the judgment
that such term of imprisonment shall not run concurrently
with any imprisonment that may be adjudged for either
of the crimes first above enumerated but that such term
of imprisonment shall be served beginning at the expira-
tion of the imprisonment adjudged for either of said first
named crimes.

### Repeal.

SEC. 2.   All laws and parts of laws in conflict herewith
are hereby repealed.

DATE DOWNLOADED: Wed Oct 19 11:36:42 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1929 527 .

ALWD 7th ed.
, , 1929 527 .

Chicago 17th ed.
"," Michigan - Public Acts, Regular Session : 527-529


AGLC 4th ed.
" Michigan - Public Acts, Regular Session 527

OSCOLA 4th ed.
" 1929 527

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

located on the property of the state of Michigan for the use
of the Michigan school for the deaf at such site or sites thereon
as shall be determined by the state institute commission,
which said money is hereby appropriated to the state admin-
istrative board for said uses and purposes.

This act is ordered to take immediate effect.

Approved May 20, 1929.

---

[No. 206.]

AN ACT to amend the title and section three of act number
three hundred seventy-two of the public acts of nineteen
hundred twenty-seven, entitled "An act to regulate and
license the selling, purchasing, possessing and carrying of
certain firearms; to prohibit the buying, selling or carrying
of certain firearms without a license therefor; to prohibit
the possession of certain weapons and attachments; to pro-
hibit the pawning of certain firearms; to prohibit the sale,
offering for sale, or possession for the purpose of sale of
written or printed matter containing any offer to sell or
deliver certain firearms or devices within this state; to
provide penalties for the violations of this act, and to repeal
act number two hundred seventy-four of the public acts of
nineteen hundred eleven, being sections fifteen thousand
two hundred thirty-six, fifteen thousand two hundred thirty-
seven, fifteen thousand two hundred thirty-eight, fifteen
thousand two hundred thirty-nine, fifteen thousand two
hundred forty, fifteen thousand two hundred forty-one, fif-
teen thousand two hundred forty-two, fifteen thousand two
hundred forty-three, fifteen thousand two hundred forty-
four, fifteen thousand two hundred forty-five and fifteen
thousand two hundred forty-six of the compiled laws of
nineteen hundred fifteen; act number three hundred thir-
teen of the public acts of nineteen hundred twenty-five;
and section sixteen of chapter one hundred sixty-two of the
revised statutes of eighteen hundred forty-six, being section
fifteen thousand six hundred forty-one of the compiled
laws of nineteen hundred fifteen," and to add a new sec-
tion thereto to stand as section six-a.

### The People of the State of Michigan enact:

SECTION 1. The title and section three of act number three   Title and
hundred seventy-two of the public acts of nineteen hundred   section
amended.
twenty-seven, entitled "An act to regulate and license the
selling, purchasing, possessing and carrying of certain fire-
arms; to prohibit the buying, selling or carrying of certain
firearms without a license therefor; to prohibit the possession

Compendium of Laws
Page 1008

of certain weapons and attachments; to prohibit the pawning of certain firearms; to prohibit the sale, offering for sale, or possession for the purpose of sale of written or printed matter containing any offer to sell or deliver certain firearms or devices within this state; to provide penalties for the violations of this act, and to repeal act number two hundred seventy-four of the public acts of nineteen hundred eleven, being sections fifteen thousand two hundred thirty-six, fifteen thousand two hundred thirty-seven, fifteen thousand two hundred thirty-eight, fifteen thousand two hundred thirty-nine, fifteen thousand two hundred forty, fifteen thousand two hundred forty-one, fifteen thousand two hundred forty-two, fifteen thousand two hundred forty-three, fifteen thousand two hundred forty-four, fifteen thousand two hundred forty-five and fifteen thousand two hundred forty-six of the compiled laws of nineteen hundred fifteen; act number three hundred thirteen of the public acts of nineteen hundred twenty-five; and section sixteen of chapter one hundred sixty-two of the revised statutes of eighteen hundred forty-six, being section fifteen thousand six hundred forty-one of the compiled laws of nine-

**Section added.**

teen hundred fifteen," are hereby amended and a new section to stand as section six-a is hereby added thereto, said amended title and section and added section to read as follows:

## TITLE.

An Act to regulate and license the selling, purchasing, possessing and carrying of certain firearms; to prohibit the buying, selling or carrying of certain firearms without a license therefor; to prohibit the possession, manufacture or sale of certain weapons, including gas ejecting or emitting weapons, and attachments, except by certain persons licensed to manufacture, sell or possess any gas ejecting or emitting weapon, cartridge or device; to prohibit the pawning of certain firearms; to prohibit the sale, offering for sale, or possession for the purpose of sale of written or printed matter containing any offer to sell or deliver certain firearms or devices within this state; to provide penalties for the violations of this act, and to repeal act number two hundred seventy-four of the public acts of nineteen hundred eleven, being sections fifteen thousand two hundred thirty-six, fifteen thousand two hundred thirty-seven, fifteen thousand two hundred thirty-eight, fifteen thousand two hundred thirty-nine, fifteen thousand two hundred forty, fifteen thousand two hundred forty-one, fifteen thousand two hundred forty-two, fifteen thousand two hundred forty-three, fifteen thousand two hundred forty-four, fifteen thousand two hundred forty-five and fifteen thousand two hundred forty-six of the compiled laws of nineteen hundred fifteen; act number three hundred thirteen of the public acts of nineteen hundred twenty-five; and section sixteen of chapter one hundred sixty-two of the revised statutes

of eighteen hundred forty-six, being section fifteen thousand six hundred forty-one of the compiled laws of nineteen hundred fifteen.

SEC. 3.  It shall be unlawful within this state to manufacture, sell, offer for sale or possess any machine gun or firearm which can be fired more than sixteen times without reloading or any muffler, silencer, or device for deadening or muffling the sound of a discharged firearm, or any bomb, or bomb shell, blackjack, slung shot, billy, metallic knuckles, sand club, sand bag, or bludgeon or any gas ejecting device, weapon, cartridge, container, or contrivance designed or equipped for or capable of ejecting any gas which will either temporarily or permanently disable, incapacitate, injure or harm any person with whom it comes in contact.  Any person convicted of a violation of this section shall be guilty of a felony and shall be punished by a fine not exceeding one thousand dollars or imprisonment in the state prison not more than five years, or by both such fine and imprisonment in the discretion of the court.  The provisions of this section shall not apply, however, to any person, firm or corporation manufacturing firearms, explosives or munitions of war by virtue of any contracts with any department of the government of the United States, or with any foreign government, state, municipality or any subdivision thereof, or to any person, firm or corporation licensed to manufacture, sell or possess any gas ejecting device, weapon, cartridge, container or contrivance above mentioned, under the provisions of section six-a hereof.

SEC. 6-a.  Said concealed weapons licensing board may issue licenses to any bank, trust company, armored car company, railway company, express company, or other company, institution, copartnership or individual having in its, their, or his possession large sums of money or other valuables, authorizing such licensee to equip the premises or vehicles under its, their or his control with gas ejecting devices to be used solely for the purpose of protecting such premises or vehicles and the persons or property therein from criminal assaults.  The commissioner of the department of public safety shall prescribe rules and regulations which shall govern the issuing of such licenses and the making of application therefor.  Said concealed weapons licensing board may in its discretion also issue licenses to any company, copartnership or individual under such limitations and in accordance with such rules and regulations as the commissioner of the department of public safety shall prescribe, authorizing such corporation, copartnership or individual to manufacture or sell or both, any such gas ejecting or emitting weapons, cartridge or device to any person authorized by law to possess the same.

This act is ordered to take immediate effect.

Approved May 20, 1929.

*Margin notes:* Unlawful to sell, etc., certain firearms, etc. — Penalty for violation. — License, to whom issued.

DATE DOWNLOADED: Wed Oct 19 11:05:12 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1929 7 .

ALWD 7th ed.
, , 1929 7 .

Chicago 17th ed.
"," Missouri - 55th General Assembly, Regular Session : 7-462

AGLC 4th ed.
'' Missouri - 55th General Assembly, Regular Session 7.

OSCOLA 4th ed.
'' 1929 7

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

[H. B. 498.]

## CRIMES AND PUNISHMENT: Prohibiting the Sale Delivery, Transportation, Possession or Control of Machine Rifles, Machine Guns and Sub-machine Guns, and Providing Penalty for Violation of Law.

AN ACT to prohibit the sale, delivery, transportation, possession or control of machine rifles, machine guns and sub-machine guns capable of automatically and continuously discharging loaded ammunition of any caliber in which the ammunition is fed to such guns from or by means of clips, disks, drums, belts or other separable mechanical devices and providing a penalty for violation thereof.

| SECTION | SECTION |
| --- | --- |
| 1. Unlawful to sell, deliver, transport or have in possession any machine gun. | 2. The term "machine gun" defined. |

*Be it enacted by the General Assembly of the State of Missouri, as follows:*

**Section 1. Unlawful to sell, deliver, transport or have in possession any machine gun.**—It shall be unlawful for any person to sell, deliver, transport, or have in actual possession or control any machine gun, or assist in, or cause the same to be done. Any person who violates this act shall be guilty of a felony and punished by imprisonment in the state penitentiary not less than two (2) nor more than thirty (30) years, or by a fine not to exceed five thousand dollars, or by both such fine and imprisonment. Provided, that nothing in this act shall prohibit the sale, delivery, or transportation to police departments or members thereof, sheriffs, city marshals or the military or naval forces of this state or of the United States, or the possession and transportation of such machine guns, for official use by the above named officers and military and naval forces in the discharge of their duties.

**Sec. 2. The term "machine gun" defined.**—The term "machine gun" as used in this act shall be construed to apply to and include all firearms known as machine rifles, machine guns or sub-machine guns capable of discharging automatically and continuously loaded ammunition of any caliber in which the ammunition is fed to such gun from or by means of clips, disks, drums, belts or other separable mechanical device.

Approved June 1, 1929.

---

[S. B. 438.]

## CRIMINAL PROCEDURE: Relating to Parole, Except for Certain Offenses.

AN ACT to repeal section 4157, article 18, chapter 25, of the Revised Statutes of Missouri, 1919, relating to parole, except for certain offenses; and, to enact a new section in lieu thereof to be known as section 4157, relating to the same subject.

| SECTION | SECTION |
| --- | --- |
| 1. Repealing section 4157, article 18, chapter 25, Revised Statutes of Missouri, 1919, and enacting new section. | 4157. Parole may be given, except for certain offenses. |

 

DATE DOWNLOADED: Tue May 23 16:59:15 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1929 59 .

ALWD 7th ed.
, , 1929 59 .

Chicago 17th ed.
"," Nebraska - 45th Session : 59-698


AGLC 4th ed.
" Nebraska - 45th Session 59

OSCOLA 4th ed.
" 1929 59        Please note: citations are provided as a general guideline. Users
should consult their preferred citation format's style manual for proper citation
formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# SESSION LAWS

———

Laws Passed by the

## LEGISLATURE OF THE STATE OF NEBRASKA

At the

## FORTY-FIFTH SESSION
## 1929

Which Convened in the

### CITY OF LINCOLN, NEBRASKA

Tuesday, January 1st and Adjourned April 24th, 1929

———

Compiled and Published by

## FRANK MARSH

Secretary of State

by the Governor shall have the same force and effect as the provisions of this code.   The rules and regulations in force at the time of the passage of this code, and not inconsistent herewith, shall remain in force until new rules and regulations are approved and promulgated.

Section 55.   **National Defense to Apply.**—Any and all sections of the national defense act, as amended and regulations made in pursuance thereof, applicable to the militia of Nebraska for any part thereof, shall be considered as a part of this act in all respects as though written herein.

Section 56.   **Validity.**—If, for any reason, any section, subdivision, sentence or clause in this act or code, or if any section, subdivision, sentence or clause of chapter 34, Compiled Statutes of Nebraska for 1922, not herein repealed, shall for any reason be held unconstitutional or invalid or void, such decision shall not effect the validity of any other portion of this act or code or of any other portion of chapter 34, Compiled Statutes of Nebraska for 1922 not herein repealed.

Section 57.   **Repeal.**—That Sections 3301, 3303, 3304, 3306, 3307, 3308, 3309, 3310, 3311, 3312, 3313, 3314, 3315, 3316, 3317, 3318, 3321, 3323, 3327, 3329, 3330, 3331, 3332, 3335, 3336, 3337, 3338, 3339, 3342, 3344, 3346, 3347, 3348, 3349, 3350, 3351, 3352, 3353, 3354, 3355, 3356, 3363, 3367, 3368 and 3369, Compiled Statutes of Nebraska for 1922 are hereby repealed.

Approved March 11, 1929.

---

CHAPTER 190.

### Senate File No. 165

INTRODUCED BY SENATOR J. C. McGOWAN OF MADISON

AN ACT prohibiting the sale, possession and transportation of machine guns within the State of Nebraska; and prescribing penalties for the violation of the provisions hereof.

Compendium of Laws
Page 1015

674                           SESSION LAWS, 1929

*Be it Enacted by the People of the State of Nebraska:*

**Section 1. Machine Guns—Sale Unlawful—Penalty—**It shall be unlawful for any person, firm or corporation, its or their agents or servants, to sell or cause to be sold or otherwise to dispose of any machine gun to any person in the State of Nebraska, except officers of the law, agents of the United States government, or agents of the law enforcement department of the State of Nebraska. If any person, firm or corporation, or its or their agents or servants violate any of the provisions of this section, they shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be fined in any sum not less than one thousand dollars nor more than ten thousand dollars.

**Section 2. U. S. Army and National Guard Exempt—**It shall be unlawful for any person or persons, except officers of the law, soldiers of the United States Army, or officers and enlisted men of the National Guard of this state, to transport any machine gun on any highway within this state, or to have in possession for any unlawful purpose any machine gun. Any person violating any of the provisions of this section, shall be deemed guilty of a felony and upon conviction thereof, shall be imprisoned in the state penitentiary for not less than one year nor more than ten years.

Approved April 29, 1929.

––––––––––––

CHAPTER 191.

**House Roll No. 232**

INTRODUCED BY REPRESENTATIVE J. D. SAUNDERS OF BUFFALO

AN ACT to amend 6809, Compiled Statutes of Nebraska for 1922, relating to soldiers and sailors; providing for the printing of proceedings of the Department of Nebraska Grand Army of the Republic and United States Spanish War Veterans; providing for the inclusion of the Department of Nebraska Veterans of Foreign Wars; and to repeal said original section.

DATE DOWNLOADED: Wed Oct 19 10:41:47 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1929 777 .

ALWD 7th ed.
, , 1929 777 .

Chicago 17th ed.
"," Pennsylvania - General Assembly, Regular Session : 777-778


AGLC 4th ed.
" Pennsylvania - General Assembly, Regular Session 777.

OSCOLA 4th ed.
" 1929 777

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

be exercised [jointly] *solely* by said [court of common pleas and] orphans' court.

APPROVED—The 25th day of April, A. D. 1929.

JOHN S. FISHER

## No. 328

## AN ACT

Fixing the time when interest shall begin to run on the amounts fixed in reports of viewers for the taking, injury and destruction of property by the right of eminent domain.

Section 1. Be it enacted, &c., That the amount of damages allowed in a report of viewers for the taking, injury or destruction of property by the exercise of the right of eminent domain shall, as finally confirmed, bear interest at the rate of six per centum per annum from the date of the confirmation nisi of the report.

Eminent domain.

Allowance of interest.

Section 2. All acts and parts of acts inconsistent with the provisions of this act are hereby repealed.

Repeal.

APPROVED—The 25th day of April, A. D. 1929.

JOHN S. FISHER

## No. 329

## AN ACT

Prohibiting the sale, giving away, transfer, purchasing, owning, possession and use of machine guns; providing penalties; and providing for certain exemptions, and the granting of permits by sheriffs to own and possess machine guns as relics.

Section 1. Be it enacted, &c., That the term "machine gun," as used in this act, shall mean any firearm that fires two or more shots consecutively at a single function of the trigger or firing device.

Machine guns.

Defined.

Section 2. It shall be unlawful for any person, copartnership, association or corporation to sell, or give, or transfer, any machine gun to any person, copartnership, association or corporation. within this Commonwealth; and it shall be unlawful for any person, copartnership, association, or corporation to purchase, own, or have in possession any machine gun.

Unlawful to sell, give or transfer.

Unlawful to buy or possess.

Any person violating any of the provisions of this section shall be guilty of a felony, and, on conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars, and undergo imprisonment by separate or solitary confinement at labor not exceeding five years.

Violations.

Section 3. Any person who shall commit, or attempt to commit, any crime within this Commonwealth, when armed with a machine gun, shall, upon conviction of

Commission of crime with.

778                        LAWS OF PENNSYLVANIA,

Additional
sentence.

such crime or attempt to commit such crime, in addition to the punishment for the crime for which he has been convicted, be sentenced to separate and solitary confinement at labor for a term not exceeding ten years. Such additional penalty of imprisonment shall commence upon the expiration or termination of the sentence imposed for the crime of which he stands convicted, and shall not run concurrently with such sentence.

Exceptions.

Section 4.  Nothing contained in this act shall prohibit the manufacture for, and sale of, machine guns to the military forces of the United States, or of the Commonwealth of Pennsylvania, or to any police department of this Commonwealth, or of any political subdivision thereof, nor to the purchase or possession of machine guns by such governments and departments; and nothing contained in this act shall prohibit any organization, branch, camp or post of veterans, or any veteran of any war in which the United States was engaged, from owning and possessing a machine gun as a relic, if a permit for such ownership or possession has been obtained from the sheriff of the county, which permit is at all times attached to such machine gun. The sheriffs of the several counties are hereby authorized, upon application and the payment of a fee of one dollar, to issue permits for the ownership and possession of machine guns by veteran and organizations, branches, camps or posts of veterans, upon production to the sheriff of such evidence as he may require that the organization, branch, camp or post is a bona fide organization of veterans, or that any such veteran applicant is a veteran of good moral character and reputation, and that the ownership and possession of such machine gun is actually desired as a relic.

Effective date.

Section 5.  This act shall take effect on the first day of September, one thousand nine hundred twenty-nine.

APPROVED—The 25th day of April, A. D. 1929.

JOHN S. FISHER

## No. 330

## AN ACT

To prohibit the possession or carrying of bombs, bombshells, explosive substances, or noxious liquid gases, or substances; and providing penalties.

Crimes.

Section 1.  Be it enacted, &c., That on or after the date upon which this act takes effect, any person, except a duly appointed or elected law enforcement officer, or a member of the army, navy, or marine corps of the United States, or of the National Guard, or organized reserves, who possesses or carries on or about his person or in a vehicle, a bomb, bombshell, except for blasting

Possession of
bombs or explosives.

Compendium of Laws
Page 1019

DATE DOWNLOADED: Mon Apr 24 00:16:22 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1928-1929 157 .

ALWD 7th ed.
, , 1928-1929 157 .

Chicago 17th ed.
"," Wisconsin - Biennial Session; 1st and 2nd Special Sessions : 157-159


AGLC 4th ed.
" Wisconsin - Biennial Session; 1st and 2nd Special Sessions 157

OSCOLA 4th ed.
" 1928-1929 157        Please note: citations are provided as a general
guideline. Users should consult their preferred citation format's style manual for
proper citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# WISCONSIN
# SESSION LAWS

## Including All the Acts and Certain Joint Resolutions

Passed by the Biennial Session of the Legislature, 1929,
and by the Special Sessions, 1928.

The Acts Are Numbered in Consecutive Chapters in the Order Received
from the Governor and Joint Resolutions in the Order
Received from the Senate and Assembly.

*Published by Authority*

MADISON, WISCONSIN
1929

to vote on the question of uniformity of textbooks, nor in the election of the county board of education.

SECTION 2.  This act shall take effect upon passage and publication.

Approved May 28, 1929.

---

No. 306, S.]                              [Published May 31, 1929.

## CHAPTER 132.

AN ACT to create section 340.695 of the statutes, relating to machine guns and providing a penalty.

*The people of the State of Wisconsin, represented in Senate and Assembly, do enact as follows:*

SECTION 1.  A new section is added to the statutes to read: 340.695  Any person who shall own, use or have in his possession a machine gun shall be punished by imprisonment in the state prison for a term the minimum of which shall be one year and the maximum fifteen years.  Nothing in this section shall be construed as prohibiting police officers, national guardsmen, sheriffs and their deputies from owning, using or having in their possession a machine gun while actually engaged in the performance of their lawful duties; nor shall any person or organization be prohibited from possessing any machine gun received from the government as a war trophy.

SECTION 2.  This act shall take effect upon passage and publication.

Approved May 28, 1929.

---

No. 330, S.]                              [Published May 31, 1929.

## CHAPTER 133.

AN ACT to amend subsection (1) of section 29.28 and subsection (4) of section 29.37 of the statutes, relating to ice fishing in Wilke lake, in Manitowoc county.

*The people of the State of Wisconsin, represented in Senate and Assembly, do enact as follows:*

SECTION 1.  Subsection (1) of section 29.28 and subsection (4) of section 29.37 of the statutes are amended to read:  (29.28) (1) No person shall take, catch or kill fish of any variety through

the ice on Pardeeville mill pond in the town of Wyocena, or on
Dates mill pond in Columbia county, or on Lake Wisconsin in
Columbia and Sauk counties, in the artificial lake formed by the
Cedar Falls dam in Dunn county, in Lilly lake in Kenosha
county; in Pigeon lake, *Wilke lake* and Little Pigeon lake in Man-
itowoc county; in Whitewater lake, Lauderdale lakes, Lake Lulu,
Cravath lake and in Round lake in Walworth county; in Eagle
lake, in Waukesha county; in Spring lake in the village and town
of Palmyra and in Upper lake in the town of Palmyra in Jeffer-
son county; and in any waters in Dodge county; Pine lake, town
of Hancock, and Fish lake, towns of Hancock and Deerfield;
Pleasant lake in the town of Coloma, Waushara county; and in
the town of Springfield, Marquette county; Lake Nocquebay in
Marinette county; Lake Mason, commonly known as Briggsville
pond, in the counties of Adams and Marquette, and Goose lake
in Adams county; Easton pond in sections twenty-eight and
twenty-nine of township sixteen, north of range six east, town of
Easton, in Adams county; Shell lake in Washburn county; Silver
lake in the town of West Bend, Washington county; Chain of
Lakes in townships thirty-seven and thirty-eight north, of range
twelve west, in Washburn county; Devil's lake and Mears lake,
and tributary streams; the waters known as Koenig's mill pond
in sections seven, eight, seventeen and eighteen of township nine
north, of range six east, town of Prairie du Sac, and Mirror lake,
in Sauk county; Pickerel and Rolling Stone lakes in Forest
county; Twin lakes, in the town of Lincoln, and Pike lake in Polk
county; Spring lake in Ozaukee and Sheboygan counties; any
lake in the county of Langlade, any lakes in the counties of Port-
age and Marquette, except in Buffalo lake. The bag limit for
cisco in any lake in Waukesha county shall be twenty-five each
day. No person shall set, use or operate any fyke net or drop net
in any waters within two miles from the shore line of Door
county, excepting in that portion south of Limekiln bluff. There
shall be a close season for large and small-mouthed black bass
from March first to June twentieth in Sturgeon bay and Saw-
yer's harbor in Door county. The provisions of subsection (3)
of section 29.14 shall not apply to Door county. During the
years of 1927 and 1928 no person shall take, catch or kill fish of
any variety through the ice on Balsam lake, Polk county, nor in
Lost lake, in Dodge county.

(29.37) (4) Such licensed set lines may be used only in the

following waters: Big Wolf river in Waupaca and Outagamie
counties; Lake Winnebago, Lake Butte des Morts, Little Butte
des Morts, Lake Winneconne, Lake Poygan, Lake Puckaway, and
the river connecting said lakes, Fox river, except below the dam
at De Pere; Wisconsin river from the north line of Sauk county
to its mouth; Black river from the north line of Jackson county
to its mouth; Menomonie river bordering on Marinette county;
* * * and the Mississippi river, Lake Pepin and Lake St.
Croix.

