


Case 2:19-cv-00617-KJM-AC  Document 106  Filed 11/13/23  Page 1 of 11

CHRIS COSCA   SBN 144546
COSCA LAW CORPORATION
1007 7th Street, Suite 210
Sacramento, CA 95814
916-440-1010

AMY L. BELLANTONI
THE BELLANTONI LAW FIRM, PLLC
2 Overhill Road, Suite 400
Scarsdale, NY 10583
(914) 367-0090
*Pro Hac Vice*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAIRD and<br>RICHARD GALLARDO,<br><br>  Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as<br>Attorney General of the State of California,<br><br>  Defendant. | Case No. 2:19-CV-00617-KJM-AC<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S UPDATED REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:           Hon. Kimberly J. Mueller<br>Trial Date:     None set<br>Action Filed:  April 9, 2019 |

Plaintiffs, Mark Baird and Richard Gallardo, submit the following in response and objection to Defendant's November 9, 2023 "Updated Request for Judicial Notice" (hereinafter "Updated RJN").

**I. DEFENDANT'S SUPPLEMENTAL FILING IS UNTIMELY, VIOLATES LOCAL RULE 230, VIOLATES THIS COURT'S CIVIL STANDING ORDER, AND SHOULD BE PRECLUDED**

By way of brief background, on August 18, 2023, Defendant filed his motion for summary judgment. [ECF 90]. On September 6, 2023, by So Ordered Stipulation and Order, the parties

1

agreed that the schedule for the parties' respective motions for summary judgment would be fully submitted in accordance with Local Rule 230 by October 23, 2023 with a hearing/oral argument date of November 3, 2023. [ECF 94].

In accordance with the Court's So Ordered Stipulation [ECF 94], Plaintiff's combined cross-motion for summary judgment and opposition to Defendant's motion was filed on September 29, 2023 [ECF 96]; Defendant's combined reply in further support of his motion for summary judgment and opposition to Plaintiffs' cross-motion was filed on October 13, 2023 [ECF 98]; and Plaintiffs' reply in further support of their cross-motion was filed on October 23, 2023 [ECF 100]. The parties respective motions for summary judgment were fully submitted as of October 23, 2023.

In his August 18, 2023 motion for summary judgment, Defendant failed to provide the Court with true and accurate copies of the statutes upon which he was relying, nor did he submit a "Request for Judicial Notice." [ECF 90]. Instead, counsel filed an unsworn, self-serving narrative entitled "Appendix" by which she purported to 'interpret' and 'describe' various historical regulations. [ECF 90-3].[1]

In their September 29, 2023 cross-motion and opposition, Plaintiffs (among other legal arguments) objected to the unsworn Appendix, as it was not evidence in admissible form, was unreliable, inaccurate, and unduly prejudicial to Plaintiffs and they asked that the Appendix be disregarded and stricken. [ECF 96-1 at 14-16].[2]

Plaintiffs further noted,

> "the only reliable evidence of whether the statutes establish an historical analogue is production of the statutes themselves - not a 'summary' of what counsel believes the statutes mean. Unlike other Second Amendment challenges where the government produces for

---

[1] Likewise, Defendant's witness Robert Spitzer paraphrased portions of various regulations, which were retyped and annexed to his Declaration [ECF 90-6] but included no true and accurate copies of the statutes themselves from which the Court and Plaintiffs could make a just and proper comparison.

[2] See, ECF 96-1 at 15 (Plaintiffs noted, *inter alia*, "the contents of the Summary are patently unreliable and mischaracterize the language of the statutes cited. Deceptively titled as an "Appendix of Laws" [see, Dec. of Lara Haddad, ¶5] the Summary is not an "appendix." It neither contains true and accurate copies of the statutes nor reproduces the exact language thereof. Instead, a "Description of Regulation" accompanies each entry, which purports to 'summarize' the statutes in an effort to create history favorable to the State - an illusion swiftly dispelled by reference to the actual statutes. Written laws consist of words. Their *meaning* is something that attorneys, judges, and the general public have debated throughout the ages. But the *words* are immutable and unchanging…").