Section 2. This act shall take effect upon passage and publi-
cation.

Approved May 28, 1929.

---

No. 104, A.]                              [Published May 31, 1929.

## CHAPTER 134.

AN ACT to create paragraph (f) of subsection (1) of section
   29.56 of the statutes, relating to wild life refuge.

*The people of the State of Wisconsin, represented in Senate and
   Assembly, do enact as follows:*

Section 1. A new paragraph is added to subsection (1) of
section 29.56 of the statutes to read: (29.56) (1) (f) Sections
5, 6, 7, 8, 17, 18, 19, 20, 29, 30, 31 and 32, township 33 north,
range 5 east, located in Lincoln county.

Section 2. This act shall take effect upon passage and publi-
cation.

Approved May 28, 1929.

---

No. 114, A.]                              [Published May 31, 1929.

## CHAPTER 135.

AN ACT to create subsection (8) of section 30.06 of the statutes,
   relating to mufflers on out-board motor boats, and providing
   a penalty.

*The people of the State of Wisconsin, represented in Senate and
   Assembly, do enact as follows:*

Section 1. A new subsection is added to section 30.06 of the
statutes to read: (30.06) (8) (a) Every boat propelled by
gasoline or other similar motive power shall be equipped with a

HEINONLINE

DATE DOWNLOADED: Mon Apr 24 00:06:58 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1931 813 .

ALWD 7th ed.
, , 1931 813 .

Chicago 17th ed.
"," Delaware - 103rd Session, General Assembly : 813-813


AGLC 4th ed.
" Delaware - 103rd Session, General Assembly 813

OSCOLA 4th ed.
" 1931 813          Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# LAWS

OF THE

# STATE OF DELAWARE

PASSED AT THE

## One Hundred and Third Session of the General Assembly

COMMENCED AND HELD AT DOVER

## On Tuesday, January 6, A. D. 1931

AND

IN THE YEAR OF THE INDEPENDENCE OF THE UNITED STATES
THE ONE HUNDREDTH AND FIFTY-FIFTH

## VOLUME XXXVII

J. LAURANCE BANKS, INCORPORATED
WILMINGTON, DELAWARE
1931

## CHAPTER 249

### MACHINE GUNS

**AN ACT making it Unlawful for any person or persons other than the State Military Forces or Duly Authorized Police Departments to have a Machine Gun in his or their possession, and prescribing a Penalty for same.**

*Be it enacted by the Senate and House of Representatives of the State of Delaware in General Assembly met:*

Section 1.   On and after the passage and approval of this Act it is and shall be unlawful for any person or persons other than the State Military Forces or duly authorized Police Departments to have a machine gun in his or their possession, within the State of Delaware. Any person or persons convicted under the provisions of this Act shall be deemed guilty of a felony and shall be punished by either fine or imprisonment, or both, in the discretion of the Court. [Possession of machine gun unlawful] [Exceptions] [Penalty]

All Acts or parts of Acts inconsistent herewith are hereby repealed in so far as the inconsistency may occur only.

Approved February 25, 1931.

# HEINONLINE

DATE DOWNLOADED: Wed Oct 19 10:20:58 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1931 1 .

ALWD 7th ed.
, , 1931 1 .

Chicago 17th ed.
"," Illinois - 57th General Assembly, Regular Biennial Session : 1-928

AGLC 4th ed.
" Illinois - 57th General Assembly, Regular Biennial Session 1

OSCOLA 4th ed.
" 1931 1

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

452                                   CRIMINAL CODE

owner or by destroying it or disposing of it according to the laws of the
State of Illinois. Any officer of the law violating the provisions of this
section is guilty of a misdemeanor and subject to a fine of not less than
$100 nor more than $500, or imprisonment in the county jail for not
less than one month nor more than six months, or both such fine and
imprisonment.

    APPROVED July 3, 1931.                    (Smith-Hurd, p. 1030)

-----

## MACHINE GUNS.

| | |
|---|---|
| § 1. Definitions. | § 4. Register to be kept. |
| § 2. Unlawful sale, possession, etc.— | § 5. Penalties. |
|     Exceptions. | § 6. Search warrants. |
| § 3. Regulations for manufacturers | § 7. Committing crime when armed |
|     and merchants. |     with machine gun—Penalty. |

(SENATE BILL NO. 18.   APPROVED JULY 2, 1931.)

AN ACT *to regulate the sale, possession and transportation of machine
guns.*

    *Be it enacted by the People of the State of Illinois, represented in
the General Assembly:*

    SECTION 1. For purposes of this Act the term "machine gun" ap-
plies to and includes all firearms commonly known as machine rifles,
machine guns and sub-machine guns of any calibre whatsoever, capable
of automatically discharging more than eight cartridges successively
without reloading, in which the ammunition is fed to such gun from or
by means of clips, disks, belts, or other separable mechanical device.

    The term "manufacturer" shall apply to and include all persons
manufacturing machine guns; and

    The term "merchant" shall apply to and include all persons dealing
with machine guns as merchandise.

    § 2. It is unlawful for any person to sell, keep or offer for sale,
loan or give away, purchase, possess, carry or transport any machine
gun within this State, except that

    1. Sheriffs, constables, marshals, police officers and other duly ap-
pointed peace officers may purchase, possess, carry and transport ma-
chine guns.

    2. The provisions of this Act shall not apply to the Army, Navy,
or Marine Corps of the United States, the National Guard, and organi-
zations authorized by law to purchase or receive machine guns from
the United States, or from this State, and the members of such Corps,
National Guard and organizations while on duty, may possess, carry
and transport machine guns.

    3. Persons, organizations or institutions possessing war relics may
purchase and possess machine guns which are relics of any war in
which the United States was involved, may exhibit and carry such
machine guns in the parades of any military organization, and may
sell, offer to sell, loan or give such machine guns to other persons, or-
ganizations or institutions possessing war relics.

    4. Guards or messengers employed by common carriers, banks and
trust companies, and pay-roll guards or messengers may possess and
carry machine guns while actually employed in and about the shipment,

transportation or delivery, or in the guarding of any money, treasure, bullion, bonds or other thing of value, and their employers may purchase or receive machine guns and keep them in their possession when such guns are not being used by such guards or messengers.

5. Manufacturers and merchants may sell, keep or offer for sale, loan or give away, purchase, possess and transport, machine guns, in the same manner as other merchandise except as hereinafter provided, and common carriers may possess and transport unloaded machine guns, as other merchandise.

§ 3. No manufacturer or merchant shall permit any machine gun to pass from his possession to the possesion of any person other than

1. A manufacturer or a merchant.

2. A common carrier for shipment to a manufacturer or merchant.

3. A duly authorized agent of the government of the United States, or of this State, acting in his official capacity.

4. A person authorized to purchase a machine gun under the provisions of exceptions 1 and 4 of section 2 of this Act.

Manufacturers or merchants shall not deliver a machine gun to any of the persons authorized to purchase such gun under the provisions of exceptions 1 and 4 of section 2 hereof, unless such person presents a written permit to purchase and possess a machine gun, signed by the sheriff of the county wherein such manufacturer or merchant has his place of business or delivers such machine gun. The manufacturer or merchant shall retain such permit and keep it on file in his place of business. Each sheriff shall keep a record of all such permits issued by him.

§ 4. Every manufacturer or merchant shall keep a register of all machine guns manufactured or handled by him. This register shall show the date of the sale, loan, gift, delivery or receipt of any machine gun, the name, address and occupation of the person to whom the machine gun was sold, loaned, given or delivered, or from whom it was received, and the purpose for which the person to whom the machine gun was sold, loaned, given or delivered, purchased or obtained said machine gun.

Upon demand, every manufacturer or merchant shall permit any sheriff or deputy sheriff, or any police officer to inspect his entire stock of machine guns, parts and supplies therefor, and shall produce the register herein required and all written permits to purchase or possess a machine gun, which he has retained and filed in his place of business, for inspection by such officer.

§ 5. Any manufacturer or merchant who

1. Passes possession of a machine gun to any person not authorized to purchase and/or possess such gun under the provisions hereof; or

2. Passes possession of a machine gun to a person authorized to purchase a machine gun under the provisions of exceptions 1 and 4 of section 2 of this Act, without first receiving the written permit of a sheriff, as herein required; or

3. Fails to keep an accurate register, as provided in section 4; or

4. Fails, or is unable to produce or account for a sheriff's permit

for each machine gun sold by him for which a permit is necessary under the provisions of section 3 hereof, upon conviction, shall be punished by imprisonment in the penitentiary for not less than one nor more than five years.

Any other person who sells, keeps or offers for sale, loans or gives away, purchases, possesses, carries or transports any machine gun within this State, except as authorized by this Act, upon conviction, shall be imprisoned in the penitentiary for not less than one nor more than ten years.

Whoever, having been convicted of murder, robbery, burglary or assault with intent to commit a felony, thereafter violates any of the provisions of this Act, upon conviction, shall be imprisoned in the penitentiary for not less than three nor more than ten years.

§ 6. Warrants to search any house or place and seize any machine gun possessed in violation of this Act, may issue in the same manner and under the same restrictions as is provided by law in the case of personal property stolen, and the court upon application of the State's attorney shall have jurisdiction to order any machine gun so illegally possessed and seized, delivered to any officer, department or agency of the State or political subdivision of the State authorized by this Act to possess machine guns or to order the same sold to any person authorized to possess the same the proceeds to be covered into the treasury of the county in which the violation occurred.

§ 7. Any person committing or attempting to commit arson, assault, burglary, kidnapping, larceny, rioting, or robbery while armed with a machine gun shall be imprisoned in the penitentiary for his natural life, or for a term not less than five years.

Approved July 2, 1931.

---

MOB VIOLENCE.

§ 1. Amends sections 4 and 5, Act of 1905.
  § 4. Damage by violence—Penalty — Action against municipality.
  § 5. Heirs of victims may recover from municipality.

(House Bill No. 974. Approved July 3, 1931.)

An Act to amend sections 4 and 5 of "An Act to suppress mob violence," approved May 16, 1905.

Be it enacted by the People of the State of Illinois, represented in the General Assembly:

Section 1. Sections 4 and 5 of "An Act to suppress mob violence," approved May 16, 1905, are amended to read as follows:

§ 4. Any person or persons composing a mob under the provisions of this Act, who shall by violence inflict material damage to the property or serious injury to the person of any other person upon the pretense of exercising correctional powers over such person or persons, by violence and without authority of law, shall be deemed guilty of a felony, and shall suffer imprisonment in the penitentiary not exceeding five years; and any person so suffering material damage to property or injury to person by a mob shall have an action against the county,

DATE DOWNLOADED: Fri May 19 00:24:59 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1931 624 .

ALWD 7th ed.
, , 1931 624 .

Chicago 17th ed.
"," Michigan - Public Acts, Regular Session : 624-756

AGLC 4th ed.
" Michigan - Public Acts, Regular Session 624

OSCOLA 4th ed.
" 1931 624          Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## CHAPTER XXXVII

### FIREARMS ·

**Sec. 222. Definitions**—The word "pistol" as used in this chapter shall mean any firearm, loaded or unloaded, thirty inches or less in length. The word "purchaser" shall mean any person who receives a pistol from another by purchase, gift or loan. The word "seller" shall mean any person who sells, furnishes, loans or gives a pistol to another.

**Sec. 223. Selling pistols**—Any person who shall be the seller of any pistol, as those terms are defined in this chapter, without complying with the requirements of section two of act number three hundred seventy-two of the public acts of nineteen hundred twenty-seven, being section sixteen thousand seven hundred fifty of the compiled laws of nineteen hundred twenty-nine, shall be guilty of a misdemeanor.

**Sec. 224. Selling, etc., machine guns, silencers, blackjacks, etc.**—Any person who shall manufacture, sell, offer for sale or possess any machine gun or firearm which can be fired more than sixteen times without reloading or any muffler, silencer or device for deadening or muffling the sound of a discharged firearm, or any bomb, or bomb shell, blackjack, slung shot, billy, metallic knuckles, sand club, sand bag, or bludgeon or any gas ejecting device, weapon, cartridge, container or contrivance designed or equipped for or capable of ejecting any gas which will either temporarily or permanently disable, incapacitate, injure or harm any person with whom it comes in contact, shall be guilty of a felony, punishable by imprisonment in the state prison not more than five years or by a fine of not more than two thousand five hundred dollars.

The provisions of this section shall not apply, however, to any person manufacturing firearms, explosives or munitions of war by virtue of any contracts with any department of the government of the United States, or with any foreign government, state, municipality or any subdivision thereof, or to any person duly licensed to manufacture, sell or possess any gas ejecting device, weapon, cartridge, container or contrivance above mentioned.

**Sec. 225. Possession, etc., of printed matter offering to sell or deliver pistols, etc., from without the state**—Any person who shall sell or deliver within this state, or offer or expose for sale, or have in possession for the purpose of sale, any book, pamphlet, circular, magazine, newspaper or other form of written or printed matter offering to sell or deliver, or containing an offer to sell or deliver to any person within this state from any place without this state any pistol or any weapon or device mentioned in the next preceding section of this chapter, shall be guilty of a misdemeanor. The provisions of this section shall not apply to sales of or offers to sell pistols at wholesale to persons regularly engaged in the business of selling such pistols wholesale or retail, nor to sales or offers to sell such pistols made or authorized by the United States government or any department or agency thereof.

**Sec. 226. Carrying firearm or dangerous weapon with unlawful intent**—Any person who, with intent to use the same unlawfully against the person of another, goes armed with a pistol or other firearm or dagger, dirk, razor, stiletto, or knife having a blade over three inches in length, or any other dangerous or deadly weapon or instrument, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than five years or by a fine of not more than two thousand five hundred dollars.

**Sec. 227. Carrying concealed weapons**—Any person who shall carry a dagger, dirk, stiletto or other dangerous weapon except hunting knives adapted and carried as such, concealed on or about his person, or whether concealed or otherwise in any vehicle operated or occupied by him, except in his dwell-

ing house or place of business or on other land possessed by him; and any person who shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license to so carry said pistol as provided by law, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than five years, or by fine of not more than two thousand five hundred dollars.

Sec. 228. **Safety inspection**—Any person who shall fail to comply with the provision of section nine of act number three hundred seventy-two of the public acts of nineteen hundred twenty-seven, being section sixteen thousand seven hundred fifty-eight of the compiled laws of nineteen hundred twenty-nine, pertaining to the safety inspection of pistols, shall be guilty of a misdemeanor.

Sec. 229. **Pistols not accepted in pawn**—Any pawnbroker who shall accept a pistol in pawn shall be guilty of a misdemeanor.

Sec. 230. **Alteration of pistols**—Any person who shall wilfully alter, remove or obliterate the name of the maker, model, manufacturer's number or other mark of identity of any pistol, shall be guilty of a felony, punishable by imprisonment in the state prison not more than two years or fine of not more than one thousand dollars. Possession of any such firearm upon which the number shall have been altered, removed or obliterated, shall be presumptive evidence that such possessor has altered, removed or obliterated the same.

Sec. 231. **Exceptions**—The provisions of the second, third, sixth and seventh sections of this chapter shall not apply to any peace officer of the state or any subdivision thereof who is regularly employed and paid by the state or such subdivision, or to any member of the army, navy or marine corps of the United States or of organizations authorized by law to purchase or receive weapons from the United States or from this state, nor to the national guard or other duly authorized military organizations when on duty or drill, nor to the members thereof in going to or returning from their customary places of assembly or practice, nor to a person licensed to carry a pistol concealed upon his person issued by another state, nor to the regular and ordinary transportation of pistols as merchandise, or to any person while carrying a pistol unloaded in a wrapper from the place of purchase to his home or place of business or to a place of repair or back to his home or place of business, or in moving goods from one place of abode or business to another.

Sec. 232. **Registration of purchasers of pistols, etc.**—Any person engaged in any way or to any extent in the business of selling at retail, guns, pistols, other fire-arms or silencers for fire-arms who shall fail or neglect to keep a register in which shall be entered the name, age, occupation and residence (if residing in the city with the street number of such residence) of each and every purchaser of such guns, pistols, other fire-arms or silencers for fire-arms together with the number or other mark of identification, if any, on such gun, pistol, other fire-arms or silencer for fire-arms, which said register shall be open to the inspection of all peace officers at all times, shall be guilty of a misdemeanor.

Sec. 233. **Intentionally aiming fire-arm without malice**—Any person who shall intentionally, without malice, point or aim any fire-arm at or toward any other person, shall be guilty of a misdemeanor.

Sec. 234. **Discharge of fire-arm intentionally but without malice aimed at another**—Any person who shall discharge, without injury to any other person, any fire-arm, while intentionally, without malice, aimed at or toward any person, shall be guilty of a misdemeanor, punishable by imprisonment in the

county jail not more than one year or by a fine of not more than five hundred dollars.

Sec. 235.   **Injuring by discharge of fire-arm intentionally but without malice pointed at another**—Any person who shall maim or injure any other person by the discharge of any fire-arm pointed or aimed intentionally, without malice, at any such person shall be guilty of a misdemeanor, punishable by imprisonment in the county jail not more than one year or by a fine of not more than five hundred dollars.

Sec. 236.   **Setting spring guns, etc.**—Any person who shall set any spring or other gun, or any trap or device operating by the firing or explosion of gunpowder or any other explosive, and shall leave or permit the same to be left, except in the immediate presence of some competent person, shall be guilty of a misdemeanor, punishable by imprisonment in the county jail not more than one year, or by a fine of not more than five hundred dollars, and the killing of any person by the firing of a gun or device so set shall be manslaughter.

Sec. 237.   **Possession or use of fire-arm by person under influence of liquor or drug**—Any person under the influence of intoxicating liquor or any exhilarating or stupefying drug who shall carry, have in possession or under control, or use in any manner or discharge any fire-arm within this state, shall be guilty of a misdemeanor.

Sec. 238.   **Search warrant**—When complaint shall be made on oath to any magistrate authorized to issue warrants in criminal cases that any pistol or other weapon or device mentioned in this chapter is unlawfully possessed or carried by any person, such magistrate shall, if he be satisfied that there is reasonable cause to believe the matters in said complaint be true, issue his warrant directed to any peace officer, commanding him to search the person or place described in such complaint, and if such pistol, weapon or device be there found, to seize and hold the same as evidence of a violation of this chapter.

Sec. 239.   **Forfeited to state when unlawfully possessed**—All pistols, weapons or devices carried or possessed contrary to this chapter are hereby declared forfeited to the state.

## CHAPTER XXXVIII

### FIRES

Sec. 240.   **False alarm of fire**—Any person who shall knowingly and wilfully raise a false alarm of fire at any gathering or in any public place, or who shall ring any bell or operate any mechanical apparatus for the purpose of creating a false alarm of fire, shall be guilty of a misdemeanor.

Sec. 241.   **Obstructing and disobeying firemen in line of duty**—Any person who shall knowingly and wilfully hinder, obstruct or interfere with any fireman in the performance of his duties, or who shall, while in the vicinity of any fire wilfully disobey any reasonable order, rule or regulation of the officer commanding any fire department at such fire, shall be guilty of a misdemeanor.

Sec. 242.   **Spark arresters on traction engines using wood fuel**—Any person who shall own or operate upon the premises of any inhabitant of this state, or upon the highway, any traction or other portable steam engine, unless said engine shall be equipped with an efficient spark arrester at all times when in use and using wood as a fuel, and with proper fire extinguishers, either liquid or dry, shall be guilty of a misdemeanor.   All traction or other portable engines using wood for fuel shall be equipped with bonnet spark arresters having an oval top of number ten mesh, twenty-two gauge wire and sides composed of number six mesh, sixteen gauge wire.   Compendium of Laws

DATE DOWNLOADED: Sun Apr 23 23:45:15 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
I 1033 .

ALWD 7th ed.
, , I 1033 .

Chicago 17th ed.
"," New York - 154th Legislature : 1033-1033


AGLC 4th ed.
" New York - 154th Legislature 1033

OSCOLA 4th ed.
" 1931 v I 1033          Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# LAWS

OF THE

# STATE OF NEW YORK

PASSED AT THE

## ONE HUNDRED AND FIFTY-FOURTH SESSION

OF THE

# LEGISLATURE

BEGUN JANUARY SEVENTH, 1931, AND ENDED APRIL
TENTH, 1931

ALSO CHAPTERS 773-799; PASSED AT THE EXTRAORDI-
NARY SESSION OF THE LEGISLATURE, BEGUN
AUGUST 25, 1931, AND ENDED SEPTEMBER 19, 1931

AT THE CITY OF ALBANY

AND ALSO OTHER MATTERS REQUIRED BY LAW TO
BE PUBLISHED WITH THE SESSION LAWS

## VOL. I



**ALBANY**
J. B. LYON COMPANY, STATE PRINTERS
1931

# CHAPTER 435

AN ACT to amend the penal law, in relation to carrying and use of glass
pistols

Became a law April 15, 1931, with the approval of the Governor. Passed,
three-fifths being present

*The People of the State of New York, represented in Senate and Assembly,
do enact as follows:*

Section 1. Subdivision one of section eighteen hundred and § 1897,
ninety-seven of the penal law is hereby amended to read as subd. 1
follows:

1. A person who attempts to use against another an imitation
pistol,[1] or who carries, or possesses any instrument or weapon of
the kind commonly known as a black-jack, slungshot, billy, sand
club, sandbag, metal knuckles, bludgeon, or who, with intent to
use the same unlawfully against another, carries or possesses a
dagger, dirk, dangerous knife, razor, stiletto, imitation pistol,
machine-gun, sawed off shot-gun,[2] or any other dangerous or deadly
instrument, or weapon, is guilty of a misdemeanor, and if he has
been previously convicted of any crime he is guilty of a felony.

§ 2. This act shall take effect September first, nineteen hundred In effect
thirty-one.                                                        Sept. 1, 1931.

# CHAPTER 436

AN ACT to amend chapter thirty of the laws of nineteen hundred thirty-
one, entitled "An act making an appropriation for the payment by the
state in the first instance of the state's share of the cost of construction
and reconstruction of rural post roads within the state under the provi-
sions of the federal highway act, as amended, as a temporary advance of
funds to be actually paid out by the state for work to be performed under
new contracts before September first, nineteen hundred thirty-one, for
federal aid projects in order to obtain the advancement of the sum of
four million fifty thousand five hundred and sixty-six dollars allotted by
the United States secretary of agriculture to the state under the act of
congress, entitled 'An act making supplemental appropriations to pro-
vide for emergency construction on certain public works during the
remainder of the fiscal year ending June thirtieth, nineteen hundred thirty-
one, with a view to increasing employment,' approved December twentieth,
nineteen hundred thirty," in relation to unexpended balances

Became a law April 15, 1931, with the approval of the Governor. Passed,
on message of necessity, three-fifths being present

*The People of the State of New York, represented in Senate and Assembly,
do enact as follows:*

Section 1. Chapter thirty of the laws of nineteen hundred L. 1931,
thirty-one, entitled "An act making an appropriation for the pay- ch. 80
ment by the state in the first instance of the state's share of the

[1] Words "an imitation pistol" new.
[2] Words "imitation pistol, machine gun, sawed off shot-gun," new.

 

DATE DOWNLOADED: Wed Oct 19 10:35:32 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1931 1 .

ALWD 7th ed.
, , 1931 1 .

Chicago 17th ed.
"," North Dakota - 22nd Session : 1-582

AGLC 4th ed.
" North Dakota - 22nd Session 1

OSCOLA 4th ed.
" 1931 1

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## CHAPTER 177
### (H. B. No. 215—Steedsman and Aljets.)

#### PROCEDURE THRESHERS LIEN  .
An Act to amend and re-enact Chapter 156, Laws of 1929, relating to
lien of threshers of grain.