2

PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S UPDATED REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

>> the court a copy of the statutes upon which they rely[3], Defendant provided no statutes – only a 'summary' of what he wants the Court to believe the regulations mean."

[*Id.* at 14-15].

In Defendant's opposition to Plaintiffs' cross-motion for summary judgment, he filed a Request for Judicial Notice with just 33 Exhibits, which contained reproduced copies of statutes proffered by the State as historical analogues. [ECF 98-3].[4]

Plaintiffs' reply in further support of its cross-motion was filed on October 23, 2023 and oral argument was held on November 3, 2023.

At the end of oral argument, the Court *sua sponte* invited the State to supplement its deficient filing. Specifically, the Court asked counsel if the Court had all of the referenced laws, to which the State responded "no." The Court then asked the State how long it needed to provide copies of the statutes to the Court and was afforded time to do so. Plaintiffs were provided time to submit the within responses and objections.

Until that time, Defendant had not sought to file supplemental documents (including copies of the statutes referenced in his 'Appendix'), no 'meet and confer' with the undersigned was requested or held, Defendant made no motion, expressed no 'good cause' to the Court for the late filing, and, in fact, no good cause existed for any supplementation. The State's supplemental filing was accomplished on November 6th.

Defendant's submission of an "updated" request for judicial notice violates Local Rule 230 and this Court's own Civil Standing Order, which requires applications to extend the time to file documents to be preceded by a "meet and confer" session between counsel, be made in writing, and be supported by "good cause" [Local Rule 230; KJM Civil Standing Order at 4(A), 9(A)-(C)].[5]

---

[3] See, e.g., *Frey v. Bruen*, 21 Civ. 5334 (SDNY) at ECF Doc. 65: https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?796894101383112-L_1_0-1

[4] "HISTORICAL LAWS Exhibits 1-33 are historical laws enacted throughout the United States, by states, territories, cities, towns, and other government entities. "A trial court may presume that public records are authentic and trustworthy." *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999). The accuracy of these public records consisting of enacted legislation cannot reasonably be questioned, and judicial notice of these records is therefore appropriate. Fed. R. Evid. 201(b). II. APPENDIX: SURVEY OF LAWS Exhibit 34 is an appendix surveying a number of laws from the pre-founding era to the 1930s. It lists the title and citation for each law, along with additional descriptive information. The citations for each of the laws cannot reasonably be questioned. Defendant requests judicial notice of the citations to each law listed herein."

[5] https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5020/civil-standing-order/

3

PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S UPDATED REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The filing is also unduly prejudicial to Plaintiffs, as detailed herein.

### B. The Court's Invitation To The State To Supplement Its Filings Was Improper

A federal district court judge has a limited and neutral role in the adversarial process, and must be wary of becoming an advocate who combs the record of previously available evidence and make a party's case for it. *Breining v. Ocwen Loan Servicing, LLC*, No. 2:13-CV-02441-TLN-DB, 2018 WL 1535532, at *8 (E.D. Cal. Mar. 29, 2018) (internal quotation marks omitted) quoting, *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998). Instead, the burden is on the parties, through their attorneys, to advance their case by developing legal arguments and martialing evidence at the appropriate times. *Greenlaw v. United States*, 554 U.S. 237, 243–44 (2008) (explaining that "[i]n our adversary system, in both civil and criminal cases....we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present").

The State made no effort to cure the deficiencies in its motion, or the shortcomings in its opposition to Plaintiffs' cross-motion, nor did counsel provide the Court with copies of its referenced statutes – even after Plaintiffs' opposition papers specifically called out the improper 'Appendix' and lack of any accompanying compilation of statutes in their native format.

The Court's *sua sponte* invitation to the State to provide copies of the statutes, whether in support of Defendant's motion or in opposition to Plaintiffs' cross-motion, was palpably improper – even if couched as a mere inquiry. The parties' submissions and the record created by them stands on its own at the time that the papers are fully submitted – and certainly at the latest, before oral argument is held.