*Be It Enacted by the Legislative Assembly of the State of North
Dakota:*

§ 1. AMENDMENT.] That Chapter 156 Laws of 1929 be and
the same is hereby amended and re-enacted to read as follows:

§ 6855. PROCEDURE TO OBTAIN LIEN.] Any person entitled
to a lien under this chapter shall within thirty days after the threshing
or combine threshing and harvesting is completed, file in the office
of the Register of Deeds of the county of which the grain was grown
a statement in writing, verified by oath, showing the kind and
quantity of grain threshed or combine threshed and harvested, the
price agreed upon for threshing or combine threshing and harvesting
the same, either by threshing machines or by combines, either by
the acre, the bushel, the hour, or the day; or if no price has been
agreed upon then the reasonable value, the name of the person for
whom the threshing was done and a description of the land upon
which the grain was grown. Unless the person entitled to the lien
shall file such statement within the time aforesaid he shall be deemed
to have waived his right thereto.

§ 2. All acts or parts of acts in conflict herewith are hereby
repealed.

Approved March 11, 1931.

# MACHINE GUNS

## CHAPTER 178
### (H. B. No. 194—Fitch and Indergaard.)

#### PROHIBITING POSSESSION, SALE AND USE OF MACHINE
#### GUNS, BOMBS, ETC.
An Act to prohibit the possession, sale and use of machine guns, sub-
machine guns or automatic rifles and defining the same and pro-
hibiting the possession, sale and use of bombs loaded with explosives
or poisonous or dangerous gases and providing exceptions and
penalties.

*Be It Enacted by the Legislative Assembly of the State of North
Dakota:*

§ 1. The term "machine gun, sub-machine gun or automatic
rifle" as used in this act shall be construed to mean a weapon,
mechanism or instrument not requiring that the trigger be pressed
for each shot and having a reservoir, belt or other means of storing

11

and carrying ammunition which can be loaded into the said weapon, mechanism or instrument and fired therefrom at a rate of five or more shots to the second.

§ 2.  Any person who shall sell, give, loan, furnish or deliver any machine gun, sub-machine gun, automatic rifle of a caliber larger than twenty-two, or bomb loaded with explosives or poisonous or dangerous gases to another person, or any person who shall purchase, have or possess any machine gun, sub-machine gun, automatic rifle, of a caliber larger than twenty-two, or bomb loaded with explosives or poisonous or dangerous gases, shall be guilty of a felony and shall be punished by imprisonment in the state penitentiary not to exceed ten years, or by a fine of not more than three thousand dollars, or both. Provided, that the provisions of this act shall not apply to any person who has procured and possesses a license to purchase, sell, have or possess a machine gun, sub-machine gun, automatic rifle, of a caliber larger than twenty-two, or bomb loaded with explosives or poisonous or dangerous gases, as hereinafter provided for, nor to the authorized agents and servants of such licensee or to the officers and members of any duly authorized military organization, nor to the officers and members of the police force of any municipality, nor to any Sheriff, deputy sheriff, nor any other officer having police powers under the laws of the State.

§ 3.  Any person who desires to purchase, sell, have or possess a machine gun, sub-machine gun, automatic rifle, of a caliber larger than twenty-two, or bomb loaded with explosives or poisonous or dangerous gases, may apply to a Judge of the District Court of the county in which the applicant is a resident for a license to purchase, sell, have or possess a machine gun, sub-machine gun, automatic rifle, of a caliber larger than twenty-two, or bomb loaded with explosives or poisonous or dangerous gases. Such application shall be in writing and shall state in detail the reasons why such person desires such license. Upon such application being presented to the judge, he shall refer the same to the Sheriff of the county of the applicant's residence or to the chief police officer of the municipality in which said applicant resides for his investigation and approval, and if said application is approved by the Sheriff or by said police officer, said judge may in his discretion issue a license under his hand and the seal of his court to the applicant to purchase, have and possess a machine gun, sub-machine gun, automatic rifle, of a caliber larger than twenty-two, or bomb loaded with explosives or poisonous or dangerous gases for his own protection and for the protection of his servants and employes. Both the application and the license shall contain a description of the gun or rifle licensed which shall include the name of the manufacturer, the number and caliber, or, if the license is for a bomb, an accurate description thereof together with any identifying marks thereon.

§ 4.  The license shall be issued in duplicate and the duplicate copy thereof shall be forthwith by the judge sent to the State Superintendent of Criminal Identification at Bismarck, North Dakota, who shall file and preserve the same as a permanent record in his office.

Approved March 9, 1931.

# MARRIAGE

## CHAPTER 179
### (H. B. No. 204—Morgan.)

### MARRIAGE AND MARRIAGE LICENSE

An Act to amend and re-enact Section 4361, Compiled Laws of North Dakota for 1913, as amended by Chapter 160, Session Laws of 1929, relating to marriages and marriage licenses.

*Be It Enacted by the Legislative Assembly of the State of North Dakota:*

§ 1.  AMENDMENT.]   That Section 4361 of the Compiled Laws of North Dakota for 1913, as amended by Chapter 160 of the Session Laws of 1929, be and the same is, hereby amended and re-enacted to read as follows:

§ 4361.  WHO MAY SOLEMNIZE MARRIAGES. LICENSES.]   Marriages may be solemnized by all judges of courts of record within their respective jurisdictions; by justices of the peace, within their respective jurisdictions; by ordained ministers of the gospel and priests of every church; by ministers of the gospel licensed by regular church bodies or denominations serving as pastors of churches; but marriages solemnized by the Society of Friends or Quakers, according to the form used in their meetings shall be valid. No person shall solemnize any marriage until the parties thereto shall produce a license, issued, except as hereinafter provided, by the County Judge of the county in which either of the contracting parties resides, or if such county is unorganized, of the county to which it is attached for judicial purposes. When a person authorized by law shall solemnize a marriage, he shall fill out and sign a certificate following the marriage license on the blank form prescribed by law giving his official title, or if a minister of the gospel or priest, the ecclesiastical body with which he is connected and return such license and certificate to the County Judge of the county where the license originally was issued, within thirty days thereafter. Such certificate shall be signed by two witnesses to the marriage ceremony in addition to the signature of the person who solemnized the marriage. Provided, that when a County Judge shall desire to have a license for his own marriage issued in the county of his residence he may request the County Judge of another county to act in his stead upon the application therefor, and thereupon such other County Judge shall have power





DATE DOWNLOADED: Sun Apr 23 23:39:44 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1931 78 .

ALWD 7th ed.
, , 1931 78 .

Chicago 17th ed.
"," South Carolina - Regular Session : 78-79

AGLC 4th ed.
" South Carolina - Regular Session 78

OSCOLA 4th ed.
" 1931 78          Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# Acts and Joint Resolutions

OF THE

## GENERAL ASSEMBLY

OF THE

## State of South Carolina

PASSED AT THE REGULAR SESSION OF 1931

––––––

PRINTED BY ORDER OF THE GENERAL ASSEMBLY AND DESIGNED TO
FORM A PART OF THE THIRTY-SEVENTH VOLUME OF THE
STATUTES AT LARGE, COMMENCING WITH THE ACTS
OF THE REGULAR SESSION OF 1931

––––––

PRINTED UNDER THE DIRECTION OF THE
JOINT COMMITTEE ON PRINTING
GENERAL ASSEMBLY OF SOUTH CAROLINA

### No. 57.

## AN ACT to Amend Section (2066), Volume III, Code of Laws, 1922, so as to Permit the Service of Civil Process in Attachment Proceedings on Sunday.

**Section 1.   Section 2066, Vol. III, 1922, Amended—Civil Service in Attachment on Sunday Allowed.**—Be it enacted by the General Assembly of the State of South Carolina: That Section (2066) Volume III, Code of Laws of South Carolina, 1922, be and the same is hereby amended by adding at the end of said Section the following:

*"Provided, however,* That civil process in attachment proceedings may be served on Sunday." So that said Section when so amended shall read as follows:

(2066) No civil or criminal process shall be served on Sunday, except for treason, felony, or breach of the peace. Nor shall any female be arrested in any civil action, except for a wilful injury to persons, character or property: *Provided, however,* That civil process in attachment proceedings may be served on Sunday.

**§ 2.**   All Acts or parts of Acts inconsistent herewith are hereby repealed.

**§ 3.**   This Act shall take effect immediately upon its approval by the Governor.

Approved the 25th day of February, 1931.

---

### No. 58.

## AN ACT Declaring it Unlawful for Any Person, Firm, or Corporation to Place a Loaded Trap Gun, Spring Gun, or Any Like Devise in Any Building, or in Any Place, and Providing Punishment for the Violation Thereof.

**Section 1.   Unlawful to Place Loaded Trap Gun, Spring Gun or Like Device—Penalty.**—Be it enacted by the General Assembly of the State of South Carolina: That it shall be unlawful for any person, firm, or corporation to construct, set, or place a loaded trap gun, spring gun, or any like device in any manner in any building, or in any place within this State, and any violation to

the provisions of this Act shall be deemed a misdemeanor and punished by a fine of not less than One Hundred ($100.00) Dollars nor more than Five Hundred ($500.00) Dollars, or by imprisonment of not less than thirty (30) days nor more than one (1) year, or by both fine and imprisonment, in the discretion of the Court.

§ **2.**   All Acts or parts of Acts inconsistent herewith are hereby repealed.

§ **3.**   This Act shall take effect immediately upon its approval by the Governor.

Approved the 25th day of February, 1931.

---

## No. 59.

### AN ACT to Provide for the Operation of the Public Schools of Dorchester County Under a Uniform Budget System

**Section 1.   Schools of Dorchester County on Budget System.**—Be it enacted by the General Assembly of the State of South Carolina: Provided that the fiscal affairs of the public schools of Dorchester County shall be administered under a uniform Budget System, under the supervision of the County Board of Education.

§ **2.   Estimate of Revenue.**—The County Board of Education shall, on or before the first day of May of each year, make a careful estimate of the total amount of revenue available for each school district of said county from all sources, state, county and district, for the ensuing school year and the County Superintendent of Education shall immediately forward to the Secretary of each local Board of Trustees a statement showing in detail the estimated revenue for that district for the ensuing year.

§ **3.   Budgets Required From Local Trustees for County Board of Education.**—It shall be the duty of each local Board of Trustees on or before the 15th day of May of each year to submit to the County Board of Education a fair estimate of the amount necessary to provide a school term to fulfil the requirements of the State Board of Education and the County Board of Education. This budget shall be made upon blanks supplied by the County Board of Education and shall show the amount needed for each of the following for the next ensuing school year: (1) instructional service—





DATE DOWNLOADED: Thu Oct 20 00:17:27 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
To control the possession, sale, transfer and use of pistols and other dangerous weapons in the District of Columbia, to provide penalties, to prescribe rules of evidence, and for other purposes., Public Law 72-275 / Chapter 465, 72 Congress. 47 Stat. 650 (1922-1933) (1932).

ALWD 7th ed.
To control the possession, sale, transfer and use of pistols and other dangerous weapons in the District of Columbia, to provide penalties, to prescribe rules of evidence, and for other purposes., Public Law 72-275 / Chapter 465, 72 Congress. 47 Stat. 650 (1922-1933) (1932).

APA 7th ed.
To control the possession, sale, transfer and use of pistols and other dangerous weapons in the District of Columbia, to provide penalties, to prescribe rules of evidence, and for other purposes., Public Law 72-275 Chapter 465, 72 Congress. 47 Stat. 650 (1922-1933) (1932).

Chicago 17th ed.
"Public Law 72-275 / Chapter 465, 72 Congress, Session 1, An Act: To control the possession, sale, transfer and use of pistols and other dangerous weapons in the District of Columbia, to provide penalties, to prescribe rules of evidence, and for other purposes.," U.S. Statutes at Large 47 (1932): 650-654

McGill Guide 9th ed.
To control the possession, sale, transfer and use of pistols and other dangerous weapons in the District of Columbia, to provide penalties, to prescribe rules of evidence, and for other purposes., Public Law 72-275 / Chapter 465, 72 Congress. 47 Stat. 650 (1922-1933) (1932).

AGLC 4th ed.
To control the possession, sale, transfer and use of pistols and other dangerous weapons in the District of Columbia, to provide penalties, to prescribe rules of evidence, and for other purposes., Public Law 72-275 / Chapter 465, 72 Congress. 47 Stat. 650 (1922-1933) (1932)

MLA 9th ed.
To control the possession, sale, transfer and use of pistols and other dangerous weapons in the District of Columbia, to provide penalties, to prescribe rules of evidence, and for other purposes., Public Law 72-275 / Chapter 465, 72 Congress. 47 Stat. 650 (1922-1933) (1932). HeinOnline.

OSCOLA 4th ed.
To control the possession, sale, transfer and use of pistols and other dangerous weapons in the District of Columbia, to provide penalties, to prescribe rules of evidence, and for other purposes., Public Law 72-275 / Chapter 465, 72 Congress. 47 Stat. 650 (1922-1933) (1932).

**650**          72d CONGRESS.  SESS. I.  CHS. 464, 465.  JULY 8, 1932.

States, for the purpose of having such communication delivered by the post-office establishment of such foreign country to the post-office establishment of the United States and by it delivered to such addressee in the United States, and as a result thereof such communication is delivered by the post-office establishment of such foreign country to the post-office establishment of the United States and by it delivered to the address to which it is directed in the United States, then such person shall be punished in the same manner and to the same extent as provided in section 1 of this Act: *Provided*, That any person violating this section may be prosecuted either in the district into which such letter or other communication was carried by the United States mail for delivery according to the direction thereon, or in which it was caused to be delivered by the United States mail to the person to whom it was addressed.

Approved, July 8, 1932.

*Punishment for.*
*Proviso.*
*Jurisdiction.*

---

[CHAPTER 465.]

*July 8, 1932.*
*[H. R. 8754.]*
*[Public, No. 275.]*

**AN ACT**

To control the possession, sale, transfer, and use of pistols and other dangerous weapons in the District of Columbia, to provide penalties, to prescribe rules of evidence, and for other purposes.

*Unauthorized use, etc., of pistols and other dangerous weapons in District of Columbia.*

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

*Definitions.*

**DEFINITIONS**

*"Pistol."*

SECTION 1. " Pistol," as used in this Act, means any firearm with a barrel less than twelve inches in length.

*"Sawed-off shotgun."*

" Sawed-off shotgun," as used in this Act, means any shotgun with a barrel less than twenty inches in length.

*"Machine gun."*

" Machine gun," as used in this Act, means any firearm which shoots automatically or semiautomatically more than twelve shots without reloading.

*"Person."*

" Person," as used in this Act, includes, individual, firm, association, or corporation.

*"Sell" and "purchase," etc.*

" Sell " and " purchase " and the various derivatives of such words, as used in this Act, shall be construed to include letting on hire, giving, lending, borrowing, and otherwise transferring.

*"Crime of violence."*

" Crime of violence " as used in this Act, means any of the following crimes, or an attempt to commit any of the same, namely: Murder, manslaughter, rape, mayhem, maliciously disfiguring another, abduction, kidnaping, burglary, housebreaking, larceny, any assault with intent to kill, commit rape, or robbery, assault with a dangerous weapon, or assault with intent to commit any offense punishable by imprisonment in the penitentiary.

**COMMITTING CRIME WHEN ARMED**

*Committing crime of violence when armed. Punishment for.*

SEC. 2. If any person shall commit a crime of violence in the District of Columbia when armed with or having readily available any pistol or other firearm, he may, in addition to the punishment provided for the crime, be punished by imprisonment for a term of not more than five years; upon a second conviction for a crime of violence so committed he may, in addition to the punishment provided for the crime, be punished by imprisonment for a term of not more than ten years; upon a third conviction for a crime of violence so committed he may, in addition to the punishment provided for the

crime, be punished by imprisonment for a term of not more than fifteen years; upon a fourth or subsequent conviction for a crime of violence so committed he may, in addition to the punishment provided for the crime, be punished by imprisonment for an additional period of not more than thirty years.

### PERSONS FORBIDDEN TO POSSESS CERTAIN FIREARMS

SEC. 3. No person who has been convicted in the District of Columbia or elsewhere of a crime of violence shall own or have in his possession a pistol, within the District of Columbia.

*Persons forbidden to possess certain firearms.*
*Convicted of a crime.*

### CARRYING CONCEALED WEAPONS

SEC. 4. No person shall within the District of Columbia carry concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon.

*Illegally carrying, etc., dangerous weapon.*

### EXCEPTIONS

SEC. 5. The provisions of the preceding section shall not apply to marshals, sheriffs, prison or jail wardens, or their deputies, policemen or other duly appointed law-enforcement officers, or to members of the Army, Navy, or Marine Corps of the United States or of the National Guard or Organized Reserves when on duty, or to the regularly enrolled members of any organization duly authorized to purchase or receive such weapons from the United States, provided such members are at or are going to or from their places of assembly or target practice, or to officers or employees of the United States duly authorized to carry a concealed pistol, or to any person engaged in the business of manufacturing, repairing, or dealing in firearms, or the agent or representative of any such person having in his possession, using, or carrying a pistol in the usual or ordinary course of such business or to any person while carrying a pistol unloaded and in a secure wrapper from the place of purchase to his home or place of business or to a place of repair or back to his home or place of business or in moving goods from one place of abode or business to another.

*Exceptions.*
*Law enforcement officers.*
*Army, Navy, or Marine Corps.*
*National Guard, etc., on duty.*
*Other organizations.*
*Carrying to places of assembly, etc.*
*Manufacturer, etc.*

### ISSUE OF LICENSES TO CARRY

SEC. 6. The superintendent of police of the District of Columbia may, upon the application of any person having a bona fide residence or place of business within the District of Columbia or of any person having a bona fide residence or place of business within the United States and a license to carry a pistol concealed upon his person issued by the lawful authorities of any State or subdivision of the United States, issue a license to such person to carry a pistol within the District of Columbia for not more than one year from date of issue, if it appears that the applicant has good reason to fear injury to his person or property or has any other proper reason for carrying a pistol and that he is a suitable person to be so licensed. The license shall be in duplicate, in form to be prescribed by the Commissioners of the District of Columbia and shall bear the name, address, description, photograph, and signature of the licensee and the reason given for desiring a license. The original thereof shall be delivered to the licensee, and the duplicate shall be retained by the superintendent of police of the District of Columbia and preserved in his office for six years.

*Licenses.*

**652**          72d CONGRESS.   SESS. I.   CH. 465.   JULY 8, 1932.

### SELLING TO MINORS AND OTHERS

Selling to minors or others.   SEC. 7. No person shall within the District of Columbia sell any pistol to a person who he has reasonable cause to believe is not of sound mind, or is a drug addict, or is a person who has been convicted in the District of Columbia or elsewhere of a crime of violence or, except when the relation of parent and child or guardian and ward exists, is under the age of eighteen years.

### TRANSFERS REGULATED

Time, etc., provisions.   SEC. 8. No seller shall within the District of Columbia deliver a pistol to the purchaser thereof until forty-eight hours shall have elapsed from the time of the application for the purchase thereof, except in the case of sales to marshals, sheriffs, prison or jail wardens or their deputies, policemen, or other duly appointed law-enforcement officers, and, when delivered, said pistol shall be securely wrapped and shall be unloaded.   At the time of applying for the purchase

Register to be kept.   of a pistol the purchaser shall sign in duplicate and deliver to the seller a statement containing his full name, address, occupation, color, place of birth, the date and hour of application, the caliber, make, model, and manufacturer's number of the pistol to be purchased and a statement that he has never been convicted in the District of Columbia or elsewhere of a crime of violence.   The seller shall, within six hours after such application, sign and attach his address and deliver one copy to such person or persons as the superintendent of police of the District of Columbia may designate, and shall retain the

Limitation.   other copy for six years.   No machine gun, sawed-off shotgun, or blackjack shall be sold to any person other than the persons designated in section 14 hereof as entitled to possess the same, and then only after permission to make such sale has been obtained from the

Wholesale trade.   superintendent of police of the District of Columbia.   This section shall not apply to sales at wholesale to licensed dealers.

### DEALERS TO BE LICENSED

Dealers to be licensed.   SEC. 9. No retail dealer shall within the District of Columbia sell or expose for sale or have in his possession with intent to sell, any pistol, machine gun, sawed-off shotgun, or blackjack without being licensed as hereinafter provided.   No wholesale dealer shall, within the District of Columbia, sell, or have in his possession with intent to sell, to any person other than a licensed dealer, any pistol, machine gun, sawed-off shotgun, or blackjack.

### DEALERS' LICENSES, BY WHOM GRANTED AND CONDITIONS THEREOF

Conditions, etc., for issuing dealers' licenses. *Ante*, p. 558.   SEC. 10. The Commissioners of the District of Columbia may, in their discretion, grant licenses and may prescribe the form thereof, effective for not more than one year from date of issue, permitting the licensee to sell pistols, machine guns, sawed-off shotguns, and blackjacks at retail within the District of Columbia subject to the following conditions in addition to those specified in section 9 hereof, for breach of any of which the license shall be subject to forfeiture and the licensee subject to punishment as provided in this Act.

1. The business shall be carried on only in the building designated in the license.

2. The license or a copy thereof, certified by the issuing authority, shall be displayed on the premises where it can be easily read.

Compendium of Laws
Page 1050

Case 2:19-cv-00617-KJM-AC   Document 105-6   Filed 11/09/23   Page 160 of 238

3. No pistol shall be sold (a) if the seller has reasonable cause to believe that the purchaser is not of sound mind or is a drug addict or has been convicted in the District of Columbia or elsewhere of a crime of violence or is under the age of eighteen years, and (b) unless the purchaser is personally known to the seller or shall present clear evidence of his identity.  No machine gun, sawed-off shotgun, or blackjack shall be sold to any person other than the persons designated in section 14 hereof as entitled to possess the same, and then only after permission to make such sale has been obtained from the superintendent of police of the District of Columbia.

4. A true record shall be made in a book kept for the purpose, the form of which may be prescribed by the Commissioners, of all pistols, machine guns, and sawed-off shotguns in the possession of the licensee, which said record shall contain the date of purchase, the caliber, make, model, and manufacturer's number of the weapon, to which shall be added, when sold, the date of sale.

5. A true record in duplicate shall be made of every pistol, machine gun, sawed-off shotgun, and blackjack sold, said record to be made in a book kept for the purpose, the form of which may be prescribed by the Commissioners of the District of Columbia and shall be personally signed by the purchaser and by the person effecting the sale, each in the presence of the other and shall contain the date of sale, the name, address, occupation, color, and place of birth of the purchaser, and, so far as applicable, the caliber, make, model, and manufacturer's number of the weapon, and a statement signed by the purchaser that he has never been convicted in the District of Columbia or elsewhere of a crime of violence.  One copy of said record shall, within seven days, be forwarded by mail to the superintendent of police of the District of Columbia and the other copy retained by the seller for six years.

6. No pistol or imitation thereof or placard advertising the sale thereof shall be displayed in any part of said premises where it can readily be seen from the outside.  No license to sell at retail shall be granted to anyone except as provided in this section.

*Records.*

*Display, etc., forbidden.*

#### FALSE INFORMATION FORBIDDEN

SEC. 11. No person, shall, in purchasing a pistol or in applying for a license to carry the same, or in purchasing a machine gun, sawed-off shotgun, or blackjack within the District of Columbia, give false information or offer false evidence of his identity.

*False information or evidence forbidden.*

#### ALTERATION OF IDENTIFYING MARKS PROHIBITED

SEC. 12. No person shall within the District of Columbia change, alter, remove, or obliterate the name of the maker, model, manufacturer's number, or other mark or identification on any pistol, machine gun, or sawed-off shotgun.  Possession of any pistol, machine gun, or sawed-off shotgun upon which any such mark shall have been changed, altered, removed, or obliterated shall be prima facie evidence that the possessor has changed, altered, removed, or obliterated the same within the District of Columbia: *Provided, however,* That nothing contained in this section shall apply to any officer or agent of any of the departments of the United States or the District of Columbia engaged in experimental work.