The State's introduction of seven (7) Volumes of statutes they neglected to include in their motion ***and/or*** in opposition to Plaintiffs' cross-motion is beyond the pale. [ECF 98].

Defendant's Updated RJN In Further Opposition To Plaintiffs' Cross-Motion For Summary Judgment should be stricken in its entirety and Defendant should be precluded from making any motion requesting that is be considered in support of his motion.

### C. The State's Supplemental Filing Unduly Prejudices Plaintiffs

On November 9th, Defendant submitted seven (7) Volumes containing 1190 pages of statutes, along with another copy of the 'Appendix' that was submitted in support of Defendant's motion.

The issue of Defendant's failure to provide actual copies of the statutes was raised by Plaintiffs in their opposition to Defendant's motion. Plaintiffs' criticisms of Defendant's failure to provide copies of the statutes and arguments in favor of striking the 'Appendix' should have been cured in Defendant's reply on October 13, 2023, but was not.

When the topic of whether the Court had copies of all necessary statutes was raised *sua sponte* by the Court at the end of oral argument, providing the statutory text was a means of 'curing' the deficiency in ***Defendant's*** motion. The State did not express any intent to supplement its ***opposition to Plaintiffs' cross-motion***. Indeed, Defendant's opposition did contain 33 Exhibits, which were copies of various statute upon which it relied.

But rather than cure the deficiencies in his ***own*** motion and provide copies of the statutes referenced in his 'Appendix,' Defendant filed seven (7) Volumes containing 1190 pages of statutes ***and*** a copy of the 'Appendix' filed with Defendant's motion "***IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION*** FOR SUMMARY JUDGMENT." (emphasis added). [ECF 105].

Allowing the State to consume the whole apple – filing what amounts to ***a second opposition*** to Plaintiffs' cross-motion - is unduly prejudicial and palpably improper.

Defendant's "Updated Request for Judicial Notice" should be stricken in its entirety and not considered in connection with Plaintiffs' cross-motion or Defendant's motion.

## II. DEFENDANT'S 'APPENDIX' IS IMPROPER AND SHOULD BE STRICKEN

With its "Updated RJN," Defendant submitted what appears to be the same Appendix submitted in support of its motion for summary judgment.

***First,*** because the Appendix was originally submitted in support of Defendant's motion for summary judgment filed on August 18, 2023 [ECF 90-3], and was ***not*** submitted in opposition to

5

Plaintiffs' cross-motion [ECF 98], the Appendix cannot now be submitted in opposition to Plaintiffs' cross-motion – as discussed above.

**Second,** for the same reasons expressed in Plaintiffs' opposition to Defendant's motion, the "Appendix" should be disregarded and stricken. [See, ECF 96-1 fully incorporated herein by reference].

**III.  THE STATE'S SUPPLEMENT SHOULD BE EXCLUDED UNDER FRE 401, 402**

Under the *Bruen* test, the government must come forward with ***evidence*** – it "must locate a well-established and representative historical analogue." *Baird v. Bonta*, 81 F.4th 1036, 1043 (9th Cir. 2023). And while the State's compilation of regulations (as provided in their native format) may be authentic and admissible under FRE 201, the Updated RJN compilation should be excluded in its entirety under FRE 401, 402.

Irrelevant evidence is not admissible. Fed. R. Evid. 402.

Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.

The Updated RJN is not relevant to the issues before this Court.

The seven volumes of the Updated RJN are comprised of regulations falling into the previously noted categories: (i) dangerous weapons; (ii) concealed carry bans; (iii) criminal activity (poaching, terrorizing/affray/brandishing, carrying with intent to assault, giving/selling to minors, spring guns/traps); (iv) gun powder, fireworks; (v) sensitive places regulations; and (vi) licensing (bans, with the hope of possession/carry) – none of which are analogous for peaceful open carry for self-defense.[6]

---

[6] Defendant also includes a handful of local ordinances, which cannot, on their own, constitute a 'National tradition.'