*Alteration, etc., of identification marks, prohibited.*

*Proviso.*
*Experimental work.*

#### EXCEPTIONS

SEC. 13. This Act shall not apply to toy or antique pistols unsuitable for use as firearms.

*Toys, etc., excepted.*

654        72d CONGRESS.   SESS. I.   CHS. 465, 466.   JULY 8, 1932.

### POSSESSION OF CERTAIN DANGEROUS WEAPONS

Possession of certain
dangerous weapons for-
bidden.

SEC. 14. No person shall within the District of Columbia possess any
machine gun, sawed-off shotgun, or any instrument or weapon of the
kind commonly known as a blackjack, slung shot, sand club, sandbag,
or metal knuckles, nor any instrument, attachment, or appliance for
causing the firing of any firearm to be silent or intended to lessen or

Proviso.
Exceptions.

muffle the noise of the firing of any firearms: *Provided, however,*
That machine guns, or sawed-off shotguns, and blackjacks may be
possessed by the members of the Army, Navy, or Marine Corps of
the United States, the National Guard, or Organized Reserves when
on duty, the Post Office Department or its employees when on duty,
marshals, sheriffs, prison or jail wardens, or their deputies, policemen,
or other duly appointed law-enforcement officers, officers or employees
of the United States duly authorized to carry such weapons, banking
institutions, public carriers who are engaged in the business of trans-
porting mail, money, securities, or other valuables, wholesale dealers
and retail dealers licensed under section 10 of this Act.

### PENALTIES

Punishment for vio-
lations.

SEC. 15. Any violation of any provision of this Act for which no
penalty is specifically provided shall be punished by a fine of not
more than $1,000 or imprisonment for not more than one year, or
both.

### CONSTITUTIONALITY

Invalidity of any
provision not to affect
remainder.

SEC. 16. If any part of this Act is for any reason declared void,
such invalidity shall not affect the validity of the remaining portions
of this Act.

### CERTAIN ACTS REPEALED

Vol. 31, p. 1328,
repealed.

SEC. 17. The following sections of the Code of Law for the District
of Columbia, 1919, namely, sections 855, 856, and 857, and all other
Acts or parts of Acts inconsistent herewith, are hereby repealed.

Approved, July 8, 1932.

---

[CHAPTER 466.]

### JOINT RESOLUTION

July 8, 1932.
[H. J. Res. 462.]
[Pub. Res., No. 35.]

Making an appropriation to provide transportation to their homes for veterans
of the World War temporarily quartered in the District of Columbia.

World War veterans.
Appropriation for, to
provide transportation
from District of Colum-
bia to their homes.
*Post,* p. 701.

*Resolved by the Senate and House of Representatives of the United
States of America in Congress assembled,* That to enable the Admin-
istrator of Veterans' Affairs, upon the request of any honorably
discharged veteran of the World War, temporarily quartered in the
District of Columbia, who is desirous of returning to his home, to
provide such veteran with railroad transportation thereto prior to
July 15, 1932, together with travel subsistence at the rate of 75 cents
per day, there is hereby appropriated, out of any money in the
Treasury not otherwise appropriated, the sum of $100,000: *Provided,*

Proviso.
Credited as a loan.

That all amounts expended under this appropriation in behalf of any
veteran shall constitute a loan without interest which, if not repaid
to the United States, shall be deducted from any amounts payable
to such veteran on his adjusted-service certificate.

Approved, July 8, 1932.

HEINONLINE

DATE DOWNLOADED: Wed Oct 19 11:29:35 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1932 336 .

ALWD 7th ed.
, , 1932 336 .

Chicago 17th ed.
"," Louisiana - Regular Session, Extraordinary Sessions 1930 and 1931, Constitutional
Amendments - 1930 : 336-339

AGLC 4th ed.
" Louisiana - Regular Session, Extraordinary Sessions 1930 and 1931, Constitutional
Amendments - 1930 336.

OSCOLA 4th ed.
" 1932 336

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

336

Section 2. That all laws or parts of laws in conflict with or inconsistent with the provision of this Act be and the same are hereby repealed.

Approved by the Governor:   July 7, 1932.

A true copy:

E. A. CONWAY,
     Secretary of State.

---

## ACT No. 79.

House Bill No. 753.                              By Mr. Bauer.

### AN ACT

Authorizing the Louisiana Highway Commission, with the approval of the Governor, to sell, at public or private sale, automobile, trucks, tractors, engineering implements, road machinery, and, all other equipment owned by the Commission and not actually in use for any public purpose, or when the use to which the same was devoted, or the use for which the same was acquired, has in fact been abandoned or discontinued, and repealing all laws in conflict herewith.

*Louisiana Highway Commission authorized to dispose of automobiles, trucks, tractors, etc.*   Section 1. Be it enacted by the Legislature of Louisiana, That the Louisiana Highway Commission, with the approval of the Governor, is hereby authorized to sell and dispose of, at public or private sale, for such price and on such terms as it may deem best any automobiles, trucks, tractors, engineering implements, road machinery and all other equipment of whatsoever nature or kind, owned by the Commission and not actually used for any public purpose, or when the use to which the same was devoted or the use for which the same was acquired, has in fact been abandoned or discontinued.

Section 2. That all laws or parts of laws in conflict herewith be and the same are hereby repealed.

Approved by the Governor: July 7, 1932.

A true copy:

E. A. CONWAY,
     Secretary of State.

---

## ACT No. 80.

House Bill No. 424.                          By Mr. Gilmore,
                                                (By request).

### AN ACT

To regulate the sale, possession and transportation of machine guns, and providing a penalty for a violation hereof; providing, further, that any one who has been

337

convicted of murder, robbery, burglary, or assault with intent to commit a felony, who violates any of the provisions of this Act, shall be guilty of a felony and punished as provided in this Act.

Section 1.  Be it enacted by the Legislature of Louisiana, *Definitions.* "That for the purpose of this Act the term "machine gun" applies to and include all firearms commonly known as machine rifles, machine guns and sub-machine guns of any calibre whatsoever, capable of automatically discharging more than eight cartridges successively without reloading, in which the ammunition is fed to such gun from or by means of clips, disks, belts, or other separable mechanical device.

The term "manufacturer" shall apply to and include all persons manufacturing machine guns;

The term "merchant" shall apply to and include all persons dealing with machine guns as merchandise.

Section 2.  It is unlawful for any person to sell, keep or *Prohibiting the sale* offer for sale, loan or give away, purchase, possess, carry *and possession of machine guns.* or transport any machine gun within this State, except that:

1.  Sheriffs, constables, marshals, police officers and other duly appointed peace officers may purchase, possess, carry and transport machine guns.

2.  The provisions of this act shall not apply to the Army, Navy, or Marine Corps of the United States, the National Guard, and organizations authorized by law to purchase or receive machine guns from the United States, or from this State, and the members of such Corps, National Guard and organizations while on duty, may possess, carry and transport machine guns.

3.  Persons, organizations or institutions possessing war relics may purchase and possess machine guns, which are relics of any war in which the United States was involved, may exhibit and carry such machine guns in the parades of any military organization, and may sell, offer to sell, loan or give such machine guns to other persons, organizations or institutions possessing war relics.

4.  Guards or messengers employed by common carriers, banks and trust companies, and pay-roll guards or messengers may possess and carry machine guns while actually employed in and about the shipment, transportation or delivery, or in the guarding of any money, treasure, bullion, bonds or other thing of value and their employers may purchase or receive machine guns and keep them in their possession when such guns are not being used by such guards or messengers.

338

5. Manufacturers and merchants may sell, keep or offer for sale, loan or give away, purchase, possess and transport, machine guns, in the same manner as other merchandise except as hereinafter provided, and common carriers may possess and transport unloaded machine guns, as other merchandise.

In possession of manufacturers and merchants.

Section 3. No manufacturer or merchant shall permit any machine gun to pass from his possession to the possession of any person other than:

1. A manufacturer or a merchant.

2. A common carrier for shipment to a manufacturer or merchant.

3. A duly authorized agent of the government of the United States, or of this State, acting in his official capacity.

4. A person authorized to purchase a machine gun under the provisions of exceptions 1 and 4 of Section 2 of this Act.

Manufacturers or merchants shall not deliver a machine gun to any of the persons authorized to purchase such gun under the provisions of exceptions 1 and 4 of Section 2 hereof, unless such person presents a written permit to purchase and possess a machine gun, signed by the sheriff of the parish wherein such manufacturer or merchant has his place of business or delivers such machine gun. The manufacturer or merchant shall retain such permit and keep it on file in his place of business. Each sheriff shall keep a record of all such permits issued by him

Register to be kept by manufacturer and merchant.

Section 4. Every manufacturer or merchant shall keep a register of all machine guns manufactured or handled by him. This register shall show the date of the sale, loan, gift, delivery or receipt of any machine gun, the name, address and occupation of the person to whom the machine gun was sold, loaned, given or delivered, or from whom it was received, and the purpose for which the person to whom the machine gun was sold, loaned, given or delivered, purchased or obtained said machine gun.

Upon demand, every manufacturer or merchant shall permit any sheriff or deputy sheriff, or any police officer to inspect his entire stock of machine guns, parts and supplies therefor, and shall produce the register herein required and all written permits to purchase or possess a machine gun, which he has retained and filed in his place of business, for inspection by such officers.

Penalty for violation by manufacturer.

Section 5. Any manufacturer who:

1. Passes possession of a machine gun to any person not authorized to purchase or possess such gun under the provisions hereof; or

339

2. Passes possession of a machine gun to a person author-
ized to purchase a machine gun under the provisions of
exceptions 1 and 4 of Section 2 of this Act. without first
receiving the written permit of a sheriff, as herein re-
quired; or

3. Fails to keep an accurate register, as provided in Sec-
tion 4; or

4. Fails, or is unable to produce or account for a sheriff's
permit for each machine gun sold by him for which a
permit is necessary under the provisions of Section 3
hereof, shall be guilty of a felony, and upon conviction shall
be punished by imprisonment in the State penitentiary at
hard labor for not less than one nor more than five years.

Any person who sells, keeps or offers for sale, loans or
gives away, purchases, possesses, carries or transports any
machine gun within this State, except as authorized by this
Act, shall be guilty of a felony, and upon conviction shall
be imprisoned in the State Penitentiary, at hard labor, for
not less than one nor more than ten years.

Section 6. Whoever, having been convicted of murder, Penalty for com-
robbery, burglary or assault with intent to commit a felony, mitting felony.
thereafter violates any of the provisions of this Act, shall
be guilty of a felony, and upon conviction shall be impris-
oned in the State Penitentiary, at hard labor, for not less
than three nor more than ten years.

Approved by the Governor: July 7, 1932.

A true copy:

E. A. CONWAY,
    Secretary of State.

---

## ACT No. 81.

House Bill No. 67.                            By Mr. Stich.

### AN ACT

To provide for the payment to any Judge of the Civil Dis-
    trict Court for the Parish of Orleans of two-thirds pay,
    when he shall retire from active service as a member of
    said Court as authorized by the provisions of Section 8
    of Article VII of the Constitution of 1921, and to require
    the City of New Orleans to budget and appropriate such
    sums as may be necessary to comply with the provisions
    of this Act.

Section 1. Be it enacted by the Legislature of Louisiana, Pay for retired
That whenever any Judge of the Civil District Court for Judges of Civil Dis-
                                                           trict Court for the
the Parish of Orleans shall retire from active service as a the Parish of Orleans.
member of said Court, as authorized by the provisions of
Section 8 of Article VII of the Constitution of 1921, said

DATE DOWNLOADED: Wed Oct 19 22:15:52 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1933 1169 .

ALWD 7th ed.
, , 1933 1169 .

Chicago 17th ed.
"," California - 50th Regular Session : 1169-1171

AGLC 4th ed.
" California - 50th Regular Session 1169

OSCOLA 4th ed.
" 1933 1169

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

substance or matter of any kind which is injurious to person or property, or is nauseous, sickening, irritating or offensive to any of the senses.

(2) It shall be unlawful to manufacture or prepare, or to possess any liquid, gaseous, or solid substance or matter of any kind which is injurious to person or property, or is nauseous, sickening, irritating or offensive, to any of the senses with intent to throw, drop, pour, deposit, release, discharge or expose the same in, upon or about any theater, restaurant, place of business, place of amusement, or any other place of public assemblage.

(3) Penalty.  Any person violating any of the provisions **Penalty.** hereof shall be punished by imprisonment in the county jail for not less than three months and not more than one year, or by a fine of not less than five hundred dollars and not more than two thousand dollars, or by both such fine and imprisonment.

(4) Any person who, in violating any of the provisions of **Use of** subdivision (1) of this section, wilfully employs or uses any **certain gases, etc.** liquid, gaseous or solid substance which may produce serious illness or permanent injury through being vaporized or otherwise disbursed in the air or who, in violating any of the provisions of subdivision (1) of this section, wilfully employs or uses any tear gas, mustard gas or any of the combinations or compounds thereof, or wilfully employs or uses acid or explosives, shall be guilty of a felony and shall be punished by **Penalty.** imprisonment in the State prison for not less than one year and not more than five years.

---

## CHAPTER 450.

*An act to amend sections 1, 2, 3, 6, and 7 of an act entitled* **Stats. 1927, p. 938, amended.** *"An act regulating the sale, offering for sale, possession or transportation of machine rifles, machine guns and submachine guns, and providing a penalty for the violation thereof," approved May 16, 1927.*

[Approved by the Governor May 20, 1933.  In effect August 21, 1933.]

*The people of the State of California do enact as follows:*

SECTION 1.  Section 3 of the act cited in the title hereof is **Stats. 1931,** hereby amended to read as follows: **p. 2203.**

Sec. 3.  It shall be lawful for the Superintendent of the **Permits re** Division of Criminal Identification and Investigation of the **machine guns.** Department of Penology to issue permits for the possession and transportation or possession or transportation of such machine guns, upon a showing satisfactory to him that good cause exists for the issuance thereof to the applicant for such permit; provided, that no permit shall be issued to a person who is under twenty-one years of age.

**Stats. 1931, p. 2203.**

SEC. 2.   Section 1 of said act is hereby amended to read as follows:

**Possession or sale of machine guns.**

Section 1.   On and after the date upon which this act takes effect every person, firm or corporation, who within the State of California sells, offers for sale, possesses or knowingly transports any firearms of the kind commonly known as a machine gun, except as herein prescribed, is guilty of a public offense and upon conviction thereof shall be punished by imprisonment in the State Prison not to exceed five years or by a fine not to exceed five thousand dollars or by both such fine and imprisonment.

**Exceptions.**

Provided, however, that nothing in this act contained shall prohibit the sale to, purchase by, or possession of such firearms by police departments and members thereof, sheriffs, and city marshals, or the military or naval forces of this State or of the United States for use in the discharge of their official duties.

**Stats. 1927, p. 938.**

SEC. 3.   Section 2 of said act is hereby amended to read as follows:

**Machine gun defined.**

Sec. 2.   The term machine gun as used in this act shall be construed to apply to and include all firearms known as machine rifles, machine guns, or submachine guns capable of discharging automatically and continuously loaded ammunition of any caliber in which the ammunition is fed to such gun from or by means of clips, discs, drums, belts or other separable mechanical device and all firearms which are automatically fed after each discharge from or by means of clips, discs, drums, belts or other separable mechanical device having a capacity greater than ten cartridges.

**Stats. 1931, p. 2203.**

SEC. 4.   Section 6 of said act is hereby amended to read as follows:

**Revocation of permits.**

Sec. 6.   Permits issued in accordance with this act may be revoked by the issuing authority at any time when it shall appear that the need for such firearms has ceased or that the holder of the permit has used such firearms for purposes other than those allowed by the permit or that the holder of the permit has not exercised great care in retaining custody of any weapons possessed under the permit.

**Stats. 1931, p. 2203.**

SEC. 5.   Section 7 of said act is hereby amended to read as follows:

**Licenses to sell.**

Sec. 7.   The Superintendent of the Division of Criminal Identification and Investigation of the Deartment of Penology may also grant licenses in a form to be prescribed by him effective for not more than one year from the date of issuance, to permit the sale at the place specified in the license of such firearm subject to all of the following conditions, upon breach of any of which the license shall be revoked:

**Conditions.**

1.   Such business shall be carried on only in the place designated in the license.

2.   Such license or a certified copy thereof must be displayed on the premises in a place where it may easily be read.

3. No such firearm shall be delivered to any person not authorized to receive the same under the provisions of this act.

4. A complete record must be kept of sales made under the authority of the license, showing the name and address of the purchaser, the descriptions and serial numbers of the weapons purchased, the number and date of issue of the purchaser's permit, if any, and the signature of the purchaser or purchasing agent. This record shall be open to the inspection of any peace officer or other person designated by the Superintendent of the Bureau of Criminal Identification and Investigation.

--------

## CHAPTER 451.

*An act to amend section 4041.11 of the Political Code, relating to powers and duties of boards of supervisors.*

[Approved by the Governor May 20, 1933. In effect August 21, 1933.]

*The people of the State of California do enact as follows:*

SECTION 1.   Section 4041.11 of the Political Code is hereby amended to read as follows: <sub>Stats. 1929, p. 1450.</sub>

4041.11.   (1) Under such limitations and restrictions as Pounds, are prescribed by law, and in addition to jurisdiction and etc. powers otherwise conferred, the boards of supervisors, in their respective counties, shall have the jurisdiction and powers to maintain, regulate and govern public pounds, fix the limits within which animals shall not run at large, and appoint poundkeepers, who shall be paid out of the fines imposed and collected from the owners of impounded animals, and from no other source.

(2) To provide for the prevention of injuries to sheep by Protection dogs, and to tax dogs and direct the application of the tax. of sheep.

(3) To provide for the destruction of gophers, squirrels, Pests. other wild animals, noxious weeds, plant diseases, and insects injurious to fruit or fruit trees, or vines, or vegetable or plant life.

(4) To provide by ordinances, not in conflict with the general laws of the State, for the protection of fish and game, and may shorten the season for taking or killing of fish and game, within the dates fixed by the general State laws, but shall not lengthen the same.  <sub>Protection of fish and game.</sub>

DATE DOWNLOADED: Tue May 23 16:41:07 2023
SOURCE: Content Downloaded from HeinOnline

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1933 vol. I 623 .

ALWD 7th ed.
, , 1933 vol. I 623 .

Chicago 17th ed.
"," Florida - 24th Regular Session : 623-624

AGLC 4th ed.
" Florida - 24th Regular Session 623

OSCOLA 4th ed.
" 1933 vol I 623          Please note: citations are provided as a general
guideline. Users should consult their preferred citation format's style manual for
proper citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   https://heinonline.org/HOL/License
-- The search text of this PDF is generated from  uncorrected OCR text.

REGULAR SESSION 1933

# GENERAL

# ACTS AND RESOLUTIONS

ADOPTED BY THE

## LEGISLATURE OF FLORIDA

At Its Twenty-fourth Regular Session
April 4 to and Including June 2, 1933

UNDER THE CONSTITUTION OF A. D. 1885



PUBLISHED BY AUTHORITY OF LAW

VOLUME 1

1933

LAWS OF FLORIDA

623

Commissioners of such Counties shall be fined not more than one hundred dollars or three months in the County jail, or both fine and imprisonment.

Section 5. The hard surfaced, improved public roads in such Counties constructed and maintained by the State Road Department are not included in this Act. *Exception.*

Section 6. All laws and parts of laws in conflict with this Act are hereby repealed.

Section 7. This Act shall become a law upon its passage and approval by the Governor, or upon its becoming a law without his approval.

Approved May 29, 1933.

## CHAPTER 16111—(No. 254).

### HOUSE BILL NO. 77

AN ACT to Prevent the Throwing of Bombs and the Discharge of Machine Guns Upon, or Across Any Public Road in the State of Florida, or Upon or Across Any Public Park in the State of Florida or in Any Public Place in the State of Florida Where the People Are Accustomed to Assemble, and to Prescribe the Penalty Therefor.

*Be It Enacted by the Legislature of the State of Florida:*

Section 1. That it shall be unlawful for any person to throw any bomb or to shoot off or discharge any machine guns upon, across or along any road, street or highway in the State of Florida, or upon or across any public park in the State of Florida, or in, upon or across any public place where people are accustomed to assemble in the State of Florida, and the casting of such bomb or the discharge of such machine gun in, upon or across such public street, or in, upon or across such public park, or in, upon or across such public place, whether indoors or outdoors, including all theatres and athletic stadiums, with intent to do bodily harm to any person or with intent to do damage to the property of any person, shall be a felony and shall be punishable by death; *Highway and park protection.*  *Penalty.*

PROVIDED, however, this Act shall not apply to the use of such bombs or machine guns by any United States or any State Militia, or by any Sheriffs, Deputy Sheriffs, Marshals, Constables, Chief

624                         LAWS OF FLORIDA

Chap. 16112    of Police or Police Officer while in the discharge of their lawful
1933          duty in suppressing riots and disorderly conduct, and in pre-
              serving and protecting the public peace or in the preservation
              of public property, or where said use shall be authorized by law;

Exceptions.   PROVIDED, however, a majority of the jurors trying said cause
              may in their discretion recommend the defendent to the mercy
              of the court in which event the penalty shall be changed from
              death to life imprisonment; and,

              PROVIDED, furthermore, that the Circuit Judge before whom
              said cause shall be tried shall be fully authorized and empowered
              in his discretion, should he deem the circumstances under which
              said offense was committed of such nature and character as to
              justify clemency, to change the penalty herein and hereby pre-
              scribed from the death penalty to imprisonment in the peni-
              tentiary for life.

              Section 2.  All laws or parts of laws in conflict with the pro-
              visions of this Act be, and they are hereby repealed.

              Section 3.  This Act shall take effect immediately upon its
              becoming a law.

              Approved June 6, 1933.

              ---

              CHAPTER 16112—(No. 255).

              SENATE BILL NO. 612

              AN ACT Providing for the Protection of the Improved Public
              Roads of All Counties of the State of Florida Which Now Have
              or May Hereafter Have a Population of More Than Sixty Thou-
              sand and Not More Than One Hundred Twenty-five Thousand
              Inhabitants According to the Last Preceding State or Federal
              Census; Prohibiting the Operation Upon or Over the Improved
              Public Roads of All Such Counties of Vehicles, Trucks, Tractors,
              Implements, Machinery, Log Carts, Log Wagons and Trailers,
              Traction Engines, Trailers and Other Implements, Without
              Rubber or Smooth Surfaced Metal Tires, or Having Tires or
              Supporting Surfaces of a Character Injurious to Said Roads
              or the Surface Thereof, and Providing a Penalty for Violation
              of Such Provisions; and Exempting the Federal, State and
              County Governments From the Provisions Hereof While Build-
              ing, Maintaining or Improving Such Roads; and Providing for

 

DATE DOWNLOADED: Sun Apr 23 23:26:08 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1933 1 .

ALWD 7th ed.
, , 1933 1 .

Chicago 17th ed.
"," Hawaii - 17th Legislature - Regular Session : 1-[i]

AGLC 4th ed.
" Hawaii - 17th Legislature - Regular Session 1

OSCOLA 4th ed.
" 1933 1        Please note: citations are provided as a general guideline. Users
should consult their preferred citation format's style manual for proper citation
formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# LAWS

OF THE

## TERRITORY OF HAWAII

PASSED BY THE

## SEVENTEENTH LEGISLATURE

---

## REGULAR SESSION
## 1933

---

Commenced on Wednesday, the Fifteenth Day of February,—
and on the Sixtieth Day, the Twenty-sixth Day of April, the
Regular Session was extended by Executive Order
issued by the Governor of the Territory of Hawaii,
Honorable Lawrence M. Judd,—and Ended on
Thursday, the First Day of June.

---

PUBLISHED BY AUTHORITY

---

HONOLULU, HAWAII
HONOLULU STAR-BULLETIN, LTD.
1933

sonous substances authorized under the provisions of Act 34 of the Session Laws of Hawaii 1933."