6

PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S UPDATED REQUEST FOR JUDICIAL NOTICE
IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### A. Categorical Rejection Defendant's Proffered Statutes Is Required[7]

***First,*** regulations that banned pistols as being "dangerous weapons" have no relevance because handguns are presumptively protected by the Second Amendment because they are "arms." And the Supreme Court has recognized that handguns are arms in common use for self-defense. *D.C. v. Heller*, 554 U.S. 570, 629 (2008) (" It is enough to note, as we have observed, that the American people have considered the handgun to be the quintessential self-defense weapon.").

***Second,*** laws banning criminal activity such as poaching, terrorizing/affray/brandishing, giving/selling weapons to minors, carrying with the intent to assault, spring guns/traps, and unlawful assembly/rioting, lack any relevance to the peaceful carriage of a handgun for self-defense – the core purpose of the Second Amendment. *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 767 (2010) ("Self-defense is a basic right, recognized by many legal systems from ancient times to the present, and the *Heller* Court held that individual self-defense is 'the central component' of the Second Amendment right.") quoting, *Heller,* at 599.

***Third,*** gunpowder-storage laws[8] did not clearly prohibit loaded weapons, but required only that excess gunpowder be kept in a special container or on the top floor of the home. *Heller,* at 632. Fireworks laws are likewise irrelevant to the issue of public carry for self-defense.

***Fourth,*** laws punishing the discharge of firearms in the city limits lack relevance. While the "punishment for such conduct was limited to a small fine" and it "is inconceivable that this law would have been enforced against a person exercising his right to self-defense." *Heller*, at 632–33. A broader point about the laws that Justice BREYER cites: All of them punished the discharge (or loading) of guns with a small fine and forfeiture of the weapon (or in a few cases a very brief stay in the local jail), not with significant criminal penalties." *Ibid.*

---

[7] Plaintiffs incorporate fully by reference herein all prior arguments made related to the rejection of Defendant's proffered analogues.
[8] Defendant's Volume 7.

7

PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S UPDATED REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

***Fifth,*** the State's reliance on race-specific firearm regulations is rendered obsolete by the Fourteenth Amendment and must be summarily rejected.

***Sixth,*** the late 1800-1900 statutes are too far removed from the Founding to have any relevance. *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2137 (2022) ("As we recognized in *Heller* itself, because post-Civil War discussions of the right to keep and bear arms took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources.") (internal quotation marks omitted).

Defendant's compilation has no tendency to make any fact more or less probable than it would be without the evidence; and they are of no consequence in determining the issues before this Court. As such, Defendant's Updated RJN should be precluded under FRE 401, 402.

**B. Post-Ratification Regulations Contradicting The Plain Text Must Be Excluded**

In addition to the above exclusion, regulations that post-date the civil war/Antebellum period are also excludable to the extent that they contradict the plain text of the Second Amendment.

> As we recognized in *Heller* itself, because post-Civil War discussions of the right to keep and bear arms "took place 75 years after the ratification of the Second Amendment, they do not provide as much insight into its original meaning as earlier sources." 554 U.S. at 614, 128 S.Ct. 2783; cf. Sprint Communications Co., 554 U.S. at 312, 128 S.Ct. 2531 (ROBERTS, C. J., dissenting) ("The belated innovations of the mid- to late-19th-century courts come too late to provide insight into the meaning of [the Constitution in 1787]").
>
> And we made clear in *Gamble* that *Heller*'s interest in mid- to late-19th-century commentary was secondary.
>
> *Heller* considered this evidence "only after surveying what it regarded as a wealth of authority for its reading—including the text of the Second Amendment and state constitutions." *Gamble*, 587 U.S., at ——, 139 S.Ct., at 1975–1976 (majority opinion).
>
> In other words, this 19th-century evidence was "treated as mere confirmation of what the Court thought had already been established." *Ibid.*

*Bruen*, at 2137.