Section 2.  This Act shall take effect upon its approval.

Approved this 27th day of April, A. D. 1933.

LAWRENCE M. JUDD,
Governor of the Territory of Hawaii.

## ACT 120

### [S. B. No. 221]

AN ACT to Amend Act 206 of the Session Laws of 1927, by Amending Section 1 Thereof and by Adding Thereto a New Section to Be Known as Section 15-A Regulating the Sale, Transfer and Possession of Certain Firearms, Tear Gas and Ammunition.

*Be it Enacted by the Legislature of the Territory of Hawaii:*

Section 1.  Act 206 of the Session Laws of 1927 is hereby amended by amending the first paragraph of Section 1 thereof to read as follows:

"Section 1.  Definitions.  'Pistol' or 'revolver' as used in this Act means and includes any firearm of any shape whatsoever with barrel less than twelve inches in length and capable of discharging loaded ammunition or any noxious gas."

Section 2.  Said Act 206 of the Session Laws of 1927 is hereby further amended by adding a new section to be known as Section 15-A to read as follows:

"Section 15-A.  Machine gun and tear gas.  Except as permitted under the provisions of this Act, no person, firm or corporation shall own, possess, sell, offer for sale or transport any firearm of the kind commonly known as a 'machine gun' or any shell, cartridge or bomb containing or capable of emitting tear gas or any other noxious gas.

"Provided, however, that nothing in this Act contained shall prohibit the sale to, purchase by, or possession of such firearms by any city and county, county, territorial, or federal officer where such firearms are required for professional use in the discharge of his duties, nor to the transportation of such firearms for or on behalf of police departments and members thereof, sheriffs, or the

military or naval forces of this Territory or of the United States;
and

"Provided, further, that nothing in this Act shall prohibit police
departments and members thereof, sheriffs, or the military or naval
forces of the Territory or of the United States from possessing
or transporting such shells, cartridges, or bombs for professional
use in the discharge of their duties.

"The term 'shell, cartridge, or bomb', as used in this Act shall
be construed to apply to and include all shells, cartridges, or bombs
capable of being discharged or exploded through or by the use of
percussion caps, fuses, electricity, or otherwise, when such dis-
charge or explosion will cause or permit the release or emission of
tear gases. The term 'machine gun' as used in this Act shall be
construed to apply to and include machine rifles, machine guns and
submachine guns capable of automatically and continuously dis-
charging loaded ammunition of any caliber in which the ammuni-
tion is fed to such guns from or by means of clips, disks, drums,
belts or other separable mechanical device."

SECTION 3.  This Act shall take effect upon its approval.

Approved this 27th day of April, A. D. 1933.

LAWRENCE M. JUDD,
Governor of the Territory of Hawaii.

---

## ACT 121

### [S. B. No. 227]

AN ACT TO AMEND SECTION 1864 OF THE REVISED LAWS OF
HAWAII 1925, AS AMENDED BY ACT 205 OF THE SESSION
LAWS OF HAWAII 1929, AND SECTION 1867 OF THE REVISED
LAWS OF HAWAII 1925, RELATING TO HIGHWAYS, IMPROVE-
MENT DISTRICTS AND ASSESSMENTS IN THE CITY AND
COUNTY OF HONOLULU.

*Be it Enacted by the Legislature of the Territory of Hawaii:*

SECTION 1.  Section 1864 of the Revised Laws of Hawaii 1925,
as amended by Act 205 of the Session Laws of Hawaii 1929, is
hereby amended to read as follows:

"Sec. 1864.  Installments payable when.  In case of an election
to pay any assessment in installments, such assessment shall be pay-
able in not less than five (5) nor more than ten (10) equal annual
installments of principal, and each annual installment may in turn



DATE DOWNLOADED: Sun Apr 23 22:59:33 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1933 1 .

ALWD 7th ed.
, , 1933 1 .

Chicago 17th ed.
"," Kansas - Special Session : 1-170

AGLC 4th ed.
" Kansas - Special Session 1

OSCOLA 4th ed.
" 1933 1        Please note: citations are provided as a general guideline. Users
should consult their preferred citation format's style manual for proper citation
formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# STATE OF KANSAS

---

# LAWS

OF

# SPECIAL SESSION, 1933

PASSED AT THE SPECIAL SESSION BEGUN OCTOBER 30, 1933,
AND CONCLUDED DECEMBER 4, 1933

---

Date of Publication of this Volume,
DECEMBER 30, 1933

---

PRINTED BY KANSAS STATE PRINTING PLANT
W. C. AUSTIN, STATE PRINTER
TOPEKA 1933
15-1806

feet to the west side of Hatfield street; thence north along the west side of Hatfield street 1,060 feet to the place of beginning.

Sec. 3. That all of block 148 in first addition to Englewood be and the same is hereby vacated, together with the streets and alleys therein, said tract being more particularly described as follows: Beginning at the southeast corner of said block 148, thence north 200 feet, more or less, to the northeast corner thereof; thence west along the north side 300 feet to the northwest corner thereof; thence south along the west side 200 feet, more or less, to the southwest corner thereof; thence east along the south side of said block 300 feet to the place of beginning.

Sec. 4. This act shall take effect and be in force from and after its publication in the official state paper.

Approved November 29, 1933.

Published in official state paper December 2, 1933.

---

## CHAPTER 62

### RELATING TO MACHINE GUNS AND OTHER FIREARMS

House Bill No. 102

An Act relating to machine guns and other firearms, making the transportation or possession thereof unlawful in certain cases, providing for search, seizure and confiscation thereof in certain cases, relating to the ownership and registration of certain firearms, and providing penalties for the violation of this act.

*Be it enacted by the Legislature of the State of Kansas:*

Section 1. That it shall be unlawful for any person, firm, or corporation other than a sheriff or other peace officer or any military unit of the state or of the United States or any common carrier for hire, to transport or have in his or its possession or under his control a firearm known as a machine rifle, machine gun, or submachine gun: *Provided,* That banks, trust companies or other institutions or corporations subject to unusual hazard from robbery or holdup, may secure permits from the sheriff of the county in which they are located for one or more of their employees to have such firearms: *Provided further,* That museums, American Legion posts, and other similar patriotic organizations may possess such firearms, when not usable as a weapon and when possessed as a curiosity, ornament or keepsake.

Sec. 2. That any person violating the provisions of the preceding section shall be guilty of a felony, and upon conviction shall be subject to imprisonment in the state penitentiary for not less than one year nor more than five years.

Sec. 3. Upon complaint being made on oath to any officer authorized to issue process for the apprehension of offenders that a firearm or firearms, known as machine rifles, machine guns or submachine guns as described in this act, are concealed in any par-

ticular house or place, and if such magistrate shall be satisfied that there are reasonable grounds for believing same to be true, he shall issue a warrant to search the house or place for such firearms: *Provided,* That any motor vehicle may be searched by the sheriff or other peace officer without a search warrant when such officer has reasonable grounds for believing that such vehicle contains any such firearms.

SEC. 4.  Such warrant shall be directed to the sheriff of the county or any constable of the township, and shall command him to search the house or place where said firearms are being concealed, which place shall be designated specifically, but the firearms need not be accurately described in such warrant, and such warrant shall command the sheriff or other peace officer to bring such firearm before the magistrate issuing such warrant.

SEC. 5.  Whenever any firearm or firearms known as machine rifles, machine guns, or submachine guns, shall be seized by any sheriff or other peace officer, such officer shall safely keep the same under his control, in the county wherein the same was seized, during the pendency of any action, either civil or criminal, growing out of such seizure and until the same is disposed of as hereinafter provided.  No such officer shall retain possession of such firearms after the termination of his employment or term of office, but shall upon termination of his employment or term of office, surrender the same to the sheriff to be by him held under the same conditions as above provided.

SEC. 6.  Whenever any such firearms shall be seized, either with or without a search warrant, any person claiming to own such firearms may recover possession of the same by establishing ownership of the same and establishing that such person is entitled to possession of such firearms as provided in section 1 of this act. Proceedings to recover possession of such firearms shall be by verified application in the court issuing the search warrant by which such firearms were seized, or in any court of competent jurisdiction in said county if seized without a search warrant, and written notice of the hearing upon said application shall be served on the officer holding said firearms at least five (5) days before such hearing.  If no application is made within six (6) months after the seizure of the firearms, the court issuing the search warrant under which said firearms were seized, or in case of seizure without a search warrant, the judge of the district court of the county in which such seizure was made, shall without notice, declare such firearms to be contraband and order the same confiscated and destroyed: *Provided,* That such judge of the district court may by proper order, entered upon the journal of said court, permit the sheriff or other peace officer in such county to retain any such firearms for use in connection with the duties of such officers, until further order of the court.  The county attorney of the county in which such firearms were seized shall, without additional compensation, represent the officer holding said firearms in any action for possession of the same.

SEC. 7. Every officer, person, firm, corporation, bank, trust company and other institution possessing any firearms known as a machine rifle, machine gun or submachine gun, except common carriers transporting such firearms for hire, shall immediately upon the taking effect of this act, or within three days after coming into possession of such firearms, file a statement with the county clerk of the county where such firearms are possessed, setting forth the name of the possessor of such firearms, the character, caliber, name of manufacturer, and serial number of such firearm, and such county clerk shall keep an accurate register containing all of such information available to all peace officers.  All other firearms, including gas projectors, seized by any officer, or purchased with public funds, shall also be registered with the county clerk as hereinbefore provided, and shall be the property of the municipality purchasing the same or whose officer seized such firearm.  Failure to comply with the provisions of this section shall be deemed a misdemeanor, and punishment therefor shall be by a fine of not less than ten dollars nor more than one hundred dollars.

SEC. 8. At least once each year, the county commissioners of each county shall determine the whereabouts of each firearm registered with the county clerk of such county, and shall enter their findings upon said register.

SEC. 9. Should any court declare any section or clause of this act unconstitutional, then such declaration shall affect only the section or clause so declared to be unconstitutional and shall not affect any other section or clause of this act.

SEC. 10. That this act shall take effect and be in force from and after its publication in the statute book.

Approved November 28, 1933.

------------

## CHAPTER 63

RELATING TO DRAINAGE DISTRICTS WITH AN ASSESSED VALUATION OF THIRTY MILLION DOLLARS OR MORE, LYING WITHIN, OR PARTLY WITHIN, A CITY OF THE FIRST CLASS; PROVIDING FOR CERTAIN IMPROVEMENTS THEREIN

House Bill No. 165

AN ACT relating to drainage districts with an assessed valuation of thirty million dollars ($30,000,000) or more, lying within, or partly within, a city of the first class; providing for certain improvements therein.

*Be it enacted by the Legislature of the State of Kansas:*

SECTION 1. That in any drainage district created, organized and existing under and by virtue of chapter 215 of the Session Laws of 1905 and acts amendatory of or supplemental thereto (chapter 24, article 4, Revised Statutes 1923, and acts amendatory and supplemental thereto) lying within or partly within any city of the first

DATE DOWNLOADED: Wed Oct 19 11:41:02 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1933 231 .

ALWD 7th ed.
, , 1933 231 .

Chicago 17th ed.
"," Minnesota - Session Laws, 48th Session : 231-233


AGLC 4th ed.
" Minnesota - Session Laws, 48th Session 231

OSCOLA 4th ed.
" 1933 231

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

corrected thereby, and shall be certified by the proper officers of the municipality as to authorization and by an engineer or surveyor as to correctness, and the signatures of such persons shall be acknowledged in like manner as a deed.

Such plat or plats when so certified and acknowledged may be filed in the office of the register of deeds and the declaration thereon may be recorded at length in a "Book of Plat Certificates"; and when so filed and recorded such plat or plats and declaration together with the record thereof shall be prima facie evidence in all matters shown or stated therein as to the lands covered thereby.

This act shall not apply to a city whose charter provides for official supervision of plats by municipal officers, commission or board.

Approved April 10, 1933.

---

### CHAPTER 189—H. F. No. 166

*An act to amend Mason's Minnesota Statutes of 1927, Section 7456, relating to renewal of corporate existence.*

Be it enacted by the Legislature of the State of Minnesota:

Section 1. **Publication of notices of renewal of corporate existence.**—That Mason's Minnesota Statutes of 1927, Section 7456, be amended so as to read as follows:

"7456. No such resolution shall take effect until a duly certified copy thereof shall have been filed, recorded, and published in the same manner as its original certificate. *Provided, that in the case of a co-operative association, it shall not be necessary to publish said resolution.*"

Approved April 10, 1933.

---

### CHAPTER 190—H. F. No. 189

*An act making it unlawful to use, own, possess, sell, control or transport a "machine gun", as hereinafter defined, and providing a penalty for the violation thereof.*

Be it enacted by the Legislature of the State of Minnesota:

Section 1. **Definitions.**—(a) Any firearm capable of loading or firing automatically, the magazine of which is capable of holding more than twelve cartridges, shall be a machine gun within the provisions of this Act.

(b) Any firearm capable of automatically reloading after each shot is fired, whether firing singly by separate trigger pressure or firing continuously by continuous trigger pressure; which said firearm shall have been changed, altered or modified to increase the magazine capacity from the original design as manufactured by the manufacturers thereof, or by the addition thereto of extra and/or longer grips or stocks to accomodate such extra capacity, or by the addition, modification and/or attachment thereto of any other device capable of increasing the magazine capacity thereof, shall be a machine gun within the provisions of this Act.

(c) A twenty-two caliber light sporting rifle, capable of firing continuously by continuous trigger pressure, shall be a machine gun within the provisions of this Act. But a twenty-two caliber light sporting rifle, capable of automatically reloading but firing separately by separate trigger pressure for each shot, shall not be a machine gun within the provisions of this Act and shall not be prohibited hereunder, whether having a magazine capacity of twelve cartridges or more. But if the same shall have been changed, altered, or modified, as prohibited in section one (b) hereof, then the same shall be a machine gun within the provisions of this Act.

Sec. 2. **Application.**—This Act shall not apply to sheriffs, coroners, constables, policemen or other peace officers, or to any warden, superintendent or head keeper of any prison, penitentiary, county jail or other institution for retention of any person convicted of or accused of crime, while engaged in the discharge of official duties, or to any public official engaged in the enforcement of law; nor to any person or association possessing a machine gun not useable as a weapon and possessed as a curiosity, ornament or keepsake; when such officers and persons and associations so excepted shall make and file with the Bureau of Criminal Apprehension of this state within 30 days after the passage of this Act, a written report showing the name and address of such person or association and the official title and position of such officers and showing a particular description of such machine gun now owned or possessed by them or shall make such report as to hereinafter acquired machine guns within 10 days of the acquisition thereof; nor to any person legally summoned to assist in making arrests or preserving peace, while said person so summoned is engaged in assisting such officer; nor shall this Act apply to the armed forces of the United States or of the State of Minnesota.

Sec. 3. **Machine guns prohibited.**—Any person who shall own, control, use, possess, sell or transport a machine gun, as herein defined, in violation of this Act, shall be guilty of a felony.

Approved April 10, 1933.

---

## CHAPTER 191—S. F. No. 336

*An act to amend Mason's Minnesota Statutes of 1927, Section 646 relating to claims against counties.*

Be it enacted by the Legislature of the State of Minnesota:

Section 1. **Claims against county—appeal.**—That Mason's Minnesota Statutes of 1927, Section 646, be amended to read as follows:

"646. When any claim against a county is disallowed by the board in whole or in part, a claimant may appeal from its decisions to the district court by causing a written notice of such appeal to be filed in the office of the auditor within fifteen days after *written notice mailed to said claimant by the county auditor showing the disallowance of said claim* and giving security for costs, to be approved by the auditor, who shall forthwith notify the county attorney thereof. When any claim against a county shall be allowed in whole or in part by such board, no order shall be issued in payment of the same or any part thereof until after fifteen days from date of the decision; and the county attorney may, on behalf and in the name of such county, appeal from such decision to the district court, by causing a written notice of such appeal to be filed in the office of the auditor within fifteen days after date of the decision appealed from; or any seven taxpayers of the county may in their own names appeal from such decision, to the district court by causing a written notice of appeal stating the grounds thereof to be filed in the office of the auditor within fifteen days after the date of the decision appealed from, and giving to the claimant security for his costs and disbursements to be approved by a judge of the district court; and thereafter no order shall be issued in payment of any such claim until a certified copy of the judgment of the court shall be filed in the office of the auditor. Upon the filing of such notice of appeal, the court shall acquire jurisdiction of the parties and of the subject matter, and may compel a return to be made as in the case of an appeal from a judgment of a justice of the peace.

Approved April 10, 1933.

DATE DOWNLOADED: Sun Apr 23 22:54:46 2023
SOURCE: Content Downloaded from HeinOnline

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
II 1638 .

ALWD 7th ed.
, , II 1638 .

Chicago 17th ed.
"," New York - 156th Legislature : 1638-1639


AGLC 4th ed.
" New York - 156th Legislature 1638

OSCOLA 4th ed.
" 1933 v II 1638          Please note: citations are provided as a general
guideline. Users should consult their preferred citation format's style manual for
proper citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   https://heinonline.org/HOL/License
-- The search text of this PDF is generated from  uncorrected OCR text.

# LAWS

### OF THE

# STATE OF NEW YORK

### PASSED AT THE

## ONE HUNDRED AND FIFTY-SIXTH SESSION

### OF THE

# LEGISLATURE

## BEGUN JANUARY FOURTH AND ENDED APRIL TENTH
## 1933

### AT THE CITY OF ALBANY

### ALSO LAWS OF THE EXTRAORDINARY SESSIONS
### OF 1932 AND 1933

### AND OTHER MATTERS REQUIRED BY LAW
### TO BE PUBLISHED WITH THE SESSION LAWS

# VOL. II



**ALBANY**
J. B. LYON COMPANY, STATE PRINTERS
1933

**1638**          LAWS OF NEW YORK, 1933          [CHAP.

§ 346
repealed.

§ 5. Section three hundred forty-six of such chapter is hereby repealed.

§ 347
added.

§ 6. Such chapter is hereby amended by adding thereto a new section, to be section three hundred forty-seven, to read as follows:

§ 347. **Criminal prosecution.** The attorney general may prosecute every person charged with the commission of a criminal offense in violation of the laws of this state, applicable to or in respect of the practices or transactions referred to in this article. In all such proceedings, the attorney general may appear in person or by his deputy before any court of record or any grand jury and exercise all the powers and perform all the duties in respect of such actions or proceedings which the district attorney would otherwise be authorized or required to exercise or perform; or the attorney general may in his discretion transmit evidence, proof and information as to such offense to the district attorney of the county or counties in which the alleged violation has occurred, and every district attorney to whom such evidence, proof and information is so transmitted shall forthwith proceed to prosecute any corporation, company, association, or officer, manager or agent thereof, or any firm or person charged with such violation. In any such proceeding, wherein the attorney general has appeared either in person or by deputy, the district attorney shall only exercise such powers and perform such duties as are required of him by the attorney general or the deputy attorney general so appearing.

§ 7. This act shall take effect immediately.

## CHAPTER 805

AN ACT to amend the penal law, in relation to the sale, possession and use of sub-machine guns

Became a law August 26, 1933, with the approval of the Governor. Passed, on message of necessity, three-fifths being present

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

§ 1896
amended.

Section 1. Section eighteen hundred and ninety-six of the penal law, is hereby amended to read as follows:

§ 1896. **Making and disposing of dangerous weapons.** A person who manufactures, or causes to be manufactured, or sells or keeps for sale, or offers, or gives, or disposes of any instrument or weapon of the kind usually known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, or metal knuckles, to any person; or a person who offers, sells, loans, leases, or gives any gun, revolver, pistol or other firearm or any airgun, springgun or other instrument or weapon in which the propelling force is a spring or air or any instrument or weapon commonly known as a toy pistol or in or upon which any loaded or blank cartridges are used, or may be used, or any loaded or blank cartridges or ammunition therefor, to any person under the age of sixteen years, is guilty

of a misdemeanor.  A person who sells or keeps for sale, or offers, or gives, disposes of or transports any instrument or weapon of the kind usually known as a machine-gun or a sub-machine gun to any person is guilty of a felony, except that the manufacture of machine-guns and sub-machine guns as merchandise and the sale and shipment thereof direct to regularly constituted or appointed state or municipal police departments, sheriffs, policemen, and other peace officers, and to state prisons, penitentiaries and county jails, and to military and naval organizations shall be lawful. *Or transports & sub. machine gun.*

§ 2. Subdivision one of section eighteen hundred ninety-seven of the penal law is hereby amended to read as follows: *§ 1897, subd. 1, amended.*

1.  A person who attempts to use against another an imitation pistol, or who carries, or possesses, any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, bludgeon, or who, with intent to use the same unlawfully against another, carries or possesses a dagger, dirk, dangerous knife, razor, stiletto, imitation pistol, machine-gun, sawed off shot-gun, or any other dangerous or deadly instrument, or weapon, is guilty of a misdemeanor, and if he has been previously convicted of any crime he is guilty of a felony. This subdivision shall not apply to the use or possession of an instrument or weapon commonly known as a machine-gun or a sub-machine gun. *Or a sub-machine gun.*

§ 3. Subdivision one-a of section eighteen hundred ninety-seven of the penal law is hereby amended to read as follows: *§ 1897, subd. 1-a, amended.*

1-a.  A machine-gun is a weapon of any description, irrespective of size, by whatever name known, loaded or unloaded, from which a number of shots or bullets may be rapidly or automatically discharged from a magazine with one continuous pull of the trigger and includes a sub-machine gun.  A person who possesses or uses such machine-gun is guilty of a felony.  The presence of such a machine-gun in any room, dwelling, structure or vehicle shall be presumptive evidence of its illegal possession by all the persons occupying the place where such machine-gun is found.  This subdivision shall not apply to possession of a machine-gun as authorized by the preceding section.  Nor shall it apply to the possession or use of machine-guns in the discharge of their official duties by the state police, the warden, superintendent, headkeeper or deputy of any state prison, penitentiary, workhouse, county jail or other institution for the detention of persons convicted or accused of crime or held as witnesses in criminal cases, sheriffs, policemen, or other peace officers, nor to the possession or use of machine-guns by a person when on duty in the military or naval service of the United States or of this state, or in the postal service of the United States, nor to the possession by common carriers while being transported direct to any police department, military or naval organization, or person authorized by this section to possess and use the same. *And includes a sub-machine gun*

§ 4.  This act shall take effect October first, nineteen hundred thirty-three.

HEINONLINE

DATE DOWNLOADED: Fri Apr 21 20:04:55 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred
citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1933 vol. 115 189 .

ALWD 7th ed.
, , 1933 vol. 115 189 .

Chicago 17th ed.
"," Ohio - 90th General Assembly, Regular Session : 189-191


AGLC 4th ed.
" Ohio - 90th General Assembly, Regular Session 189

OSCOLA 4th ed.
" 1933 vol 115 189        Please note: citations are provided as a general
guideline. Users should consult their preferred citation format's style manual for
proper citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# THE STATE OF OHIO

# LEGISLATIVE ACTS

## PASSED

(EXCEPTING APPROPRIATION ACTS)

AND

# JOINT RESOLUTIONS

## ADOPTED

BY THE

NINETIETH GENERAL ASSEMBLY OF OHIO

At Its Regular Session

BEGUN AND HELD IN THE CITY OF COLUMBUS, OHIO,
JANUARY 2, 1933 to JULY 10, 1933,
(both inclusive)

Also the Times for Holding the Courts of Appeals,
and Courts of Common Pleas in Ohio,
A. D. 1933.

## VOLUME CXV

Columbus, Ohio
THE F. J. HEER PRINTING CO.
1933
Bound at State Bindery

189

Passed March 30, 1933.

Approved April 6, 1933.

GEORGE WHITE,
*Governor.*

The sectional number herein is in conformity to the General Code.

JOHN W. BRICKER,
*Attorney General.*

Filed in the office of the Secretary of State at Columbus, Ohio, on the 10th day of April, A. D. 1933.

GEORGE S. MYERS,
*Secretary of State.*

File No. 63.

---

(House Bill No. 166)

## AN ACT

To supplement section 12819 of the General Code by the enactment of supplemental sections 12819-3, 12819-4, 12819-5, 12819-6 and 12819-7, relative to the sale and possession of machine guns.

*Be it enacted by the General Assembly of the State of Ohio:*

SECTION 1. That section 12819 of the General Code be supplemented by the enactment of sections 12819-3, 12819-4, 12819-5, 12819-6 and 12819-7, to read as follows:

### Definitions.

Sec. 12819-3. For the purpose of this act, a machine gun, a light machine gun or a sub-machine gun shall be defined as any firearm which shoots automatically, or any firearm which shoots more than eighteen shots semi-automatically without reloading. Automatically as above used means that class of firearms which, while the trigger on the firearm is held back continues to fire successive shots. Semi-automatically means that class of firearm which discharges one shot only each time the trigger is pulled, no manual reloading operation being necessary between shots.

### Machine gun permit; application; bond of applicant; exceptions.

Sec. 12819-4. No person shall own, possess, transport, have custody of or use a machine gun, light machine gun or sub-machine gun, unless he first procures a permit therefor from and at the discretion of the

190

adjutant general of Ohio, who shall keep a complete record of each permit so issued. A separate permit shall be obtained for each gun so owned, possessed or used. The adjutant general shall require each applicant for such permit to give an accurate description of such weapon, the name of the person from whom it was or is to be obtained, the name of the person or persons to have custody thereof and the place of residence of the applicant and the custodian. Before obtaining such permit each applicant shall give bond to the state of Ohio, to be approved by the adjutant general in the sum of five thousand dollars, conditioned to save the public harmless by reason of any unlawful use of such weapon while under the control of such applicant or under the control of another with his consent; and any person injured by such improper use may have recourse on said bond. Provided, however, that this section shall not affect the right of the national guard of Ohio, sheriffs, regularly appointed police officers of incorporated cities and villages, regularly elected constables, wardens and guards of penitentiaries, jails, prisons, penal institutions or financial institutions maintaining their own police force and such special officers as are now or may be hereafter authorized by law to possess and use such weapons when on duty. Any person who owns, possesses or has custody of a machine gun, light machine gun or sub-machine gun at the time when this section shall become effective, shall have thirty days thereafter in which to comply with the provisions of this section.

### Penalty for possession, transportation, etc., without permit.

Sec. 12819-5. Whoever owns, possesses, transports or has custody of or uses a machine gun, light machine gun or sub-machine gun without a permit, as provided by section 12819-4 of the General Code, or whoever having such permit, uses or consents to the use by another of such weapon in an unlawful manner, shall be guilty of a felony and upon conviction thereof, shall be imprisoned in the penitentiary not less than one nor more than ten years.

### Requirements for sale, etc.; penalty for violation.

Sec. 12819-6. Whoever sells, barters or gives to another a machine gun, light machine gun or sub-machine gun, shall first require exhibition of the permit provided by section 12819-4 of the General Code, and shall use the information contained in such permit to make a complete record of such transaction, containing the date of the permit and of the transfer together with the names of the parties thereto, which record shall be preserved by such transferor for a period of five years. Whoever violates this section shall, upon conviction, be imprisoned in the penitentiary not less than one or more than five years. This section shall not apply to the barter or sale of machine guns, light machine guns or sub-machine guns to those not required by section 12819-4 of the General Code to procure such permit.

### War trophies excepted.

Sec. 12819-7. This act shall not apply to captured war trophies

191

which are kept for museum purposes and which are in unserviceable condition.

FRANK CAVE,
*Speaker of the House of Representatives.*

CHARLES SAWYER,
*President of the Senate.*

Passed March 30, 1933.

Approved April 8, 1933.

GEORGE WHITE,
*Governor.*

The sectional numbers herein are in conformity to the General Code.

JOHN W. BRICKER,
*Attorney General.*

Filed in the office of the Secretary of State at Columbus, Ohio, on the 10th day of April, A. D. 1933.

GEORGE S. MYERS,
*Secretary of State.*

File No. 64.

---

(House Bill No. 331)

## AN ACT

To amend section 2750 of the General Code, relative to the term of office of the county recorder and to adjust existing terms in accordance with such amendment.

*Be it enacted by the General Assembly of the State of Ohio:*

SECTION 1. That section 2750 of the General Code be amended to read as follows:

### County recorder, election and term.

Sec. 2750. *** There shall be elected in each county, at the regular election in *** *1936*, and *** *quadrennially* thereafter, a county recorder who shall assume office on the first Monday in January next after his election and who shall hold said office for a period of *** *four* years.

### Repeal.

SECTION 2. That existing section 2750 of the General Code be, and the same is hereby repealed.

DATE DOWNLOADED: Wed Oct 19 10:37:55 2022
SOURCE: Content Downloaded from HeinOnline

Citations:

Bluebook 21st ed.
1933 488 .

ALWD 7th ed.
, , 1933 488 .

Chicago 17th ed.
"," Oregon - 37th Legislative Assembly, Regular and Special Sessions : 488-490


AGLC 4th ed.
" Oregon - 37th Legislative Assembly, Regular and Special Sessions 488

OSCOLA 4th ed.
" 1933 488

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  https://heinonline.org/HOL/License
-- The search text of this PDF is generated from  uncorrected OCR text.

to be made good out of the accident fund may be made only with the written approval of the commission. Defenses withdrawn by section 49-1819 from employers electing not to contribute under this act shall not be admissible in an action brought under this act against an employer.

Approved by the governor March 10, 1933.
Filed in the office of the secretary of state March 10, 1933.

---

## CHAPTER 315

### AN ACT

[H. B. 284]

To amend sections 72-201, 72-202, 72-207, Oregon Code 1930.

*Be It Enacted by the People of the State of Oregon:*

Section 1. That section 72-201, Oregon Code 1930, be and the same hereby is amended so as to read as follows:

Sec. 72-201. On and after the date upon which this act takes effect, any person who within the state of Oregon manufactures or causes to be manufactured or who imports into the state of Oregon or who keeps for sale or offers or exposes for sale or who gives, lends or possesses a pistol or revolver, or machine gun, otherwise than in accordance with the provisions of this act shall be guilty of a felony and, upon conviction thereof, shall be punishable by imprisonment in the state penitentiary for not more than five years.

Section 2. That section 72-202, Oregon Code 1930, be and the same hereby is amended so as to read as follows:

Sec. 72-202. On and after the date upon which this act takes effect no unnaturalized foreign-born person and no person who has been convicted of a felony against the person or property of another or against the government of the United States or of the state of Oregon or of any political subdivision thereof shall own or have in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person, or machine gun. The terms "pistol," "revolver," and "firearms capable of being concealed upon the person," as used in this act, shall be construed to apply to and include all firearms having a barrel less than 12 inches in length. The word "machine gun" shall be construed to be a weapon of any description by whatever name known, loaded or unloaded, from which two or more shots may be fired by a single pressure upon the trigger device. Any person who shall violate the provisions of this section shall be guilty of a felony and, upon conviction thereof, be punishable by imprisonment in the state penitentiary for not less than one year nor for more than five years.

Section 3. That section 72-205, Oregon Code 1930, be and the same hereby is amended so as to read as follows:

Sec. 72-205. Except as otherwise provided in this act, it shall be unlawful for any person within this state to possess or have in his possession any machine gun, or to carry concealed upon his person or within any vehicle which is under his control or direction any pistol, revolver or other firearm capable of being concealed upon the person without having a license to carry such firearm, as hereinafter provided in section 8 hereof (Sec. 72-208, Oregon Code). Any person who violates the provisions of this section shall be guilty of a misdemeanor, and if he has been convicted previously of any felony, or of any crime made punishable by this act, he is guilty of a felony. This section shall not be construed to prohibit any citizen of the United States, over the age of 18 years, who resides or is temporarily sojourning within this state, and who is not within the excepted classes prescribed by section 2 hereof (Sec. 72-202, Oregon Code), from owning, possessing or keeping within his place of residence or place of business any pistol, revolver or other firearm capable of being concealed upon the person, and no permit or license to purchase, own, possess or keep any such firearm at his place of residence or place of business shall be required of any such citizen. Firearms carried openly in belt holsters shall not be deemed to be concealed within the meaning of this section.

Section 4. That section 72-207, Oregon Code 1930, be and the same hereby is amended so as to read as follows:

Sec. 72-207. The unlawful concealed carrying upon the person or within the vehicle of the carrier of any machine gun, pistol, revolver or other firearm capable of being concealed upon the person, is a nuisance. Any such weapons taken from the person or vehicle of any person unlawfully carrying the same are hereby declared to be nuisances, and shall be surrendered to the magistrate before whom said person shall be taken, except that in any city, county, town or other municipal corporation the same shall be surrendered to the head of the police force or police department thereof. The officers to whom the same may be so surrendered, except upon the certificate of a judge or a court of record, or of the district attorney of the county, that the preservation thereof is necessary or proper to the ends of justice, shall annually, between the first and tenth days of July, in each year, destroy or cause to be destroyed such weapons to such extent that the same shall become and be wholly and entirely ineffective and useless for the purpose for which it was [they were] manufactured; provided, however, that in the event any such weapon has been stolen and is thereafter recovered from the thief or his transferee the same shall not be destroyed but shall be restored to

the lawful owner thereof, as soon as its use as evidence
has been served, upon his identification of the weapon and
proof of ownership thereof; provided, that upon the certificate
of a judge or of the district attorney that the ends of justice
will be subserved thereby such weapon shall be preserved until
the necessity for its use ceases.

Approved by the governor March 10, 1933.
Filed in the office of the secretary of state March 10, 1933.

## CHAPTER 316

## AN ACT

[H. B. 308]

Providing for injunctions, mandatory or otherwise, against the breach of
and allowing the specific performance of certain classes of contracts
for the sale or consignment of gasoline and of certain classes of leases
on real property connected with or a part of such contracts.

*Be It Enacted by the People of the State of Oregon:*

Section 1. In the event of any breach or threatened breach
of any contract providing for the sale or consignment of
gasoline to be thereafter sold or distributed by the vendee or
consignee at retail, which provides that only the gasoline sold,
manufactured, distributed or marked by the vendor or con-
signor shall be sold by the vendee or consignee, either party
to the contract shall be entitled either to an injunction, man-
datory or otherwise, to prevent a further breach of such con-
tract or to a decree of specific performance thereof, or to both.
Pending the adjudication of such suit either party to the con-
tract shall be entitled, in a proper case, either to a restraining
order or to a preliminary injunction, mandatory or otherwise,
or to both.

Section 2. In the event of any breach of any lease upon
real property, which shall be a part of or in any way connected,
directly or indirectly, with any contract within the purview of
section 1 of this act, by any party who may be the vendor or
consignor or vendee or consignee of gasoline covered by such
contract to be thereafter sold or distributed at retail on such
leased premises, the vendee or consignee or vendor or con-
signor of such gasoline shall be entitled either to an injunction,
mandatory or otherwise, to prevent a further breach of the
lease or to a decree of specific performance thereof, or to both.
Pending the adjudication of such suit, the vendee or consignee
or vendor or consignor shall be entitled, in a proper case, either
to a restraining order to a preliminary injunction, mandatory
or otherwise, against the vendor or consignor or vendee or
consignee or to both.

Approved by the governor March 10, 1933.
Filed in the office of the secretary of state March 10, 1933.

DATE DOWNLOADED: Wed Oct 19 11:49:32 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1933 1 .

ALWD 7th ed.
, , 1933 1 .

Chicago 17th ed.
"," South Dakota - 23rd Legislative Session : 1-248

AGLC 4th ed.
'' South Dakota - 23rd Legislative Session 1

OSCOLA 4th ed.
'' 1933 1

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

If the witness is summoned to attend and testify in the criminal prosecution in this state he shall be tendered the sum of ten cents a mile for each mile by the ordinary traveled route to and from the court where the prosecution is pending and five dollars for each day that he is required to travel and attend as a witness. A witness who has appeared in accordance with the provisions of the summons shall not be required to remain within this state a longer period of time than the period mentioned in the certificate.

Section 3. EXEMPTION FROM ARREST AND SERVICE OF PROCESS. If a person comes into this state in obedience to a summons directing him to attend and testify in a criminal prosecution in this state he shall not while in this state pursuant to such summons be subject to arrest or the service of process, civil or criminal, in connection with matters which arose before his entrance into this state under the summons.

If a person passes through this state while going to another state in obedience to a summons to attend and testify in a criminal prosecution in that state or while returning therefrom, he shall not while so passing through this state be subject to arrest or the service of process, civil or criminal, in connection with matters which arose before his entrance into this state under the summons.

Section 4. UNIFORMITY OF INTERPRETATION. This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of the states which enact it.

Section 5. SHORT TITLE. This act may be cited as "Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Cases."

Section 6. REPEAL. Chapter 158 of the Session Laws of South Dakota of 1923 is hereby repealed.

Approved February 28, 1933.

---

# CHAPTER 206

## (S. B. 165)

### ENACTING UNIFORM MACHINE GUN ACT

AN ACT Entitled, An Act Relating to Machine Guns, and to Make Uniform the Law with Reference Thereto.

*Be It Enacted by the Legislature of the State of South Dakota:*

Section 1. DEFINITIONS. "Machine Gun" applies to and includes a weapon of any description by whatever name known, loaded or unloaded, from which more than five shots or bullets may be rapidly, or automatically, or semi-automatically discharged from a magazine, by a single function of the firing device.

"Crime of Violence" applies to and includes any of the following crimes or an attempt to commit any of the same, namely, murder, manslaughter, kidnapping, rape, mayhem, assault to do great bodily

harm, robbery, burglary, housebreaking, breaking and entering, and larceny.

"Person" applies to and includes firm, partnership, association or corporation.

Section 2. Possession or use of a machine gun in the perpetration or attempted perpetration of a crime of violence is hereby declared to be a crime punishable by imprisonment in the state penitentiary for a term of not more than twenty years.

Section 3. Possession or use of a machine gun for offensive or aggressive purpose is hereby declared to be a crime punishable by imprisonment in the state penitentiary for a term of not more than fifteen years.

Section 4. Possession or use of a machine gun shall be presumed to be for offensive or aggressive purpose:

(a)   When the machine gun is on premises not owned or rented for bona fide permanent residence or business occupancy, by the person in whose possession the machine gun may be found; or

(b)   when in the possession of, or used by, an unnaturalized foreign-born person, or a person who has been convicted of a crime of violence in any court of record, state or federal, of the United States of America, its territories or insular possessions; or

(c)   when the machine gun is of the kind described in Section 8 and has not been registered as in said section required; or

(d)   when empty or loaded pistol shells of 30 (.30 in. or 7.63 mm.) or larger caliber which have been or are susceptible of use in the machine gun are found in the immediate vicinity thereof.

Section 5. The presence of a machine gun in any room, boat, or vehicle shall be evidence of the possession or use of the machine gun by each person occupying the room, boat, or vehicle where the weapon is found.

Section 6. EXCEPTIONS. Nothing contained in this act shall prohibit or interfere with

1.   the manufacture for, and sale of, machine guns to the military forces or the peace officers of the United States or of any political subdivision thereof, or the transportation required for that purpose;

2.   the possession of a machine gun for scientific purpose, or the possession of a machine gun not usable as a weapon and possessed as a curiosity, ornament, or keepsake;

3.   the possession of a machine gun other than one adapted to use pistol cartridges of 30 (.30 in. or 7.63 mm.) or large caliber, for a purpose manifestly not aggressive or offensive.

Section 7. Every manufacturer shall keep a register of all machine guns manufactured or handled by him. This register shall show the model and serial number, date of manufacture, sale, loan, gift, delivery or receipt, of every machine gun, the name, address, and occupation of

the person to whom the machine gun was sold, loaned, given or delivered, or from whom it was received; and the purpose for which it was acquired by the person to whom the machine gun was sold, loaned, given or delivered, or from whom received. Upon demand every manufacturer shall permit any marshal, sheriff or police officer to inspect his entire stock of machine guns, parts, and supplies therefor, and shall produce the register, herein required, for inspection. A violation of any provision of this section shall be punishable by a fine of not more than five hundred dollars, or by imprisonment in the county jail, for not exceeding six months or by both such fine and imprisonment.

Section 8. Every machine gun now in this state adapted to use pistol cartridges of 30 (.30 in. or 7.63 mm.) or larger caliber shall be registered in the office of the Secretary of State, on the effective date of this act, and annually thereafter. If acquired hereafter it shall be registered within 24 hours after its acquisition. Blanks for registration shall be prepared by the Secretary of State, and furnished upon application. To comply with this section the application as filed must show the model and serial number of the gun, the name, address and occupation of the person in possession, and from whom and the purpose for which, the gun was acquired. The registration data shall not be subject to inspection by the public. Any person failing to register any gun as required by this section, shall be presumed to possess the same for offensive or aggressive purpose.

Section 9. Warrant to search an house or place and seize any machine gun adapted to use pistol cartridges of 30 (.30 in. or 7.63 mm.) or larger caliber possessed in violation of this act, may issue in the same manner and under the same restrictions as provided by law for stolen property, and any court of record, upon application of the State's Attorney, shall have jurisdiction and power to order any machine gun, thus or otherwise legally seized, to be confiscated and either destroyed or delivered to a peace officer of the state or a political subdivision thereof.

Section 10. If any provision of this act or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of this act are declared to be severable.

Section 11. UNIFORMITY OF INTERPRETATION. This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.

Section 12. SHORT TITLE. This act may be cited as the Uniform Machine Gun Act.

Section 13. REPEAL. All acts or parts of acts which are in conflict with or inconsistent with the provisions of this act are hereby repealed.

Approved February 28, 1933.

DATE DOWNLOADED: Wed Oct 19 10:39:48 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1933 219 .

ALWD 7th ed.
, , 1933 219 .

Chicago 17th ed.
"," Texas - 43rd Legislature, 1st Called Session; General and Special Laws : 219-220

AGLC 4th ed.
" Texas - 43rd Legislature, 1st Called Session; General and Special Laws 219

OSCOLA 4th ed.
" 1933 219

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

the said Rule is hereby suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted.

[NOTE.—H. B. No. 45 passed the House by a vote of 109 yeas, 0 nays; passed the Senate by a vote of 29 yeas, 0 nays.]

Approved October 25, 1933.
Effective October 25, 1933.

---

## ANTI-MACHINE GUN LAW.

H. B. No. 64.]　　　　　　CHAPTER 82.

An Act defining "machine gun" and "person"; making it an offense to possess or use machine guns; making it an offense to sell, lease, barter, give, exchange, trade or cause to be sold, leased, given, bartered, exchanged or traded a machine gun to any person; providing penalty for possessing machine gun; providing penalty for selling, leasing, bartering, giving, exchanging, trading or causing to be sold, leased, given, bartered, exchanged or traded a machine gun to any person; providing exceptions where machine guns are sold to the military forces or peace officers of the United States or any political subdivision thereof, and the transportation thereof; providing exceptions when the possession of machine guns for scientific purposes or possession of machine guns not usable as a weapon and possessed as a curiosity, ornament or keepsake, and possession of machine guns by officials or employees of the State Prison System; providing exceptions where machine guns are sold, leased, bartered, exchanged or given the Adjutant General of the State of Texas, the Sheriff of any county, the Chief of Police of a municipality, the purchasing agent for the Texas State Prison System; the military forces or peace officers of the United States, and declaring an emergency.

*Be it enacted by the Legislature of the State of Texas:*

SECTION 1. Definition. "Machine gun" applies to and includes a weapon of any description by whatever name known, loaded or unloaded, from which more than five (5) shots or bullets may be automatically discharged from a magazine by a single functioning of the firing device.

"Person" applies to and includes firm, partnership, association or corporation.

SEC. 2. Whosoever shall possess or use a machine gun, as defined in Section 1, shall be guilty of a felony and upon conviction thereof, shall be confined in the State Penitentiary, for not less than two (2) nor more than ten (10) years.

SEC. 3. Whoever shall sell, lease, give, barter, exchange, or trade, or cause to be sold, leased, given, bartered, exchanged, or traded, a machine gun as hereinabove defined to any person shall be guilty of a felony and upon conviction thereof, shall be confined to the State Penitentiary, for not less than two (2) nor more than ten (10) years.

SEC. 4. Nothing contained in Section 2 of this Act shall prohibit or interfere with:

1.   The possession of machine guns by the military forces or the peace officers of the United States or of any political subdivision thereof, or the transportation required for that purpose.

2.   The possession of a machine gun for scientific purpose, or the possession of a machine gun not usable as a weapon and possessed as a curiosity, ornament, or keepsake

3.   The possession of machine guns by officials and employees of the Texas State Prison System.

SEC. 5.   Nothing contained in this Act shall prohibit or interfere with the sale, lease, barter, exchange or gift of a machine gun as defined in this Act, or the transportation required for such purpose to the Adjutant General of the State of Texas, the duly qualified and commissioned Sheriff of a county in Texas, to a duly qualified and commissioned Chief of Police of any municipality within the State of Texas, the duly authorized purchasing agent for the Texas State Prison System, the military forces or peace officers of the United States.

SEC. 6.   The fact that there are many gangsters purchasing machine guns in Texas, causing a menace to the citizenry of Texas, creates an emergency and imperative public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted.

[NOTE.—H. B. No. 64 passed the House by a vote of 121 yeas, 0 nays; passed the Senate by a vote of 30 yeas, 0 nays.]

Approved October 25, 1933.
Effective October 25, 1933.

--------

## SALARIES OF COMMISSIONERS IN CERTAIN COUNTIES.

H. B. No. 88.|                    CHAPTER 83.

An Act amending Article 2350, Chapter 44 of the Revised Civil Statutes of the State of Texas, 1925, as amended by Act of the Thirty-ninth Legislature, Regular Session, Chapter 135, Section 1; and as amended by Act of the Fortieth Legislature, Page 435, Chapter 490, Section 1; and as amended by Act of the Fortieth Legislature, First Called Session, Page 138, Chapter 46, Section 1; and as amended by House Bill Number 555, Chapter 216, Page 727, Acts of the Forty-third Legislature, Regular Session, relating to the salaries of County Commissioners in certain Counties; providing that if any part of this Act be declared unconstitutional it shall not affect any remaining part, and declaring an emergency.

*Be it enacted by the Legislature of the State of Texas:*

SECTION 1.   That Article 2350, Chapter 44 of the Revised Civil Statutes of the State of Texas, 1925, as amended by Act

DATE DOWNLOADED: Wed Oct 19 11:03:31 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1933 335 .

ALWD 7th ed.
, , 1933 335 .

Chicago 17th ed.
"," Washington - 23rd Legislature, Regular Session : 335-336


AGLC 4th ed.
" Washington - 23rd Legislature, Regular Session 335

OSCOLA 4th ed.
" 1933 335

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

## CHAPTER 64.

[S. B. 223.]

### MACHINE GUNS.

Aɴ Aᴄᴛ relating to machine guns, regulating the manufacture, possession, sale of machine guns and parts, and providing penalty for the violation thereof, and declaring an emergency.

*Be it enacted by the Legislature of the State of Washington:*

Sᴇᴄᴛɪᴏɴ 1. That it shall be unlawful for any person to manufacture, own, buy, sell, loan, furnish, transport, or have in possession, or under control, any machine gun, or any part thereof capable of use or assembling or repairing any machine gun: *Provided, however,* That such limitation shall not apply to any peace officer in the discharge of official duty, or to any officer or member of the armed forces of the United States or the State of Washington. — Machine guns banned. / Officers.

Sᴇᴄ. 2. For the purpose of this act a machine gun is defined as any firearm or weapon known as a machine gun, mechanical rifle, submachine gun, and/or any other weapon, mechanism, or instrument not requiring that the trigger be pressed for each shot and having a reservoir clip, disc, drum, belt, or other separable mechanical device for storing, carrying, or supplying ammunition which can be loaded into such weapon, mechanism, or instrument, and fired therefrom at the rate of five or more shots per second. — Definition.

Sᴇᴄ. 3. Any person violating any of the provisions of this act shall be guilty of a felony. — Violation, felony.

Sᴇᴄ. 4. All machine guns, or parts thereof, illegally held or possessed are hereby declared to be contraband, and it shall be the duty of all peace officers, and/or any officer or member of the armed forces of the United States or the State of Wash- — Declared contraband.

Seizure. ington, to seize said machine gun, or parts thereof, wherever and whenever found.

Effective im- SEC. 5. This act is necessary for the immediate mediately. preservation of the public health and safety, and shall take effect immediately.

Passed the Senate February 10, 1933.
Passed the House February 23, 1933.
Approved by the Governor March 6, 1933.

## CHAPTER 65.
### [H. B. 263.]

#### EMERGENCY RELIEF BONDS.

AN ACT to relieve the people of the state from hardships and suffering caused by unemployment, through the agency of the emergency relief administration, creating a debt, authorizing the issuance and sale of state bonds, creating a sinking fund to be known as the "General Obligation Bonds of 1933 Retirement Fund" and allocating a portion of receipts in the motor vehicle fund thereto for the payment of interest and principal of said bonds, providing for a tax levy to cover any deficiency therein, making an appropriation therefrom, declaring an emergency and that the act shall take effect immediately.

*Be it enacted by the Legislature of the State of Washington:*

SECTION 1. *Preamble.*—World wide economic depression has brought about unemployment of and distress to the citizens of the state. Their savings and reserves are becoming depleted. Hunger marches. Discontent, social unrest and incipient Insurrection. insurrection exist. Acts of insurrection are occurring. The moral resistance of the people is lessening. Government itself is imperiled and must be protected and preserved. Sovereignty implies sacrifice and imposes duty. It looks only to the perpetuity of our institutions as defined in our constitutions and in the hearts of men. It measures in terms of peace, good order and the common good.

Compendium of Laws
Page 1101

DATE DOWNLOADED: Wed Oct 19 22:10:31 2022
SOURCE: Content Downloaded from *HeinOnline*

Citations:

Bluebook 21st ed.
1931-1933 245 .

ALWD 7th ed.
, , 1931-1933 245 .

Chicago 17th ed.
"," Wisconsin - Special Session - 1931-1932; Biennial Session : 245-248


AGLC 4th ed.
'' Wisconsin - Special Session - 1931-1932; Biennial Session 245

OSCOLA 4th ed.
'' 1931-1933 245

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

No. 113, A.]                              [Published April 15, 1933.

## CHAPTER 75.

AN ACT to repeal subsection (2) and amend subsection (1) of section 289.06 of the statutes, relating to filing of liens.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

SECTION 1.   Subsection (2) of section 289.06 is repealed.

SECTION 2.   Subsection (1) of section 289.06 of the statutes is amended to read: (289.06) * * * No lien hereby given shall exist and no action to enforce the same shall be maintained unless within sixty days in all cases provided for in section 289.02 and within six months in all other cases from the date of the last charge for performing such work and labor or of the furnishing of such materials a claim for such lien shall be filed as hereinafter provided in the office of the clerk of the circuit court of the county in which the lands affected thereby lie and such action be brought and summons and complaint filed within * * * *two* years from such date * * * . *Such claim for lien may be filed and docketed within such sixty days or within such six months, as the case may be, notwithstanding the death of the owner of the property affected thereby or the person with whom the original contract was made, with like effect as if he were then living.*

SECTION 3.   This act shall take effect upon passage and publication.

Approved April 13, 1933.

---

No. 137, A.]                              [Published April 15, 1933.

## CHAPTER 76.

AN ACT to repeal section 340.695 of the statutes and to create chapter 164, relating to machine guns and to make uniform the law with reference thereto.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

SECTION 1.   A chapter of the statutes is created to be numbered and to read:

### CHAPTER 164.

### UNIFORM MACHINE GUN ACT.

164.01   DEFINITIONS.   (a) "Machine gun" applies to and includes a weapon of any description by whatever name known from

which more than two shots or bullets may be discharged by a single function of the firing device.

(b) "Crime of violence" applies to and includes any of the following crimes or an attempt to commit any of the same, namely, murder, manslaughter, kidnapping, rape, mayhem, assault to do great bodily harm, robbery, burglary, housebreaking, breaking and entering, and larceny.

(c) "Person" applies to and includes firm, partnership, association or corporation.

164.02 Use of machine gun is separate crime. Possession or use of a machine gun in the perpetration or attempted perpetration of a crime of violence is hereby declared to be a crime punishable by imprisonment in the state penitentiary for a term of not less than twenty years.

164.03 Possession for aggressive purpose. Possession or use of a machine gun for offensive or aggressive purpose is hereby declared to be a crime punishable by imprisonment in the state penitentiary for a term of not less than ten years.

164.04 Possession when presumed for aggressive purpose. Possession or use of a machine gun shall be presumed to be for offensive or aggressive purpose;

(1) When the machine gun is on premises not owned or rented, for bona fide permanent residence or business occupancy, by the person in whose possession the machine gun may be found; or

(2) When in the possession of, or used by, an unnaturalized foreign-born person, or a person who has been convicted of a crime of violence in any court of record, state or federal, of the United States of America, its territories or insular possessions; or

(3) When the machine gun is of the kind described in section 164.08 and has not been registered as in said section required; or

(4) When empty or loaded pistol shells of 30 (.30 in. or 7.63 mm.) or larger caliber which have been used or are susceptible of use in the machine gun are found in the immediate vicinity thereof.

164.05 Presumptions from presence of gun. The presence of a machine gun in any room, boat, or vehicle shall be evidence of the possession or use of the machine gun by each person occupying the room, boat, or vehicle where the weapon is found.

164.06 Exceptions. Nothing contained in this chapter shall prohibit or interfere with the manufacture for, and sale of, machine guns to the military forces or the peace officers of the United States or of any political subdivision thereof, or the trans-

portation required for that purpose; the possession of a machine
gun for scientific purpose, or the possession of a machine gun not
usable as a weapon and possessed as a curiosity, ornament, or
keepsake; the possession of a machine gun other than one adapted
to use pistol cartridges of 30 (.30 in. or 7.63 mm.) or larger cali-
ber, for a purpose manifestly not aggressive or offensive.

164.07 Manufacturer to register machine guns. Every
manufacturer shall keep a register of all machine guns manufac-
tured or handled by him. This register shall show the model and
serial number, date of manufacture, sale, loan, gift, delivery or re-
ceipt, of every machine gun, the name, address, and occupation of
the person to whom the machine gun was sold, loaned, given or de-
livered, or from whom it was received; and the purpose for which
it was acquired by the person to whom the machine gun was sold,
loaned, given or delivered, or from whom received. Upon demand
every manufacturer shall permit any marshal, sheriff or police of-
ficer to inspect his entire stock of machine guns, parts, and sup-
plies therefor, and shall produce the register, herein required, for
inspection. A violation of any provision of this section shall be
punishable by a fine of not less than one hundred dollars or more
than five hundred dollars.

164.08 Owner to register machine gun. Every machine gun
now in this state adapted to use pistol cartridges of 30 (.30 in. or
7.63 mm.) or larger caliber shall be registered by the owner in the
office of the secretary of state, on the effective date of this act, and
annually thereafter. If acquired hereafter it shall be registered
within twenty-four hours after its acquisition. Blanks for regis-
tration shall be prepared by the secretary of state, and furnished
upon application. To comply with this section the application as
filed must show the model and serial number of the gun, the name,
address and occupation of the person in possession, and from
whom and the purpose for which, the gun was acquired. The reg-
istration data shall not be subject to inspection by the public. Any
person failing to register any gun as required by this section, shall
be presumed to possess the same for offensive or aggressive pur-
pose.

164.09 Warrant to search for machine gun. Warrant to
search any house or place and seize any machine gun adapted to
use pistol cartridges of 30 (.30 in. or 7.63 mm.) or larger caliber
possessed in violation of this chapter, may issue in the same man-
ner and under the same restrictions as provided by law for stolen

248       LAWS OF WISCONSIN—Ch. 77.

property, and any court of record, upon application of the district attorney, shall have jurisdiction and power to order any machine gun, thus or otherwise legally seized, to be confiscated, and either destroyed or delivered to a peace officer of the state or a political subdivision thereof.

164.10 SEVERABILITY PROVISION. If any provision of this chapter or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the chapter which can be given effect without the invalid provision or application, and to this end the provisions of this chapter are declared to be severable.

164.11 UNIFORMITY OF INTERPRETATION. This chapter shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.

SECTION 2.   Section 340.695 of the statutes is hereby repealed.

SECTION 3.   This act shall take effect thirty days after passage and publication.

Approved April 13, 1933.

———————

No. 172, A.]                              [Published April 15, 1933.

## CHAPTER 77.

AN ACT to amend section 272.29 of the statutes, relating to the sale of personal property on execution.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

SECTION 1.   Section 272.29 of the statutes is amended to read:
272.29 NOTICE AND TIME AND TERMS OF SALE.   No sale of any goods or chattels shall be made by virtue of any execution unless previous notice of such sale shall have been given twenty days successively by fastening up written or printed notices thereof in three public places of the town where such sale is to be had, specifying the time and place where the same is intended to be had, *provided that when any property seized on execution shall be likely to perish or depreciate in value before the expiration of the twenty day notice of sale hereinabove provided the court or a judge may by order direct the same to be sold in such manner and upon such terms as the best interests of the parties demand.* Every such sale shall be made at public vendue between the hour of nine o'clock in the forenoon and the setting of the sun, and no such property shall

DATE DOWNLOADED: Tue May 23 16:38:28 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1931-1933 777 .

ALWD 7th ed.
, , 1931-1933 777 .

Chicago 17th ed.
"," Wisconsin - Special Session - 1931-1932; Biennial Session : 777-778

AGLC 4th ed.
" Wisconsin - Special Session - 1931-1932; Biennial Session 777

OSCOLA 4th ed.
" 1931-1933 777          Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and Conditions of the license agreement available at *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from uncorrected OCR text.

# WISCONSIN
# SESSION LAWS

## Including All the Acts and Certain
## Joint Resolutions

### Part I

#### Special Session 1931—1932

##### (Reprint)

### Part II

#### Passed by the Biennial Session of the Legislature, 1933

The Acts are Numbered in Consecutive Chapters in the Order
Received from the Governor and Joint Resolutions
in the Order Received from the Senate
and Assembly

*Published by Authority*

MADISON, WISCONSIN
1933

sewerage district may purchase at not more than the par value thereof any of the bonds issued by authority of section 59.96, out of any available county funds.

SECTION 5.   Nothing contained in this act shall be construed by implication to modify, alter, or repeal any existing laws applicable to the said sewerage commissions except as herein expressly provided.

SECTION 6.   This act shall take effect July 1, 1933.

Approved June 30, 1933.

---

No. 635, A.]                                [Published July 3, 1933.

## CHAPTER 358.

AN ACT to amend subsection (4) of section 59.81 of the statutes, relating to the examination of county orders.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

SECTION 1.   Subsection (4) of section 59.81 of the statutes is amended to read: (59.81) (4) The county board at their annual session, or oftener if they deem necessary, shall carefully examine the county orders returned paid by the county treasurer by comparing each order with the record of orders in the county clerk's office, and cause to be entered in said record opposite to the entry of each order issued the date when the same was canceled. They shall also make a complete list of the orders so canceled, specifying the number, date, amount, and person to whom the same is made payable, *except in counties having a population of more than five hundred thousand, the name of the person to whom the same is made payable may be omitted,* which statement shall be entered at length on the journal of the board; and immediately after the above requirements are complied with the orders so canceled shall be destroyed in the presence of the board.

SECTION 2.   This act shall take effect upon passage and publication.

Approved June 30, 1933.

---

No. 404, S.]                                [Published July 6, 1933.

## CHAPTER 359.

AN ACT to create section 164.20 of the statutes, relating to the sale, possession, transportation and use of machine guns and other weapons in certain cases, and providing a penalty.

778        LAWS OF WISCONSIN—Ch. 360.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

Section 1. A new section is added to the statutes to read: 164.20 Machine guns and other weapons; use in certain cases; penalty. (1) No person shall sell, possess, use or transport any machine gun or other full automatic firearm, nor shall any person sell, possess, use, or transport any bomb, hand grenade, projectile, shell or other container of any kind or character into which tear gas or any similar substance is used or placed for use to cause bodily discomfort, panic, or damage to property.

(2) Any person violating any of the provisions of this section shall be punished by imprisonment in the state prison for a term of not less than one year nor more than three years.

(3) The provisions of this section shall not apply to the sale, possession, use or transportation of any such weapons or containers to or by any national guardsman in line of duty, any civil enforcement officer of the state or of any city or county, or any person duly authorized by the chief of police of any city or the sheriff of any county to sell, possess, use or transport such weapons or containers; nor shall the restriction on transportation apply to common carriers.

Section 2. This act shall take effect upon passage and publication.

Approved July 3, 1933.

---

No. 416, S.]                          [Published July 8, 1933.

## CHAPTER 360.

AN ACT to create section 101.37 and subsection (5) of section 20.57 of the statutes, relating to the acceptance of funds made available to the state by the federal government for public employment offices, and making an appropriation.

*The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:*

Section 1. A new section is added to the statutes and a new subsection is added to section 20.57 of the statutes to read: 101.37 Acceptance of federal act relating to public employment offices. (1) The legislature hereby accepts the provisions of an act of congress, approved June 6, 1933, entitled "An act to provide for the establishment of a national employment system and for

# NATIONAL FIREARMS ACT OF 1934

# 48 STAT. 1236

1236          73d CONGRESS.   SESS. II.   CHS. 756, 757.   JUNE 26, 1934.

available to pay claims on account of any check, the amount of which has been included in any balance so covered into the surplus fund.

Advances for land surveys.
U.S.C., title 43, sec. 863.
SEC. 22. So much of the Act of August 18, 1894 (U.S.C., title 43, sec. 863), as authorizes the Governors of the States therein named to advance money from time to time for the survey of certain townships located within such States, which money shall be reimbursable, is hereby repealed.

Moneys in U.S. court registries.
SEC. 23. Moneys in, or payable into, the registry of any United States court, in the discretion of the court, may be deposited in official checking accounts with the Treasurer of the United States, subject to disbursement on order approved by the court.

Survey of certain accounts to be made by Comptroller General.
SEC. 24. The Comptroller General of the United States shall cause a survey to be made of all inactive and permanent appropriations and/or funds on the books of the Government and also funds in the official custody of officers and employees of the United States, in which the Government is financially concerned, for which no account-

Report to Congress.
ing is rendered to the General Accounting Office; and he shall submit to the Congress annually, in a special report, his recommendations for such changes in existing law relating thereto as, in his judgment, may be in the public interest.

Existing provisions not affected.
SEC. 25. The provisions of this Act shall not be construed to alter or amend any existing authorization for an appropriation.

Saving clause.
SEC. 26. All Acts and/or parts of Acts inconsistent or in conflict with the provisions of this Act are hereby repealed to the extent of such inconsistency or conflict.

Short title.
SEC. 27. The short title of this Act shall be the "Permanent Appropriation Repeal Act, 1934."

Approved, June 26, 1934.

[CHAPTER 757.]

AN ACT

June 26, 1934.
[H.R. 9741.]
[Public, No. 474.]
To provide for the taxation of manufacturers, importers, and dealers in certain firearms and machine guns, to tax the sale or other disposal of such weapons, and to restrict importation and regulate interstate transportation thereof.

*Be it enacted by the Senate and House of Representatives of the*
National Firearms Act.
*United States of America in Congress assembled,* That for the pur-
Limitation of terms for purposes of Act.
poses of this Act—
"Firearm."
(a) The term "firearm" means a shotgun or rifle having a barrel of less than eighteen inches in length, or any other weapon, except a pistol or revolver, from which a shot is discharged by an explosive if such weapon is capable of being concealed on the person, or a machine gun, and includes a muffler or silencer for any firearm whether or not such firearm is included within the foregoing definition.

"Machine gun."
(b) The term "machine gun" means any weapon which shoots, or is designed to shoot, automatically or semiautomatically, more than one shot, without manual reloading, by a single function of the trigger.

"Person."
(c) The term "person" includes a partnership, company, association, or corporation, as well as a natural person.

"Continental United States."
(d) The term "continental United States" means the States of the United States and the District of Columbia.

"Importer."
(e) The term "importer" means any person who imports or brings firearms into the continental United States for sale.

"Manufacturer."
(f) The term "manufacturer" means any person who is engaged within the continental United States in the manufacture of firearms, or who otherwise produces therein any firearm for sale or disposition.

(g) The term "dealer" means any person not a manufacturer or importer engaged within the continental United States in the business of selling firearms. The term "dealer" shall include wholesalers, pawnbrokers, and dealers in used firearms. <span style="float:right">"Dealer."<br>Exceptions.</span>

(h) The term "interstate commerce" means transportation from any State or Territory or District, or any insular possession of the United States (including the Philippine Islands), to any other State or to the District of Columbia. <span style="float:right">"Interstate commerce."</span>

(i) The term "Commissioner" means the Commissioner of Internal Revenue. <span style="float:right">"Commissioner."</span>

(j) The term "Secretary" means the Secretary of the Treasury. <span style="float:right">"Secretary."</span>

(k) The term "to transfer" or "transferred" shall include to sell, assign, pledge, lease, loan, give away, or otherwise dispose of. <span style="float:right">"To transfer" or "transferred."</span>

SEC. 2. (a) Within fifteen days after the effective date of this Act, or upon first engaging in business, and thereafter on or before the 1st day of July of each year, every importer, manufacturer, and dealer in firearms shall register with the collector of internal revenue for each district in which such business is to be carried on his name or style, principal place of business, and places of business in such district, and pay a special tax at the following rates: Importers or manufacturers, $500 a year; dealers, other than pawnbrokers, $200 a year; pawnbrokers, $300 a year. Where the tax is payable on the 1st day of July in any year it shall be computed for one year; where the tax is payable on any other day it shall be computed proportionately from the 1st day of the month in which the liability to the tax accrued to the 1st day of July following. <span style="float:right">Registration requirements.<br><br>Taxes.<br><br>Fractional parts of year.</span>

(b) It shall be unlawful for any person required to register under the provisions of this section to import, manufacture, or deal in firearms without having registered and paid the tax imposed by this section. <span style="float:right">Failure to register and pay tax unlawful.</span>

SEC. 3. (a) There shall be levied, collected, and paid upon firearms transferred in the continental United States a tax at the rate of $200 for each firearm, such tax to be paid by the transferor, and to be represented by appropriate stamps to be provided by the Commissioner, with the approval of the Secretary; and the stamps herein provided shall be affixed to the order for such firearm, hereinafter provided for. The tax imposed by this section shall be in addition to any import duty imposed on such firearm. <span style="float:right">Transfer tax; stamps.</span>

(b) All provisions of law (including those relating to special taxes, to the assessment, collection, remission, and refund of internal revenue taxes, to the engraving, issuance, sale, accountability, cancelation, and distribution of tax-paid stamps provided for in the internal-revenue laws, and to penalties) applicable with respect to the taxes imposed by section 1 of the Act of December 17, 1914, as amended (U.S.C., Supp. VII, title 26, secs. 1040 and 1383), and all other provisions of the internal-revenue laws shall, insofar as not inconsistent with the provisions of this Act, be applicable with respect to the taxes imposed by this Act. <span style="float:right">Applicable administrative provisions of narcotic tax law to govern.<br><br>Vol. 38, p. 785; Vol. 44, p. 92.<br>U.S.C., Supp. VII, pp. 592, 644.</span>

(c) Under such rules and regulations as the Commissioner, with the approval of the Secretary, may prescribe, and upon proof of the exportation of any firearm to any foreign country (whether exported as part of another article or not) with respect to which the transfer tax under this section has been paid by the manufacturer, the Commissioner shall refund to the manufacturer the amount of the tax so paid, or, if the manufacturer waives all claim for the amount to be refunded, the refund shall be made to the exporter. <span style="float:right">Refund, if for exportation.</span>

SEC. 4. (a) It shall be unlawful for any person to transfer a firearm except in pursuance of a written order from the person seeking to obtain such article, on an application form issued in <span style="float:right">Unlawful transfers.</span>

1238          73d CONGRESS.  SESS. II.  CH. 757.  JUNE 26, 1934.

*Proviso.*
*Identification.*

blank in duplicate for that purpose by the Commissioner.  Such order shall identify the applicant by such means of identification as may be prescribed by regulations under this Act: *Provided,* That, if the applicant is an individual, such identification shall include fingerprints and a photograph thereof.

*Preparation and dis-*
*tribution of forms.*

(b) The Commissioner, with the approval of the Secretary, shall cause suitable forms to be prepared for the purposes above mentioned, and shall cause the same to be distributed to collectors of internal revenue.

*Identifying marks,*
*etc., to be indicated in*
*orders.*

(c) Every person so transferring a firearm shall set forth in each copy of such order the manufacturer's number or other mark identifying such firearm, and shall forward a copy of such order to the Commissioner.  The original thereof with stamps affixed, shall be returned to the applicant.

*Transferor to trans-*
*fer stamp-affixed order*
*for each prior transfer.*

(d) No person shall transfer a firearm which has previously been transferred on or after the effective date of this Act, unless such person, in addition to complying with subsection (c), transfers therewith the stamp-affixed order provided for in this section for each such prior transfer, in compliance with such regulations as may be prescribed under this Act for proof of payment of all taxes on such firearms.

*Notice to Commis-*
*sioner of transfers ex-*
*empted.*

(e) If the transfer of a firearm is exempted from the provisions of this Act as provided in section 13 hereof, the person transferring such firearm shall notify the Commissioner of the name and address of the applicant, the number or other mark identifying such firearm, and the date of its transfer, and shall file with the Commissioner such documents in proof thereof as the Commissioner may by regulations prescribe.

*Registered import-*
*ers, etc.*

(f) Importers, manufacturers, and dealers who have registered and paid the tax as provided for in section 2(a) of this Act shall not be required to conform to the provisions of this section with respect to transactions in firearms with dealers or manufacturers if such dealers or manufacturers have registered and have paid such tax, but shall keep such records and make such reports regarding such transactions as may be prescribed by regulations under this Act.

*Possessors of firearms*
*to register with col-*
*lector within 60 days.*

Sec. 5. (a) Within sixty days after the effective date of this Act every person possessing a firearm shall register, with the collector of the district in which he resides, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof: *Provided,* That no person shall be required to register under this section with respect to any firearm acquired after the effective date of, and in conformity with the provisions of, this Act.

*Proviso.*
*Acquisitions after ef-*
*fective date need not*
*be registered.*

*Prosecutions.*
*Presumption raised*
*by possession.*

(b) Whenever on trial for a violation of section 6 hereof the defendant is shown to have or to have had possession of such firearm at any time after such period of sixty days without having registered as required by this section, such possession shall create a presumption that such firearm came into the possession of the defendant subsequent to the effective date of this Act, but this presumption shall not be conclusive.

*Unlawfully receiving*
*or possessing.*

Sec. 6. It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of section 3 or 4 of this Act.

*Seizure and forfei-*
*ture.*

Sec. 7. (a) Any firearm which has at any time been transferred in violation of the provisions of this Act shall be subject to seizure and

73d CONGRESS.  SESS. II.  CH. 757.  JUNE 26, 1934.      **1239**

forfeiture, and (except as provided in subsection (b)) all the provisions of internal-revenue laws relating to searches, seizures, and forfeiture of unstamped articles are extended to and made to apply to the articles taxed under this Act, and the persons to whom this Act applies.

Provisions of internal-revenue laws extended.

(b) In the case of the forfeiture of any firearm by reason of a violation of this Act: No notice of public sale shall be required; no such firearm shall be sold at public sale; if such firearm is in the possession of any officer of the United States except the Secretary, such officer shall deliver the firearm to the Secretary; and the Secretary may order such firearm destroyed or may sell such firearm to any State, Territory, or possession (including the Philippine Islands), or political subdivision thereof, or the District of Columbia, or retain it for the use of the Treasury Department or transfer it without charge to any Executive department or independent establishment of the Government for use by it.

Sale, etc., forbidden.

Disposition of.

SEC. 8. (a) Each manufacturer and importer of a firearm shall identify it with a number or other identification mark approved by the Commissioner, such number or mark to be stamped or otherwise placed thereon in a manner approved by the Commissioner.

Identification marks.

(b) It shall be unlawful for anyone to obliterate, remove, change, or alter such number or other identification mark. Whenever on trial for a violation of this subsection the defendant is shown to have or to have had possession of any firearm upon which such number or mark shall have been obliterated, removed, changed, or altered, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury.

Obliteration, etc., unlawful.

Possession of, deemed sufficient evidence for conviction.

Exception.

SEC. 9. Importers, manufacturers, and dealers shall keep such books and records and render such returns in relation to the transactions in firearms specified in this Act as the Commissioner, with the approval of the Secretary, may by regulations require.

Importers, manufacturers, etc., required to keep records.

SEC. 10. (a) No firearm shall be imported or brought into the United States or any territory under its control or jurisdiction (including the Philippine Islands), except that, under regulations prescribed by the Secretary, any firearm may be so imported or brought in when (1) the purpose thereof is shown to be lawful and (2) such firearm is unique or of a type which cannot be obtained within the United States or such territory.

Regulation of traffic in firearms in places under control of United States.

(b) It shall be unlawful (1) fraudulently or knowingly to import or bring any firearm into the United States or any territory under its control or jurisdiction (including the Philippine Islands), in violation of the provisions of this Act; or (2) knowingly to assist in so doing; or (3) to receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of any such firearm after being imported or brought in, knowing the same to have been imported or brought in contrary to law. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains such possession to the satisfaction of the jury.

Unlawful acts. Fraudulent importations, possession, etc.

Receiving, concealing, etc.

Possession deemed sufficient evidence for conviction; exception.

SEC. 11. It shall be unlawful for any person who is required to register as provided in section 5 hereof and who shall not have so registered, or any other person who has not in his possession a stamp-affixed order as provided in section 4 hereof, to ship, carry, or deliver any firearm in interstate commerce.

Transportation in interstate commerce.

1240          73d CONGRESS.  SESS. II.  CHS. 757, 758.  JUNE 26, 1934.

Rules, etc., to be prescribed.

SEC. 12. The Commissioner, with the approval of the Secretary, shall prescribe such rules and regulations as may be necessary for carrying the provisions of this Act into effect.

Transfers, when provisions not applicable.

SEC. 13. This Act shall not apply to the transfer of firearms (1) to the United States Government, any State, Territory, or possession of the United States, or to any political subdivision thereof, or to the District of Columbia; (2) to any peace officer or any Federal officer designated by regulations of the Commissioner; (3) to the transfer of any firearm which is unserviceable and which is transferred as a curiosity or ornament.

Penalty provision.

SEC. 14. Any person who violates or fails to comply with any of the requirements of this Act shall, upon conviction, be fined not more than $2,000 or be imprisoned for not more than five years, or both, in the discretion of the court.

Excise taxes.
Firearms herein defined exempt from.
Vol. 44, p. 93; Vol. 47, p. 264.
U.S.C., Supp. VII, p. 604.

SEC. 15. The taxes imposed by paragraph (a) of section 600 of the Revenue Act of 1926 (U.S.C., Supp. VII, title 26, sec. 1120) and by section 610 of the Revenue Act of 1932 (47 Stat. 169, 264), shall not apply to any firearm on which the tax provided by section 3 of this Act has been paid.

Saving clause.

SEC. 16. If any provision of this Act, or the application thereof to any person or circumstance, is held invalid, the remainder of the Act, and the application of such provision to other persons or circumstances, shall not be affected thereby.

Effective date.

SEC. 17. This Act shall take effect on the thirtieth day after the date of its enactment.

Citation of title.

SEC. 18. This Act may be cited as the "National Firearms Act."

Approved, June 26, 1934.

---

[CHAPTER 758.]

AN ACT

June 26, 1934.
[H.R. 9769.]
[Public, No. 475.]

To amend the Act of June 19, 1930 (46 Stat. 788), entitled "An Act providing for the sale of the remainder of the coal and asphalt deposits in the segregated mineral land in the Choctaw and Chickasaw Nations, Oklahoma, and for other purposes."

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Act of June 19, 1930 (46 Stat. 788), entitled "An Act providing for the sale of the remainder of the coal and asphalt deposits in the segregated mineral land in the Choctaw and Chickasaw Nations, Oklahoma, and for other purposes", is hereby amended so as to permit the Secretary of the Interior, in his discretion, to sell under the provisions of said Act the coal and asphalt deposits referred to therein in tracts of less than nine hundred and sixty acres where such smaller tract or acreage adjoins a developed tract on which active mining operations are being conducted and is needed by the operator in further developing the existing mine: *Provided,* That where the sale of such smaller tract or acreage is not deemed advisable, the Secretary of the Interior may in his discretion, lease said tract under the same terms and conditions as developed tracts are leased under the Act of April 21, 1932 (47 Stat. 88), with the exception that the minimum tonnage requirement contained therein is hereby waived as to leases on such small tracts.

Approved, June 26, 1934.

Choctaw and Chickasaw Indians, Okla.
Vol. 46, p. 788.
Sales of coal and asphalt deposits authorized.

Proviso.
Leases.

Vol. 47, p. 89.
Minimum tonnage requirement waived.

# HEINONLINE

DATE DOWNLOADED: Fri Apr 21 19:59:55 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1934 394 .

ALWD 7th ed.
, , 1934 394 .

Chicago 17th ed.
"," New Jersey - 157th Legislature, Additional Acts; 158th Legislature : 394-395

AGLC 4th ed.
" New Jersey - 157th Legislature, Additional Acts; 158th Legislature 394

OSCOLA 4th ed.
" 1934 394         Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# ACTS

OF THE

## One Hundred and Fifty-eighth Legislature

OF THE

### STATE OF NEW JERSEY

AND

## Ninetieth Under the New Constitution

Preceded by Additional Acts of 1933
(Chapters 455 to 460)



MacCrellish & Quigley Co
Printers
Trenton, New Jersey
1934

394          CHAPTERS 154 & 155, LAWS OF 1934

Proviso.

rated; *provided, however,* that any taxes or assessment paid thereon shall not be recoverable.

3. This act shall take effect immediately.

Approved May 7, 1934.

---

## CHAPTER 155

A FURTHER SUPPLEMENT to an act entitled "An act for the punishment of crimes (Revision of 1898)," approved June fourteenth, one thousand eight hundred and ninety-eight.

BE IT ENACTED *by the Senate and General Assembly of the State of New Jersey:*

Gangster.

1. A gangster is hereby declared to be an enemy of the State.

Possessing machine gun.

2. Any person in whose possession is found a machine gun or a submachine gun is declared to be a gangster; *provided, however,* that nothing in this section contained shall be construed to apply to any member of the military or naval forces of this State, or to any police officer of the State or of any county or municipality thereof, while engaged in his official duties.

Proviso.

Being convicted of crime.

3. Any person, having no lawful occupation, who is apprehended while carrying a deadly weapon, without a permit so to do, and who has been convicted at least three times of being a disorderly person, or who has been convicted of any crime, in this or in any other State, is declared to be a gangster.

Consorting with offenders.

4. Any person, not engaged in any lawful occupation, known to be a member of any gang consisting of two or more persons, who has been convicted at least three times of being a disorderly person, or who has been convicted of any crime, in this or in any other State, is declared to be a gangster; *provided, however,* that nothing in this section con-

Proviso.

tained shall in any wise be construed to include any
participant or sympathizer in any labor dispute.

5. Any person convicted of being a gangster Penalty.
under the provisions of this act shall be guilty of a
high misdemeanor, and shall be punished by a fine
not exceeding ten thousand dollars ($10,000.00),
or by imprisonment not exceeding twenty years, or
both.

6. This act shall take effect immediately.

Approved May 7, 1934.

———

## CHAPTER 156

A SUPPLEMENT to an act entitled "An act defining
motor vehicles and providing for the registra-
tion of the same and the licensing of the drivers
thereof; fixing rules regulating the use and
speed of motor vehicles; fixing the amount of
license and registration fees; prescribing and
regulating process and the service thereof and
proceedings for the violation of the provisions
of the act and penalties for said violation," ap-
proved April eighth, one thousand nine hundred
and twenty-one.

BE IT ENACTED *by the Senate and General Assem-
bly of the State of New Jersey:*

1. The Commissioner of Motor Vehicles, in addi- May license
tion to the licensing power conferred by the pro- tractor well-
vision of the act to which this act is a supplement, machines.
is authorized and empowered to license traction
and/or tractor well-drill machines or well drilling
equipment, however mounted, whether or not such
vehicles be equipped with rubber tires, which li-
cense shall permit such vehicles to travel upon the
public highways of this State in accordance with

DATE DOWNLOADED: Fri Apr 21 19:57:40 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1934 1288 .

ALWD 7th ed.
, , 1934 1288 .

Chicago 17th ed.
"," South Carolina - Regular Session : 1288-1289

AGLC 4th ed.
" South Carolina - Regular Session 1288

OSCOLA 4th ed.
" 1934 1288        Please note: citations are provided as a general guideline.
Users should consult their preferred citation format's style manual for proper
citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
  Conditions of the license agreement available at
  *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

# Acts and Joint Resolutions

OF THE

## GENERAL ASSEMBLY

OF THE

## State of South Carolina

PASSED AT THE REGULAR SESSION OF 1934

———

PRINTED BY ORDER OF THE GENERAL ASSEMBLY AND DESIGNED TO
FORM A PART OF THE THIRTY-EIGHTH VOLUME OF THE
STATUTES AT LARGE, COMMENCING WITH THE ACTS
OF THE REGULAR SESSION OF 1933

———

PRINTED UNDER THE DIRECTION OF THE
JOINT COMMITTEE ON PRINTING
GENERAL ASSEMBLY OF SOUTH CAROLINA

(801)                    **No. 731.**

## AN ACT Regulating the Use and Possession of Machine Guns

**Section 1.  "Machine Gun" Defined.**—Be it enacted by the General Assembly of the State of South Carolina: For the purpose of this Act the word "machine gun" applies to and includes all firearms commonly known as machine rifles, machine guns and sub-machine guns of any calibre whatsoever, capable of automatically discharging more than eight cartridges successively without reloading, in which the ammunition is fed to such gun from or by means of clips, disks, belts, or other separable mechanical device.

§ 2.  **Transportation of Machine Gun.**—It shall be unlawful for any person or persons in any manner to transport from one place to another in this State, or from any railroad company, or express company, or other common carrier, or any officer, agent, or employe of any of them, or any other person acting in their behalf knowingly to ship or to transport from one place to another in this State in any manner or by any means whatsoever, except as hereinafter provided, any firearm as described hereinabove or commonly known as a machine gun.

§ 3.  **Storing, Keeping, and/or Possessing Machine Gun.**—It shall be unlawful for any person to store, keep possess, or have in possession, or permit another to store, keep possess, or have in possession except as hereinafter provided, any firearm of the type defined above or commonly known as a machine gun.

§ 4.  **Selling, Renting or Giving away Machine Gun.**—It shall be unlawful for any person to sell, rent, or give away, or be interested directly or indirectly, in the sale, renting or giving away, or otherwise disposing of any firearm of the type above described or commonly known as a machine gun.

§ 5.  **Exceptions—Register Machine. Guns.**—The provisions of this Act shall not apply to the army, navy, or marine corps of the United States, the National Guard, and organizations authorized by law to purchase or receive machine guns from the United States, or from this State, and the members of such corps. National Guard and organizations while on duty or at drill, may possess, carry and transport machine guns, and, *Provided, further,* That any peace officer of the State, counties or political sub-division thereof. State Constable, member of the Highway patrol, railway policemen, warden, superintendents, headkeeper or deputy of any

State prison, penitentiary, workhouse, county jail, city jail, or other institution for the detention of persons convicted or accused of crime, or held as witnesses in criminal cases, or persons on duty in the postal service of the United States, or common carrier while transporting direct to any police department, military or naval organization, or person authorized by law to possess or use a machine gun, may possess machine guns when required in the performance of their duties, nor shall the provisions of this Act be construed to apply to machine guns kept for display as relics and which are rendered harmless and not usable. Within thirty days after the passage of this Act every person permitted by this Act to possess a machine gun or immediately after any person is elected to or appointed to any office or position which entitles such person to possess a machine gun, shall file in the office of the Secretary of State on a blank to be supplied by the Secretary of State on application therefor, an application to be properly sworn to, which shall be approved by the Sheriff of the county in which the applicant resides or has its principal place of business, which shall include the applicant's name, residence and business address, description including sex, race, age, weight, height, color of eyes, color of hair, whether or not ever charged or convicted of any crime, municipal, State or otherwise, and where, if so charged, and when same was disposed of. The applicant shall also give the description including the serial number and make of the machine gun which he possesses or desires to possess. Thereupon, the Secretary of State shall file such application in his office, registering such applicant together with the information required in the application in a book or index to be kept for that purpose, and assign to him a number, and issue to him a card which shall bear the signature of the applicant, and which he shall keep with him while he has such machine gun in his possession. Such registration shall be made on the date application is received and filed with the Secretary of State, and shall expire on December 31, of the year in which said license is issued.

§ 6.  **Penalty.**—Any person violating any of the provisions of this Act shall be guilty of a felony, and, on conviction thereof, shall be sentenced to pay a fine not exceeding One Thousand Dollars, and undergo imprisonment by separate or solitary confinement at labor not exceeding twenty (20) years.

§ 7.  This Act shall go into effect immediately upon its approval by the Governor.

Approved the 2nd day of March, 1934.




DATE DOWNLOADED: Thu Mar 30 09:28:57 2023
SOURCE: Content Downloaded from *HeinOnline*

Citations:
Please note: citations are provided as a general guideline. Users should consult their preferred citation format's style manual for proper citation formatting.

Bluebook 21st ed.
1933-1934 137 .

ALWD 7th ed.
, , 1933-1934 137 .

Chicago 17th ed.
"," Virginia - Extra Session - 1933, Regular Session - 1934 : 137-140

AGLC 4th ed.
" Virginia - Extra Session - 1933, Regular Session - 1934 137

OSCOLA 4th ed.
" 1933-1934 137          Please note: citations are provided as a general
guideline. Users should consult their preferred citation format's style manual for
proper citation formatting.

-- Your use of this HeinOnline PDF indicates your acceptance of HeinOnline's Terms and
   Conditions of the license agreement available at
   *https://heinonline.org/HOL/License*
-- The search text of this PDF is generated from  uncorrected OCR text.

ACTS OF ASSEMBLY

CHAP. 95.—An ACT to empower the councils of cities and towns to release the liability and liens for interest, penalties and accrued costs, or any part thereof, on unpaid taxes due such cities and towns for any year or years to and including 1933, provided such taxes are paid within one hundred and twenty days after this act is in force.                                    [H B 48]

Approved March 7, 1934

1. Be it enacted by the General Assembly of Virginia, That the councils of cities and towns are hereby empowered to release all persons, firms, associations and corporations from all liability, for interest, penalties and accrued costs on any taxes due such respective cities and towns for any year or years prior to and including the year nineteen hundred and thirty-three, that are unpaid at the time the ordinance relieving same goes into effect, provided such unpaid taxes are paid such cities or towns within one hundred and twenty days after the date this act shall be in force.

2. That nothing in this act contained shall empower any such council to release any liability for interest, penalties and accrued costs, or any part thereof, on such unpaid taxes as are not paid within the one hundred and twenty days aforesaid.

3. By reason of the necessity of immediately granting said councils power to grant taxpayers the above relief, an emergency is declared to exist, and this act shall be in force from its passage.

CHAP. 96.—An ACT to define the term "machine gun"; to declare the use and possession of a machine gun, for certain purposes, a crime and to prescribe the punishment therefor; to require manufacturers, dealers and other persons, with certain exemptions, in possession thereof, to register all machine guns with the Secretary of the Commonwealth; to keep records of and report transfers and sales to the said Secretary; to allow inspection of records and of machine guns by peace officers; to provide for seizures and search warrants; to prescribe rules of evidence and presumptions; to provide penalties, and to repeal all inconsistent acts.                           [S B 110]

Approved March 7, 1934

1. Be it enacted by the General Assembly of Virginia, as follows:
Section 1. Where used in this act:

(a) "Machine gun" applies to and includes a weapon of any description by whatever name known, loaded or unloaded, from which more than seven shots or bullets may be rapidly, or automatically, or semi-automatically discharged from a magazine, by a single function of the firing device, and also applies to and includes weapons, loaded or unloaded, from which more than sixteen shots or bullets may be rapidly, automatically, semi-automatically or otherwise discharged without reloading.

(b) "Crime of violence" applies to and includes any of the following crimes or an attempt to commit any of the same, namely, murder, manslaughter, kidnapping, rape, mayhem, assault with intent to maim,

disable, disfigure or kill, robbery, burglary, housebreaking, breaking and entering, and larceny.

(c) "Person" applies to and includes firm, partnership, association or corporation.

Section 2. Possession or use of a machine gun in the perpetration or attempted perpetration of a crime of violence is hereby declared to be a crime punishable by death or by imprisonment in the State penitentiary for a term of not less than twenty years.

Section 3. Unlawful possession or use of a machine gun for offensive or aggressive purpose is hereby declared to be a crime punishable by imprisonment in the State penitentiary for a term of not less than ten years.

Section 4. Possession or use of a machine gun shall be presumed to be for offensive or aggressive purpose:

(a) When the machine gun is on premises not owned or rented, for bona fide permanent residence or business occupancy, by the person in whose possession the machine gun may be found; or

(b) When in the possession of, or used by, an unnaturalized foreign-born person, or a person who has been convicted of a crime of violence in any court of record, state or federal, of the United States of America, its territories or insular possessions; or

(c) When the machine gun is of the kind described in section eight and has not been registered as in said section required; or

(d) When empty or loaded pistol shells of thirty (thirty one-hundredths inch or seven and sixty-three one-hundredths millimeter) or larger caliber which have been or are susceptible of use in the machine gun are found in the immediate vicinity thereof.

Section 5. The presence of a machine gun in any room, boat, or vehicle shall be *prima facie* evidence of the possession or use of the machine gun by each person occupying the room, boat, or vehicle where the weapon is found.

Section 6. Nothing contained in this act shall prohibit or interfere with

First. The manufacture for, and sale of, machine guns to the military forces or the peace officers of the United States or of any political subdivision thereof, or the transportation required for that purpose. This act shall not apply to machine guns and automatic arms issued to the National Guard of Virginia by the United States or such arms used by the United States Army or Navy or in the hands of troops of the National Guards of other States or Territories of the United States passing through Virginia, or such arms as may be provided for the officers of the State Police or officers of penal institutions.

Second. The possession of a machine gun for scientific purposes, or the possession of a machine gun not usable as a weapon and possessed as a curiosity, ornament, or keepsake;

Third. The possession of a machine gun other than one adapted to use pistol cartridges of thirty (thirty one-hundredths inch or seven and sixty-three one-hundredths millimeter) or larger caliber, for a purpose manifestly not aggressive or offensive.

Section 7. Every manufacturer or dealer shall keep a register of all machine guns manufactured or handled by him. This register shall show the model and serial number, date of manufacture, sale, loan, gift, delivery or receipt, of every machine gun, the name, address, and occupation of the person to whom the machine gun was sold, loaned, given or delivered, or from whom it was received; and the purpose for which it was acquired by the person to whom the machine gun was sold, loaned, given or delivered, or from whom received. Upon demand every manufacturer or dealer shall permit any marshal, sheriff or police officer to inspect his entire stock of machine guns, parts, and supplies therefor, and shall produce the register, herein required, for inspection. A violation of any provision of this section shall be punishable by a fine of not less than one hundred dollars nor more than one thousand dollars.

Section 8. Every machine gun now in this State adapted to use pistol cartridges of thirty (thirty one-hundredths inch or seven and sixty-three one-hundredths millimeter) or larger caliber shall be registered in the office of the Secretary of the Commonwealth on the effective date of this act, and annually thereafter. If acquired hereafter it shall be registered within twenty-four hours after its acquisition. Blanks for registration shall be prepared by the Secretary of the Commonwealth, and furnished upon application. To comply with this section the application as filed must show the model and serial number of the gun, the name, address and occupation of the person in possession, and from whom and the purpose for which, the gun was acquired. The Secretary of the Commonwealth shall immediately upon registration required in this section furnish the registrant with a certificate of registration, which shall be kept by the registrant and produced by him upon demand by any peace officer. Failure to keep or produce such certificate for inspection shall be a misdemeanor and punishable by a fine of not less than five nor more than one thousand dollars, and any peace officer may, without warrant, seize the machine gun and apply for its confiscation as provided in section nine of this act. The registration data shall not be subject to inspection by the public. Any person failing to register any gun as required by this section, shall be presumed to possess the same for offensive or aggressive purpose.

Section 9. Warrant to search any house or place and seize any machine gun adapted to use pistol cartridges of thirty (thirty one-hundredths inch or seven and sixty-three one-hundredths millimeter) or larger caliber possessed in violation of this act may issue in the same manner and under the same restrictions as provided by law for stolen property, and any court of record, upon application of the Commonwealth's attorney, a police officer or conservator of the peace, shall have jurisdiction and power to order any machine gun, thus or otherwise legally seized, to be confiscated and either destroyed or delivered to a peace officer of the State or a political subdivision thereof.

Section 10. If any provision of this act or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given

effect without the invalid provision or application, and to this end the provisions of this act are declared to be severable.

Section 11. This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.

Section 12. This act may be cited as the Uniform Machine Gun Act.

Section 13. All acts or parts of acts which are inconsistent with the provisions of this act are hereby repealed.

---

CHAP. 97.—An ACT to make effective the Constitutional provision to the effect that the General Assembly shall establish and maintain an efficient system of public free schools throughout the State, and to repeal all acts and parts of acts inconsistent with this act.                          [S B 153]

Approved March 7, 1934

Whereas, section one hundred and twenty-nine of the Constitution of Virginia provides that "The General Assembly shall establish and maintain an efficient system of public free schools throughout the State," now, therefore,

1. Be it enacted by the General Assembly of Virginia, as follows:

Section 1. The school board of each and every school division in the State is hereby empowered and required to maintain the public free schools of such division for a period of at least eight months or one hundred and sixty teaching days in each school year. In order that each school division may have the funds necessary to enable the school board to maintain the elementary and high schools thereof for such minimum terms, it is hereby provided that when any county, city or town has legally complied with the existing laws with reference to local school levies, such school division or divisions shall be allotted out of the public school funds held in the treasury of the State for each group of twenty-five to forty pupils in average daily attendance, a sum equal to the amount to be derived by dividing said public school fund by the number of groups of twenty-five to forty pupils in average daily attendance in the State, depending upon the density of population, to be apportioned by the State Board of Education, as provided in section one hundred and thirty-five of the Constitution and in conformity with the provisions of the Code and of the Acts of the Assembly under such rules and regulations as may be set up by said State Board of Education.

Section 2. That in addition the counties and cities shall provide, from local school taxes, as provided in section one hundred and thirty-six of the Constitution of Virginia, for the supplementing of their instructional programs such amounts as will insure the services of properly prepared and effective teaching personnel, and to the degree that financial ability and community interest in education will permit; provided further, that the counties and cities shall provide, in keeping with the laws already existing, such funds as may be necessary for debt service, capital outlay, transportation, general operation and maintenance.