8

PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S UPDATED REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

To reiterate, 19th-century evidence was treated by the Supreme Court as "mere confirmation of what the Court thought had already been established." *Bruen*, at 2137 quoting *Gamble v. United States,* 139 S. Ct. 1960, 1975-76 (2019).

And "to the extent later history contradicts what the text says, the text controls" because "post-ratification adoption or acceptance of laws that are inconsistent with the original meaning of the constitutional text obviously cannot overcome or alter that text." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2137 (2022) (internal citation omitted).

## IV. DEFENDANT FAILED TO IDENTIFY ANY CRIMINAL STATUTES THAT PUNISHED OPEN CARRY

A search of the word "open" in the descriptions provided in the State's "Appendix" yields the 11 results identified below. [ECF 105]. None of the proffered statutes are relevant to the issue of peaceful open carry for self-defense[9] and are therefore inadmissible under FRE 401, 402.

1786 Va. Laws 33, ch. 21 forbade "affray," which is a crime -- and incomparable to peaceful open carry. *Bruen*, at 2139-2146.

*Hill v. State*, 53 Ga. 472, 473 (1874) is a sensitive places ban on *any* weapons in courthouses and not relevant to the issue of banning the peaceful open carriage of handguns in public generally.

1870 La. Acts 159–60, § 73 is a sensitive places ban that prohibited dangerous weapons from being carried on election day.

1871 Tex. Laws 25, ch. 34, § 1 prohibited the concealed carriage of dangerous weapons ***unless carried openly for self-defense.***

1871 Tex. Laws 25, ch. 34, § 3 is a sensitive places law that prohibited concealed or open carriage of dangerous weapons near polling places.

---

[9] And because none of the remaining entries contained in Defendant's Updated Appendix, which reference the statutes reproduced in the Updated RJN, mention open carry, they are presumptively irrelevant and must be precluded under FRE 401, 402.

PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S UPDATED REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

1881 Ark. Acts 191–92, ch. 96, §§ 1–2  banned dangerous weapons, including pistols – *except those used in the Army or Navy and if carried openly in the hand*.

1881 Ind. Acts 191, ch. 37, § 82, 1886 Md. Laws 602, ch. 375, § 1, and 1890 890 La. Acts 39, ch. 46 prohibited concealed carry of dangerous weapons, and open carry *if carried with the intent* to injure another (not relevant to the issue of peaceful carry for self-defense).

1901 Utah Laws 97–98, ch. 96, §§ 1–3 concerns prohibiting trap guns.

1872 City of Nebraska ordinance prevents open or concealed carry of dangerous or deadly weapons. This local ordinance not only fails to establish a National tradition, it contradicts the plain text of the Second Amendment and must be disregarded.

Notably, because handguns are *decidedly not* "dangerous and unusual" weapons, even the concealed carry bans of yore would fail to constitute an historical analogue. So, modern day regulations banning the concealed carriage of handguns (or reducing concealed carry to a 'privilege' through licensing) based on a previous view of pistols as being "dangerous and unusual" weapons (like dirks, daggers, Bowie knives, and Arkansas Toothpicks) violates the Second Amendment. The proffered laws are *inconsistent* with the plain text (which protects all bearable "Arms") and incomparable to prior regulations because of the handgun's common use status today.[10]

## CONCLUSION

Defendant's November 6, 2023 "Updated Request for Judicial Notice" should be stricken in its entirety.

---

[10] Notably, rifles and shotguns, which were arms in common use at the time, were not enumerated as prohibited from being possessed in courthouses and polling places.

PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S UPDATED REQUEST FOR JUDICIAL NOTICE
IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Dated: November 13, 2023

          Respectfully submitted,

          THE BELLANTONI LAW FIRM, PLLC

          /s/ Amy L. Bellantoni, Esq.
          Amy L. Bellantoni
          Counsel for Plaintiffs
          Email: abell@bellantoni-law.com
          *Pro Hac Vice*

PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S UPDATED REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT